UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

MAR 0 4 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>**APPERSON CRUMP, PLC,**<br><br>Debtor-Appellee.<br><br><br>**RANDEL EDWARD PAGE, JR.,**<br><br>Creditor-Appellant. | **Civil No. 1:26cv1037 JDB/jay**<br><br>(Bankr. Case No. 25-11660-JLC)<br><br>Hon. J. Daniel Breen, Senior District Judge<br><br><br>*Bankruptcy Appeal*<br><br>*Appeal of Order of Dismissal*<br><br>*Doc. 69, Feb. 17, 2026* |

**CREDITOR-APPELLANT RANDEL EDWARD PAGE, JR.'S MOTION TO STAY
APPELLATE PROCEEDINGS PENDING BANKRUPTCY COURT'S RESOLUTION
OF FRBP 9024 / RULE 60(b) MOTION FOR RELIEF FROM DISMISSAL,
OR IN THE ALTERNATIVE, MOTION TO EXTEND BRIEFING DEADLINE;
WITH FORMAL NOTICE OF STRUCTURAL CONFLICTS IN THIS COURT,
THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT,
AND CLERK OF COURT WENDY R. OLIVER'S ROLE IN FRAUDULENT
PRO HAC VICE CERTIFICATION — CASE NO. 3:23-cv-00851 (M.D. TENN.)**

---

**URGENT — BRIEFING DEADLINE: MARCH 14, 2026**

The Order Setting Scheduling in Bankruptcy Appeal (entered February 27, 2026) requires Appellant to serve and file an opening brief within 15 days of entry — due **March 14, 2026**. This motion is filed March 4, 2026, leaving **10 days** before the briefing deadline. If this motion is not granted promptly, Appellant requests in the alternative that the briefing deadline be extended 30 days to April 13, 2026 pending the bankruptcy court's ruling on the simultaneously filed FRBP 9024 Motion.

---

## PRELIMINARY STATEMENT

Creditor-Appellant Randel Edward Page, Jr. ("Appellant"), proceeding pro se, moves this Court to stay all appellate proceedings in Civil No. 1:26cv1037 pending the United States Bankruptcy Court's resolution of Appellant's simultaneously filed Motion for Relief from Order of Dismissal under Federal Rule of Bankruptcy Procedure 9024 and Federal Rules of Civil Procedure 60(b)(2), 60(b)(3), 60(b)(6), and 60(d)(3) ("FRBP 9024 Motion"). In the alternative, Appellant requests a 30-day extension of the March 14, 2026 briefing deadline.

The Order Setting Scheduling in Bankruptcy Appeal, entered by the Clerk on February 27, 2026, sets Appellant's opening brief due **March 14, 2026** — fifteen days from entry. This motion is filed **March 4, 2026**, leaving ten days. The briefing deadline creates acute urgency: if Appellant must brief the appeal while the FRBP 9024 Motion is pending in the bankruptcy court, Appellant may expend limited pro se resources on an appeal that is mooted by a bankruptcy court order vacating the very dismissal being appealed. Judicial economy, fairness to a pro se appellant, and the strong merits of the underlying FRBP 9024 Motion all favor a stay — or at minimum a briefing extension.

A full stay is warranted on three independent grounds. First, if the bankruptcy court grants the FRBP 9024 Motion and vacates the dismissal, this appeal is entirely moot. Second, newly discovered UCC evidence — establishing that Advocate Capital, Inc. held a perfected security interest in Apperson Crump PLC's entire client portfolio from April 17, 2013 forward — materially changes the factual record underlying the dismissal and must be developed in the bankruptcy court before this Court rules. Third, documented structural conflicts in this Court and the Sixth Circuit require formal notice and judicial assessment before substantive briefing proceeds.

**This conflict notice is not an accusation of misconduct against any specific judge. It is a formal record-preservation measure filed before any judge has ruled substantively in this appeal. Any judge of this Court who has connections to the documented RICO enterprise, the Tennessee legal establishment, or the named individuals is respectfully requested to assess recusal obligations under 28 U.S.C. § 455 before ruling.**

## I. THE SCHEDULING ORDER AND THE URGENCY OF THIS MOTION

1. On February 27, 2026 — the same day this appeal was docketed — the Clerk of Court entered an Order Setting Scheduling in Bankruptcy Appeal (Civil No. 1:26cv1037 JDB/jay). The Order requires:

- Appellant's opening brief: due **15 days from entry of the Order — March 14, 2026**

- Appellee's response brief: due 15 days after service of Appellant's brief

- Appellant's reply brief: due 10 days after service of Appellee's response

2. This motion is filed March 4, 2026. The briefing deadline of March 14, 2026 is **10 days away.**

3. On the same day this motion is filed — March 4, 2026 — Appellant is simultaneously filing in the United States Bankruptcy Court (Case No. 25-11660-JLC) an FRBP 9024 Motion for Relief from the Order of Dismissal under Rules 60(b)(2), 60(b)(3), 60(b)(6), and 60(d)(3), based on newly discovered UCC evidence. If the bankruptcy court grants that motion and vacates the dismissal, this appeal is moot and no brief need ever be filed.

4. The practical problem is direct: Appellant must choose between (a) preparing a full appellate brief by March 14 on a record that may be superseded by the bankruptcy court's ruling, or (b) allowing the March 14 deadline to pass without a brief, risking dismissal of the appeal for failure to comply with the scheduling order. Neither outcome serves justice or judicial economy.

5. The solution — a stay of the briefing schedule, or in the alternative an extension — is routine in circumstances where a lower court motion may moot the appeal. *Standard Oil Co. v. United States*, 429 U.S. 17, 18 (1976). Appellant respectfully requests that this Court act on this motion promptly given the March 14 deadline.

## II. JURISDICTION AND STANDARD FOR STAY

6. This Court has jurisdiction over this bankruptcy appeal under 28 U.S.C. § 158(a)(1). The Notice of Appeal (Bankr. Doc. 73) was timely filed February 25, 2026 and docketed as Civil No. 1:26cv1037 on February 27, 2026.

7. This Court has inherent authority to stay its own proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The governing factors are: (1) likelihood of success; (2) irreparable injury absent a stay; (3) substantial injury to other parties; and (4) public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

8. This Court also has authority under Fed. R. Bankr. P. 8009(a) and Fed. R. App. P. 26(b) to extend briefing deadlines for good cause. Good cause is clearly present here: a simultaneously filed FRBP 9024 Motion may moot the entire appeal within days, and Appellant is a pro se litigant without access to Tennessee-licensed counsel due to documented systemic conflicts.

## III. THE FOUR-FACTOR STAY ANALYSIS

### A. Likelihood of Success on the Merits

9. The FRBP 9024 Motion presents three independently sufficient grounds for relief:

- **Rule 60(b)(2) — Newly discovered evidence:** UCC Document #213130996 (Tennessee Secretary of State) establishes Advocate Capital held a perfected security interest in Apperson Crump's entire client portfolio from April 17, 2013 — eight years before the fraudulent billing predicate act of June 7, 2021. This evidence was synthesized on March 3, 2026, after the dismissal. It directly affects the § 1112(b)(1) analysis the bankruptcy court never conducted.

- **Rule 60(b)(3) — Fraud and misrepresentation:** Advocate Capital's 13-year perfected lien and its dual role as litigation funder in connected proceedings were never disclosed. The dismissal was entered without a hearing, without required § 1112(b)(1) findings, without addressing the $900 million deemed-allowed claim, and without addressing unencumbered estate assets created by Advocate Capital's abandonment seven days before dismissal.

- **Rule 60(d)(3) — Fraud on the court:** The bankruptcy proceeding was itself a component of the RICO enterprise — a scheme to use a controlled bankruptcy trustee to seize Appellant's federal program claims. The dismissal served the enterprise by permanently preventing Chapter 7 trustee investigation. Rule 60(d)(3) independent actions have no statute of limitations. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

10. The appeal itself also presents substantial issues on the merits: the bankruptcy court chose dismissal over conversion without making the findings required by 11 U.S.C. § 1112(b)(1), without a hearing, on a record that included a $900 million deemed-allowed claim and freshly unencumbered estate assets. This Court reviews that choice for abuse of discretion — and the absence of required statutory findings is per se abuse of discretion.

## B. Irreparable Injury Absent a Stay

11. Absent a stay, Appellant faces three distinct forms of irreparable injury:

- **Wasted pro se briefing.** Preparing a full appellate brief by March 14 — 10 days from filing of this motion — will consume substantial time and effort that may be entirely mooted by the bankruptcy court's ruling on the FRBP 9024 Motion. Appellant is a pro se litigant without support staff or legal resources. The burden is not abstract.

- **Risk of default.** If this motion is not granted and no extension is issued, and the FRBP 9024 Motion hearing is scheduled after March 14, Appellant faces the impossible choice of filing an incomplete brief or defaulting on the scheduling order. Either outcome causes irreparable harm to a pro se litigant acting in good faith.

- **Conflicted forum risk.** Proceeding to final appellate briefing and judgment before the structural conflicts documented in Section V are resolved risks an unreviewable ruling from a compromised forum. The Sixth Circuit conflict — Kevin Ritz sitting as a circuit judge while named as a defendant in Appellant's FTCA claim — means that a final ruling from this Court could be effectively unreviewable on further appeal.

## C. No Substantial Injury to Other Parties

12. A stay or extension causes no substantial injury to any other party. The bankruptcy case is dismissed. There is no Debtor-in-possession, no ongoing operations, and no time-sensitive estate administration requiring immediate appellate resolution. The only party who could claim prejudice from a stay is one whose interests are served by preventing bankruptcy court investigation of the RICO enterprise — i.e., the enterprise itself.

## D. Public Interest

13. The public interest strongly favors a stay. An active FBI investigation into a RICO enterprise whose members committed Medicare fraud against federal MIPS and BPCI Advanced programs is pending. A Chapter 7 trustee investigation enabled by conversion serves the public interest in prosecuting fraud against federal healthcare programs funded by IRS taxpayer money. Proceeding to final appellate judgment in a potentially conflicted forum before the bankruptcy court has the opportunity to correct its own dismissal order does not serve that interest.

## IV. JUDICIAL ECONOMY INDEPENDENTLY WARRANTS A STAY

14. Three outcomes are possible after the bankruptcy court rules on the FRBP 9024 Motion. In all three, this Court benefits from waiting:

- **Bankruptcy court grants relief and converts to Chapter 7:** This appeal is moot. This Court need not adjudicate anything. No brief need be filed. A Chapter 7 trustee is appointed with full investigative authority.

- **Bankruptcy court grants partial relief:** The appellate issues are narrowed and clarified. Briefing is focused and efficient on a better-developed factual record including the UCC evidence.

- **Bankruptcy court denies relief:** The denial itself becomes an additional appellate issue. This Court adjudicates a richer record — fully developed UCC evidence, bankruptcy court findings on the new evidence — rather than a frozen record from a dismissal entered without a hearing.

15. In no scenario is this Court worse off for waiting. The FRBP 9024 Motion was filed today, March 4, 2026. The bankruptcy court can rule within days if it acts promptly. A 30-day extension of the briefing deadline — to April 13, 2026 — provides ample time for the bankruptcy court to rule while protecting Appellant from a default on the March 14 deadline.

## V. FORMAL NOTICE OF STRUCTURAL CONFLICTS — 28 U.S.C. § 455

**Appellant hereby places this Court on formal, documented notice of the following structural conflicts. This notice is filed before any judge of this Court has ruled substantively on any matter in Civil No. 1:26cv1037, so that each assigned judge**

**may make a fully informed recusal assessment under 28 U.S.C. § 455 before acting.**

## A. Judge J. Daniel Breen — Identification and Assessment Request

16. The Order Setting Scheduling identifies this case as **Civil No. 1:26cv1037 JDB/jay**, indicating assignment to **Judge J. Daniel Breen**, Senior District Judge, Western District of Tennessee. Appellant identifies Judge Breen by his initials in the docket designation and respectfully requests that Judge Breen assess whether any connection exists between himself, his former law practice, or his judicial career and any of the following entities or individuals named in the RICO enterprise: Evans Petree PC; Butler Snow LLP; Harris Shelton PLLC; Apperson Crump PLC; Baptist Memorial Health Care Corporation; Methodist Le Bonheur Healthcare; Methodist Health System; Advocate Capital, Inc.; Baker Donelson Bearman Caldwell & Berkowitz PC; Buckner Wellford; Brigid M. Carpenter; Wendy R. Oliver (Clerk of this Court); Jonathan Skrmetti; Kevin Ritz; or any attorney or party affiliated with those entities.

17. Appellant makes this request not as an accusation but as a necessary record-preservation step. The RICO enterprise documented in this matter has deep roots in the Western District of Tennessee legal community. Appellant has no basis to assert that Judge Breen has any disqualifying connection — but Appellant equally has no basis to confirm that he does not, and the stakes of a compromised ruling in this proceeding are severe.

## B. Kevin Ritz — Sixth Circuit Court of Appeals

18. Kevin Ritz served as United States Attorney for the Western District of Tennessee when Appellant formally reported the RICO criminal enterprise to his office. Despite receiving documented evidence of the conspiracy, IP theft, Medicare fraud, and public corruption, Ritz refused to investigate.

19. **Ritz is a named defendant in Appellant's active Federal Tort Claims Act (FTCA) claim under 28 U.S.C. § 2674** for obstruction of justice in his capacity as U.S. Attorney. He subsequently was appointed to the United States Court of Appeals for the Sixth Circuit. Any appeal from this Court to the Sixth Circuit risks assignment to a panel that includes Ritz — a person with a direct personal stake in the outcome of litigation he suppressed as U.S. Attorney.

20. Under 28 U.S.C. § 455(b)(1), a judge must recuse where he has personal knowledge of disputed evidentiary facts. Ritz has personal knowledge of the U.S. Attorney's Office's handling — and deliberate non-handling — of Appellant's criminal reports. Those facts are directly disputed in this litigation.

## C. Tennessee Board of Professional Responsibility and Tennessee Supreme Court

21. The Tennessee Board of Professional Responsibility (TBPR) dismissed Appellant's documented complaints against Evans Petree PC, Butler Snow LLP,

and Apperson Crump PLC — all named RICO enterprise members — with a single-sentence email: "This case is closed." The TBPR is a wholly controlled agency of the Tennessee Supreme Court. Every Tennessee-licensed attorney — including any judge of this Court admitted in Tennessee — operates under the authority of a documented co-conspirator in civil rights violations.

22. This is the structural conflict that compels Appellant to proceed pro se — not choice, but legal necessity. Any Tennessee-licensed attorney who represents Appellant risks TBPR retaliation, creating an un-waivable conflict under RPC 1.7(b) that Appellant has formally documented in prior submissions to the FBI (February 20, 2026) and in the bankruptcy court record.

## D. Tennessee Attorney General Jonathan Skrmetti

23. Jonathan Skrmetti, current Tennessee Attorney General, participated in federal crimes while a partner at Butler Snow LLP — a named RICO enterprise member. His role as chief law officer of the State of Tennessee creates systemic connections to the Tennessee judicial system that Appellant is unable to fully map without discovery. This notice preserves the issue for the record.

## E. RLI Insurance — Surety Bond Confirmation

24. RLI Insurance Company confirmed in writing on February 11, 2026 that it is *"not aware of any bonds responsive"* to allegations involving Tennessee court officials — confirming court officials operated without legally required surety bonds under TN Code § 4-4-108 throughout the underlying proceedings. The validity of proceedings conducted by unbonded officials is preserved as a formal issue in this record.

## F. The Anomalous Docketing of This Appeal

25. This appeal was docketed on February 27 and 28, 2026 — a Friday and Saturday — within 24 hours of Appellant's formal letter to the Duntsch bankruptcy trustee in Case No. 13-30510-EEB (D. Colo.) documenting connected RICO enterprise relationships. As noted in the bankruptcy court record (Bankr. Doc. 80, ¶14), this timing is anomalous and consistent with the pattern of coordinated action documented throughout these proceedings. This observation is preserved in the record.

## G. Clerk of Court Wendy R. Oliver — Fraudulent Certificate of Good Standing in Case No. 3:23-cv-00851 (M.D. Tenn.)

26. Wendy R. Oliver is the Clerk of Court for the United States District Court for the Western District of Tennessee. Her name and signature appear on the scheduling order that initiated these appellate proceedings (Civil No. 1:26cv1037, entered February 27, 2026). She is the official through whose office all filings, orders, and docket entries in this appeal are processed.

27. **Wendy R. Oliver issued — or allowed to be issued under her authority — a Certificate of Good Standing that is facially fraudulent.** In Case No. 3:23-cv-00851 (M.D. Tenn.), Buckner Wellford of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC filed a Motion for Admission Pro Hac Vice as counsel for Methodist Le Bonheur Healthcare — a named defendant in that action and a named participant in the RICO enterprise documented in the FBI criminal referral. Attached to that motion as the required supporting exhibit was a Certificate of Good Standing issued by Wendy R. Oliver as Clerk of the Western District of Tennessee, dated October 11, 2023, certifying that Buckner Wellford was admitted to practice in the Western District of Tennessee on **November 05, 2081.**

28. The date **November 5, 2081** is 55 years in the future. No living attorney was admitted to the bar in 2081. This is not a transposition error that produces a plausible date — it is a facially impossible date on a document that is required by Local Rule 83.01 to be accurate before a court may grant pro hac vice admission. The Certificate was issued under Wendy R. Oliver's name and authority as Clerk of Court and submitted to the Middle District of Tennessee as a true and accurate court record.

29. Baker Donelson's internal document reference number **4895-6543-3222v1 / 2932847-000195** appears on the face of the pro hac vice motion, confirming the document was generated within Baker Donelson's document management system — meaning the fraudulent certificate was incorporated into Baker Donelson's own filing with awareness of its contents.

30. Appellant filed an affidavit of fraud on the court in Case No. 3:23-cv-00851. That affidavit was unrebutted by any party. The Middle District court subsequently dismissed Case No. 3:23-cv-00851 without addressing the unrebutted affidavit — a dismissal that Appellant contends constitutes independent fraud on the court under Rule 60(d)(3), preserved in the federal record with no statute of limitations.

31. **The significance of this evidence to the present appeal is threefold:** First, the Clerk of this Court — Wendy R. Oliver — is directly implicated in the fabrication of a court record used to obtain pro hac vice admission for counsel representing a named RICO enterprise member in Appellant's prior federal litigation. Second, Baker Donelson — the firm that filed the fraudulent certificate — is the same firm whose Memphis office represents clients connected to the Western District of Tennessee legal establishment that is documented as part of the enterprise. Third, the pattern of fraudulent court records used to obtain procedural advantages against Appellant is now documented across two separate federal courts — the Middle District and, through Oliver's role, this Court's administrative apparatus.

32. Appellant respectfully requests that Judge Breen assess whether the Clerk of this Court's documented role in issuing a facially fraudulent certificate in prior litigation involving Appellant creates a conflict under 28 U.S.C. § 455(a) — specifically, whether the Court's impartiality might reasonably be questioned where the administrative officer of the Court has a documented role in the

misconduct chain underlying this appeal. Appellant further requests that this notice be formally docketed and transmitted to the Chief Judge of this District for administrative review of Clerk Oliver's role in the 2023 certificate.

## VI. ALTERNATIVE RELIEF — EXTENSION OF BRIEFING DEADLINE

33. In the event this Court does not grant a full stay of proceedings, Appellant respectfully requests in the alternative that this Court extend the appellant's brief deadline from March 14, 2026 to **April 13, 2026** — a 30-day extension — for the following reasons:

- **Good cause — pending FRBP 9024 Motion.** Appellant filed an FRBP 9024 Motion for Relief in the bankruptcy court on March 4, 2026, the same day as this motion. The bankruptcy court's ruling on that motion may moot this appeal entirely or materially alter the issues for briefing. Good cause exists to allow time for that ruling before requiring Appellant to commit to a full appellate brief.

- **Good cause — pro se status and absence of counsel.** Appellant is compelled to proceed pro se due to the documented TBPR conflict affecting all Tennessee-licensed attorneys — not by choice. Pro se litigants are entitled to reasonable accommodation of deadlines where good cause exists, particularly where the litigant is acting diligently and in good faith.

- **Good cause — newly discovered evidence.** Appellant discovered the UCC evidence on March 3, 2026 — one day before this filing. Proper briefing of the appeal requires incorporating and arguing this newly discovered evidence, which was not available at the time of the dismissal. Additional time is necessary to properly develop this argument.

- **No prejudice to Appellee.** There is no Debtor-in-possession, no ongoing operations, and no party whose interests are prejudiced by a 30-day extension of the briefing deadline.

34. Appellant is prepared to file an opening brief by April 13, 2026 if the FRBP 9024 Motion has not been granted by that date, and to file an immediate notice of mootness if the bankruptcy court grants the FRBP 9024 Motion before that date.

## VII. RELIEF REQUESTED

WHEREFORE, Creditor-Appellant Randel Edward Page, Jr. respectfully requests that this Court:

35. **PRIMARY RELIEF — STAY: STAY all appellate proceedings in Civil No. 1:26cv1037,** including the March 14, 2026 briefing deadline and all other scheduling order deadlines, pending the United States Bankruptcy Court's resolution of Appellant's FRBP 9024 / Rule 60(b) Motion for Relief from Order of

Dismissal in Case No. 25-11660-JLC, with Appellant directed to file a status report within 14 days of the bankruptcy court's ruling;

36. **ALTERNATIVE RELIEF — EXTENSION: In the event a full stay is not granted, EXTEND** Appellant's opening brief deadline from March 14, 2026 to **April 13, 2026**, to allow the bankruptcy court time to rule on the FRBP 9024 Motion and to allow Appellant time to properly develop the newly discovered UCC evidence argument;

37. **CONFLICT NOTICE — DOCKETING: ACKNOWLEDGE receipt of and DOCKET** Appellant's formal conflict notice regarding Kevin Ritz (Sixth Circuit), the Tennessee Board of Professional Responsibility, Tennessee Attorney General Jonathan Skrmetti, and Clerk of Court Wendy R. Oliver's role in the fraudulent 2023 Certificate of Good Standing in Case No. 3:23-cv-00851 (M.D. Tenn.); direct all assigned judges — including Hon. J. Daniel Breen — to assess recusal obligations under 28 U.S.C. § 455; and TRANSMIT this notice to the Chief Judge of this District for administrative review of Clerk Oliver's role in the fraudulent certificate;

38. **RECORD PRESERVATION: ENTER AN ORDER** preserving the appellate record in its current state during the pendency of any stay or extension, so that no party may take action in the dismissed bankruptcy case that would prejudice Appellant's rights;

39. **SUCH OTHER RELIEF** as this Court deems just and proper.


## DECLARATION UNDER PENALTY OF PERJURY

I, Randel Edward Page, Jr., declare under penalty of perjury under the laws of the United States of America that the factual allegations in this Motion are true and correct to the best of my knowledge, information, and belief.

Date: March 4, 2026

**Randel Edward Page, Jr., Pro Se Creditor-Appellant**

Proof of Claim No. 4-2 — $900,000,000 Deemed Allowed

3504 Milford Cove, Collierville, Tennessee 38017

Telephone: (901) 351-6060 | Email: randelpage@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2026, a true and correct copy of the foregoing Motion was served via first class mail, and/or electronic mail on:

**United States Trustee Carrie Ann Rohrscheib**

200 Jefferson Avenue, Suite 400, Memphis, TN 38103-2374

carrie.a.rohrscheib@usdoj.gov

**C. Jerome Teel, Jr. — Teel & Gay, PLC**

79 Stonebridge Blvd., Suite B, Jackson, TN 38305

Jerome@tennesseefirm.com

**Advocate Capital, Inc.**

One Vantage Way, Suite C165, Nashville, Tennessee 37228

**FBI Special Agent Cody Graham — Memphis Field Office**

(courtesy copy — for federal record purposes)

**Chief Judge, United States District Court, Western District of Tennessee**

(courtesy copy — for administrative review of Clerk Oliver matter)

**Randel Edward Page, Jr.**

## EXHIBIT INDEX

| EXHIBIT | DESCRIPTION |
| --- | --- |
| **Exhibit A** | Order Setting Scheduling in Bankruptcy Appeal — Civil No. 1:26cv1037 JDB/jay (February 27, 2026) |
| **Exhibit B** | UCC Document #213130996 — Tennessee Secretary of State — Advocate Capital Inc. / Apperson Crump PLC — Filed 04/17/2013, Continued 01/31/2018 and 02/15/2023 |

| | |
|---|---|
| **Exhibit C** | Order Granting Motion for Relief from Stay and Abandonment — Bankr. Doc. 65 (February 10, 2026) |
| **Exhibit D** | Order of Dismissal — Bankr. Doc. 69 (February 17, 2026) |
| **Exhibit E** | Proof of Claim No. 4-2 and Supporting Affidavit — Bankr. Doc. 62 (January 22, 2026) |
| **Exhibit F** | RLI Insurance Company Letter — Craig N. Mangum, Krebs Farley LLP (February 11, 2026) |
| **Exhibit G** | Motion for Administrative Expense — Bankr. Doc. 80 (March 2, 2026) |
| **Exhibit H** | **Buckner Wellford Pro Hac Vice Motion and Certificate of Good Standing — Case No. 3:23-cv-00851, Doc. 12 and Doc. 12-1 (Filed October 12, 2023).** Certificate issued by Wendy R. Oliver, Clerk of the Western District of Tennessee, bearing admission date of November 05, 2081 — a facially impossible future date. This is the fraudulent court record forming the basis of Section V.G of this Motion. |

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

Randel Edward Page, Jr.

v.                    Appellant,

Apperson Crump, PLC;                CIVIL NO. 1:26cv1037 JDB/jay

United States Trustee,

Region 8
      Appellee. Bankruptcy No.

                    25-11660

ORDER SETTING SCHEDULING IN
BANKRUPTCY APPEAL

      The above-referenced matter was docketed in this court on
27th day of February, 2026.  Pursuant to Bankruptcy Rule 8009(a),
the following schedule shall be followed:

    1.    The appellant shall serve and file a brief within
          15 days of the entry of this Order.

    2.    The appellee shall serve and file a response brief
          within 15 days of the service of appellant's brief.
          If a cross-appeal is filed, the brief on the
          cross-appeal shall contain the issues and arguments
          pertinent to the cross-appeal and be so designated.

    3.    The appellant may serve and file a reply brief
          within 10 days of the service of appellee's brief.

    4.    If appellee has filed a cross-appeal, the appellee
          may file and serve a reply brief to appellant's
          response within 10 days after the service of the
          reply brief of the appellant.


No further briefs shall be filed without leave of Court.

      Entered this 27th day of February, 2026.

Wendy R. Oliver,
CLERK OF COURT


BY:   s/ S. Chernenko
      Deputy Clerk

# Exhibit B

# UCC Document Detail (Unofficial)

| | | |
|---|---|---|
| **UCC Document #:**    213130996 | **Filing Date:** | 04/17/2013 11:31 AM |
| | **Lapse Date:** | 04/17/2028 11:59 PM |

## Debtors:

APPERSON CRUMP PLC, 6070 POPLAR AVENUE, SUITE 400, MEMPHIS, TN 38119

## Secured Parties:

ADVOCATE CAPITAL INC, ONE VANTAGE WAY, SUITE C165, NASHVILLE, TN 37228

## Related UCC Documents:

| Filing Date | Tracking # | Type |
|---|---|---|
| 01/31/2018 | B0488-9868 | Continuation |
| 02/15/2023 | B1338-3497 | Continuation |

# Exhibit C

**Dated: February 10, 2026**
**The following is SO ORDERED:**

Jimmy L. Croom
UNITED STATES BANKRUPTCY JUDGE

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| APPERSON CRUMP, PLC, | ) | Case No. 25-11660 |
| | ) | |
| Debtor. | ) | Hon. Jimmy L. Croom |

---

### ORDER GRANTING MOTION FOR RELIEF FROM STAY AND ABANDONMENT

---

This matter is before the Court on the Motion (the "Motion") of Advocate Capital, Inc.

("Advocate" or "Movant"), for relief from the automatic stay and abandonment pursuant to 11

U.S.C. § 362(d) and § 554, with respect to the following collateral (the "Collateral") as provided

in the Movant's loan documents with the Debtor:

> All accounts, instruments, chattel paper, general intangibles,
> payment intangibles (all as defined in Article 9 of the Code), and all
> similar rights that Borrower may have of every nature and kind,
> including specifically and without limitation, all of Borrower's
> rights to receive payment or otherwise, for legal and other services
> rendered and to be rendered, and for costs and expenses advanced
> and to be advanced, and all other rights and interest that Borrower
> may have in and with respect to each and every Client Matter.

- 1 -

4921-7186-4456.2

The Court having reviewed the Motion, and it appearing to the Court that proper and sufficient notice of the Motion has been provided, that there is no opposition to the Motion or that any opposition has been withdrawn or overruled, and that cause exists to grant the relief requested in the Motion, it is hereby ORDERED:

1.     The Motion is GRANTED.

2.     Advocate is hereby granted relief from the automatic stay with respect to the Collateral pursuant to 11 U.S.C. § 362(d).

3.     The Collateral is hereby abandoned pursuant to 11 U.S.C. § 554.

4.     The relief granted by this Order shall be effective immediately notwithstanding the provisions of Rule 4001(a)(4), Federal Rules of Bankruptcy Procedure.

IT IS SO ORDERED.

Respectfully submitted for entry,

/s/ Austin L. McMullen
Roger G. Jones (BPR #011550)
Austin L. McMullen (BPR #020877)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
Phone: (615) 252-2307
amcmullen@bradley.com

Attorneys for Advocate Capital, Inc.

- 2 -

4921-7186-4456.2

# Exhibit D

**Dated: February 17, 2026**
**The following is SO ORDERED:**

Jimmy L. Croom
**Jimmy L. Croom**
**UNITED STATES BANKRUPTCY JUDGE**

---

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| **IN RE:**    **APPERSON CRUMP PLC** | **CASE NO.  25-11660-JLC** |
| **Debtor.** | **Chapter 11** |

### ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO DISMISS
### OR CONVERT CASE PURSUANT TO 11 U.S.C. § 1112(b)
### AND DISMISSING DEBTOR'S CHAPTER 11 CASE

This matter came before the Court on the Motion to Dismiss or Convert Case Pursuant to 11 U.S.C. §1112(b) ("Motion") (ECF No. 53) filed by the United States Trustee for Region 8 ("U.S. Trustee") and upon the entire record herein.

It appears to the Court that based upon the grounds for dismissal or conversion as stated in the Motion and the record in this case, cause exists to dismiss or convert the Debtor's chapter 11 case. It further appears to the Court that there are insufficient assets available for distribution to creditors in a chapter 7, accordingly dismissal is appropriate and in the best interest of creditors and the estate.

ORDER GRANTING U.S. TRUSTEE'S
MOTION TO DISMISS CASE

CASE NO. 25-11660
PAGE 2 of 2

ACCORDINGLY, for good cause found, IT IS ORDERED, that the U.S. Trustee's Motion

to Dismiss is GRANTED and the instant Chapter 11 case shall be and is hereby **DISMISSED**,

without prejudice.

IT IS FURTHER ORDERED, that within thirty (30) days of entry of this order any

professionals may file final applications for compensation under 11 U.S.C. §330 and the Court

shall retain jurisdiction to hear same.

**APPROVED FOR ENTRY:**

PAUL A. RANDOLPH
ACTING U.S. TRUSTEE REGION 8


/s/ Carrie Ann Rohrscheib (#022991)
Carrie Ann Rohrscheib
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103
(901) 544-3303


**AGREED AS TO FORM:**

/s/ C. Jerome Teel, Jr.
C. Jerome Teel, Jr. (TN #01630)
Teel & Gay, PLC
79 Stonebridge Blvd., Suite B
Jackson, TN 38305
Phone: (731) 424-3315
Jerome@tennesseefirm.com


**PERSONS TO BE SERVED WITH FINAL ORDER:**
Debtor
Debtor's Counsel
All Parties on the Matrix

2

# Exhibit E

**Fill in this information to identify the case:**

Debtor 1      APPERSON CRUMP PLC ET AL

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Western District of Tennessee

Case number    25-11660

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

FILL In all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

RANDEL EDWARD PAGE JR

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor   RAND PAGE

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Randel Edward Page Jr.
Name

3504 Milford Cove
Number    Street

Collierville          TN          38017
City          State          ZIP Code

Contact phone   901-351-6060

Contact email   randelpage@gmail.com

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City          State          ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☐ No
☑ Yes.  Claim number on court claims registry (if known) 4

Filed on   01/05/2026
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  1   6   6   7

**7. How much is the claim?**  $_____900,000,000.00_ . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Conspiracy, Civil rights violations, Intentional infliction distress

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe:   MIPS - see exhibit 2

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $  900,000,000.00

**Amount of the claim that is secured:**  $_____

**Amount of the claim that is unsecured:**  $  900,000,000.00  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $  900,000,000.00

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | | |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ Yes. *Check all that apply:* | | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☑ Other. Specify subsection of 11 U.S.C. § 507(a)(10) that applies. | | $  900,000,000.00 |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   01/08/2026
                   MM / DD / YYYY

_Signature_

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Randel Edward Page Jr. |
| | First name   Middle name   Last name |
| Title | |
| Company | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 3504 Milford Cove |
| | Number   Street |
| | Collierville   TN   38017 |
| | City   State   ZIP Code |
| Contact phone | 901-351-6060   Email  randelpage@gmail.com |

# Exhibit 1

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

MONORAIL HEALTHCARE                )
SERVICES, LLC,                     )
                                   )      Civil Action No.: CT-0002704-17
Plaintiff,                         )                 Division VII
                                   )
v.                                 )
                                   )
BAPTIST MEMORIAL                   )
HEALTH CARE CORPORATION;           )
TRUVEN HEALTH  ANALYTICS, INC.;    )
EPIC SYSTEMS CORPORATION;          )
                                   )
Defendants.                        )

---

## CONSENT PROTECTIVE ORDER

---

Pursuant to Rule 26.03 of the Tennessee Rules of Civil Procedure, and at the request of and by agreement of the Parties, the Court finds that good cause exists to enter a Consent Protective Order to ensure that confidential, competitively-sensitive and other private information produced by the respective Parties, or by third parties, is protected from public disclosure in connection with this case.

1.    ACCORDINGLY, IT IS HEREBY ORDERED THAT this Consent Protective Order shall govern the handling, disclosure, and filing of all materials produced, given, or filed in this action by the Parties and designated as "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEY'S EYES ONLY" pursuant hereto.

2.    For purposes of this Consent Protective Order, "Confidential Documents" shall include any and all documents that a Party or its counsel designate as confidential based on a good-faith belief that the designation is appropriate because the documents contain proprietary or

confidential business or financial information, trade secrets, or non-public information of a commercially sensitive, personal, or private nature or the release of which would cause specific harm or loss of competitive advantage. Confidential Documents may include information of whatever kind, including but not limited to written information or information otherwise recorded on any medium, including without limitation paper, photographs, recordings, and electrical, optical, or magnetic disks or files.

3.      For purposes of this Consent Protective Order, "Confidential Information" shall include any information provided in response to a written discovery request or in response to a deposition question that a Party or its counsel designate as confidential based on a good-faith belief that the designation is appropriate because of the proprietary or confidential business or financial nature of the information, trade secrets contained in the information, or the non-public, sensitive, personal, or private nature of the information or the release of which would cause specific harm or loss of competitive advantage. Confidential Information does not include (i) information that is otherwise publicly available, (ii) information independently obtained by recipient without reliance on other Confidential Information, or (iii) information received from a third party that is not subject to confidentiality restrictions.

4.      At the time a Party produces documents or responds to a written discovery request, the producing Party may designate such documents or information as Confidential Documents, as defined herein in paragraph 1, or as Confidential Information, as defined herein in paragraph 2, by stamping the word "Confidential" on any documents or stating in writing in response to the written discovery request that the information is Confidential Information subject to the protections set forth in this Consent Protective Order.  Either designation shall subject the Confidential

Documents or Confidential Information to the confidentiality requirements of this Consent Protective Order without any further act of the Producing Party.

5.    Confidential Information or Confidential Documents may also be marked as "Confidential – for Attorneys Eyes Only" to protect information that a Party or its counsel reasonably believes to contain trade secret, private personal information, or confidential and competitively-sensitive business or financial information.

6.    If the Party seeking discovery believes that documents should not be subject to a designation as "Confidential—for Attorney's Eyes Only," the Party seeking discovery shall within sixty (60) days of receiving the designated documents, indicate to the Party responding to discovery, in writing, the specific documents that the Party seeking discovery believes should not be deemed as "Confidential – for Attorneys Eyes Only," and state in writing the rationale for the removal of such documents from the protections of an attorneys'-eyes-only designation. Failure of the Party seeking discovery to object to any designation of confidentiality within the specified time period shall be deemed a waiver, and the Identified Documents or Information shall be subject to the attorneys-eyes-only designation.

7.    If the Party responding to discovery believes that the attorneys'-eyes only designation is appropriate after receipt of written objection from the Party seeking discovery, the Party responding to discovery shall file a motion requesting an order designating the Identified Documents as "Confidential – for Attorneys Eyes Only" within twenty (20) days of receipt of the notice objecting to the confidential designation. If the Party responding to discovery fails to file a motion seeking an order on the issue within twenty (20) days of receipt of the notice objecting to the attorneys-eyes-only designation, then the designation is waived. Nevertheless, the documents

3

will still be treated as Confidential subject to the other provisions of this Consent Protective Order and without a designation of for attorneys' eyes only.

8.    Confidential Documents or Confidential Information that is designated "Confidential" may be disclosed or made available without written consent from the Producing Party only to the following persons:

a.    The Parties to the Action, and any employees, officers, and directors of each Party to the Action who have a need to access such Confidential Documents or Confidential Information in connection with the prosecution or defense of the Action;

b.    The Parties' insurance companies and their counsel, and controlled or controlling affiliates, to the extent that such persons are assisting in the prosecution or defense of the Action, provided that such persons execute Exhibit A prior to disclosure and that a copy of such signed Exhibit A is retained by counsel for the Party making the disclosure to such person;

c.    Counsel for the respective Parties to the Action, including attorneys, paraprofessionals, and employees of such law firms, and the Parties' in-house counsel who are actively participating in or managing the prosecution or defense of the Action;

d.    Experts and consultants retained to assist counsel for the Parties to the Action, provided that such experts and consultants execute Exhibit A prior to disclosure and that a copy of such signed Exhibit A is retained by counsel for the Party making the disclosure to such experts or consultants;

e.    Any witness who testifies at deposition or trial in this Action, who shall be provided at the outset of his testimony a copy of this Consent Protective Order on the record. In such instance, the witness shall be bound by the provisions of this Consent

4

Protective Order and shall be informed that he and his counsel, if any, are bound by the terms of this Consent Protective Order;

     f.    Stenographers or court reporters who record testimony taken at any time or place in the course of this Action and persons operating video recording equipment during such testimony; and

     g.    Any person who authored, recorded or received the document(s), and any person who has previously seen or was aware of the document(s);

     h.    Vendors (including such persons as e-discovery vendors, copy services, etc.) used by the Parties or their counsel to assist in the preparation, mediation and/or trial of this Action;

     i.    The Court, Court personnel, and any other person designated by the Court in this action in the interests of justice, upon such terms as the Court may deem proper.

     j.    Mediators (or other ADR arbiter(s)) appointed by the Court or agreed upon by the Parties.

9.    Confidential Documents or Confidential Information that is designated "Confidential – for Attorneys Eyes Only" may be disclosed or made available without written consent from the Producing Party only to the following persons:

     a.    Outside counsel for the respective Parties to the Action, including attorneys, paraprofessionals, and employees of such law firms, and the Parties' in-house counsel who are actively participating in or managing the prosecution or defense of the Action;

     b.    Experts and consultants retained to assist counsel for the Parties to the Action, provided that such experts and consultants execute Exhibit A prior to disclosure

and that a copy of such signed Exhibit A is retained by counsel for the Party making the disclosure to such experts or consultants;

     c.    Stenographers or court reporters who record testimony taken at any time or place in the course of the Action and persons operating video recording equipment during such testimony;

     d.    The Court, Court personnel, and any other person designated by the Court in this Action in the interests of justice, upon such terms as the Court may deem proper;

     e.    Any witness who testifies at deposition or trial in the Action, who shall be provided at the outset of his testimony a copy of this Consent Protective Order on the record, but any such disclosure of Confidential Documents or Confidential Information identified as "Confidential – for Attorneys Eyes Only" to a witness shall be only to the extent necessary for the testimony. In such instance, the witness shall be bound by the provisions of this Consent Protective Order and shall be informed that he and his counsel, if any, are bound by the terms of this Consent Protective Order; and

     f.    Any person who authored, recorded or received the document(s), and any person who has previously seen or was aware of the document(s);

     g.    Vendors (including such persons as e-discovery vendors, copy services, etc.) used by the Parties or their counsel to assist in the preparation, mediation and/or trial of this Action;

     h.    Mediators (or other ADR arbiters(s)) appointed by the Court or agreed upon by the Parties;

     i.    Any other person specified by the Court.

6

10.    This Consent Protective Order shall not bar any attorney representing a Party in the Action, in the course of rendering advice to his client with respect to the Action, from conveying to any party-client his evaluation in a general way of Confidential Documents or Confidential Information designated "Confidential – for Attorneys Eyes Only".

11.    During any deposition and for a period of thirty (30) days following the receipt of the transcript of any deposition, the deponent or counsel for a deponent or a Party or counsel for a Party may designate that the testimony being provided in response to a deposition question contains Confidential Information, as defined herein in paragraph 2, by stating on the record that the information is Confidential Information subject to the protections set forth in this Consent Protective Order. No deponent shall refuse to answer any question on the basis that the information is Confidential. The fact that a Party has not objected to designation of all or any portion of the deposition transcript as Confidential Information during the deposition itself does not waive such Party's right to seek release of that transcript from the terms and provisions of this Protective Order.

12.    If any Party receiving documents or information designated as "Confidential" believes that such documents or information is not entitled to the protections set forth in this Consent Protective Order, the receiving Party shall within sixty (60) days of receiving such documents or information indicate to the producing Party, in writing, the specific documents or information that the receiving Party believes falls outside of the protections set forth in this Consent Protective Order ("Identified Documents or Information") and state in writing the rationale for the removal of such Identified Documents or Information from the protections set forth in this Consent Protective Order.

7

13.    If the producing Party believes that the Identified Documents or Information is properly subject to the protections set forth in this Consent Protective Order, the producing Party shall file a motion requesting an order designating the Identified Document or Information as "Confidential within twenty (20) days of receipt of the notice objecting to the confidential designation. If the producing Party fails to file a motion seeking an order on the issue within twenty (20) days of receipt of the notice objecting to the "Confidential" designation, the designation shall be waived.

14.    Neither the service of the written notice described in paragraph 12 by the receiving Party nor the filing of a motion described in paragraph 13 shall remove the Identified Documents or Information from the protections set forth in this Consent Protective Order. Until the Parties resolve the dispute among themselves, the producing Party waives the claim of confidentiality, or the Court resolves the dispute regarding whether the Identified Documents or Information are Confidential Documents or Confidential Information entitled to the protections set forth in this Consent Protective Order, the Identified Documents or Information shall retain the protections set forth in this Consent Protective Order.

15.    The inadvertent, unintentional, or in camera disclosure of Confidential Documents and Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If Confidential Documents or Confidential Information is inadvertently produced without the appropriate designation of confidentiality, the receiving Party shall, upon notice of the confidential status of the documents or information, treat the documents or information as if it had been appropriately designated Confidential at the moment it was produced.

8

16. The Parties and all persons subject to the provisions of this Consent Protective Order shall use Confidential Documents and Confidential Information solely and exclusively for purposes of preparing for, conducting, and participating in the Action and not for any other litigation and not for any other business purpose, personal purpose, or other purpose whatsoever.

17. Neither the entry of this Consent Protective Order, the designation of any information as "Confidential" or "Confidential – for Attorneys Eyes Only," nor the failure to make such designation shall constitute evidence with respect to any issue in this action. Nothing in this clause shall prevent a Party from using the contents of the document at trial, subject to such orders as the Court may provide governing the trial.

18. This Consent Protective Order does not limit the Parties' rights to object to or to seek an appropriate order limiting any use which any other Party may seek to make of such Confidential Documents or Confidential Information either in discovery or at the trial of the Action. By consenting to this Consent Protective Order, no Party waives any right it may have to dispute any person's designation of Confidential Information. By declining to challenge the designation of any material as Confidential Information, no Party waives any right it may have to challenge the use, admissibility, or authenticity of such material for any other reason.

19. If it becomes necessary to include information obtained from Confidential Documents or Confidential Information or to use such Confidential Documents or Confidential Information in any court filing, then the Parties shall cooperate in seeking an order that such filing shall be made under seal pursuant to Tennessee Rules of Civil Procedure, and neither party shall unreasonably withhold its consent to the entry of such an order.

20. Upon the conclusion of the Action, all Confidential Documents and Confidential Information held by the Parties, and all copies, extracts, summaries, and facsimiles thereof and all

electronically, optically, or magnetically stored information of any kind, including without limitation diskettes, compact disks, computer files, and similar storage media ("Electronically Stored Documents") shall be destroyed or deleted, uninstalled, or otherwise removed from each computer, diskette, compact disk, computer file, and any other storage media unless destruction would be technically unreasonable. Such destruction shall take place within 90 days of the conclusion of the Action. To the extent requested by any Party, each Party in receipt of Confidential Documents and Confidential Information shall certify to the other parties that it has completed such destruction. Notwithstanding the foregoing, counsel for any Party shall be entitled to maintain one copy of materials in counsel's file for the sole purpose of fulfilling counsel's duties under the Tennessee Rules of Professional Conduct. Counsel may also retain archival copies of court filings and copies of deposition and trial transcripts (including copies of exhibits thereto), as well as any materials constituting attorney work product, containing Confidential Information, which materials will remain subject to this Consent Protective Order.

21.    This Consent Protective Order shall apply to the Parties and their respective successors, heirs, agents, personal representatives, and assigns. This Consent Protective Order shall also apply to any individual or entity who becomes a Party to this Action after the entry of this Consent Protective Order.

22.    Any documents produced by a subpoenaed non-party witness in discovery in this Action pursuant to subpoena may be designated by such subpoenaed non-party or by any Party or counsel for any Party as "Confidential" or "Confidential – Attorneys Eyes Only" under the terms of this Consent Protective Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies, as if made by one of the undersigned Parties hereto.

10

23. This Consent Protective Order may not be amended except by Court order.

24. The Parties agree and acknowledge that this Consent Protective Order is intended to govern the production of documents and other information during discovery. A separate order of the Court will be required before any filing containing or referencing any "Confidential" or "Confidential-For Attorneys' Eyes Only" documents or information will be placed under seal.

SO ORDERED, this the ___ day of ___ May ___, 2018.

*Judge Mary L. Wagner*

Hon. Mary L. Wagner

**CONSENTED TO:**

**GOLDASICH & ASSOCIATES, LLC**

By: *Andrew Fulk* / *with permission EHH #39192*

Dennis E. Goldasich, Jr. (ASB-5935-D62D)
Joshua M. Vick, (ASB-1474-S70V)
J. Andrew Fulk (ASB-5472-X11Q)
2100 Third Avenue North, Suite 700
Birmingham, AL 35203
Telephone:    (205) 731-2566
Fax:          (205) 731-9451
Email:        josh@golaw.net
              dennis@golaw.net
              andrew@golaw.net
*Attorneys for Plaintiff*

**BURCH, PORTER & JOHNSON, PLLC**

By: *Douglas Halijan* / *with permission EHH #39192*

Douglas F. Halijan (BPR #16718)
William D. Irvine, Jr. (BPR # 035193)
130 N. Court Avenue
Memphis, TN 38103
Telephone:    (901) 524-5000
Fax:          (901) 524-5024
Email:        dhalijan@bpjlaw.com
              wirvine@bpjlaw.com
*Attorneys for Plaintiff*

A TRUE COPY ATTEST
JIMMY MOORE, CLERK
BY ___ D.C.

11

**William B. Hicky, Attorney at Law**

By: _William Hicky_ (with permission) EHH #2919
William B. Hicky, BPR #25452
Two American Center
3102 West End Avenue, Suite 400
Nashville, TN 37203
Telephone:    (615) 324-8777
Facsimile:    (615) 691-8818
Email:        will@hickylaw.com

By: _____
John J. Heflin, Esq. (BPR #6142)
**BOURLAND, HEFLIN, ALVAREZ,**
**MINOR & MATTHEWS, PLC**
5400 Poplar Avenue, Suite 100
Memphis, TN 38119
Tel: (901) 683-3526; Fax: (901) 763-1037

By: _____
George T. Wheeler, Jr., Esq. (BPR #5463)
Emily Hamm Huseth, Esq. (BPR #29192)
**HARRIS SHELTON HANOVER**
**WALSH, PLLC**
Suite 300, 999 S. Shady Grove Rd.
Memphis, TN 38120

By: _Jason Callen_ / with permission EHH #29192
Jason W. Callen, Esq.  (#26225)
Lauren Patten, Esq.  (#27547)
**BUTLER SNOW, LLP**
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Phone: (615) 651-6774
Fax:    (615) 651-6701

By: _Randal Noel_ / with permission EHH #29192
Randal D. Noel, Esq.  (#6405)
**BUTLER SNOW**
6075 Poplar Avenue, Suite 500
Memphis, TN 38119

12

By:_____

John J. Heflin, Esq. (BPR #6174)
**BOURLAND, HEFLIN, ALVAREZ,**
**MINOR & MATTHEWS, PLC**
5400 Poplar Avenue, Suite 100
Memphis, TN 38119
Tel: (901) 683-3526
Fax: (901) 763-1037
Email: jheflin@bhammlaw.com
*Attorneys for Defendant Epic Systems Corp.*

By:_____

George T. Wheeler, Jr., Esq. (BPR #5463)
Emily Hamm Huseth, Esq. (BPR #29192)
**HARRIS SHELTON HANOVER**
**WALSH, PLLC**
Suite 300, 999 S. Shady Grove Rd.
Memphis, TN 38120
Tel: (901) 525-1455
Fax: (901) 526-4084
Email: gwheeler@harrisshelton.com
ehuseth@harrisshelton.com
*Attorneys for Defendant Baptist Memorial*
*Health Care Corporation*

By:_____

Jason W. Callen, Esq.  (#26225)
Lauren Patten, Esq.  (#27547)
**BUTLER SNOW, LLP**
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Phone:  (615) 651-6774
Fax:    (615) 651-6701

By:_____

Randall D. Noel, Esq.  (#6405)
**BUTLER SNOW**
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Tel: (901) 680-7200
Fax: (901) 680-7201
Email: randy.noel@butlersnow.com
*Attorneys for Defendant Truven Health*
*Analytics, Inc.*

12

# Exhibit 2

| ○ Chancery ○ Circuit<br>Shelby County<br>Tennessee | **SUBPOENA** | Case Number<br>CH-24-1646-1 |
|---|---|---|

| RANDEL EDWARD PAGE JR. | vs. | UNITED STATES OF AMERICA, ET AL., |
|---|---|---|
| [Plaintiff's Name] | | [Defendant's Name] |

**Under penalty prescribed by law, you are commanded:**

| **Bobak Talebian**<br>**Office of Information Policy (OIP)**<br>**U.S. Department of Justice**<br>**441 G St, NW, 6th Floor**<br>**Washington, DC 20530**<br>(Name, address, and telephone number of person to whom subpoena is directed) | **Method of Service:**<br>☑ Shelby County Sheriff<br>☐ Secretary of State   ($)<br>☐ Commissioner of Insurance   ($)<br>☐ Other TN County Sheriff   ($)<br>☒ Private Process Server<br>☐ Other<br>($) Attach Required Fees |
|---|---|

☐ 1. *Subpoena for Attendance at Hearing or Trial* – to appear personally before the_____Court of Shelby County, Division/Part_____, 140 Adams, Memphis, Tennessee, on_____, 20_____at_____a.m./p.m., and give testimony, pursuant to Rule 45.01 and 45.05 of the Tennessee Rules of Civil Procedure; when you arrive, you must remain at the court until the judge or a court officer allows you to leave;

☑ 2. *Subpoena for Production of Documentary Evidence (Books, Papers, Documents, etc.)* – to produce and permit inspection, copying, testing, or sampling of the following designated books, papers, documents, electronically stored information, or tangible things: See exhibit to subpoena_____
_____ and to swear or affirm that the things produced are authentic to the best of your knowledge, information, and belief, and to state whether all responsive things have been produced, pursuant to Rule 45.02 of the Tennessee Rules of Civil Procedure; the subpoenaed items must be produced at the following location 13535 Cathy Road Byhalia, MS 38611_____on or before February 28th_____, 2025___at 12:00___a.m./p.m.;

☐ 3. *Subpoena for Inspection of Premises* – to permit inspection of the following premises located at: _____
_____on_____, 20_____at_____a.m./p.m., pursuant to Rule 45.02 of the Tennessee Rules of Civil Procedure; and/or

☐ 4. *Subpoena for Deposition Testimony* – to appear personally at the following location:_____in
_____, Tennessee, on_____20_____at_____a.m./p.m., then and there to testify by deposition in this matter, and to bring the following items: _____
_____, pursuant to Rule 45.04 of the Tennessee Rules of Civil Procedure.

**Notice for a subpoena for production of documentary evidence (#2 above) or for a subpoena for deposition testimony (#4 above):** The failure to serve an objection to this subpoena within twenty-one days after the day of service of the subpoena waives all objections to the subpoena, except the right to seek the reasonable cost for producing books, papers, documents, electronically stored information, or tangible things.

This subpoena is issued on behalf of Plaintiff ☑ or Defendant ☐. The name, address, and telephone number of the issuing party:

Signature of issuing party:
Date issued: 1-04-25

_____
Signature of Clerk/Deputy Clerk

✆  For Americans with Disabilities Act (ADA) assistance **only**, please call Shelby County ADA Coordinator at (901) 222-2334.
✆  For questions regarding scheduling or filing, please contact Chancery Court at (901) 222-3900 or Circuit Court at (901) 222-3800.

**NOTICE: YOU CAN BE FOUND IN CONTEMPT OF COURT FOR FAILING TO COMPLY WITH THIS SUBPOENA AND IF FOUND GUILTY OF CONTEMPT YOU MAY BE FINED, IMPRISONED, OR BOTH.**

(This is a general form subpoena. The party issuing the subpoena is responsible for complying with any provision of law imposing additional notice requirements that apply to the pending case or to the type of records being sought under this subpoena.)

## RETURN OF SERVICE

**Check one of the following boxes: Box 1 or Box 2 is only for the return by an authorized officer, by an attorney, or by an attorney's agent; pursuant to Tenn. Code Ann. § 23-2-105, the return by an attorney or the attorney's agent must be sworn to. Box 3 is only for the person named in the subpoena (or the authorized representative of an organization named in the subpoena) who acknowledges service, and such person must sign in the signature box below.**

❏ 1. I certify that on the date indicated below I served a copy of this subpoena on (state the identity of the person served, and the place and manner of service): _____

_____

❏ 2. I was unable to serve a copy of this subpoena on the person named in the subpoena because _____

_____

❏ 3. I acknowledge being served with this subpoena on the date indicated below.

| FOR RETURN BY ATTORNEY OR ATTORNEY'S AGENT: | DATE OF SERVICE: |
|---|---|
| Sworn to and subscribed before me on this_____day of _____, 20____.  ❏ Notary Public or ❏ Deputy Clerk:  My Commission Expires: _____ | SIGNATURE OF OFFICER, ATTORNEY OR ATTORNEY'S AGENT, OR PERSON ACKNOWLEDGING SERVICE: |

Docket : **CH-24-1646-1**

IN THE (CHANCERY/CIRCUIT) COURT

OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SUBPOENA

RANDEL EDWARD PAGE, JR.

VS

UNITED STATES OF AMERICA, ET Al

EXHIBIT TO SUBPOENA

RE: RANDEL EDWARD PAGE JR. vs. UNITED STATES OF AMERICA ET AL., Docket No. CH-24-1646-1

Please produce the following:

1. Pursuant to 5 USC 552a – Any and all documents, communications, records, data, financial instruments and bank accounts created by the UNITED STATES OF AMERICA and its STATES associating RANDEL EDWARD PAGE JR with the social security # of 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 and the birth certificate # of 141-71-022313

2. Any and all Government agencies, officials, high government officials, officers, agents, persons, individuals, informants, state actors, contractors, third party contractors engaged in the origination and design of operations to implant officials, officers, agents, persons, individuals, informants, state actors, contractors or third-party contractors with RANDEL EDWARD PAGE JR for purposes of collecting information.

3. Any and all Government agencies, officials, high government officials, officers, agents, persons, individuals, informants, state actors, contractors or third-party contractors engaged in the origination and design of operations to implant officials, officers, agents, persons, individuals, informants, state actors or contractors with RANDEL EDWARD PAGE JR for purposes of collecting information and/or the inducement of crime.

4. Any and all documents, communications and records filed or submitted to the UNITED STATES OF AMERICA, its STATES and agencies associated with RANDEL EDWARD PAGE JR having the social security # of 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

5. Any and all information regarding 26 U.S. Code § 9511 - Patient- Centered Outcomes Research Trust Fund. Including any and all records, notes, electronic communications, including any electronic data transaction file reflecting, referring and relating to bank accounts, legal ownership and beneficial ownership individually or jointly with any person or entity. Banking information to include:

   *Account opening documents, Names of Trustees, deposits, including signature cards, and any changes made, including power of attorney or adding or subtracting individuals from the accounts

   *Account closing documentation

   *Change of address for any and all accounts
   *Trusted contact form or names of persons permitted view only

\*Powers of attorney
\*Monthly statements
\*Deposit tickets and offset items
\*Withdrawals – slips and type
\*Checks – back and front
\*Bank checks – certified checks, cashier's checks; official checks or teller's checks
\*Money orders

\*Wire transfers – in or out of the account – with detail showing origins and destinations, account numbers and financial institutions; any other ACH documentation
\*Debit card activity and location
\*Prepaid and debit cards
\*ATM withdrawals and location
\*Related credit card activity
\*Corporate documents – including opening documents, amendments or changes of any kind; tax returns, financial statements of any kind, including documents from the attorney representative
\*Notary log, with transactions related to the entities, trustees and beneficiaries
\*Currency Transaction Reports
\*Tax statements: Forms 1099 and any other relevant form state or federal tax forms

\*Safe Deposit box records including opening documents, signature cards, access record logs and any closing documents

\*Any and all online banking information, including email or other addresses

6. Any and all information and records regarding the Centers for Medicare and Medicaid Services (Merit Based Incentive Payment System) "MIPS". Including legal ownership, beneficial ownership and banking information to include:

\*Account opening documents, Names of Trustees, deposits, including signature cards,

and any changes made, including power of attorney or adding or subtracting individuals from the accounts

\*Account closing documentation

\*Change of address for any and all accounts

\*Trusted contact form or names of persons permitted view only

\*Powers of attorney

\*Monthly statements

\*Deposit tickets and offset items

\*Withdrawals – slips and type

\*Checks – back and front

\*Bank checks – certified checks, cashier's checks; official checks or teller's checks

\*Money orders

\*Wire transfers – in or out of the account – with detail showing origins and destinations, account numbers and financial institutions; any other ACH documentation

\*Debit card activity and location

\*Prepaid and debit cards

\*ATM withdrawals and location

\*Related credit card activity

\*Corporate documents – including opening documents, amendments or changes of any kind; tax returns, financial statements of any kind, including documents from the attorney representative

\*Notary log, with transactions related to the entities, trustees and beneficiaries

\*Currency Transaction Reports

\*Tax statements: Forms 1099 and any other relevant form state or federal tax forms

\*Safe Deposit box records including opening documents, signature cards, access record logs and any closing documents

\*Any and all online banking information, including email or other addresses

7.  Any and all information and records regarding the Centers for Medicare and Medicaid Services (Bundled Payments for Care Improvement "BPCI" initiative). Including an accounting of the NEW TECHNOLOGY PAYMENTS, legal ownership, beneficial ownership information and banking information to include:

\*Account opening documents, Names of Trustees, deposits, including signature cards, and any changes made, including power of attorney or adding or subtracting individuals from the accounts

\*Account closing documentation

\*Change of address for any and all accounts
\*Trusted contact form or names of persons permitted view only
\*Powers of attorney
\*Monthly statements

*Deposit tickets and offset items
*Withdrawals – slips and type
*Checks – back and front

*Bank checks – certified checks, cashier's checks; official checks or teller's checks
*Money orders
*Wire transfers – in or out of the account – with detail showing origins and destinations, account numbers and financial institutions; any other ACH documentation
*Debit card activity and location
*Prepaid and debit cards
*ATM withdrawals and location
*Related credit card activity
*Corporate documents – including opening documents, amendments or changes of any kind; tax returns, financial statements of any kind, including documents from the attorney representative
*Notary log, with transactions related to the entities, trustees and beneficiaries
*Currency Transaction Reports
*Tax statements: Forms 1099 and any other relevant form state or federal tax forms
*Safe Deposit box records including opening documents, signature cards, access record logs and any closing documents
*Any and all online banking information, including email or other addresses

8. Any and all documents, communications and records of all parties that benefit from the use of Centers for Medicare and Medicaid Services (Merit Based Incentive Payment System) "MIPS".


9. Any and all documents, communications and records of all parties that benefit from the use of Centers for Medicare and Medicaid Services (Bundled Payments for Care Improvement "BPCI" Initiative).

# Exhibit 3

# Apperson Crump
### The Law in Memphis Since 1865

*6000 Poplar Avenue, Suite 150*
*Memphis, TN 38119*
*EIN 62-0292839*

June 7, 2021

Randel Page                          Invoice#  126617  BSK
13535 Cathy Rd.                      Our file#  161667     0000
Byhalia, MS  38611                   Billing through  06/30/2021

Re: Baptist and Eric

| | | | |
|---|---|---|---|
| Accounts receivable balance carried forward | $17,474.15 | | |
| Payments received since last invoice | $0.00 | | |

**PROFESSIONAL SERVICES**

| | | | | |
|---|---|---|---|---|
| BSK | 05/26/2021 | Office conference with Bruce Smith re recent Motions filed by Epic and Baptist | 0.25 | hrs |
| | | Total Services | $127.50 | |

**FEE RECAP**

| | | | |
|---|---|---|---|
| Kramer, Bruce S. | 0.25 | hrs | $127.50 |

----------------------

**BILLING SUMMARY**

| | |
|---|---|
| Total Professional Services | $127.50 |

----------------------

| | |
|---|---|
| Total of New Charges for this Invoice | $127.50 |
| Plus Net Balance Forward | $17,474.15 |

----------------------

| | |
|---|---|
| **Total Balance Now Due** | **$17,601.65** |

# Exhibit 4

 Gmail

Randel Page <randelpage@gmail.com>

---

## Proposed Meeting Times
3 messages

---

**Muriel Hughes** <muriel.hughes@aldersandlewellyn.com>
To: Randel Page <randelpage@gmail.com>
Cc: Kendall Sewell <kendall.sewell@aldersandlewellyn.com>

Thu, Dec 4, 2025 at 11:15 AM

Good Morning,

Here is my availability next week:
Tuesday, December 9th - 9, 10, or 10:30am
Wednesday, December 10th - 1:30pm or 2pm
Thursday, December 11th - 9, 10, or 10:30am

Please let me know what time works best for you.

Best regards,
Muriel Hughes



**Muriel Hughes, Esq.**
1331 Union Ave, Suite 1000
Memphis, TN 38104
Phone: (901) 602-5700
Direct: (901) 474-3464
Fax: (901) 28-1378
www.AldersandLewellyn.com

---

**Rand Page** <randelpage@gmail.com>
To: Muriel Hughes <muriel.hughes@aldersandlewellyn.com>
Cc: Kendall Sewell <kendall.sewell@aldersandlewellyn.com>

Thu, Dec 4, 2025 at 2:49 PM

Ms. Hughes,

Please schedule our meeting for December the 11th @ 10am.

See you then.

Randel Page
901-351-6060

> On Dec 4, 2025, at 11:15 AM, Muriel Hughes <muriel.hughes@aldersandlewellyn.com> wrote:
>
>
> Good Morning,
>
> Here is my availability next week:
> Tuesday, December 9th - 9, 10, or 10:30am

Wednesday, December 10th - 1:30pm

Thursday, December 11th - 9, 10, or 10:30am

Please let me know what time works best for you.

Best regards,
Muriel Hughes



[Quoted text hidden]

---

**Muriel Hughes** <muriel.hughes@aldersandlewellyn.com>     Fri, Dec 5, 2025 at 9:50 AM
To: Rand Page <randelpage@gmail.com>
Cc: Kendall Sewell <kendall.sewell@aldersandlewellyn.com>

I have you down. See you then!



**Muriel Hughes, Esq.**
1331 Union Ave, Suite 1000
Memphis, TN 38104
Phone: (901) 602-5700
Direct: (901) 474-3464
Fax: (901) 28-1378
www.AldersandLewellyn.com

---

**From:** Rand Page <randelpage@gmail.com>
**Sent:** Thursday, December 4, 2025 2:49 PM
**To:** Muriel Hughes <muriel.hughes@aldersandlewellyn.com>
**Cc:** Kendall Sewell <kendall.sewell@aldersandlewellyn.com>
**Subject:** Re: Proposed Meeting Times

[Quoted text hidden]

---

**Randel Page** <randelpage@gmail.com>     Mon, Dec 15, 2025 at 5:14 AM
To: Muriel Hughes <muriel.hughes@aldersandlewellyn.com>

Ms. Hughes,

See the attached motion.

In order to accurately fill out the discovery questionnaire, you'll need to serve the OIP for the subpoena that was evaded by the UNITED STATES.

Please call with any questions.

Randel Page
901-351-6060
[Quoted text hidden]

📄 motion for contempt (b).pdf
1030K

---

**Randel Page** <randelpage@gmail.com>                                    Mon, Dec 15, 2025 at 5:18 AM
To: Muriel Hughes <muriel.hughes@aldersandlewellyn.com>

Also, per our conversation, see attached the Federal Tort Claim.

[Quoted text hidden]

📄 _Federal Tort Claim - RANDEL EDWARD PAGE JR address correction.pdf
189K

---

**Rand Page** <randelpage@gmail.com>                                    Mon, Dec 15, 2025 at 11:58 AM
To: Muriel Hughes <muriel.hughes@aldersandlewellyn.com>

See attached the document sent to the DOJ and mailed to the bankruptcy court today.

On Dec 15, 2025, at 5:18 AM, Randel Page <randelpage@gmail.com> wrote:

Also, per our conversation, see attached the Federal Tort Claim.

On Mon, Dec 15, 2025 at 5:14 AM Randel Page <randelpage@gmail.com> wrote:
Ms. Hughes,

See the attached motion.

In order to accurately fill out the discovery questionnaire, you'll need to serve the OIP for the subpoena that was evaded by the UNITED STATES.

Please call with any questions.

Randel Page
901-351-6060

On Fri, Dec 5, 2025 at 9:50 AM Muriel Hughes <muriel.hughes@aldersandlewellyn.com> wrote:
I have you down. See you then!

**Muriel Hughes, Esq.**
1331 Union Ave, Suite 1000
Memphis, TN 38104
Phone: (901) 602-5700
Direct: (901) 474-3464
Fax: (901) 28-1378
www.AldersandLewellyn.com

**From:** Rand Page <randelpage@gmail.com>
**Sent:** Thursday, December 4, 2025 2:49 PM
**To:** Muriel Hughes <muriel.hughes@aldersandlewellyn.com>
**Cc:** Kendall Sewell <kendall.sewell@aldersandlewellyn.com>
**Subject:** Re: Proposed Meeting Times

Ms. Hughes,

See you then.

Randel Page
901-351-6060

On Dec 4, 2025, at 11:15 AM, Muriel Hughes <muriel.hughes@aldersandlewellyn.com> wrote:

Good Morning,

Here is my availability next week:
Tuesday, December 9th - 9, 10, or 10:30am
Wednesday, December 10th - 1:30pm or 2pm
Thursday, December 11th - 9, 10, or 10:30am

Please let me know what time works best for you.

Best regards,
Muriel Hughes

**Muriel Hughes, Esq.**
1331 Union Ave, Suite 1000
Memphis, TN 38104
Phone: (901) 602-5700
Direct: (901) 474-3464
Fax: (901) 28-1378
www.AldersandLewellyn.com

**4 attachments**


**Outlook-gkueunkb.png**
10K


**Outlook-obhfa52n.png**
10K


**REP objection - Case No 25-11660.pdf**
40K


**_Federal Tort Claim - RANDEL EDWARD PAGE JR address correction.pdf**
189K

# Exhibit 5

ATTORNEY LOGIN 🔒

# Board of Professional Responsibility
of the Supreme Court of Tennessee

Search

ABOUT THE BOARD        FOR THE PUBLIC        FOR LEGAL PROFESSIONALS        NEWS & PUBLICATIONS

# Attorney Details

**Name:**
Ginski, Timothy Michael

**Address:**
Brinkley Plaza 80 Monroe Ave Ste 200
Memphis, TN 38103-2462

**BPR Number:**
034252

**Status:**
Active

**Office County:**
Shelby

**Licensed in TN Since:**
2015

**Law School:**
University of Memphis - Cecil C. Humphreys School of Law

## Public Information:

**No Public Information Available**

## Informational Releases for Public Discipline:

**No Public Discipline**

## Names Used:

**Name**
Timothy Michael Ginski

* Information accurate as of Wednesday, December 17, 2025 01:27 PM CST

ABOUT THE BOARD

FOR THE PUBLIC

FOR LEGAL PROFESSIONALS

NEWS & PUBLICATIONS

LINKS OF INTERESTS

EMPLOYMENT

# Mission Statement

To assist the Court in protecting the public from harm from unethical lawyers by administering the disciplinary process; to assist the public by providing information about the judicial system and the disciplinary system for lawyers; and, to assist lawyers by interpreting and applying the Court's disciplinary rules.

© 2025 Board of Professional Responsibility of the Supreme Court of Tennessee.

PRIVACY STATEMENT    DISCLAIMER

**Board of Professional Responsibility**
of the Supreme Court of Tennessee

Search

ABOUT THE BOARD      FOR THE PUBLIC      FOR LEGAL PROFESSIONALS      NEWS & PUBLICATIONS

# Attorney Details

**Name:**
Brown, Jacob Webster

**Public Phone Number:**
901-296-2186

**Public E-mail Address:**
jake.brown@forthepeople.com

**BPR Number:**
036404

**Status:**
Active

**Office County:**

**Licensed In TN Since:**
2018

**Law School:**
University of Memphis - Cecil C. Humphreys School of Law

## Public Information:

**No Public Information Available**

## Informational Releases for Public Discipline:

**No Public Discipline**

## Names Used:

**(No other names found)**

\* Information accurate as of Wednesday, December 17, 2025 01:27 PM CST

ABOUT THE BOARD

FOR THE PUBLIC

FOR LEGAL PROFESSIONALS

NEWS & PUBLICATIONS

LINKS OF INTERESTS

EMPLOYMENT

# Mission Statement

To assist the Court in protecting the public from harm from unethical lawyers by administering the disciplinary process; to assist the public by providing information about the judicial system and the disciplinary system for lawyers; and, to assist lawyers by interpreting and applying the Court's disciplinary rules.

© 2025 Board of Professional Responsibility of the Supreme Court of Tennessee.

2025-10

ATTORNEY LOGIN 🔒

## Board of Professional Responsibility
of the Supreme Court of Tennessee

Search

ABOUT THE BOARD    FOR THE PUBLIC    FOR LEGAL PROFESSIONALS    NEWS & PUBLICATIONS

# Attorney Details

**Name:**
Kramer, Bruce S

**Public E-mail Address:**
bkramer@appersoncrump.com

**BPR Number:**
007472

**Status:**
Active

**Office County:**
Shelby

**Licensed in TN Since:**
1969

**Law School:**
George Washington University - George Washington Law

## Public Information:

**No Public Information Available**

## Informational Releases for Public Discipline:

**No Public Discipline**

## Names Used:

**Name**
Bruce S Kramer

* Information accurate as of Wednesday, December 17, 2025 01:27 PM CST

ABOUT THE BOARD

FOR THE PUBLIC

FOR LEGAL PROFESSIONALS

NEWS & PUBLICATIONS

LINKS OF INTERESTS

EMPLOYMENT

## Mission Statement

To assist the Court in protecting the public from harm from unethical lawyers by administering the disciplinary process; to assist the public by providing information about the judicial system and the disciplinary system for lawyers; and, to assist lawyers by interpreting and applying the Court's disciplinary rules.

© 2025 Board of Professional Responsibility of the Supreme Court of Tennessee.

PRIVACY STATEMENT  ⋮  DISCLAIMER

2025-10

ATTORNEY LOGIN 🔒

### Board of Professional Responsibility
of the Supreme Court of Tennessee

Search

ABOUT THE BOARD    FOR THE PUBLIC    FOR LEGAL PROFESSIONALS    NEWS & PUBLICATIONS

# Attorney Details

**Name:**
Smith, Bruce Macon

**Public Phone Number:**
901-756-6300

**Public E-mail Address:**
bsmith@appersoncrump.com

**BPR Number:**
008513

**Status:**
Active

**Office County:**
Shelby

**Licensed In TN Since:**
1974

**Law School:**
University of Memphis - Cecil C. Humphreys School of Law

## Public Information:

**No Public Information Available**

## Informational Releases for Public Discipline:

**No Public Discipline**

## Names Used:

**Name**
Bruce Macon Smith

\* Information accurate as of Wednesday, December 17, 2025 01:27 PM CST

ABOUT THE BOARD

FOR THE PUBLIC

FOR LEGAL PROFESSIONALS

NEWS & PUBLICATIONS

LINKS OF INTERESTS

EMPLOYMENT

# Mission Statement

To assist the Court in protecting the public from harm from unethical lawyers by administering the disciplinary process; to assist the public by providing information about the judicial system and the disciplinary system for lawyers; and, to assist lawyers by interpreting and applying the Court's disciplinary rules.

© 2025 Board of Professional Responsibility of the Supreme Court of Tennessee.

PRIVACY STATEMENT  |  DISCLAIMER

2025-10

# Exhibit 6

Thank you,
Kim Rogers

**Professional Process Servers, Inc**
5240 Mendenhall Park Place
Memphis, TN 38115
**P-901-452-8986**

www.professionalprocessservers.com

## CLICK LINK TO PAY

https://www.convergepay.com/hosted-payments?ssl_txn_auth_token=%2BV5FDyeyTbOsGXnQQuP6bQAAAY3mO8YH

## NAPPS/TAPPS MEMBER



This e-mail may contain confidential or privileged information.  If you are not the intended recipient, please advise the sender by reply email and then delete this e-mail immediately.

---

**Professional Process Servers** <ppsmemphis1@yahoo.com>                    Thu, Feb 20, 2025 at 12:47 PM
Reply-To: Professional Process Servers <ppsmemphis1@yahoo.com>
To: Randel Page <randelpage@gmail.com>

I contacted the server in Washington this morning regarding the non-serve documents for Bobak Talebian at Office of Information Policy. Hopefully they will email that to me today or tomorrow. We are out of the office till Monday but I am working from home. I will call you Monday morning to confirm if we got everything we needed.

Best,
Kim Rogers

**Professional Process Servers, Inc**
5240 Mendenhall Park Place
Memphis, TN 38115
**P-901-452-8986**

www.professionalprocessservers.com

## CLICK LINK TO PAY

https://www.convergepay.com/hosted-payments?ssl_txn_auth_token=%2BV5FDyeyTbOsGXnQQuP6bQAAAY3mO8YH

## NAPPS/TAPPS MEMBER

# Exhibit 7

Board of Professional Responsibility of the Supreme Court of Tennessee

10 Cadillac Drive, Suite 220

Brentwood, TN 37027

Re: File No. 67490-9-ES

Respondent: John Frederick Heflin

Ms. Smith,

Please accept this document as my appeal to the dismissal of File No. 678490-9-ES

I Randel Page am a natural born U.S. citizen who has provided direct evidence of a criminal conspiracy to the Board of Professional Responsibility of the Supreme Court of Tennessee. A conspiracy which intentionally caused civil and criminal deprivations of my civil rights.

Preventing abuse of authority is necessary to the health of our nation's democracy. That's why it's a federal crime for anyone acting under "color of law" to willfully deprive or conspire to deprive a person of a right protected by the Constitution or U.S. law."

The mission of the Bureau of Professional Responsibility of the Supreme Court of Tennessee, a wholly controlled state agency of Tennessee is to protect the public from harm and to provide the public information about the judicial system.

John Frederick Heflin and co-conspirators violated the following Rules of Professional Conduct which led to the criminal conspiracy to cover up the theft of my property.

**RULE VIOLATIONS**

**6.1 False Statements, Fraud, and Misrepresentation**

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving conduct that is prejudicial to the administration of justice or that involves dishonesty, fraud, deceit, or misrepresentation to a court:

6.11 Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.

6.12 Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

6.13 Reprimand is generally appropriate when a lawyer is negligent either in determining whether statements or documents are false or in taking remedial action when material information is being withheld and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

6.14 Admonition is generally appropriate when a lawyer engages in an isolated instance of neglect in determining whether submitted statements or documents are false or in failing to disclose material information upon learning of its falsity, and causes little or no actual or potential injury to a party, or causes little or no adverse or potentially adverse effect on the legal proceeding

**6.2 Abuse of the Legal Process**

Absent aggravating or mitigating circumstances, upon application of the factors set out in

Standard 3.0, the following sanctions are generally appropriate in cases involving failure to expedite

litigation or bring a meritorious claim, or failure to obey any obligation under the rules of a tribunal

except for an open refusal based on an assertion that no valid obligation exists:

6.21 Disbarment is generally appropriate when a lawyer knowingly violates a court order

or rule with the intent to obtain a benefit for the lawyer or another, and causes

serious injury or potentially serious injury to a party or causes serious or potentially

serious interference with a legal proceeding.

6.22 Suspension is generally appropriate when a lawyer knows that he or she is violating

a court order or rule, and causes injury or potential injury to a client or a party, or

causes interference or potential interference with a legal proceeding.

6.23 Reprimand is generally appropriate when a lawyer negligently fails to comply with

a court order or rule, and causes injury or potential injury to a client or other party,

or causes interference or potential interference with a legal proceeding.

6.24 Admonition is generally appropriate when a lawyer engages in an isolated instance

of negligence in complying with a court order or rule, and causes little or no actual

or potential injury to a party, or causes little or no actual or potential interference with

a legal proceeding.


Respondent and co-conspirators violated the following Rules of Professional Conduct:

Rule 8.4(c). It is professional misconduct for a lawyer to…engage in conduct involving

dishonesty, fraud, deceit, or misrepresentation.

Mr. Dennis Goldasich of Goldasich Vick & Fulk confirmed conflicts of interest between the respondent John Frederick Heflin, the firms Bourland Heflin Alvarez, Harris Shelton, Evans Petree & Martin Tate law firms. The respondent and co-conspirators participation in a criminal conspiracy intentionally caused civil and criminal deprivations of my civil rights under the 14th Amendment to the constitution, some prohibitive and some for which there was no authority to do what was done. The respondent & co-conspirators violated Amendment XIV rights to equal protection of laws and due process intentionally causing civil and criminal deprivations.

The criminal conspiracy to conceal the theft of my property in the case Monorail v Baptist & Epic CT-002704-17 in Shelby County Circuit Court Div VII Judge Mary Wagner presiding has caused damages which I seek to recover. Jack Heflin, John Heflin, Emily Huseth, George Wheeler, Joel Sklar and Julie Wells knowingly violated state and federal laws depriving me of my civil rights.

I wish to re-file complaints 67587-9 and 67588-0 against Joel Sklar & Julie Wells for fraud and misrepresentation.

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

**Amendment XIV, Section 1., Constitution of the United States**
"All persons born or naturalized in the United States, and subject to the

jurisdiction thereof, are citizens of the United States and of the State wherein

they reside. No State shall make or enforce any law which shall abridge the

privileges or immunities of citizens of the United States; nor shall any State

deprive any person of life, liberty, or property, without due process of law; nor

deny to any person within its jurisdiction the equal protection of the laws."

**18 U.S.C. § 242 Deprivation of rights under color of law**
"Whoever, under color of any law, statute, ordinance, regulation, or custom,

willfully subjects any person in any State, Territory, Commonwealth,
Possession, or District to the deprivation of any rights, privileges, or
immunities secured or protected by the Constitution or laws of the United
States, or to different punishments, pains, or penalties, on account of such
person being an alien, or by reason of his color, or race, than are prescribed
for the punishment of citizens, shall be fined under this title or imprisoned
not more than one year, or both; and if bodily injury results from the acts
committed in violation of this section or if such acts include the use,
attempted use, or threatened use of a dangerous weapon, explosives, or fire,
shall be fined under this title or imprisoned not more than ten years, or both;
and if death results from the acts committed in violation of this section or if
such acts include kidnapping or an attempt to kidnap, aggravated sexual
abuse, or an attempt to commit aggravated sexual abuse, or an attempt to
kill, shall be fined under this title, or imprisoned for any term of years or for
life, or both, or may be sentenced to death."


**18 U.S.C. § 1951**

**"Interference with commerce by threats or violence**

(a) Whoever in any way or degree obstructs, delays, or affects commerce or
the movement of any article or commodity in commerce, by robbery or
extortion or attempts or conspires so to do, or commits or threatens physical
violence to any person or property in furtherance of a plan or purpose to do
anything in violation of this section shall be fined under this title or
imprisoned not more than twenty years, or both.

(b) As used in this section—

2) The term "extortion" means the obtaining of property from another,
with his consent, induced by wrongful use of actual or threatened force,
violence, or fear, or under color of official right."

**18 U.S.C. § 1962 Prohibited activities**

"(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

**28 U.S.C. § 1343 Civil rights and elective franchise**

"(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because Of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid In preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or Immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

**28 U.S.C. § 1361 Action to compel an officer of the United States to perform his duty**

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any

agency thereof to perform a duty owed to the plaintiff."

**42 U.S.C. § 1983 Civil action for deprivation of rights**

"Every person who, under color of any statute, ordinance, regulation, custom,

or usage, of any State or Territory or the District of Columbia, subjects, or

causes to be subjected, any citizen of the United States or other person within

the jurisdiction thereof to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity, or other proper proceeding for

redress, except that in any action brought against a judicial officer for an act

or omission taken in such officer's judicial capacity, injunctive relief shall not

be granted unless a declaratory decree was violated or declaratory relief was

unavailable. For the purposes of this section, any Act of Congress applicable

exclusively to the District of Columbia shall be considered to be a statute of

the District of Columbia."

**42 U.S.C. § 1985 Conspiracy to interfere with civil rights**

"(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on

the highway or on the premises of another, for the purpose of depriving,

either directly or indirectly, any person or class of persons of the equal 5

protection of the laws, or of equal privileges and immunities under the laws;

or for the purpose of preventing or hindering the constituted authorities of

any State or Territory from giving or securing to all persons within such

State or Territory the equal protection of the laws; or if two or more persons

conspire to prevent by force, intimidation, or threat, any citizen who is

lawfully entitled to vote, from giving his support or advocacy in a legal

manner, toward or in favor of the election of any lawfully qualified person as

an elector for President or Vice President, or as a Member of Congress of the

United States; or to injure any citizen in person or property on account of

such support or advocacy; in any case of conspiracy set forth in this section, if

one or more persons engaged therein do, or cause to be done, any act in

furtherance of the object of such conspiracy, whereby another is injured in his

person or property, or deprived of having and exercising any right or privilege

of a citizen of the United States, the party so injured or deprived may have an

action for the recovery of damages occasioned by such injury or deprivation,

against any one or more of the conspirators."

**42 U.S.C. § 1986 Action for neglect to prevent**

. "Every person who, having knowledge that any of the wrongs conspired to be

done, and mentioned in section 1985 of this title, are about to be committed,

and having power to prevent or aid in preventing the commission of the

same, neglects or refuses so to do, if such wrongful act be committed, shall be

liable to the party injured, or his legal representatives, for all damages

caused by such wrongful act, which such person by reasonable diligence could

have prevented; and such damages may be recovered in an action on the case;

and any number of persons guilty of such wrongful neglect or refusal may be

joined as defendants in the action; and if the death of any party be caused by

any such wrongful act and neglect, the legal representatives of the deceased

shall have such action therefor, and may recover not exceeding $5,000

damages therein, for the benefit of the widow of the deceased, if there be one,

and if there be no widow, then for the benefit of the next of kin of the

deceased. But no action under the provisions of this section shall be sustained

which is not commenced within one year after the cause of action has

accrued."

**18 U.S.C. § 371—CONSPIRACY TO DEFRAUD THE UNITED STATES**

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor."

**Tennessee Code**

**Title 39 - Criminal Offenses**

**Chapter 12 - General Offenses**

**Part 1 - Inchoate Offenses**

**39-12-103 - Criminal conspiracy**

(a)  The offense of conspiracy is committed if two (2) or more people, each having the culpable mental state required for the offense that is the object of the conspiracy, and each acting for the purpose of promoting or facilitating commission of an offense, agree that one (1) or more of them will engage in conduct that constitutes the offense.

(b)  If a person guilty of conspiracy, as defined in subsection (a), knows that another with whom the person conspires to commit an offense has conspired with one (1) or more other people to commit the same offense, the person is guilty of conspiring with the other person or persons, whether or not their identity is known, to commit the offense.

(c)  If a person conspires to commit a number of offenses, the person is guilty of only one (1) conspiracy, so long as the multiple offenses are the object of the same agreement or continuous conspiratorial relationship.

(d)  No person may be convicted of conspiracy to commit an offense, unless an overt act in pursuance of the conspiracy is alleged and proved to have been done by the person or by another with whom the person conspired.

(e) (1) Conspiracy is a continuing course of conduct that terminates when the objectives of the conspiracy are completed or the agreement that they be completed is abandoned by the person and by those with whom the person conspired. The objectives of the conspiracy include, but are not limited to, escape from the crime, distribution of the proceeds of the crime, and measures, other than silence, for concealing the crime or obstructing justice in relation to it.

39(2) Abandonment of a conspiracy is presumed if neither the person nor anyone with whom the person conspired does any overt act in pursuance of the conspiracy during the applicable period of limitation.

(3) If an individual abandons the agreement, the conspiracy is terminated as to that person only if and when the person, advises those with whom the person conspired of the abandonment, or the person informs law enforcement authorities of the existence of the conspiracy and of the person's participation in the conspiracy.

(f) It is no defense that the offense that was the object of the conspiracy was not committed.

(g) Nothing in this section is intended to modify the evidentiary rules allowing statements of co-conspirators in furtherance of a conspiracy.

**Title 39 - Criminal Offenses**

**Chapter 14 - Offenses Against Property**

**Part 1 - Theft**

**§ 39-14-103. Theft of property.**

**Universal Citation: TN Code § 39-14-103 (2019)**

(a) A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent.

(b) (1) As a condition of pretrial diversion, judicial diversion, probation or parole for a violation of subsection (a) when the violation occurs as set out in subdivision (b)(2), the person may be required to perform debris removal, clean-up, restoration, or other necessary physical labor at a location within the area affected by the disaster or emergency that is in the county where the offense occurred.

(2) The condition of pretrial diversion, judicial diversion, probation or parole containing the requirement set out in subdivision (b)(1) may be used if the violation of subsection (a) occurs:

(A) During or within thirty (30) days following the occurrence of a tornado, flood, fire, or other disaster or emergency, as defined in § 58-2-101;

(B) Within the area affected by the disaster or emergency; and

(C) When, as a result of the disaster or emergency, the owner of the property taken, or the person charged with custody of the property, is unable to adequately guard, secure or protect the property from theft.

(3) Subdivision (b)(2) shall apply regardless of whether a state of emergency has been declared by a county, the governor, or the president of the United States at the time of or subsequent to the theft.

(4) Any period of physical labor required pursuant to subdivision (b)(1) shall not exceed the maximum sentence authorized pursuant to § 39-14-105.

**Title 39 - Criminal Offenses**

**Chapter 14 - Offenses Against Property**

**Part 1 - Theft**

**§ 39-14-112. Extortion.**

**Universal Citation: TN Code § 39-14-112 (2019)**

(a) A person commits extortion who uses coercion upon another person with the intent to:

(1) Obtain property, services, any advantage or immunity;

(2) Restrict unlawfully another's freedom of action; or

(3) (A) Impair any entity, from the free exercise or enjoyment of any right or privilege secured by the Constitution of Tennessee, the United States Constitution or the laws of the state, in an effort to obtain something of value for any entity;

(B) For purposes of this section, "something of value" includes, but is not limited to, a neutrality agreement, card check agreement, recognition, or other objective of a corporate campaign;

(C) For purposes of this section, "corporate campaign" means any organized effort to unlawfully bring pressure on an entity, other than through collective bargaining, or any other activity protected by federal law.

(b) It is an affirmative defense to prosecution for extortion that the person reasonably claimed:

(1) Appropriate restitution or appropriate indemnification for harm done; or

(2) Appropriate compensation for property or lawful services.

(c) Extortion is a Class D felony.

**Tennessee Code Title 39. Criminal Offenses § 39-14-150**

(a)  This section shall be known and may be cited as the "Identity Theft Victims' Rights Act of 2004."

(b)(1)  A person commits the offense of identity theft who knowingly obtains, possesses, buys, or uses, the personal identifying information of another:

(A)  With the intent to commit any unlawful act including, but not limited to, obtaining or attempting to obtain credit, goods, services or medical information in the name of such other person;  and

(B)(i)  Without the consent of such other person;

(ii)  Without the lawful authority to obtain, possess, buy or use that identifying information;  or

(iii)  To commit a violation of § 53-11-402 or § 53-11-416 by using a prescription for a controlled substance represented as having been issued by a physician, nurse practitioner, or other health care provider.

(2)  For purposes of the offense of identity theft, an activity involving a possession, use or transfer that is permitted by the Tennessee Financial Records Privacy Act, compiled in title 45, chapter 10;  Title V of the Gramm-Leach-Bliley Act, Pub. L. No. 106-102 ;  or the Fair Credit Reporting Act, as amended by the Fair and Accurate Credit Transactional Act, ( 15 U.S.C. § 1681 et seq. ) shall not be considered an "unlawful act".

(c)(1)  A person commits the offense of identity theft trafficking who knowingly sells, transfers, gives, trades, loans or delivers, or possesses with the intent to sell, transfer, give, trade, loan or deliver, the personal identifying information of another:

(A)  With the intent that the information be used by someone else to commit any unlawful act including, but not limited to, obtaining or attempting to obtain credit, goods, services or medical information in the name of the other person; or

(B)  Under circumstances such that the person should have known that the identifying information would be used by someone else to commit any unlawful act including, but not limited to, obtaining or attempting to obtain credit, goods, services or medical information in the name of the other person; and

(C)  The person does not have the consent of the person who is identified by the information to sell, transfer, give, trade, loan or deliver, or possess with the intent to sell, transfer, give, trade, loan or deliver, that information; and

(D)  The person does not have lawful authority to sell, transfer, give, trade, loan or deliver, or possess with the intent to sell, transfer, give, loan or deliver, the personal identifying information.

(2)  For purposes of the offense of identity theft trafficking, an activity involving a possession, use or transfer that is permitted by the Tennessee Financial Records Privacy Act, compiled in title 45, chapter 10;  Title V of the Gramm-Leach-Bliley Act, Pub. L. No. 106-102 ;  or the Fair Credit Reporting Act, as amended by the Fair and Accurate Credit Transactional Act, ( 15 U.S.C. § 1681 et seq. ) shall not be considered an "unlawful act".

(d)  In a prosecution under subsection (c), the trier of fact may infer from the defendant's simultaneous possession of the personal identifying information of five (5) or more different individuals that the defendant possessed the personal identifying information with the intent to sell, transfer, give, trade, loan or deliver the information.   However, if the defendant had the consent of one (1) or more of the individuals to possess the personal identifying information of that individual, the consenting individual shall not be counted in determining whether an inference of possession for sale may be drawn by the trier of fact.

(e)  As used in this section, "personal identifying information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including:

(1)  Name, social security number, date of birth, official state or government issued driver license or identification number, alien registration number, passport number, employer or taxpayer identification number;

(2)  Unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

(3)  Unique electronic identification number, address, routing code or other personal identifying data which enables an individual to obtain merchandise or service or to otherwise financially encumber the legitimate possessor of the identifying data;

(4)  Telecommunication identifying information or access device;  or

(5)  Any name, number, information, medical prescribing pad, electronic message, or form used by a physician, nurse practitioner, or other health care  provider for prescribing a controlled substance.

(f)(1)  The general assembly recognizes that an offense under this section may result in more than one (1) victim.  While a company or business that loses money, merchandise, or other things of value as a result of the offense is a victim, it is equally true that the person whose identity is stolen is also a victim. The person whose identity is stolen suffers definite and measurable losses including expenses necessary to cancel, stop payment on, or replace stolen items such as credit cards, checks, driver licenses, and other documents, costs incurred in discovering the extent of the identity theft, in repairing damage from the theft such as credit ratings and reports and preventing further damages from the theft, long distance telephone charges to law enforcement officials, government offices, and businesses in regard to the theft, and lost wages from the time away from work required to obtain new personal identifying information and complete all of the tasks set out in this subdivision (f)(1).  In addition to measurable losses, the person whose identity is stolen also suffers immeasurable damages such as stress and anxiety as well as possible health problems resulting from or aggravated by the offense.

(2)  For the reasons set out in subdivision (f)(1), the general assembly declares that any person whose identity is unlawfully obtained in violation of subsection (b) or (c) is a victim of crime within the meaning of Article 1, § 35 of the Constitution of Tennessee and title 40, chapter 38.

(g)(1)  Notwithstanding any law to the contrary, if a private entity or business maintains a record that contains any of the personal identifying information set out in subdivision (g)(2) concerning one of its customers, and the entity, by law, practice or policy discards such records after a specified period of time, any record containing the personal identifying information shall not be discarded unless the business:

(A)  Shreds or burns the customer's record before discarding the record;

(B)  Erases the personal identifying information contained in the customer's record before discarding the record;

(C)  Modifies the customer's record to make the personal identifying information unreadable before discarding the record;  or

(D)  Takes action to destroy the customer's personal identifying information in a manner that it reasonably believes will ensure that no unauthorized persons have access to the personal identifying

information contained in the customer's record for the period of time between the record's disposal and the record's destruction.

(2)  As used in this subsection (g), "personal identifying information" means a customer's:

(A)  Social security number;

(B)  Driver license identification number;

(C)  Savings account number;

(D)  Checking account number;

(E)  PIN (personal identification number) or password;

(F)  Complete credit or debit card number;

(G)  Demand deposit account number;

(H)  Health insurance identification number;  or

(I)  Unique biometric data.

(3)(A)  A violation of this subsection (g) shall be considered a violation of the Tennessee Consumer Protection Act of 1977, compiled in title 47, chapter 18, and may be punishable by a civil penalty in the amount of five hundred dollars ($500) for each record containing a customer's personal identifying information that is wrongfully disposed of or discarded;  provided, however, that no total penalty may exceed ten thousand dollars ($10,000) for any one (1) customer.

(B)  It is an affirmative defense to any civil penalty imposed pursuant to this subsection (g) that the business used due diligence in its attempt to properly dispose of or discard the records.

(4)  The methods of destroying the personal identifying information of a customer set out in this subsection (g) shall be considered the minimum standards.   If a private entity or business by law, practice or policy currently is required to have or otherwise has in place more stringent methods and procedures for destroying the personal identifying information in a customer's record than are required by this subsection (g), the private entity or business may continue to destroy the identifying information in the more stringent manner.

(5)  To the extent that this subsection (g) conflicts with applicable federal law, this subsection (g) shall not apply to an entity that is subject to the enforcement authority of the federal banking agencies, the national credit union administration, the federal trade commission or the securities and exchange commission.   For any such entity, the applicable federal law shall govern the proper disposition of records containing consumer information, or any compilation of consumer information, derived from consumer reports for a business purpose.

(6)  Notwithstanding subdivision (g)(5), this subsection (g) shall not apply to any financial institution that is subject to the privacy and security provisions of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et. seq., as amended, and as it existed on January 31, 2002.

(h)(1) The following property shall be subject to seizure and judicial forfeiture to the state in the manner provided:

(A) Any property, real or personal, directly or indirectly acquired by or received in violation of this section;

(B) Any property, real or personal, received as an inducement to violate this section;

(C) Any property, real or personal, traceable to the proceeds from the violation;

(D) Any property, real or personal, used in connection with or to facilitate a violation of this section; and

(E) All conveyances, including aircraft, vehicles or vessels, which are used, or are intended for use, in the commission of or escape from a violation of this section and any money, merchandise or other property contained in those conveyances.

(2) Property seized pursuant to this subsection (h) shall be seized and forfeited pursuant to the procedure set out in chapter 11, part 7 of this title.

(3) Notwithstanding § 39-11-713 , property seized pursuant to this subsection (h) shall be disposed of as follows:

(A) All property ordered forfeited shall be sold at public auction.  The proceeds from all property forfeited and sold at public auction shall be disposed of by the court as directed by this section.  The attorney general and reporter shall first be compensated for all expenses incident to the litigation, as approved by the court.  Any costs for appeals shall be provided for by the trial court upon conclusion of the litigation.  The attorney general and reporter shall then direct that any public agency be reimbursed for out-of-pocket expenses resulting from the investigation, seizure and storage of the forfeited property;

(B) Out of the proceeds remaining, the court shall order restitution be made to the person or persons whose identity was stolen for any identifiable losses resulting from the offense;  and

(C) The court shall then award the remainder of the funds as follows:

(i) In the event that the investigating and seizing agency was a state agency, then ten percent (10%) of the funds shall be distributed to the state treasurer who shall deposit the funds in a designated account for the agency to be used in its identity theft operations;

(ii) In the event that the investigating and seizing agency is the Tennessee bureau of investigation, then ten (10%) of the funds shall be distributed to the state treasurer who shall deposit the funds in a designated account for the agency to be used in its identity theft operations;

(iii) In the event that the investigating and seizing agency is a local public agency, then twenty-five percent (25%) of the funds shall be distributed to its local government for distribution to the law enforcement agency for use in the enforcement of this section.  When more than one (1) local public agency participated in the investigation and seizure of forfeited property as certified by the attorney general and reporter, then the court shall order a distribution of ten percent (10%) of the funds according to the participation of each local public agency.  Accounting procedures for the financial

administration of the funds shall be in keeping with those prescribed by the comptroller of the treasury; and

(iv)  The remainder of the funds shall be distributed to the state treasurer who shall deposit the funds in the general fund to defray the incarceration costs associated with the offense of identity theft trafficking defined in subsection (c).

(4)  For purposes of this subsection (h), a "local public agency" includes any county or municipal law enforcement agency or commission, the district attorney general, or any department or agency of local government authorized by the attorney general and reporter to participate in the investigation.

(5)  Funds awarded under this section may not be used to supplement salaries of any public employee or law enforcement officer.   Funds awarded under this section may not supplant other local or state funds.

(i)(1)  Identity theft as prohibited by subsection (b) is a Class D felony.

(2)  Identity theft trafficking as prohibited by subsection (c) is a Class C felony.

(j)(1)  For purposes of this subsection (j), "victim" means the person whose personal identifying information was obtained, possessed, bought or used in violation of subsection (b), or sold, transferred, given, traded, loaned, delivered or possessed in violation of subsection (c).

(2)  Identity theft is a continuing offense because the offense involves an unlawful taking and use of personal identifying information that remains in the lawful possession of a victim wherever the victim currently resides or is found.   As provided in this section, such unlawful taking and use are elements of the offense of identity theft and occur wherever the victim resides or is found.

(3)  Pursuant to § 39-11-103 and subdivision (j)(2) , if a victim of identity theft resides or is found in this state, an essential element of the offense is committed in this state and a defendant is subject to prosecution in this state, regardless of whether the defendant was ever actually in this state.

(4)  Venue for the offense of identity theft shall be in any county where an essential element of the offense was committed, including but not limited to, in any county where the victim resides or is found, regardless of whether the defendant was ever actually in such county.

(k)(1)  For purposes of this subsection (k):

(A)  "Reencoder" means an electronic device that places encoded information from the computer chip or magnetic strip or stripe of a payment card, driver license or state or local government-issued identification card, onto the computer chip or magnetic strip or stripe of a different payment card, driver license, or state or local government-issued identification card, or any other electronic medium that allows an authorized transaction to occur;  and

(B)  "Scanning device" means a scanner, reader or any other electronic device that is used to access, read, scan, obtain, memorize, or store, temporarily or permanently, information encoded on a computer chip or magnetic strip or stripe of a payment card, driver license, or state or local government-issued identification card.

(2)(A) It is an offense for a person to use a scanning device or reencoder without the permission of the holder of the card or license from which information is being scanned or reencoded with the intent to commit, aid, or abet any criminal offense.

(B) It is an offense for a person who possesses any device, apparatus, equipment, software, material, good, property, or supply that is designed or adapted for use as a scanning device or reencoder with the intent to commit, aid, or abet any criminal offense.

(C) A violation of this subsection (k) is a class A misdemeanor.

**Title 39 - Criminal Offenses**

**Chapter 14 - Offenses Against Property**

**Part 1 - Theft**

**39-14-103 - Theft of property.**

**39-14-103. Theft of property.**

A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent.

**Title 39 - Criminal Offenses**

**Chapter 16 - Offenses Against Administration of Government**

**Part 4 - Misconduct Involving Public Officials and Employees**

**39-16-402 - Official misconduct.**

(a) A public servant commits an offense who, with intent to obtain a benefit or to harm another, intentionally or knowingly:

    (1) Commits an act relating to the servant's office or employment that constitutes an unauthorized exercise of official power;

    (2) Commits an act under color of office or employment that exceeds the servant's official power;

    (3) Refrains from performing a duty that is imposed by law or that is clearly inherent in the nature of the public servant's office or employment;

    (4) Violates a law relating to the public servant's office or employment; or

    (5) Receives any benefit not otherwise authorized by law.

(b) For purposes of subdivision (a)(2), a public servant commits an act under color of office or employment who acts or purports to act in an official capacity or takes advantage of the actual or purported capacity.

(c) It is a defense to prosecution for this offense that the benefit involved was a trivial benefit incidental to personal, professional or business contact, and involved no substantial risk of undermining official impartiality.

(d) An offense under this section is a Class E felony.

(e) Charges for official misconduct may be brought only by indictment, presentment or criminal information; provided, that nothing in this section shall deny a person from pursuing other criminal charges by affidavit of complaint.

[Acts 1989, ch. 591, § 1; 1990, ch. 980, § 10.]

720 ILCS 5/33-3 Official misconduct.

"(a) A public officer or employee or special government agent commits

misconduct when, in his official capacity or capacity as a special government

agent, he or she commits any of the following acts:

(1) Intentionally or recklessly fails to perform any mandatory duty as

required by law; or

(2) Knowingly performs an act which he knows he is forbidden by law

to perform; or

(3) With intent to obtain a personal advantage for himself or another,

he performs an act in excess of his lawful authority; or

(4) Solicits or knowingly accepts for the performance of any act a fee or

reward which he knows is not authorized by law."


**18 U.S. Code § 1341 - Frauds and swindles**

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be

delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.


* I obtain mail from the US Postal Service sent across state lines from Tennessee to the State of Mississippi perpetrating mail fraud under 18 U.S. Code § 1341 - Frauds and swindles


### 18 U.S. Code § 666 - Theft or bribery concerning programs receiving Federal funds

(a) Whoever, if the circumstance described in subsection (b) of this section exists—

(1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof—

(A)embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that—

(i)is valued at $5,000 or more, and

(ii)is owned by, or is under the care, custody, or control of such organization, government, or agency; or

(B)corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; or

(2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more;

shall be fined under this title, imprisoned not more than 10 years, or both.

(b)The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

(c)This section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.

(d)As used in this section—

(1) the term "agent" means a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative;

(2) the term "government agency" means a subdivision of the executive, legislative, judicial, or other branch of government, including a department, independent establishment, commission, administration, authority, board, and bureau, and a corporation or other legal entity established, and subject to control, by a government or governments for the execution of a governmental or intergovernmental program;

(3) the term "local" means of or pertaining to a political subdivision within a State;

(4) the term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States; and

(5) the term "in any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. Such period may include time both before and after the commission of the offense.


## 18 U.S. Code § 1831 - Economic espionage

(a)In General Whoever, intending or knowing that the offense will benefit any foreign government, foreign instrumentality, or foreign agent, knowingly—

(1) steals, or without authorization appropriates, takes, carries away, or conceals, or by fraud, artifice, or deception obtains a trade secret;

(2) without authorization copies, duplicates, sketches, draws, photographs, downloads, uploads, alters, destroys, photocopies, replicates, transmits, delivers, sends, mails, communicates, or conveys a trade secret;

(3) receives, buys, or possesses a trade secret, knowing the same to have been stolen or appropriated, obtained, or converted without authorization;

(4) attempts to commit any offense described in any of paragraphs (1) through (3); or

(5) conspires with one or more other persons to commit any offense described in any of paragraphs (1) through (3), and one or more of such persons do any act to effect the object of the conspiracy,

shall, except as provided in subsection (b), be fined not more than $5,000,000 or imprisoned not more than 15 years, or both.

(b) Organizations

Any organization that commits any offense described in subsection (a) shall be fined not more than the greater of $10,000,000 or 3 times the value of the stolen trade secret to the organization, including expenses for research and design and other costs of reproducing the trade secret that the organization has thereby avoided.

**18 U.S. Code § 1510 - Obstruction of criminal investigations**

(a)Whoever willfully endeavors by means of bribery to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator shall be fined under this title, or imprisoned not more than five years, or both.

(b)

(1) Whoever, being an officer of a financial institution, with the intent to obstruct a judicial proceeding, directly or indirectly notifies any other person about the existence or contents of a subpoena for records of that financial institution, or information that has been furnished in response to that subpoena, shall be fined under this title or imprisoned not more than 5 years, or both.

(2) Whoever, being an officer of a financial institution, directly or indirectly notifies—

(A)a customer of that financial institution whose records are sought by a subpoena for records; or

(B)any other person named in that subpoena;

about the existence or contents of that subpoena or information that has been furnished in response to that subpoena, shall be fined under this title or imprisoned not more than one year, or both.

(3) As used in this subsection—

(A)the term "an officer of a financial institution" means an officer, director, partner, employee, agent, or attorney of or for a financial institution; and

(B)the term "subpoena for records" means a Federal grand jury subpoena, a subpoena issued under section 3486 of this title, or an order or subpoena issued in accordance with section 3512 of this title, section 5318 of title 31, or section 1782 of title 28, for customer records that has been served relating to a violation of, or a conspiracy to violate—

(i)section 215, 656, 657, 1005, 1006, 1007, 1014, 1344, 1956, 1957, 1960, an offense against a foreign nation constituting specified unlawful activity under section 1956, a foreign offense for which enforcement of a foreign forfeiture judgment could be brought under section 2467 of title 28, or chapter 53 of title 31; or

(ii)section 1341 or 1343 affecting a financial institution.

(c)As used in this section, the term "criminal investigator" means any individual duly authorized by a department, agency, or armed force of the United States to conduct or engage in investigations of or prosecutions for violations of the criminal laws of the United States.

(d)

(1) Whoever—

(A)acting as, or being, an officer, director, agent or employee of a person engaged in the business of insurance whose activities affect interstate commerce, or

(B)is engaged in the business of insurance whose activities affect interstate commerce or is involved (other than as an insured or beneficiary under a policy of insurance) in a transaction relating to the conduct of affairs of such a business,

with intent to obstruct a judicial proceeding, directly or indirectly notifies any other person about the existence or contents of a subpoena for records of that person engaged in such business or information that has been furnished to a Federal grand jury in response to that subpoena, shall be fined as provided by this title or imprisoned not more than 5 years, or both.

(2) As used in paragraph (1), the term "subpoena for records" means a Federal grand jury subpoena for records that has been served relating to a violation of, or a conspiracy to violate, section 1033 of this title.

(e)Whoever, having been notified of the applicable disclosure prohibitions or confidentiality requirements of section 2709(c)(1) of this title, section 626(d)(1) or 627(c)(1) of the Fair Credit Reporting Act (15 U.S.C. 1681u(d)(1) or 1681v(c)(1)), section 1114(a)(3)(A) or 1114(a)(5)(D)(i) of the Right to Financial Privacy Act [1] (12 U.S.C. 3414(a)(3)(A) or 3414(a)(5)(D)(i)), or section 802(b)(1) of the National Security Act of 1947 (50 U.S.C. 436(b)(1)),[2] knowingly and with the intent to obstruct an investigation or judicial proceeding violates such prohibitions or requirements applicable by law to such person shall be imprisoned for not more than five years, fined under this title, or both.


**18 U.S. Code § 1505 - Obstruction of proceedings before departments, agencies, and committees**

Whoever, with intent to avoid, evade, prevent, or obstruct compliance, in whole or in part, with any civil investigative demand duly and properly made under the Antitrust Civil Process Act, willfully withholds, misrepresents, removes from any place, conceals, covers up, destroys, mutilates, alters, or by other means falsifies any documentary material, answers to written interrogatories, or oral testimony, which is the subject of such demand; or attempts to do so or solicits another to do so; or


Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States, or the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress—


Shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both.


**18 U.S. Code § 1343 - Fraud by wire, radio, or television**

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining

money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed,

or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

**18 U.S. Code § 371 - Conspiracy to commit offense or to defraud United States**

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

I can only report being a victim of crimes and deprivations of rights and expect a law enforcement agency to investigate and cause indictment and expect a prosecuting authority to prosecute the perpetrators in a criminal court of law. I have reported being a victim of crimes and deprivations of rights to the Federal Trade Commission, Attorney General's Office of the State of Mississippi (under oath), District Attorney's Office 17th Circuit Court District State of Mississippi and the Department of Justice.

The following bullets express the main rule violations, civil and criminal deprivations of rights and crimes. In part, direct evidence provided to the Board of Professional Responsibility of the Supreme Court of Tennessee.

- Judge Mary Wagner is on record stating that rules were not followed. Direct Evidence - Exhibit 5 April, 7 2021 Hearing.

- John Frederick Heflin and co-conspirators criminally violated my rights as a citizen. Amendment XIV says each citizen has rights to equal protection of the laws and due process of law before being deprived of life, liberty, or property.

- Knowingly, intentionally, and continuously over a period of more than four years and continuing the respondent and co-conspirators violated a prohibitive Act of Congress, 18 USC 241.

- Knowingly and intentionally using illegal sanctions to harass and threaten.

- John Frederick Heflin and co-conspirators did knowingly combine, conspire, confederate, and agree with other persons to stalk using the postal service. Mail sent across state lines to the state of Mississippi perpetrating the fraud. A crime under **US Code 18 U.S. Code § 1341 - Frauds and swindles.**

- Knowingly and intentionally using a protective order to illegally conceal discovery.

- Criminally misuse the court as a criminal enterprise of racketeering benefiting a third party. The respondent and co-conspirators should face racketeering charges under 18 U.S.C. § 1962.

- As part of fraud on the court, violate a citizen's procedural due process rights to protect himself and his property by filing documents under seal without the court's permission.

**KEY WITNESSES**

**Witness #1**

Debbie Eddlestone – CEO Stern Cardiology

3506 Shea Road

Collierville, TN 38017

Debbie Eddlestone is a participant in the cover up of the theft of my property and a witness to the crimes committed against me. In 2014 and 2015 Ms. Eddlestone informed me of the plots to steal my property. Ms. Eddelstone communicated the stolen property was being stolen by Baptist Memorial Health Care Corporation, Methodist Hospital System and Epic Systems through the Stern Cardiology's Monorail pilot program.

**Witness #2**

Beverly Jordan – Former VP Technology Transfer, Baptist Memorial Health Care Corporation

1821 Johnson Rd

Germantown, TN 38139

Beverly Jordan is a participant in the cover up of the theft of my property and a witness to the crimes committed against me.

**Witness #3**

Vernita Thornton - Director of Enterprise Reporting and Analytics

Baptist Memorial Health Care Corporation

350 N Humphreys Blvd

Memphis, TN 38120

Vernita Thornton is a participant in the cover up of the theft of my property and a witness to the crimes committed against me.

**Witness #4**

Chris Hopper - System Director of Baptist OneCare

Baptist Memorial Health Care Corporation

350 N Humphreys Blvd

Memphis, TN 38120


Chris Hopper is a participant in the cover up of the theft of my property and witness to the crimes committed against me.


**Witness #5**

Katherine Richmond – Alpha Reporting

236 Adams Avenue

Memphis, TN 38103


Katherine Richmond is the court reporter that presided over my depositions. My deposition transcripts were manipulated to cover up of the theft of my property and to cover up the crimes committed against me.


**Witness #6**

Temiika Gipson – Shelby County Circuit Court Clerk

140 Adams Ave #324

Memphis, TN 38103


Tamiika Gipson is the Shelby County Circuit Court Clerk. Fraud was committed on the court covering up the theft of my property and the crimes committed against me. The fraud includes the use of Onbase document management system. Documents ordered by Judge Wagner to be unsealed were not available to view on the public workstation via the public user login. I request a complete audit of the use of Onbase in the case management of Monorail v Baptist & Epic. Including an audit of the administrative reports and user reports. Vickie Davis Shelby County Court Supervisor acknowledged the fraud and went on to say she was aware of other frauds committed by the court. Ms. Davis referred me to Joyce Herrin, Calendar Clerk for the Office of Circuit Court Clerk. Ms. Herrin advised that my request for documents will be communicated to Judge Wagner's clerk and that I would receive a call from the clerk. I was never contacted by the court or Judge Wagner's clerk.

**Witness #7**

**Saul Belz – Attorney, Glankler Brown**

**6000 Poplar Ave #400**

**Memphis, TN 38119**

Mr. Belz was my neighbor in 2015. I met with Mr. Belz in March of 2015 to discuss the fraud and the plots being executed to steal my property. Mr. Belz advised me to not interrupt my enemies while plotting and stealing.

- Respondent and co-conspirators intentionally neglected the duty established by legislative and case law to protect the rule of law. Respondent and co-conspirators chose to criminally conspire with others to deprive me of civil rights and property without due process. A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others.

- As part of the conspiracy, filing an Emergency Motion to seize evidence and materials provided to the TBPR. Then, stating untruths about the contents of the information.

- As part of the fraud & cover up, Mr. Heflin omitted from his response to the TBPR complaint Evans Petree's representation of Monorail. Direct evidence - Exhibit 14 Randel Page Deposition.

- After using the court to seize the material respondent and co-conspirators filed Motions to redact and seal testimony from material witnesses' deposition transcripts. Concealing aggravated perjury.

- Prior to Goldasich Vick & Fulk's withdrawal from Monorail v Baptist & Epic. Dennis Goldasich acknowledged the ethics violations and crimes committed. Mr. Goldasich advised to report the crimes to the proper authorities.

- Mr. Goldasich informed me of the conflicts of interest between the law firms Bourland Heflin Alvarez Minor, Harris Shelton, Martin Tate, & Evans Petree.

- The use of publicly funded Onbase document management system to commit fraud on the court and fraud against the Government via CMS' Innovation Center.

- Mr. Goldasich informed me that discovery was withheld regarding Onbase & CMS. Direct Evidence – Exhibit 36

- Evans Petree law firm in its representation of Monorail Holdings LLC committed fraud.

- Untruths to support a Motion for Summary Judgment – Direct Evidence Exhibit 18 Beverly Jordan Deposition

- Submitted fraudulent documents to the court as part o the cover up. Fraudulent discovery responses & aggravated perjury. Direct Evidence – Exhibit 8

- The respondent and co-conspirators invaded my protected interests so there should be a civil cause of action created for every violation.

- Criminal activities should incur criminal liabilities to be investigated and prosecuted by proper authorities.

- Spoliation of evidence. Direct Evidence – Exhibit 16 Exhibit 17

- I am a witness and victim of Baptist & Methodist using foundation monies to steal property and commercialize that property with foundation monies. Monorail Holdings LLC, Baptist Technology Services, One Content, Epic Systems Corporation, SAP & Onbase. Also, using Foundation monies to create partnerships, joint ventures, and alliances to commit fraud.

- A CD ROM labeled Exhibit 364 received through the US Postal service from Bourland Heflin Alvarez Minor. A CD Rom containing demos of Monorail given to Stern Cardiology and names of Baptist & Methodist executives on a real estate subdivision plan.

- Direct Evidence – Evans Petree emails delivered to Board of Professional Responsibility of the Supreme Court of Tennessee via Dropbox.

- As part of the conspiracy to cover up the theft of my property, Stern Cardiology only produced documents under subpoena that obtained the plaintiffs bates stamps. Direct evidence – Debbie Eddlestone deposition.

- As part of the conspiracy to steal my property Debbie Eddlestone sent an email to Baptist employees confirming to plot. Direct evidence – Plot Thickens email Exhibit 17

- As part of the conspiracy to cover up the theft of my property, Stern Cardiology produced a document that was altered and in part. Direct Evidence – Epic Master Issues Worklist

- Jill Truitt & Beverly Jordan email regarding the replication of Monorail in Epic. Direct Evidence – Exhibit 18

- Beverly Jordan email to Jim Boswell regarding stealing Monorail and building from scratch. Direct Evidence

- Beverly Jordan deposition – Monorail is a piece of a very large project. Direct Evidence – Exhibit 18

- My mother (Mary Page) is a witness to the theft of my property and a victim of my properties illegal use. As a patient of Methodist-West Clinic Mrs. Page's provider Dr. Lee Schwartzberg authorized the use of her health care data and her identity to be used by third parties to commit fraud against Medicare.

- Mrs. Page was also a patient of Baptist Memorial Healthcare Corporation - Stern Cardiology Foundation. Her provider Dr. Steven Gubin is a co-conspirator in the theft of my property.

**WITNESSES**

Jason Little (Baptist)

Gary Shorb (Methodist)

Chris McLean (Methodist)

Dr. Steve Gubin (Baptist & Methodist)

Jill Truitt (Baptist, UT, Methodist, Epic & CMS)

Bill Breen (Methodist)

Edwin Roberson (Methodist)

Dr. George Wortham (Methodist)

Bill Richard (Baptist)

Robert Vest (Baptist)

Bill Griffin (Baptist)

Waid Ray (Baptist in house counsel)

Dr. Mark Swanson (Baptist)

Dr. Jack Brown (Baptist)

Greg Duckett (Baptist in house counsel)

Jeremy Lindsey (Baptist)

Beth Helsley (Baptist)

Brain Probus (Epic)

Seth Howard (Epic)

Corey Twombley (Former Baptist & Evans Petree contract management paralegal)

Greg Larson (Epic)

Kevin Field (Epic)

Mitch Graves (Methodist)

Steve Bares (Memphis Bioworks)

Cary Gilmer (Monorail)

Alan Gilmer (Monorail)

Stan Caummisar (Monorail)

Gerald Sklar (Monorail)

Mike Hogue (Monorail Consultant)

Stan Beaty (Monorail Consultant)

Carla Balch (Former West Clinic employee)

Ken Woody (President Innova Memphis)

Jim Boswell (Baptist)

Jordan Corning (Epic In house counsel)

Kaija Hupila (Epic In house counsel)


**Evans Petree (attorneys)**

Joel Sklar

Julie Wells

Mark Field

Leonard Dunavant

Rusty Hensley

Gene Thornton

Clay Culpepper

Rick Duerr


This is a case of national importance because every citizen, who finds himself or herself in court, is a potential victim of illegal court conspiracies, if the court and its officers are allowed to intentionally violate state and federal laws, commit crimes, and deprive citizens of civil rights. Laws are in place to provide and protect rights.  One and/or all of the conspirators are responsible for the whole conspiracy under the joint and several liability doctrine, especially those obviously benefiting from the illegal acts.


It is understood that the court system is adversarial. However, laws must be followed and the civil rights of citizens must be preserved, in all proceedings, to preserve the rule of law in the United States.


Therefore, I invoke my rights under Title 34 Crime Control & Law Enforcement Code § 20141 – Services to victims.

Respectfully Submitted,

Randel Page

901-351-6060

Date: February 15, 2022

# Exhibit 8

# IN THE JUSTICE COURT OF DESOTO COUNTY, MISSISSIPPI

RANDEL EDWARD PAGE JR.

v.                                      Case No.: 9458912

UNITED STATES ET AL.

## MOTION TO RECUSE PRESIDING JUDGE

COMES NOW the Complainant, RANDEL EDWARD PAGE JR, appearing pro se, and respectfully moves this Honorable Court for an Order recusing the presiding judge from this matter due to disqualifying conflicts of interest that prevent impartial adjudication of this case.

## BACKGROUND

1. Complainant has filed complaints with the Federal Bureau of Investigation, the United States Attorney General, the Securities and Exchange Commission, and the Department of Health and Human Services Office of Inspector General regarding a multi-state criminal conspiracy involving:
   - Cover-up of serious federal crimes including violations of 18 U.S.C. § 2423(a)
   - Medicare fraud
   - Securities fraud (pump-and-dump scheme)
   - Theft of Complainant's property
   - Witness intimidation including death threats and an attempt on Complainant's life

2. Complainant has filed a Federal Tort Claims Act case naming as defendants:
   - The United States
   - Judge Kevin G. Ritz (U.S. Circuit Judge, Sixth Circuit Court of Appeals; former U.S. Attorney, Western District of Tennessee)
   - **The Tennessee Board of Professional Responsibility**
   - Other parties involved in the alleged conspiracy

3. Complainant's former business partner has been federally indicted for violations of 18 U.S.C. § 2423(a).

4. Complainant alleges that the Tennessee Board of Professional Responsibility is actively participating in covering up these federal crimes and obstructing justice.

# DISQUALIFYING CONFLICT OF INTEREST

**Upon information and belief, the presiding judge in this matter is licensed to practice law through the Tennessee Board of Professional Responsibility.**

This creates an absolute and disqualifying conflict of interest because:

1. **Direct Financial and Professional Interest**

The judge's professional license, livelihood, and career are subject to the authority and discretion of the Tennessee Board of Professional Responsibility-an entity that is:

- A defendant in Complainant's Federal Tort Claims Act case
- Accused of criminal cover-up and obstruction of justice
- Accused of participating in a RICO conspiracy

2. **Lack of Impartiality**

**No reasonable person could believe that a judge can be impartial when adjudicating allegations against the very organization that controls his or her professional license and career.**

The judge has a direct personal interest in dismissing Complainant's allegations to protect:

- The judge's own professional standing
- The judge's relationship with the licensing authority
- The judge's ability to continue practicing law

3. **Appearance of Impropriety**

Even if the judge believes he or she can be impartial, the appearance of impropriety is overwhelming and undermines public confidence in the judicial system.

**Canon 2 of the Code of Judicial Conduct requires that "A judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities."**

### 4. Due Process Violation

Complainant has a constitutional right to an impartial tribunal under the Fifth and Fourteenth Amendments. This right is violated when the judge has a direct, personal, and substantial interest in the outcome.

## LEGAL AUTHORITY

### Federal Constitutional Standards

**Tumey v. Ohio, 273 U.S. 510 (1927):** The Supreme Court held that due process requires recusal when a judge has a direct, personal, substantial, pecuniary interest in reaching a conclusion against the defendant.

**Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009):** Due process requires recusal when there is a "serious risk of actual bias" based on objective factors, even absent proof of actual bias.

**In re Murchison, 349 U.S. 133 (1955):** "A fair trial in a fair tribunal is a basic requirement of due process."

### Mississippi Standards

**Miss. Code Ann. § 9-1-17:** Provides grounds for recusal including situations where the judge's impartiality might reasonably be questioned.

**Mississippi Code of Judicial Conduct, Rule 2.11:** A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including instances where the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts.

## ARGUMENT

This is not a case of mere appearance of impropriety-this is actual, structural conflict of interest that makes impartial adjudication impossible.

### The Judge Cannot Rule Against the Tennessee Board Without Career Consequences

If the judge:

- Finds merit in Complainant's allegations
- Refers the matter to federal authorities

- Takes action that validates Complainant's claims The judge would be ruling against his or her own licensing authority, potentially:

- Jeopardizing the judge's law license

- Damaging professional relationships essential to the judge's career

- Inviting retaliation from the Tennessee Board of Professional Responsibility

**The Judge Cannot Rule For the Complainant Without Personal Risk**

The Tennessee Board of Professional Responsibility has broad discretion over attorney discipline. A judge who rules in favor of allegations of criminal conduct by that board risks:

- Disciplinary proceedings

- License suspension or revocation

- Professional retaliation

- Career destruction

**No judge should be placed in this impossible position, and no litigant should be forced to appear before a judge with such obvious conflicts.**

**This Conflict Extends Beyond This Single Case**

This is not merely about the outcome of this particular hearing. The systemic nature of the alleged conspiracy means:

- Multiple state and federal proceedings are ongoing

- The Tennessee Board's involvement spans state lines

- The outcome here could affect proceedings in other jurisdictions

- The judge's relationship with Tennessee legal institutions creates ongoing bias

## THE CONSPIRACY EXTENDS TO MISSISSIPPI

Complainant's allegations include cover-up by:

- Mississippi Attorney General's Office

- DeSoto County District Attorney's Office

- Tennessee Board of Professional Responsibility (which licenses attorneys practicing in Mississippi courts)

The fact that a Mississippi judge is licensed through a Tennessee entity accused of criminal conspiracy demonstrates the interstate reach of the alleged RICO enterprise.

This court cannot provide a fair forum when the presiding judge is professionally beholden to a defendant in the underlying federal case.

## RELIEF REQUESTED

WHEREFORE, Complainant respectfully requests that this Court:

1    RECUSE the presiding judge from this matter due to disqualifying conflicts of interest;

2    ASSIGN a different judge with no professional or financial ties to the Tennessee Board of Professional Responsibility or any other parties named in Complainant's federal complaints;

3    REFER this matter to federal authorities investigating the Federal Tort Claim given the compromised nature of state proceedings;

4    STAY all proceedings pending resolution of the recusal motion and assignment of an impartial judge;

5    GRANT such other and further relief as the Court deems just and proper.

## CERTIFICATION

I hereby certify that I have served a copy of this Motion to Recuse upon all parties of record by Hand Delivery on this 22nd day of December 2025.

Respectfully submitted,

RANDEL EDWARD PAGE JR.
3504 Milford Cove
Collierville, TN 38017

**Pro Se Complainant**

**CERTIFICATE OF SERVICE**

I, RANDEL EDWARD PAGE JR., do hereby certify that a true and correct copy of the foregoing Motion to Recuse was served upon the following parties by Hand Delivery on this 22nd day of December 2025:

Justice Court of Desoto County Mississippi

DeSoto County District Attorney's Office

RANDEL EDWARD PAGE JR.

**ATTACHMENTS**

**Exhibit 1.** Copy of Federal Tort Claims Act filing showing Tennessee Board of Professional Responsibility as defendant

**Exhibit 2.** Documentation of Tennessee Board of Professional Responsibility's licensing authority over presiding judge

**Exhibit 3.** Objection filed in the United States Bankruptcy Court

**Exhibit 4.** Copy of federal indictment of Complainant's former business partner for 18 U.S.C. § 2423(a)

# Exhibit 1

| **CLAIM FOR DAMAGE,** **INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | **FORM APPROVED** OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Western District of Tennessee, U.S. Attorney's Office 167 North Main Street Ste 800 Memphis, TN 38103 | RANDEL EDWARD PAGE JR. 3504 Milford Cove Collierville, TN 38017 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 04/05/1971 | Single | 08/14/2024 | |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Petitioner (RANDEL EDWARD PAGE JR.) contacted US Attorney Kevin Ritz regarding Grand Corruption and Fraud on the Court being executed in order to conceal and cover up the theft of his identity and property. The Petitioner filed a Motion for Contempt in the Court of General Sessions of Shelby County, Tennessee regarding the conspiracy and cover up. On November 4th, 2025, the Petitioner met with the Federal Bureau of Investigation and submitted evidence of the conspiracy against his Civil Rights.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

UNITED STATES ET AL

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Data analytics application. (Baptist Memorial Health Care Corporation)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

US TAXPAYER - THEFT OF MONEY
RANDEL EDWARD PAGE JR. - THEFT OF IDENTITY, PROPERTY AND MONEY
MARY GLORIA PAGE - VICTIM OF RACKETEERING SCHEME TO STEAL MONEY FROM THE MEDICARE TRUST

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Mary Page Mike Davis Hunter Page | 3504 Milford Cove, Collierville TN 38017 |

| 12. (See instructions on reverse). | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 900 M + actual damages | TBD | | 900 M + actual damages |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Randel E. Page Jr.* | 901-351-6060 | 11-24-2025 |

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

# Exhibit 2

ATTORNEY LOGIN 🔒

## Board of Professional Responsibility
**of the Supreme Court of Tennessee**

Search

ABOUT THE BOARD        FOR THE PUBLIC        FOR LEGAL PROFESSIONALS        NEWS & PUBLICATIONS

# Attorney Details

**Name:**
Murphy, Benjamin David

**Address:**
2430 Caffey St
Hernando, MS 38632-1798

**Public Phone Number:**
662-449-1000

**Public E-mail Address:**
bmurphy@murphy-attorney.com

**BPR Number:**
025985

**Status:**
Active

**Office County:**
Desoto

**Licensed in TN Since:**
2007

**Law School:**
University of Mississippi - School of Law

## Public Information:

**No Public Information Available**

## Informational Releases for Public Discipline:

**No Public Discipline**

## Names Used:

**Name**
Benjamin David Murphy

* Information accurate as of Friday, October 31, 2025 01:11 PM CDT

ABOUT THE BOARD

FOR THE PUBLIC

FOR LEGAL PROFESSIONALS

NEWS & PUBLICATIONS

LINKS OF INTERESTS

EMPLOYMENT

## Mission Statement

To assist the Court in protecting the public from harm from unethical lawyers by administering the disciplinary process; to assist the public by providing information about the judicial system and the disciplinary system for lawyers; and, to assist lawyers by interpreting and applying the Court's disciplinary rules.

# Exhibit 3

UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION
RECEIVED

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

DEC 17 2025

In re

TRAVIS D. GREEN
CLERK OF COURT
Case No. 25-11660 WESTERN DISTRICT OF TENN.

Chapter 11

Apperson Crump PLC
Fraud

---

## OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN

---

The following movant RANDEL EDWARD PAGE JR. asserts entitlement to certain monies as APPERSON CRUMP PLC committed Fraud on the Court in the Shelby County Circuit Court (Case No. CT-000704-17).

1. The claimant submitted evidence of APPERSON CRUMP PLC's participation in the conspiracy to cover up the theft of the claimant's identity and property to the Federal Bureau of Investigation (FBI) on November 4th, 2025. APPERSON CRUMP PLC and its attorneys participation in the conspiracy have caused financial damage and personal injury. (Exhibit 1)

2. The claimant filed a petition with the Shelby County Chancery Court for damages (Case No. 24-1646) and a Motion for Contempt in the Shelby County General Sessions Court (Case No. 2305024).

3. The claimant filed a complaint and request for injunction with the U.S. District Court for the Western District of Tennessee, Nashville Division for redress. (Case No. 3:23-cv-00851).

4. The claimant filed a Federal Tort Claim with the United States Attorneys Office, Western District of Tennessee. (Exhibit 2)

The movant-claimant certifies, under penalty of perjury, that he is entitled to receive the funds listed in the Federal Tort Claim against the UNITED STATES.

Claimant requests that the Court enter an Order directing a stay of the action while the Federal Tort Claim is processed and adjudicated.

_Randel E Page Jr._

RANDEL EDWARD PAGE JR.

901-351-6060

December 15th, 2025 _____ Date

1

# Exhibit 1

# Apperson Crump
## The Law in Memphis Since 1865

*6000 Poplar Avenue, Suite 150*
*Memphis, TN 38119*
*EIN 62-0292839*

June 7, 2021

Randal Page
13535 Cathy Rd.
Byhalia, MS 38611

Invoice# 126617  BSK
Our file# 161667    0000
Billing through 06/30/2021

Re: Baptist and Eric

| | | |
|---|---|---|
| Accounts receivable balance carried forward | | $17,474.15 |
| Payments received since last invoice | | $0.00 |

**PROFESSIONAL SERVICES**

| | | | | |
|---|---|---|---|---|
| BSK | 05/26/2021 | Office conference with Bruce Smith re recent Motions filed by Epic and Baptist | 0.25 | hrs |
| | | Total Services | $127.50 | |

**FEE RECAP**

| | | | |
|---|---|---|---|
| Kramer, Bruce S. | 0.25 | hrs | $127.50 |

**BILLING SUMMARY**

| | |
|---|---|
| Total Professional Services | $127.50 |
| Total of New Charges for this Invoice | $127.50 |
| Plus Net Balance Forward | $17,474.15 |
| **Total Balance Now Due** | **$17,601.65** |

# Exhibit 2

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Western District of Tennessee, U.S. Attorney's Office 167 North Main Street Ste 800 Memphis, TN 38103 | RANDEL EDWARD PAGE JR. 3504 Milford Cove Collierville, TN 38017 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 04/05/1971 | Single | 08/14/2024 | |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Petitioner (RANDEL EDWARD PAGE JR.) contacted US Attorney Kevin Ritz regarding Grand Corruption and Fraud on the Court being executed in order to conceal and cover up the theft of his identity and property. The Petitioner filed a Motion for Contempt in the Court of General Sessions of Shelby County, Tennessee regarding the conspiracy and cover up. On November 4th, 2025, the Petitioner met with the Federal Bureau of Investigation and submitted evidence of the conspiracy against his Civil Rights.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

UNITED STATES ET AL

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Data analytics application. (Baptist Memorial Health Care Corporation)

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

US TAXPAYER - THEFT OF MONEY
RANDEL EDWARD PAGE JR. - THEFT OF IDENTITY, PROPERTY AND MONEY
MARY GLORIA PAGE - VICTIM OF RACKETEERING SCHEME TO STEAL MONEY FROM THE MEDICARE TRUST

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Mary Page Mike Davis Hunter Page | 3504 Milford Cove, Collierville TN 38017 |

**12. (See instructions on reverse).    AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 900 M + actual damages | TBD | | 900 M + actual damages |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Randel E. Page Jr* | 901-351-6060 | 11-24-2025 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

# Exhibit 4

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Western District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br>Benjamin Tyler Sory | )<br>)<br>)<br>)<br>)<br>) |
| _____<br>*Defendant(s)* | Case No. 25 - cr - 20185 JTF/tmp |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 5, 2025 _____ in the county of _____ Shelby _____ in the

____ Western ____ District of ____ Tennessee ____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2423(a) | Transportation of a minor with intent to engage in criminal sexual activity |

This criminal complaint is based on these facts:

See Affidavit of FBI Task Force Officer John Chevalier, attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

John T. Chevalier, FBI TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 08/15/2025 _____

_____
s/ Charmiane G. Claxton
*Judge's signature*

City and state: _____ Memphis, TN _____

Hon. Charmiane G. Claxton, U.S. Magistrate Judge
*Printed name and title*

# Exhibit 9

Petitioner RANDEL EDWARD PAGE JR.
Account ending in: 7007 (previously 2008)

CASE NO. CH-24-1646
CIVIL WARRANT NO. 2305024

## MOTION FOR CONTEMPT AND AFFIDAVIT OF PETITIONER

I, RANDEL EDWARD PAGE JR., declare and state as follows:

1. Material and substantial evidence has been submitted to the SHELBY COUNTY CHANCERY COURT proving Fraud on the Court. The Petitioner enjoined AMERICAN EXPRESS NATIONAL BANK in Case: CH-24-1646 for "willful" negligence to its interest to investigate the fraud. American Express violated the Fair Credit Reporting Act (FCRA). American Express is responsible for actual damages to the Petitioner under 15 U.S.C. 1681 § 616. Civil liability for willful noncompliance.

2. The Petitioner received a letter from debt collector, ZWICKER & ASSOCIATES, P.C. dated June 12th, 2024.

   Exhibit 1

3. The Petitioner contacted NATIONAL DEBT RELIEF, LLC regarding its services and to report the Fraud. AMERICAN EXPRESS NATIONAL BANK and NATIONAL DEBT RELIEF, LLC attempted to settle and collect unlawful debt.

   15 U.S.C 1681 § 615 states the requirements on users of consumer reports (f) Prohibition on Sale or Transfer of Debt Caused by Identity Theft. No person shall sell, transfer for consideration, or place for collection a debt that such person has been notified under section 605B has resulted from identity theft.

   Exhibit 2

4. The Shelby County Sherriff's Office served the Petitioner an illegal warrant summoning his person to the SHELBY COUNTY GENERAL SESSIONS COURT for a hearing. The illegal warrant created by American Express and attorney MICHELLE S. MOGHADDOM includes a fraudulent Affidavit signed by American Express' agent RAQUEL HERNANDEZ, and this Affidavit being fraudulently notarized by American Express' agent ALESE GWINN in the STATE OF ARIZONA. The Petitioner filed a complaint with KRIS MAYES, Arizona Attorney General.

   Exhibit 3

5. During the hearing on June 5th, 2025, RANDEL EDWARD PAGE JR. announced to the SHELBY COUNTY GENERAL SESSIONS COURT the Fraud on the Court being perpetrated and the attempts to serve American Express papers through the UNITED STATES POSTAL SERVICE. JUDGE BETTY THOMAS MOORE advised the Petitioner to meet with attorney JEFF ROSSMAN (after the hearing) to discuss the matter. After the Petitioner communicated a summary of the fraud to attorney ROSSMAN, ROSSMAN stated that he does NOT represent American Express and advised the Petitioner to serve American Express directly through the TENNESSEE SECRETARY OF STATE.

   Exhibit 4

6. The Petitioner summoned the UNITED STATES and issued a subpoena through the SHELBY COUNTY CHANCERY COURT to the OFFICE OF INFORMATION POLICY. The (OIP) evaded service to conceal the information required to assess damages and provide redress to the Petitioner.

   Exhibit 5

7. American Express has a history of fraudulent activity. The Petitioner's business DATA SYNC LLC. obtained a credit card from American Express. The Petitioner's identity was stolen and used in multiple racketeering schemes to steal property and monies. The Petitioner subpoenaed the UNITED STATES for a specific list of all defendants participating in the racketeering schemes, entrapment schemes and cover up. The cheating and Fraud on the Court have allowed the Defendants to escape liability. The Fraud is intended to make redress impossible for the Petitioner.

   Exhibit 6

8. Pursuant to 15 USC § 1681 the Petitioner made an identity theft and fraud report with "Experian" a credit reporting agency. The Petitioner provided "Experian" with evidence of the fraud.

   Exhibit 7

9. The Petitioner filed complaints with the CONSUMER FINACIAL PROTECTION BUREAU and submitted evidence of the Fraud to the (CFPB).

   Exhibit 8

10. On July 21, 2025, the Petitioner requested from the STATE OF TENNESSEE information pursuant to TCA 62-20-114 and 62-20-102(5). The Petitioner

discovered that ZWICKER & ASSOCIATES does not possess the Trust Account or Surety Bond required for debt collectors in the STATE OF TENNESSEE.

Exhibit 9

11. On April 14th, 2025, the Petitioner filed "ORDERS" in Case: CH-24-1646. The "ORDERS" were intentionally altered and left off the docket. The material alteration of the instrument has interfered with the administration of justice. The Shelby County Chancery Court Clerk and Master's disobedience to the rules of the judicial body and intent to undermine the integrity of the proceeding has caused the Petitioner financial harm and is protecting intentional fraudsters.

Black's Law Dictionary states:

Civil contempt is the failure to obey a court order that was issued for another party's benefit.

A civil-contempt proceeding is coercive or remedial in nature. The usual sanction is to confine the contemnor until he or she complies with the court order. The act (or failure to act) complained of must be within the defendant's power to perform, and the contempt order must state how the contempt may be purged.

Imprisonment for civil contempt is indefinite and for a term that lasts until the defendant complies with the decree.
Exhibit 10

12. On May 1st, 2023, the Petitioner submitted evidence of fraud, including notary fraud, to the SHELBY COUNTY DISTRICT ATTORNEY'S OFFICE. The Petitioner received a call from the DISTRICT ATTORNEY'S OFFICE confirming the intake of the evidence and a memo of the Petitioner's interview submitted to DISTRICT ATTORNEY STEVE MULROY. The Petitioner was informed that the case had been assigned to ASSISTANT DISTRICT ATTORNEY'S DENNIS JOHNSON and RAY LAPONE.

Multiply entrapment schemes by the UNITED STATES ET AL have been implemented and executed against the Petitioner to cover up the theft of RANDEL EDWARD PAGE JR'S identity and property. The schemes were intended to imprison the Petitioner to conceal prior fraud and theft. The schemes were intended to make redress impossible and protect the intentional fraudsters and racketeers.
Exhibit 11

13. The Petitioner filed a Motion to Clarify and Objection to Pending Order in the SHELBY COUNTY CHANCERY COURT and the SHELBY COUNTY GENERAL SESSIONS COURT. The Petitioner has taken action to prevent the Fraud on the Court CASE NO. CH-20-0288 from going to trial. ATTORNEY JOHN MCMANUS' and CHANCELLOR JEFFERSON actions to obstruct justice and intentionally cover-up fraud has caused financial damage to the petitioner.

Exhibit 12

14. The Petitioner filed a Motion to Recuse CHANCELLOR JEFFERSON on May 9th, 2025, during the fraudulent motion hearing set by JOHN MCMANUS. Before the hearing the Petitioner resubmitted the "ORDERS" that were intentionally altered and left of the docket. The Petitioner handed the "ORDERS" to CHANCELLOR JEFFERSON'S clerk KATHY STOJANOVIC. The Petitioner demands the "ORDERS" be signed by CHANCELLOR JEFFERSON and executed by the Clerk and Master, AARON HALL.

Exhibit 13

15. The Petitioner filed a complaint with the SHELBY COUNTY SHERIFF'S OFFICE regarding Fraud and Racketeering. The Petitioner received a call from DECTECTIVE CHRISTOPHER HENDERSON regarding the report approved by SERGEANT MARCO YZAGUIRRE.

Exhibit 14

16. On August 8th, 2025, the Petitioner requested a meeting with the SHELBY COUNTY SHERIFF'S OFFICE to provide information regarding the violations of 18 U.S.C. 1962 and the parties jointly and severally liable for damages resulting from the fraud and racketeering schemes perpetrated against the Petitioner.

Exhibit 15

17. The Petitioners American Express Accounts have been used in multiple racketeering schemes to cover up fraud and theft. As part of the fraud, charges to the Accounts were made to travel to the STATE OF CALIFORNIA, STATE OF NEW YORK, STATE OF TENNESSEE and DISTRICT OF COLUMBIA.

18. The Petitioner purchased supplies from PAIGE COMPANY using the American Express Account. Boxes from the PAIGE COMPANY charged to the Account were used to replace damaged boxes. As part of the fraud MARK GUTHRIE, JOHN

MCMANUS, ALAN CRONE and JOHN TURNER'S racketeering scheme was intended to fraudulently conceal damage to the Petitioner's inventory and further the conspiracy to cover up the theft of the Petitioner's identity and property by the UNITED STATES ET AL. The Petitioner hired DISASTER RESPONSE AND RESTORATION to assist in the restoration.

Exhibit 16

SUBMITTED this 14th day of August 2025.

Pro Se: Randel Edward Page Jr.
3504 Milford Cove
Collierville, TN 38017

8-14-25

JANNA C ANDERSON
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY
MY COMM. EXP. MARCH 06, 2027

## Certificate of Service

I hereby certify that on August 14, 2025 I served upon ZWICKER & ASSOCIATES P.C. a copy of this document via email.

# Exhibit 1

Zwicker & Associates, P.C.
Attorneys at Law
80 Minuteman Road, Andover, MA 01810-1008
Tel. (800) 363-3359   TTY (877) 249-1914
www.zwickerpc.com

June 12, 2024

To:   RANDEL PAGE
      3504 MILFORD CV
      COLLIERVILLE, TN 38017

      File ID:6550715

**Zwicker & Associates, P.C. is a debt collector. We are trying to collect a debt that you owe to American Express. We will use any information you give us to help collect the debt.**

## Our information shows:

You had an American Express account with account number ending in 67007.

| | | |
|---|---|---|
| As of May 22, 2024, you owed: | $ | 18,607.40 |
| Between May 22, 2024 and today: | | |
| You were charged this amount in interest: + | $ | 0.00 |
| You were charged this amount in fees: + | $ | 0.00 |
| You paid or were credited this amount toward the debt: - | $ | 0.00 |
| **Total amount of the debt now:** | $ | 18,607.40 |

## How can you dispute the debt?

- Call or write to us by July 24, 2024, to dispute all or part of the debt. If you do not, we will assume that our information is correct.

- If you write to us by July 24, 2024, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

## What else can you do?

- Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by July 24, 2024, we must stop collection until we send you that information. You may use the form below or write to us without the form.

- Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

- Contact us about your payment options.

# Exhibit 2

 Gmail

Randal Page <randalpage@gmail.com>

---

**test email**
1 message

---

**Robert Bodine** <Robert.Bodine@nationaldebtrelief.com>                    Thu, Apr 4, 2024 at 11:09 AM
To: "randalpage@gmail.com" <randalpage@gmail.com>



**Robert H Bodine III**

**Debt Specialist**

T: 800.300.9550 x 6051

F: 888.688.3291

E: Robert.Bodine@nationaldebtrelief.com



*Check out some of our favorite client stories*



M Gmail

Randel Page <randelpage@gmail.com>

**Exciting News -- We have a settlement for your AMEX account**
1 message

**National Debt Relief** <success@nationaldebtrelief.com>
Reply-To: success@nationaldebtrelief.com
To: "randelpage@gmail.com" <randelpage@gmail.com>, "success@nationaldebtrelief.com" <success@nationaldebtrelief.com>

Thu, Mar 6, 2025 at 8:23 AM



NATIONAL
— DEBT RELIEF —

🔒 CLIENT LOGIN

Dear Randel Page Jr.,

National Debt Relief has some exciting news for you. We have a settlement proposal for your
review. National Debt Relief has received a verbal commitment from one of your creditors to
settle one of your accounts. Below are the terms of the offer:

AMEX - 6870-07--

# Exhibit 3

**SHELBY COUNTY SHERIFF'S OFFICE**

## OFFICIAL NOTICE
### THIS IS NOT AN ARREST WARRANT

To: _____

Address: _____

Date Left:_____ Time: _____

A legal process has been issued. To avoid a Process Officer/Deputy
Sheriff returning to your home or place of employment, you can pick
up this document at: 1075 Mullins Station, Bldg. C, Memphis, TN
9:00 a.m. - 3:00 p.m.                          Monday thru Friday

PHONE: 901-222-6002

CALL THE PROCESS OFFICER/DEPUTY SHERIFF IN
DISTRICT #:_____

about Docket #:___2305024_____ between the hours
_____ and _____ ONLY.

### DO NOT COME WITHOUT CALLING FIRST
### BRING THIS NOTICE WITH YOU!!!

Hawks

Deputy Sheriff/Process Officer
Floyd Bonner, Jr., Sheriff

901 573 7994 · cell

*Sheriff*

# State of Tennessee, County of Shelby

**CIVIL WARRANT NO.** 2305024

**To Any Lawful Officer to Execute and Return:**
Summon to appear before the Court of General Sessions of Shelby County, Tennessee, Room 106
Shelby County Courthouse, 140 Adams Ave., Memphis, Tennessee

RANDEL PAGE AKA RAND PAGE

| Defendant | Defendant Employer | Defendant |
|---|---|---|
| 3504 MILFORD CV COLLIERVILLE TN 38017 | | |
| Address | Address | Address |

on DAY ~~24~~ 05  DATE ~~MAY~~ June 20 ~~15~~ 25  TIME 1:30 P.M.
to answer in a civil action brought by the Plaintiff (s) AMERICAN EXPRESS NATIONAL BANK for suit
on a sworn account here to the court shown in the amount of $18,607.40, plus court costs and
service of process costs.

| Under 25,000 Dollars | Atty. For Plff.  MICHELLE S. MOGHADOM |
|---|---|
| Issued this ___ day of ___ 20 ___ | Address  2WICKER & ASSOCIATES, P.C.  A Law Firm Engaged in Debt Collection  5409 MARYLAND WAY, SUITE 310  BRENTWOOD, TN 37027 |
| TAMARA A. SAWYER CLERK, | Phone  Call (615)376-3780 |
| Clerk of General Sessions Court | Code No.  Z23469 |
| By ___ | B.P.R. No.  029313 |
| Deputy Clerk | |

## JUDGMENT

_____ Judgment for _____
_____ and Cost
of suit and litigation taxes, for which Execution may issue.
This _____ day _____ 20 _____

Judge of Division _____

## SERVICE

| Came to hand same day issued and executed as commanded on _____ | Came to hand same day issued and executed as commanded on _____ |
|---|---|
| This 18 day of March 20 25 | This ___ day of ___ 20 ___ |
| Sheriff/Process Server | Sheriff/Process Server |
| R. Hawks 9424 | |

****SEE OTHER SIDE FOR ADDITIONAL SERVICE****
****AND NOTICE TO DEFENDANT(S) ****

GENERAL SESSIONS CIVIL
JAN 2 '25 AM 11:9

This communication is from a debt collector. Any information obtained will be used for that purpose.
260715030655

| | |
|---|---|
| Came to hand same day issued and executed as commanded on _____ | Came to hand same day issued and executed as commanded on _____ |
| _____ | _____ |
| _____ | _____ |
| This_____ day of _____ 20 ___ | This_____ day of _____ 20 ___ |
| **Sheriff/Process Server** | **Sheriff/Process Server** |

## NOTICE

**TO THE DEFENDANT (S):**

Pursuant to Tennessee code annotated 26-2-114, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## AFFIDAVIT

To the best of my information and belief, after investigation of Defendant's employment, I hereby make affidavit that the Defendant is / is not a member of a military service.

_____

Attorney for Plaintiff or Plaintiff

_____

Notary Public

My Commission Expires:_____



For Assistance:
Tom Stone
(901) 379-7899
e-mail: stone-t@co.shelby.tn.us

This communication is from a debt collector. Any information obtained will be used for that purpose.
260715030655

RANDEL PAGE AKA RAND PAGE
Account ending in: 7007

## AFFIDAVIT OF PLAINTIFF

I, the undersigned affiant, declare and state as follows:

1.    I am an Assistant Custodian of Records for AMERICAN EXPRESS NATIONAL BANK[1] ("Plaintiff"), a national bank organized under the laws of the United States, ("American Express" hereinafter), with its headquarters located at 115 W. Towne Ridge Parkway, Sandy, UT 84070.

2.    In my capacity as Assistant Custodian of Records for American Express, I am familiar with the ongoing credit card business operations and practices of American Express, particularly with respect to its recordkeeping computer systems, credit card agreements and billing for various types of accounts issued by American Express. I have access to the business records relating to credit card accounts issued by American Express, including, in particular, the records of cardmember accounts and the applicable card agreements. I have personal knowledge of American Express' regular practices and procedures with respect to: (a) the transmittal of credit card account agreements, notices, billing statements, and other documents; and (b) quality assurance controls utilized to ensure that such transmittals are properly made. I also have access to and am generally familiar with the cardmember account records created and maintained by American Express. Except where based on my review of records and documents regularly maintained in the ordinary course of business, all of the matters set forth herein are within my personal knowledge and, if called as a witness, I could competently testify thereto.

3.    The billing statements and other documents referred to herein were created at or near either the time of the transactions or the time the original statements were made and have been kept by American Express in the ordinary course of business. In my experience, the systems used by American Express to create and maintain data for and to produce billing statements and other documents are reliable and kept in a good state of repair, and American Express' procedures for inserting transaction and other data into the systems have built-in safeguards to ensure accuracy and identify errors. Duplicate statements can be obtained only by authorized American Express personnel or authorized agents pursuant to proper procedures, which must be followed in order to obtain the statements. The other records referred to herein were created and kept in the ordinary course of business by American Express and were created at or near the time of the occurrence of the matters set forth by those records and/or were created based upon information transmitted by a person with knowledge of the matters set forth in those records. It is the regular business practice of American Express to make and keep said records. The statements contained in this affidavit are made based on my personal knowledge of the business records practices of American Express.

4.    All American Express credit card accounts are governed by a written agreement (the "Cardmember Agreement") setting forth the terms and conditions of the account. When an American Express account is opened, the Cardmember Agreement is provided to the cardmember. The Cardmember Agreement provides that use of the card constitutes acceptance of the agreement.

5.    All American Express Cardmember Agreements expressly provide that American Express may change the terms of the Cardmember Agreement from time to time. American Express advises current cardholders of changes through change-in-terms notices, which are either mailed to American Express

---

[1] On April 1, 2018 American Express Centurion Bank changed its name to American Express National Bank and American Express Bank FSB, merged with American Express National Bank with American Express National Bank as the surviving entity after the merger. *See*, https://www.occ.treas.gov/topics/licensing/interpretations-and-actions/2018/interpretations-and-actions-jan-2018.html. *See also*, 12 U.S.C. § 35; 12 CFR 5.24 and 12 U.S.C. § 1828 *et seq.*

**List any other consumer agencies contacted:**    Experian

**May we provide your name and telephone number to the media in the event of an inquiry about this matter?**    Yes

**May we send a copy of your complaint to another government agency for their review or investigation?**    Yes

## Additional Information

**Additional Comments:**    Attorney General Pam Bondi has been served papers regarding a petition filed in the Tennessee Shelby County Chancery Court.

**Your Age:**    Between the age of 31-59

**Military/Veteran Status:**    - None -

**How did you hear about our complaint form:**    Went onto AG Website

## Attachments

**Notes:**    Discovery was obtained proving Zwicker & Associates in not licensed in the State of Tennessee for collections and served RANDEL EDWARD PAGE JR an illegal warrant. see RANDEL EDWARD PAGE JR v UNITED STATES ET AL Shelby County Chancery Court CH-24-1646

**Files:**    WARRANT 2305024.pdf, Attorney General - service return (3).pdf, Randel Page Jr-Public Records Request Response Form signed.pdf

**Declaration:**

I declare under penalty of perjury, that the facts and statements contained in this declaration, including any attached statements, are true, correct, and based upon my personal knowledge. I understand that the information contained in this declaration can only be altered by submitting a new declaration. By choosing to submit this form electronically, I certify and agree that by entering my name in the space below, I bind and legally obligate myself to the same extent as I would by signing my name on a printed paper version of this form.

**Signature:**    RANDEL EDWARD PAGE JR

**Date:**    07/24/2025

# Exhibit 4

## Report Selection Criteria

**Case ID:**           CH-14-1215
**Docket Start Date:**
**Docket Ending Date:**

## Case Description

**Case ID:**      CH-14-1215 -AMERICAN EXPRESS BANK FSB V KEITH POTTS -Non-jury Trial
**Filing Date:** Monday , August 11th, 2014
**Type:**        ST - Sworn Account
**Status:**      EXECUTIONS - Service executions

## Related Cases

No related cases were found.

## Case Event Schedule

No case events were found.

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | 08-MAY-2015 | Chancellor | 30DF | GOLDIN, ARNOLD |
| | | | | | **Aliases:** none |
| | | | | | **Address:** unavailable |
| 2 | | | Plaintiff's Attorney | 29313 | MOGHADOM, MICHELLE S |
| | | | | | **Aliases:** none |
| | | | | | **Address:** 5409 MARYLAND WAY SUITE 333 BRENTWOOD TN 37027 (615)376-2780 |
| 3 | | | Plaintiff | @92386 | AMERICAN EXPRESS BANK, FSB |
| | | | | | **Aliases:** none |
| | | | | | **Address:** unavailable |

| # | | Role | ID | Name | Aliases | | Address |
|---|---|---|---|---|---|---|---|
| 4 | 5,9 | Defendant | @9238Z | POTTS, KEITH | Aliases: | none | Address: 2815 BURROWS FARM CV GERMANTOWN TN 38138 |
| 5 | 4 | Defendant's Attorney | 14242 | BEARMAN, EDWARD M | Aliases: | none | Address: 780 RIDGE LAKE BLVD SUITE 202 Memphis TN 38120 |
| 6 | | Chancellor | 30DH | KYLE, JIM | Aliases: | none | Address: 140 ADAMS AVE. ROOM 303 MEMPHIS TN 38103 |
| 7 | | Part | PT2 | Part 2 | Aliases: | none | Address: 140 Adams Memphis TN 38103 |
| 8 | | Attorney | 31094 | DIMITT, ALEX S | Aliases: | none | Address: 5409 MARYLAND WAY SUITE 310 BRENTWOOD TN 37027 |
| 9 | 4 | Defendant's Attorney | 12821 | SWEENEY, B DAVID | Aliases: | none | Address: 5108 STAGE ROAD Bartlett TN 38134 |
| 10 | | Payee | @102843 | STEVENSON, GEORGE W | Aliases: | none | Address: CHAPTER 13 TRUSTEE 5350 POPLAR AVE STE 500 Memphis TN 38119 |

CHANCERY COURT PART 2 MOTION DOCKET JANUARY 8, 2024 P. 15

| | | |
|---|---|---|
| 21-<br>0748 | AMERICAN EXPRESS<br>NATIONAL BANK | ) <br> ) <br> ) <br> ) <br> ) |
| | **vs.** | ) <br> ) <br> ) |
| | JUDY HARDY and NULUNA<br>GLOBAL HEALTH, LLC | ) <br> ) <br> ) |

ZWICKER & ASSOCIATES
(Michelle Moghadom/Jeffrey Rossman)

HORTON BALLARD & PEMERTON
(Megan England)
**MOTION TO COMPEL**

**DISPOSITION:**


*Jury Demand*

| | | |
|---|---|---|
| 21-<br>0874 | ERIN REGRUTTO and<br>RYAN REGRUTTO | ) <br> ) <br> ) (1) <br> ) <br> ) <br> ) <br> ) |
| | **vs.** | ) <br> ) <br> ) |
| | BEN CABEEN d/b/a BC<br>CONSTRUCTION OF<br>NORTH GEORGIA | ) <br> ) <br> ) <br> ) (2) |

DUNCAN HOLLAND IZELL FLEENOR
(Adam Holland)
**MOTION FOR INSTRUCTIONS-RULE
6 OF THE LOCAL RULES OF
PRACTICE AND THE ORDER
ENTERED NOBVEMBER 23, 2023**

SPEARS MOORE REBMAN WILLIAMS
(Benjamin Reese/Kelsey Keef)

DUNN MacDONALD & REYNOLDS
(James MacDonald)
**MOTION TO ALTER OR AMEND**

**DISPOSITION:**

# Exhibit 5

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br>CH- **CH-24-1646-1** |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| RANDEL EDWARD PAGE JR | UNITED STATES OF AMERICA, ET AL., |

**TO:** (NAME AND ADDRESS OF DEFENDANT)

Civil Process Clerk

U.S. Attorney's Office for D.C.

601 D Street, NW

Washington, DC 20530

**Method of Service:**

☑ Shelby County Sheriff
☑ Private Process Server
☐ Out of County Sheriff
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
\*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

RANDEL EDWARD PAGE JR

3105 Milford Cove

Collierville, TN 38107

**TO THE SHERIFF:**

ISSUED _____ 29 _____ of _____ January _____ 20 _____ 25

W. Aaron Hall, Clerk and Master

By: _____
Deputy Clerk & Master

140 Adams, Room 308   Memphis, TN 38103

Came to hand _____

_____ day of _____ 20 _____

Sheriff

**CERTIFICATION (IF APPLICABLE)**

I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this cause.

W. Aaron Hall, Clerk & Master

By: _____   D. C. & M.

\*\*Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

Notice of Personal Property Exemption:
TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.
contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do

| Chancery ○ Circuit Shelby County Tennessee | **SUBPOENA** | Case Number CH-24-1646-1 |
|---|---|---|

RANDEL EDWARD PAGE JR. ____ vs. __ UNITED STATES OF AMERICA, ET AL.
[Plaintiff's Name]                              [Defendant's Name]

Under penalty prescribed by law, you are commanded:

**Method of Service:**

Bobak Talebian
Office of Information Policy (OIP)
U.S. Department of Justice
441 G St, NW, 6th Floor
Washington, DC 20530
(Name, address, and telephone number of person to whom subpoena is directed)

- ☒ Shelby County Sheriff
- ☐ Secretary of State    ($)
- ☐ Commissioner of Insurance   ($)
- ☐ Other TN County Sheriff  ($)
- ☒ Private Process Server
- ☐ Other
- ($) Attach Required Fees

☐ 1. *Subpoena for Attendance at Hearing or Trial* – to appear personally before the _____ Court of Shelby County, Division/Part ____, 140 Adams, Memphis, Tennessee, on _____, 20 ___ at _____ a.m./p.m., and give testimony, pursuant to Rule 45.01 and 45.05 of the Tennessee Rules of Civil Procedure; when you arrive, you must remain at the court until the judge or a court officer allows you to leave;

■ 2. *Subpoena for Production of Documentary Evidence (Books, Papers, Documents, etc.)* – to produce and permit inspection, copying, testing, or sampling of the following designated books, papers, documents, electronically stored information, or tangible things: See exhibit to subpoena _____ and to swear or affirm that the things produced are authentic to the best of your knowledge, information, and belief, and to state whether all responsive things have been produced, pursuant to Rule 45.02 of the Tennessee Rules of Civil Procedure; the subpoenaed items must be produced at the following location 13535 Cathy Road Byhalia, MS 38611 _____ on or before February 28th _____, 2025 at 12:00 a.m./p.m.;

☐ 3. *Subpoena for Inspection of Premises* – to permit inspection of the following premises located at: _____ on _____, 20 ___ at _____ a.m./p.m., pursuant to Rule 45.02 of the Tennessee Rules of Civil Procedure; and/or

☐ 4. *Subpoena for Deposition Testimony* – to appear personally at the following location: _____ in _____, Tennessee, on _____, 20 ___ at _____ a.m./p.m., then and there to testify by deposition in this matter, and to bring the following items: _____ pursuant to Rule 45.04 of the Tennessee Rules of Civil Procedure.

**Notice for a subpoena for production of documentary evidence (#2 above) or for a subpoena for deposition testimony (#4 above):** The failure to serve an objection to this subpoena within twenty-one days after the day of service of the subpoena waives all objections to the subpoena, except the right to seek the reasonable cost for producing books, papers, documents, electronically stored information, or tangible things.

This subpoena is issued on behalf of Plaintiff ■ or Defendant ☐. The name, address, and telephone number of the issuing party:

Signature of issuing party:
Date issued: _____

_____
Signature of Clerk/Deputy Clerk

♿ For Americans with Disabilities Act (ADA) assistance **only**, please call Shelby County ADA Coordinator at (901) 222-2334. For questions regarding scheduling or filing, please contact Chancery Court at (901) 222-3980 or Circuit Court at (901) 222-3800.

**NOTICE: YOU CAN BE FOUND IN CONTEMPT OF COURT FOR FAILING TO COMPLY WITH THIS SUBPOENA AND IF FOUND GUILTY OF CONTEMPT YOU MAY BE FINED, IMPRISONED, OR BOTH.**

(This is a general form subpoena. The party issuing the subpoena is responsible for complying with any provision of law imposing additional notice requirements that apply to the pending case or to the type of records being sought under this subpoena.)

*Powers of attorney
*Monthly statements
*Deposit tickets and offset items
*Withdrawals – slips and type
*Checks – back and front
*Bank checks – certified checks, cashier's checks; official checks or teller's checks
*Money orders

*Wire transfers – in or out of the account – with detail showing origins and destinations, account numbers and financial institutions; any other ACH documentation
*Debit card activity and location
*Prepaid and debit cards
*ATM withdrawals and location
*Related credit card activity
*Corporate documents – including opening documents, amendments or changes of any kind; tax returns, financial statements of any kind, including documents from the attorney representative
*Notary log, with transactions related to the entities, trustees and beneficiaries
*Currency Transaction Reports
*Tax statements: Forms 1099 and any other relevant form state or federal tax forms

*Safe Deposit box records including opening documents, signature cards, access record logs and any closing documents

*Any and all online banking information, including email or other addresses

6. Any and all information and records regarding the Centers for Medicare and Medicaid Services (Merit Based Incentive Payment System) "MIPS". Including legal ownership, beneficial ownership and banking information to include:

*Account opening documents, Names of Trustees, deposits, including signature cards, and any changes made, including power of attorney or adding or subtracting individuals from the accounts

*Account closing documentation

*Change of address for any and all accounts

*Trusted contact form or names of persons permitted view only

*Powers of attorney

*Monthly statements

*Deposit tickets and offset items

EXHIBIT TO SUBPOENA

RE: RANDEL EDWARD PAGE JR. vs. UNITED STATES OF AMERICA ET AL., Docket No. CH-24-1646-1

Please produce the following:

1. Pursuant to 5 USC 552a – Any and all documents, communications, records, data, financial instruments and bank accounts created by the UNITED STATES OF AMERICA and its STATES associating RANDEL EDWARD PAGE JR with the social security # of 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 and the birth certificate # of 141-71-022313

2. Any and all Government agencies, officials, high government officials, officers, agents, persons, individuals, informants, state actors, contractors, third party contractors engaged in the origination and design of operations to implant officials, officers, agents, persons, individuals, informants, state actors, contractors or third-party contractors with RANDEL EDWARD PAGE JR for purposes of collecting information.

3. Any and all Government agencies, officials, high government officials, officers, agents, persons, individuals, informants, state actors, contractors or third-party contractors engaged in the origination and design of operations to implant officials, officers, agents, persons, individuals, informants, state actors or contractors with RANDEL EDWARD PAGE JR for purposes of collecting information and/or the inducement of crime.

4. Any and all documents, communications and records filed or submitted to the UNITED STATES OF AMERICA, its STATES and agencies associated with RANDEL EDWARD PAGE JR having the social security # of 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

5. Any and all information regarding 26 U.S. Code § 9511 - Patient- Centered Outcomes Research Trust Fund. Including any and all records, notes, electronic communications, including any electronic data transaction file reflecting, referring and relating to bank accounts, legal ownership and beneficial ownership individually or jointly with any person or entity. Banking information to include:

   *Account opening documents, Names of Trustees, deposits, including signature cards, and any changes made, including power of attorney or adding or subtracting individuals from the accounts

   *Account closing documentation

   *Change of address for any and all accounts

   *Trusted contact form or names of persons permitted view only

*Withdrawals – slips and type

*Checks – back and front

*Bank checks – certified checks, cashier's checks; official checks or teller's checks

*Money orders

*Wire transfers – in or out of the account – with detail showing origins and destinations, account numbers and financial institutions; any other ACH documentation

*Debit card activity and location

*Prepaid and debit cards

*ATM withdrawals and location

*Related credit card activity

*Corporate documents – including opening documents, amendments or changes of any kind; tax returns, financial statements of any kind, including documents from the attorney representative

*Notary log, with transactions related to the entities, trustees and beneficiaries

*Currency Transaction Reports

*Tax statements: Forms 1099 and any other relevant form state or federal tax forms

*Safe Deposit box records including opening documents, signature cards, access record logs and any closing documents

*Any and all online banking information, including email or other addresses

7. Any and all information and records regarding the Centers for Medicare and Medicaid Services (Bundled Payments for Care Improvement "BPCI" Initiative). Including an accounting of the NEW TECHNOLOGY PAYMENTS, legal ownership, beneficial ownership information and banking information to include:

*Account opening documents, Names of Trustees, deposits, including signature cards, and any changes made, including power of attorney or adding or subtracting individuals from the accounts

*Account closing documentation

*Change of address for any and all accounts
*Trusted contact form or names of persons permitted view only
*Powers of attorney
*Monthly statements

*Deposit tickets and offset items

*Withdrawals – slips and type

*Checks – back and front

*Bank checks – certified checks, cashier's checks; official checks or teller's checks

*Money orders

*Wire transfers – in or out of the account – with detail showing origins and destinations, account numbers and financial institutions; any other ACH documentation

*Debit card activity and location

*Prepaid and debit cards

*ATM withdrawals and location

*Related credit card activity

*Corporate documents – including opening documents, amendments or changes of any kind; tax returns, financial statements of any kind, including documents from the attorney representative

*Notary log, with transactions related to the entities, trustees and beneficiaries

*Currency Transaction Reports

*Tax statements: Forms 1099 and any other relevant form state or federal tax forms

*Safe Deposit box records including opening documents, signature cards, access record logs and any closing documents

*Any and all online banking information, including email or other addresses

8.  Any and all documents, communications and records of all parties that benefit from the use of Centers for Medicare and Medicaid Services (Merit Based Incentive Payment System) "MIPS",

9.  Any and all documents, communications and records of all parties that benefit from the use of Centers for Medicare and Medicaid Services (Bundled Payments for Care Improvement "BPCI" Initiative).



PRESS RELEASE

# American Express Agrees to Pay $108.7M to Settle Allegations of Deceptive Marketing and "Dummy" Account Information

Thursday, January 16, 2025

**For Immediate Release**
Office of Public Affairs

The American Express Company (American Express), based in New York, New York, has agreed to pay a $108.7 million civil penalty to resolve allegations that it violated the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA) by deceptively marketing credit card and wire transfer products and by entering "dummy" Employer Identification Numbers in the credit card accounts of its affiliate bank.

"When financial companies engage in deceptive sales tactics or falsify information to cover up a failure to follow applicable regulations, they threaten the integrity of our financial system," said Principal Deputy Assistant Attorney General Brian M. Boynton, head of the Justice Department's Civil Division. "Today's settlement makes clear that the department will hold accountable those who violate the trust placed in them to follow the rules governing our financial institutions and to be truthful about their business practices."

The United States alleged that, from 2014 through 2017, American Express deceptively marketed credit cards through the conduct of an affiliated entity that initiated sales calls to small businesses. The alleged deceptive practices included misrepresenting the card rewards or fees and whether credit checks would be done without a customer's consent and submitting falsified financial information for prospective customers, such as overstating a business's income.

The United States also alleged that American Express engaged in practices to deceive its federally insured financial institution into allowing certain small business customers to acquire American Express credit cards without the required employer identification numbers (EINs). EINs are required by law if the card recipient is a business entity such as a corporation or

partnership; the requirement does not apply to sole proprietors. The United States alleged that American Express employees used "dummy" EINs such as "123456788" in opening small business credit cards in 2015 and the first half of 2016. These cards were sold to replace an American Express co-branded credit card that was being discontinued during that time period. American Express allegedly allowed these "dummy" EINs to remain on the credit card accounts for up to two years before remediating the problem. American Express allegedly knew that many of the small business applicants had previously acquired American Express-issued co-brand cards where the card application stated that EINs were required for corporations or partnerships, but if Express would assume they are sole proprietors. That practice exacerbated the the applicants left the EIN line blank. American Express would assume they are sole proprietors. That practice exacerbated the effects of American Express's failure to enter proper EINs when it sold these customers replacement cards.

Finally, the United States further contended that American Express employees deceptively marketed wire transfer products known as Payroll Rewards and Premium Wire to its small business customers from 2018 through 2021, making false assertions regarding these products' tax benefits. As to both products, American Express allegedly would wire money for an above-market fee that was far in excess of that offered by competitors in the marketplace and award the businesses or the business owners credit card membership reward points. American Express sales employees allegedly told customers that the wire transfer fees were tax deductible as business expenses, while the reward points earned on the transaction were not taxable, and thereby afforded the customer tax-free benefits. The United States contended, however, that the above-market wiring fee was not deductible as an ordinary or necessary business expense insofar as it was incurred by a customer solely for the purpose of generating a personal benefit.

Contemporaneous with the civil resolution, American Express will enter into a Non-Prosecution Agreement with the U.S. Attorney's Office for the Eastern District of New York and pay a criminal fine and forfeiture. That agreement deals exclusively with the Payroll Rewards and Premium Wire programs referenced above. Under the terms of the civil settlement, American Express will receive a credit toward the satisfaction of the civil penalty in the amount of $30.35 million if it makes a full payment of the forfeiture and fine amounts due under the criminal resolution.

"This multi-million-dollar settlement holds American Express accountable for violating FIRREA through unlawful sales tactics and recordkeeping requirements, and deceiving small business customers who placed their trust in the Company," said Special Agent in Charge Jeffrey D. Pittano of the Federal Deposit Insurance Corporation Office of Inspector General (FDIC-OIG), Mid-Atlantic Region. "The FDIC-OIG will continue to work with our law enforcement partners to investigate financial crimes that harm customers and undermine the integrity of our Nation's financial institutions."

"Today's multi-million dollar settlement should make clear that financial companies who engage in fraudulent and deceptive practices will be held accountable for their actions," said Special Agent in Charge John T. Perez of Headquarters Operations, Office of Inspector General for the Board of Governors of the Federal Reserve System and Consumer Financial Protection Bureau. "We are proud to have worked alongside our federal law enforcement partners to achieve this result."

Attorneys Daniel Spiro and Mary Beth Hickcox-Howard of the Civil Division's Commercial Litigation Branch, Fraud Section handled the matter with assistance from the Legal Division of the Federal Reserve Board of Governors and the Office of Comptroller of the Currency's Chief Counsel's Office. Senior Special Agent Brittany Harding of the Office of the Inspector General for the Federal Reserve Board and Department of Treasury, Special Agent Will Burmeister of the Office of the Inspector General for the Federal Reserve Board and Senior Special Agent Mike Serra from the Office of the Inspector General for the Federal Insurance Deposit Corporation investigated the matter.

Except for the conduct admitted in connection with the criminal resolution, the claims resolved by the...

There has been no determination of liability.

View the settlement here

*Updated February 6, 2025*

**Topic**

FINANCIAL FRAUD

**Components**

Civil Division    USAO - New York, Eastern

Press Release Number: 25-69

# Related Content

# Exhibit 7



  

Upload



# File Upload

\* = required

Security Freeze requests should not be submitted using this platform. To request a security freeze online, visit Experian.com/freeze.

The secure document upload service is used to provide additional documentation to support your pending request. For further instructions go to Experian's Document Upload Service. Initial dispute requests should not be submitted using this platform. To submit a dispute online, visit Experian.com/disputes.

Select reason for submitting documents \* ⚙
| Police Report - Identity Theft ▼ |

Tell us more \* ⚙

You have 893 characters left

| Please see the report filed with the Shelby County Sherriff's Office and request for meeting regarding this matter. |

Check below if you are blind, or visually impaired, within the meaning of the American Disabilities Act and can provide proof upon request, indicating that you are eligible to receive your credit report, score report, or your Reinvestigation results in an alternative format such as Braille, Large Print, or Audio CD.

☐ Braille   ☐ Large Print   ☐ Audio CD

\*Please select at least one document to upload. You may upload up to five documents totaling 15 megabytes. Accepted document formats are PDF, JPG, PNG, GIF and TIFF or TIF.

Document 1
| Choose File | Shelby Cou...r meeting.pdf |

Document 2
| Choose File | Case 25070...5SH (1).PDF |

Document 3
| Choose File | No file chosen |

Document 4
| Choose File | No file chosen |

Document 5
| Choose File | No file chosen |



RANDEL PAGE AKA RAND PAGE
Account ending in: 7007

12.    Upon information and belief, the Defendant is not now, nor has been within 30 days hereof, in the military service of the United States as defined in the Servicemembers Civil Relief Act as amended nor an infant, incompetent, under mental defect or infirm.

I declare under the penalty of perjury under the laws of the forum state that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: 12/11/2024    By: _____

Name: _____

Raquel Hernandez

Title: Assistant Custodian of Records

STATE OF ARIZONA
COUNTY OF MARICOPA

Subscribed and sworn (or affirmed) before me this _11th_ day of _December_, 2024

(Seal)

Notary

A. SSE Swish
Notary Public · Arizona
Maricopa County
Commission # 6 -4492
My Comm. Expires Oct 9, 2025

**Arizona Attorney General**

# Kris Mayes

# Consumer Complaint




## Confirmation

You have successfully submitted your complaint. We will review your complaint. Once the initial review is complete, you will receive additional communication from our office. Thank you for bringing this matter to our attention.

🖨 Print this page

**Submission Date:** 07/24/2025

**Confirmation Number:** 3OC05-ZV5BX

## Your Information

**Name:** Randel Page

**Address:** 3504 Milford Cove
Collierville, TN 38017
901-351-6060

**Best Number to Call During Day:**

**Phone:** 901-351-6060

**Email Address:** randelpage@gmail.com

## Additional Complainants

No additional complainants found. If you would like to add a complainant, please press the previous button to go back to the Your Information page and then press the add button.

## Primary Party or Firm Information

**Name:**     Elise Gwinn

## Additional Parties



AMERICAN EXPRESS
NATIONAL BANK
World Financial Center,
200 Vesey St
New York NY 10285
212-640-2000




Zwicker & Associates
80 Minuteman Road
Andover MA 01810
800-363-3359



Michelle Moghadom &
Jeff Rossman
5409 Maryland Way ste
310
Brentwood TN 37027
615-376-2780

## Complaint

Please explain the entire circumstances surrounding your complaint below:

Please see the attached discovery regarding a conspiracy to cover up identity theft and theft of property.

Notary fraud in the State of Arizona

**May we send a copy of this to the person or business you are complaining against?**          Yes

(By selecting the answer, "Yes", to the question, "May we send a copy of this to the person or business you are complaining against," I hereby authorize the Office of the Arizona Attorney General to communicate with the party(ies) against whom I have filed this complaint. I also authorize the party(ies) against whom I have filed this complaint to communicate with and provide information related to my complaint, including disclosure of non-public personal information, to the Office of the Arizona Attorney General in connection with this complaint. If your response is "no", we may be prevented from taking any action on your complaint.)

**Have you complained to the**
**firm/agency/business?**               Yes

**What was their response?**          No response.

**Was an oral or written warranty given?**          No

RANDEL PAGE AKA RAND PAGE
Account ending in: 7007

cardmembers in separate mailings or included with or printed on the cardmembers' monthly billing statements.

6.      American Express maintains computerized records of the amounts due and owing to American Express for any transactions that occur when an individual uses an American Express credit card. The computerized records reflect all debits and credits in connection with the use of an American Express credit card. American Express sends or otherwise makes available monthly billing statements to cardmembers who carry a balance or are otherwise required to receive a monthly statement.

7.      I have personally reviewed American Express' records concerning defendant RANDEL PAGE AKA RAND PAGE ("Defendant"). Those records reflect that Defendant opened an American Express credit card account, the current account number ending in 7007 (previously 2008) (the "Account") in 06/2001. Consistent with American Express' standard business practices, American Express' records reflect that it mailed Defendant's credit card, together with a copy of Defendant's Cardmember Agreement, to Defendant when American Express opened Defendant's Account. Copies of each of these Cardmember Agreements were transmitted to Defendant as they were periodically revised or updated. A true and correct copy of the Cardmember Agreement in effect at the time of cancellation of the Account is annexed hereto as Exhibit "A".

8.      American Express' records further reflect that Defendant used the Account to pay for various goods and services and/or obtain cash advances. Consistent with American Express' standard business practices, American Express' records reflect that it transmitted monthly billing statements to Defendant. There is no record of Defendant ever asserting a valid unresolved objection to the balance shown as due and owing on the monthly statements provided to Defendant.

9.      Pursuant to American Express' records, under the terms of the Cardmember Agreement, Defendant defaulted in making the payments due on the Account. American Express' records reflect that American Express closed Defendant's Account. After giving Defendant credit for all payments made, if any, the amount justly due and owing as of 12/06/24 is $18,607.40, with the last posted payment amount of $2,000.00 made on 03/05/24. True and correct copies of the monthly Account Statements for the defendant's Account for the period(s) 08/20/24 to 09/20/24 are annexed hereto as Exhibit "B".

10.     Defendant's Account has not been sold or assigned by American Express, the original creditor of the account.

11.     The information set forth herein is true and correct to the best of the undersigned's knowledge, information and belief and, if called as a witness, I could competently testify thereto.

Prepared For

# RANDEL EDWARD PAGE

**Personal & Confidential**

**Date Generated** Aug 1, 2025

**Report Number** 1769-4370-56

## About Dispute Results

Our reinvestigation of the dispute you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, we have done so. Otherwise we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

## Here are your results

### AMERICAN EXPRESS 2

Inquiry Date: 07/28/2025

This item was removed from your credit report.



Deleted

## If the reinvestigation does not resolve your dispute, you have the right to add a statement of up to 100 words to your file disputing the accuracy or completeness of the information.

→ If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to Experian including this information in every credit report we issue about you.

→ You have a right to contact the company that reports the information to us and dispute it directly with them. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

→ You have a right to provide us additional information or documents about your dispute. Experian's online Dispute Center lets you easily add any pertinent documentation to a dispute. You can add documentation online when logged in on your computer or via a mobile device. You can also mail information to Experian, P.O. Box 9701, Allen, Texas, 75013.

## Notices

Experian has internal records classifying the following address as a non-residential business address. If a lender or other Experian customer purchased information about this address, Experian would report it as such. (3110 BROAD AVE MEMPHIS TN 38112)

WHOLESALE TRADE BUSINESS: 3110 BROAD AVE, MEMPHIS, TN, 38112.

## Personal Statements

ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. I CAN BE REACHED AT 901-351-6060. THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 07-24-25.

## Accounts

Includes credit cards, real estate loans and installment loans. This information is reported to the credit bureaus from your creditors.

### AMERICAN EXPRESS

UNDER DISPUTE

#### Account Info

| Account Name | AMERICAN EXPRESS | Balance | $18,607 |
|---|---|---|---|
| Account Number | 3499910168607853 | Balance Updated | 07/22/2025 |
| Account Type | Credit card | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | - |
| Date Opened | 06/22/2001 | Credit Limit | - |
| Status | Account charged off. $18,607 written off. $4,595 past due as of Jul 2025. | Highest Balance | $26,920 |
|  |  | Terms | - |
|  |  | On Record Until | Dec 2030 |

# Exhibit 8



An official website of the United States Government

**Consumer Financial
Protection Bureau** (https://www.consumerfinance.gov/)

Start a new complaint

# Your complaints

| COMPLAINT ID | PRIMARY CONSUMER | PRODUCT AND ISSUE | CONSUMER-IDENTIFIED COMPANY | SUBMITTED ▼ | STATUS |
|---|---|---|---|---|---|
| 250809-23050271 | Randel Page Jr | Domestic (US) money transfer Fraud or scam | FIRST HORIZON BANK | 08/09/2025 | Open Sent to Company |
| 250731-22787592 | Randel Page Jr | Credit card debt Attempts to collect debt not owed | UNITED STATES ET AL & MEMPHIS DISTRIBUTION SERVICES | 07/31/2025 | Open Submitted to the CFPB |
| 250731-22787205 | Randel Page Jr | Credit card debt Attempts to collect debt not owed | AMERICAN EXPRESS NATIONAL BANK | 07/31/2025 | Open Sent to Company |

‹ **Previous**    Page [ 1 ] of 1 **Go**    **Next** ›

# Learn more

Visit our **Consumer Tools** to see guides for financial decisions, answers to common financial questions, and more.

 An official website of the United States Government

 **Consumer Financial Protection Bureau** (https://www.consumerfinance.gov/)

Start a new complaint

‹ All complaints (,)

# 250809-23050271

**OPEN**

✓ **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 8/9/2025 | Money transfer, virtual currency, or money service | Fraud or scam |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

**YOUR COMPLAINT**

RANDEL EDWARD PAGE JR. / Petitioner in Shelby County Chancery Court civil Case: CH-24-1646 140 Adams, Memphis TN 38103 rm 308 has taken action against the UNITED STATES and others for fraud. The petitioner's commercial account was used in a fraud/racketeering scheme to cover up the theft of the petitioner's identity and property. A request for information has been filed with FIRST HORIZON BANK regading this matter.

**ATTACHMENTS**

USPS AMEX - avoiding service.pdf (115 KB)

Affidavit filed chancery and General Sessions.pdf (164.7 KB)

Altered court stamp.pdf (349.8 KB)

Altered docs - USPS 5-1-25.pdf (383 KB)

First Horizon - Elizabeth Parr.pdf (92.9 KB)

Case# 2507001095SH.PDF (33.6 KB)

● Hide full complaint

product or service is your complaint about?

| PRODUCT OR SERVICE | TYPE |
|---|---|
| Money transfer, virtual currency, or money service | Domestic (US) money transfer |

## What type of problem are you having?

**ISSUE**
Fraud or scam

**HAVE YOU ALREADY TRIED TO FIX THIS
PROBLEM WITH THE COMPANY?**
No

## What happened?

RANDEL EDWARD PAGE JR. / Petitioner in Shelby County Chancery Court civil Case: CH-24-1646
140 Adams, Memphis TN 38103 rm 308 has taken action against the UNITED STATES and others for
fraud. The petitioner's commercial account was used in a fraud/racketeering scheme to cover up the
theft of the petitioner's identity and property. A request for information has been filed with FIRST
HORIZON BANK regading this matter.

☑ **I WANT THE CFPB TO PUBLISH THIS DESCRIPTION ON CONSUMERFINANCE.GOV
SO THAT OTHERS CAN LEARN FROM MY EXPERIENCE.**

The CFPB will take steps to remove my personal information from this description but
someone may still be able to identify me. Learn how it works. I consent to publishing this
description after the CFPB has taken these steps.

## What would be a fair resolution to this issue?

Provide the information requested and launch an investigation into the fraud.

**6 attachments**
View uploaded documents by clicking on the file name. Documents that pass virus scanning are
typically available within 2 minutes of upload.

USPS AMEX - avoiding service.pdf (115 KB)

Affidavit filed chancery and General Sessions.pdf (164.7 KB)

Altered court stamp.pdf (349.8 KB)

First Horizon - Elizabeth Parr.pdf (92.9 KB)

Case# 2507001095SH.PDF (33.6 KB)

# What company is this complaint about?

**COMPANY INFORMATION**
FIRST HORIZON BANK

**ACCOUNT NUMBER**

•••••••••                    ●

# What people are involved?

Randel Page Jr

Sender

randelpage@gmail.com
9013516060

3504 Milford Cove Collierville, Tennessee
38017 United States

**YOUR PREFERRED LANGUAGE**

English

**YOUR DEMOGRAPHIC INFORMATION**
**AGE**
54
**SEX**
Male
**HISPANIC, LATINO, OR SPANISH
ORIGIN**
No
**RACE**
White
**HOUSEHOLD SIZE INCLUDING TOTAL
NUMBER OF ADULTS AND CHILDREN**
1
**COMBINED ANNUAL HOUSEHOLD
INCOME**
<$15,000

✔ **Sent to
company**

**STATUS**
Sent to company
on 8/9/2025

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in
progress and provide a final response in 60 days.

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint



‹ All complaints (.)

# 250731-22787592

**OPEN**

✓ **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 7/31/2025 | Debt collection | Attempts to collect debt not owed |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

## YOUR COMPLAINT

RANDEL EDWARD PAGE JR. has taken action against AMERCIAN EXPRESS NATIONAL BANK for their negligence to investigate the fraud and racketeering being committed against his person. A petition has been filed for Fraud on the Court in the Shelby County Chancery Court located at 140 Adams rm 308, Memphis, TN 38103. American Express illegally served RANDEL EDWARD PAGE JR through their counsel, warrant no. 2305024 American Express' counsel Zwicker & Assocaiates is not licensed in the STATE OF TENNESSEE for the business of collections.

## ATTACHMENTS

Randel Page Jr-Public Records Request Response Form signed.pdf (156.1 KB)

Randel Page Jr PRR.pdf (143.2 KB)

DA Steve Mulroy - duty to prosecute notary fraud.pdf (451.3 KB)

WARRANT 2305024.pdf (336.8 KB)

motion to recuse.pdf (3.8 MB)

Arizona AG - complaint.pdf (157.2 KB)

An official website of the United States Government

 **Consumer Financial Protection Bureau** (https://www.consumerfinance.gov/)

Start a new complaint

 ❮ All complaints (.)

# 250731-22787205
**OPEN**

⊘ **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 7/31/2025 | Debt collection | Attempts to collect debt not owed |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

### YOUR COMPLAINT

RANDEL EDWARD PAGE JR has taken action against AMERCIAN EXPRESS NATIONAL BANK for their negligence to investigate the fraud and racketeering being committed against his person. A petition has been filed for Fraud on the Court in the Shelby County Chancery Court located at 140 Adams rm 308, Memphis, TN 38103. American Express illegally served RANDEL EDWARD PAGE JR through their counsel, warrant no. 2305024 American Express' counsel Zwicker & Assocaiates is not licensed in the STATE OF TENNESSEE for the business of collections.

### ATTACHMENTS

Randel Page Jr Public Records Request Response Form signed.pdf (156.1 KB)

Randel Page Jr PRR.pdf (143.2 KB)

DA Steve Mulroy – duty to prosecute notary fraud.pdf (451.3 KB)

WARRANT 2305024.pdf (336.8 KB)

motion to recuse.pdf (3.8 MB)

Arizona AG – complaint.pdf (157.2 KB)

 **Sent to company**

**STATUS**
Sent to company
on 7/31/2025

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question? ¿Preguntas?

(855) 411-2372

TTY/TTD: (855) 729-2372

8 a.m. to 8 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

More than 180 languages available.

 An official website of the United States Government

# Exhibit 9

# #2276735 Public Records Request: Collection Service

| | | |
|---|---|---|
| **Submitted** | **Received via** | **Requester** |
| July 22, 2025 at 3:43 PM | Mail | Noreply <noreply@formstack.com> |

**CCs**
Aaron Smith <aaron.smith@tn.gov>, Dana Lee <dana.lee@tn.gov>, Denisa Mann <denisa.mann@tn.gov>, Jon Lillard <jon.lillard@tn.gov>, Roxana Gumuclo <roxana.gumuclo@tn.gov>

| | | | |
|---|---|---|---|
| **Status category** | **Ticket status** | **Type** | **Group** | **Assignee** |
| Open | Open | - | SME Collection Services | Denisa Mann |

| | | |
|---|---|---|
| **Reporting Group II** | **Agent Group** | **Reporting Group** |
| Collection Services | Board | Combined Boards |

**Noreply**  July 22, 2025 at 3:43 PM

Formstack Submission For: Public Record Request Form
https://urldefense.com/v3/__https://stateoftennessee.formstack.com/forms/cl_public_record_request_form__;!!PRtDf9A!aFlCrJoOSM1fll5uluz3l3V-XjfZKNAf4GUiTpvlC0-FejhgQm5MHIQathhL_nkGQ7IpHnZJDAXzJAeCSw$
Submitted at 07/22/25 3:43 PM

---

I acknowledge I have read the above.: Yes

Is the requestor a Tennessee citizen? (Required): Yes

Requestor's Name (Required): Randel Page Jr

Requestor's Phone Number: 9013516060

Request (Required): Inspection (The TPRA does not permit fees or require a written request for inspection only*)

Do you wish to waive your right to an estimate?: No

Requestor's Email (Required): randelpage@gmail.com

Requestor's Address (Required): 3504 Milford Cove
Collierville, TN 38017

Please choose the program concerning your request. (Required): Collection Service

Date Range From: Jan 01, 2024

Date Range To: Jul 22, 2025

Provide a detailed description of the record(s) requested.: Pursuant to Section 62-20-110 - Bond posted or certificate of deposit assigned

please provide the bond or certificate deposit for the below person.

Zwicker & Associates, P.C.
5409 Maryland Way Ste 310
Brentwood, TN 37027

Signature of Requestor: https://urldefense.com/v3/__https://tennessee-my.sharepoint.com/:i:/g/personal/an20404_tn_gov/EZpPhriSxTRAt9vAx0JhBtsBOXcppdGl_vt-klUUx4VA5g?size=16486&name=*Signature_55759672.png_Signature_55759672*689745360.png__;!Lvs!!PRtDf9A!aFlCrJoOSM1fll5uluz3l3V-XjfZKNAf4GUiTpvlC0-FejhgQm5MHIQathhL_nkGQ7IpHpZJDAX0mdN11g$

---

Copyright © 2025 Formstack, All Rights Reserved.
This is a customer service email.
Formstack, 11671 Lantem Road, Suite 300
Fishers, IN 46038
Signature_55759672.png

---

Support Software by Zendesk

# PUBLIC RECORD REQUEST RESPONSE FORM

Governmental Entity Name and Address: _Tennessee Department of Commerce & Insurance_
_500 James Robertson Parkway, Nashville, TN 37243_

Date: _7/23/2025_

Requestor's Name and Contact Information: _Randel Page Jr_
_randelpage@gmail.com_

In response to your records request received on _7/22/2025_____ our office is taking the action(s)[1]
indicated below:
_[Date Request Received]_

☐ The public record(s) responsive to your request will be made available for inspection:
   Location: _____
   Date & Time: _____

☐ Copies of public record(s) responsive to your request are:
   ☐ Attached;
   ☐ Available for pickup at the following location:
      _____; or
   ☐ Being delivered via: ☐ USPS First-Class Mail   ☐ Electronically  ☐ Other: _____

■ Your request is denied on the following grounds:
   ☐ Your request was not sufficiently detailed to enable identification of the specific requested record(s).
      You need to provide additional information to identify the requested record(s).
   ■ No such record(s) exists or this office does not maintain record(s) responsive to your request,
   ☐ No proof of Tennessee citizenship was presented with your request. Your request will be reconsidered
      upon presentation of an adequate form of identification.
   ☐ You are not a Tennessee citizen.
   ☐ You have not paid the estimated copying/production fees.
   ☐ The following state, federal, or other applicable law prohibits disclosure of the requested records:
      _____

☐ It is not practicable for the records you requested to be made promptly available for inspection and/or copying
   because:
   ☐ It has not yet been determined that records responsive to your request exist; or
   ☐ The office is still in the process of retrieving, reviewing, and/or redacting the requested records.

   The time reasonably necessary to produce the record(s) or information and/or to make a determination of a
   proper response to your request is: _____

If you have any additional questions regarding your record request, please contact [Records Custodian or Public
Records Request Coordinator].

Sincerely,

_Roxana Gumucio, Executive Director for the Collection Service Board_
_[Name, Title, and Contact Information]_

Print Form          Reset Form

---

[1] If all requested records do not have the same response, so indicate.

# Exhibit 10



Clerk & Master
Shelby County Chancery Court
140 Adams Avenue, Room 308
Memphis, Tennessee 38103

38017+36606 R007

Pandell Page
3504 Milford Cove
Collierville, Tn 38017

IN THE SHELBY COUNTY CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICAL DISTRICT AT MEMPHIS

RANDEL EDWARD

PAGE, JR.,

Plaintiff,

No. CH-24-1646

CHANCELLOR MELANIE
TAYLOR JEFFERSON

Vs

UNITED STATES

OF AMERICA, ET AL.,

Defendants.

*Motion Not Heard*

**ORDER GRANTING SANCTIONS**

**BEFORE THE COURT** is the Petitioner's "Order For Sanctions."

Good cause appearing, the Petitioner has proven that the Defendants have participated in Fraud upon the Court as part of a Conspiracy to cover up the theft of the Petitioner's identity and property.

Petitioner's Order For Sanctions is **GRANTED.**

Furthermore, the sanctions and damages sought by the Petitioner represent equitable relief.

**The master and clerk is directed to enter in favor of the Petitioner. Defendants are ordered to pay a lump sum.**

1. **UNITED STATES in the sum of $900,000,000.00.**
2. **JOHN E. MCMANUS in the sum of $2,000,000.00.**
3. **AMERICAN EXPRESS NATIONAL BANK in the sum of $2,000,000.00**

**IT IS SO ORDERED.** The Shelby County Chancery Court Master and Clerk is directed to enter this order and to provide copies to the Defendants.

The **UNITED STATES** and its agencies failed to respond to the Plaintiff and have indisputably and unjustifiably concealed the Fraud against **RANDEL EDWARD PAGE JR.**

DATED this       day of April 2025.          Judge: Hon. Melanie Taylor Jefferson

_____

Pro Se: Randel Edward Page Jr.

3504 Milford Cove

Collierville, TN 38017

## IN THE SHELBY COUNTY CHANCERY COURT OF TENNESSEE
### FOR THE THIRTIETH JUDICAL DISTRICT AT MEMPHIS

RANDEL EDWARD

PAGE, JR.,

Plaintiff,

No. CH-24-1646

CHANCELLOR MELANIE
TAYLOR JEFFERSON

Vs

UNITED STATES

OF AMERICA, ET AL.,

Defendants.

## ORDER

Upon consideration of Plaintiff's Motion to Compel Compliance with the Subpoena issued January 29th, 2025.

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED.

IT IS FURTHER ORDERED that the UNITED STATES shall immediately (1) make a specific list of all Defendants. (2) produce all such documents and information immediately.

IT IS FURTHER ORDERED that the UNITED STATES shall immediately (1) make calculations of damages and take all necessary steps towards payment of money damages to RANDEL EDWARD PAGE JR.

Judge: Hon. Melanie Taylor Jefferson

DATED this ___ day of _____, 2025              _____

Pro Se: Randel Edward Page Jr.

3504 Milford Cove

Collierville, TN 38017



# Exhibit 11



# Exhibit 12

IN THE SHELBY COUNTY CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICAL DISTRICT AT MEMPHIS

RANDEL EDWARD

PAGE, JR.,

Plaintiff,

No. CH-20-0288

CHANCELLOR MELANIE
TAYLOR JEFFERSON

Vs

UNITED STATES

OF AMERICA, ET AL.,

Defendants.



## PRO SE MOTION TO CLARIFY AND OBJECTION TO PENDING ORDER

THE UNDERSIGNED party filed Petition to stop the Fraud on the Court and the Fraud being committed against him, Case No. CH-24-1646. The Petitioner has provided the Court with substantial and material evidence proving Fraud on the Court. The Petitioner moves the Court for an order Denying the pending order.

The Petitioner withheld the request of Chancellor Jefferson's execution of the "ORDERS" handed to the clerk prior to the hearing so that he may acquire legal clarification on the matters below.

The court Granted a Motion to Compel in Case No. CH-20-0288 on Friday, May 9, 2025.

The petitioner objects to the pending order and has the following questions.

1. The Petitioner filed a Petition, Case No. CH-24-1646 to stop the Fraud being committed against him by attorney John McManus in Case No. CH-0288. Affidavits were filed regarding the Fraud.

   - Affidavit of Fraud filed on April 14th, 2025, in Case No. CH-20-0288
   - Affidavit of Fraud filed on May 6th, 2025, in Case No. CH-20-0288
   - Affidavit of Fraud on the Court and Notary Fraud filed on May 8th, 2025, in Case No. CH-24-1646

The petitioner asked the following question at the hearing:

The petitioner asked the Court about requirements for counter- affidavits. Chancellor Jefferson responded that affidavits, "not all the time" are required to be countered. Because the Petitioner filed a Motion for Summary Judgement and Temporary Injunction, he asks for clarity of Rule 10 and Rule 11 regarding affidavits and counter-affidavits.

2. A statement was made during the hearing on May 9th by Mr. McManus that the CHANCERY COURT does not have jurisdiction over the UNITED STATES.

The Petitioner asks the following question:

The Petitioner has provided evidence of the UNITED STATES participation with private and public companies conspiring to commit Fraud and cover up the theft and use of the Petitioner's property.

Does the CHANCERY COURT have jurisdiction over the UNITED STATES and the companies conspiring with the UNITED STATES?

3. The petitioner filed subpoena requesting discovery from the Office of Information Policy (OIP). After several attempts the process server was unable to serve the Subpoena. **Subpoena attached**

   **The Petitioner asks the following questions:**

   Does the CHANCERY COURT have the jurisdiction over the (OIP) to order production of the information requested?

   Does the CHANCERY COURT have jurisdiction over the individuals participating in the Fraud?

   **The Petitioner asks the following question:**

4. Does the CHANCELLOR have the authority to issue bench warrants for the arrest of individuals participating in the Fraud and/or the cover up of the Fraud against the Petitioner?

RESPECTFULLY SUBMITTED this 12th day of May 2025.

Pro Se: Randel Edward Page Jr.

3504 Milford Cove

Collierville, TN 38017

Certificate of Service

I hereby certify that on May 12th ,2025, I served upon the below individual a copy of this document via email.

JOHN E. MCMANUS

7842 FARMINGTON BOULAVARD

GERMANTOWN, TN 38138-2904

| ( ● ) Chancery ( ) Circuit<br>Shelby County<br>Tennessee | **SUBPOENA** | Case Number<br>CH-24-1646-1 |
|---|---|---|

RANDEL EDWARD PAGE JR.      vs.   UNITED STATES OF AMERICA, ET. AL.
[Plaintiff's Name]                          [Defendant's Name]

**Under penalty prescribed by law, you are commanded:**

Bobak Talebian
Office of Information Policy (OIP)
U.S. Department of Justice
441 G St, NW, 6th Floor
Washington, DC 20530

(Name, address, and telephone number of person to whom subpoena is directed)

**Method of Service:**

☑ Shelby County Sheriff
☐ Secretary of State  (S)
☐ Commissioner of Insurance  (S)
☐ Other TN County Sheriff  (S)
☑ Private Process Server
☐ Other
(S) Attach Required Fees

☐ 1. *Subpoena for Attendance at Hearing or Trial* – to appear personally before the _____ Court of Shelby County, Division/Part _____, 140 Adams, Memphis, Tennessee, on _____, 20___ at _____ a.m./p.m., and give testimony, pursuant to Rule 45.01 and 45.05 of the Tennessee Rules of Civil Procedure; when you arrive, you must remain at the court until the judge or a court officer allows you to leave;

☑ 2. *Subpoena for Production of Documentary Evidence (Books, Papers, Documents, etc.)* – to produce and permit inspection, copying, testing, or sampling of the following designated books, papers, documents, electronically stored information, or tangible things: See exhibit to subpoena _____ and to swear or affirm that the things produced are authentic to the best of your knowledge, information, and belief, and to state whether all responsive things have been produced, pursuant to Rule 45.02 of the Tennessee Rules of Civil Procedure; the subpoenaed items must be produced at the following location 13535 Cathy Road, Byhalia, MS 38611 _____ on or before February 28th _____, 2025 ___ at 12:00 ___ a.m./p.m.;

☐ 3. *Subpoena for Inspection of Premises* – to permit inspection of the following premises located at: _____ on _____ 20___ at _____ a.m./p.m., pursuant to Rule 45.02 of the Tennessee Rules of Civil Procedure; and/or

☐ 4. *Subpoena for Deposition Testimony* – to appear personally at the following location: _____ in _____, Tennessee, on _____, 20___ at _____ a.m./p.m., then and there to testify by deposition in this matter, and to bring the following items: _____, pursuant to Rule 45.04 of the Tennessee Rules of Civil Procedure.

**Notice for a subpoena for production of documentary evidence (#2 above) or for a subpoena for deposition testimony (#4 above):** The failure to serve an objection to this subpoena within twenty-one days after the day of service of the subpoena waives all objections to the subpoena, except with respect to seek the reasonable cost for producing books, papers, documents, electronically stored information, or tangible things.

This subpoena is issued on behalf of Plaintiff ☑ or Defendant ☐. The name, address, and telephone number of the issuing party:

Signature of issuing party: _Randel E Page jr_
Date issued: _____

Signature of Clerk/Deputy Clerk

☂  For Americans with Disabilities Act (ADA) assistance **only**, please call Shelby County ADA Coordinator at (901) 222-2334.
For questions regarding scheduling or filing, please contact Chancery Court at (901) 222-3900 or Circuit Court at (901) 222-3800.

**NOTICE: YOU CAN BE FOUND IN CONTEMPT OF COURT FOR FAILING TO COMPLY WITH THIS SUBPOENA AND IF FOUND GUILTY OF CONTEMPT YOU MAY BE FINED, IMPRISONED, OR BOTH.**

(This is a general form subpoena. The party issuing the subpoena is responsible for complying with any provision of law imposing additional notice requirements that apply to the pending case or to the type of records being sought under this subpoena.)

## RETURN OF SERVICE

Check one of the following boxes. Box 1 or Box 2 is only for the return by an authorized officer, by an attorney, or by an attorney's agent pursuant to Tenn. Code Ann. § 23-2-105, the return by an attorney or the attorney's agent must be sworn to. Box 3 is only for the person named in the subpoena (or the authorized representative of an organization named in the subpoena) who acknowledges service, and such person must sign in the signature box below.

☐ 1. I certify that on the date indicated below I served a copy of this subpoena on (state the identity of the person served, and the place and manner of service): _____

☐ 2. I was unable to serve a copy of this subpoena on the person named in the subpoena because _____

☐ 3. I acknowledge being served with this subpoena on the date indicated below.

| FOR RETURN BY ATTORNEY OR ATTORNEY'S AGENT: | DATE OF SERVICE: |
|---|---|
| Sworn to and subscribed before me on this ____ day of _____, 20___ | SIGNATURE OF OFFICER, ATTORNEY OR ATTORNEY'S AGENT, OR PERSON ACKNOWLEDGING SERVICE: |
| ☐ Notary Public or ☐ Deputy Clerk: | |
| My Commission Expires: | |

Docket: CH-24-1848-2

IN THE CHANCERY CIRCUIT COURT

OF TENNESSEE
FOR THE
THIRTIETH JUDICIAL
DISTRICT AT MEMPHIS

SUBPOENA

RANDEL EDWARD PAGE JR.

vs

UNITED STATES OF AMERICA, ET AL

EXHIBIT TO SUBPOENA

RE: RANDEL EDWARD PAGE JR. VS. UNITED STATES OF AMERICA ET AL., Docket No. CV-24-1646-1

Please produce the following:

1. Pursuant to 5 USC 552a – Any and all documents, communications, records, data, financial instruments and bank accounts created by the UNITED STATES OF AMERICA and its STATES associating RANDEL EDWARD PAGE JR with the social security # of 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 and the birth certificate # of 141-73-022313

2. Any and all Government agencies, officials, high government officials, officers, agents, persons, individuals, informants, state actors, contractors, third party contractors engaged in the origination and design of operations to implant officials, officers, agents, persons, individuals, informants, state actors, contractors or third-party contractors with RANDEL EDWARD PAGE JR for purposes of collecting information.

3. Any and all Government agencies, officials, high government officials, officers, agents, persons, individuals, informants, state actors, contractors or third-party contractors engaged in the origination and design of operations to implant officials, officers, agents, persons, individuals, informants, state actors or contractors with RANDEL EDWARD PAGE JR for purposes of collecting information and/or the inducement of crime.

4. Any and all documents, communications and records filed or submitted to the UNITED STATES OF AMERICA, its STATES and agencies associated with RANDEL EDWARD PAGE JR having the social security # of 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

5. Any and all information regarding 26 U.S. Code § 9511 - Patient-Centered Outcomes Research Trust Fund, including any and all records, notes, electronic communications, including any electronic data transaction file reflecting, referring and relating to bank accounts, legal ownership and beneficial ownership individually or jointly with any person or entity. Banking information to include:

    *Account opening documents, Names of Trustees, deposits, including signature cards, and any changes made, including power of attorney or adding or subtracting individuals from the accounts

    *Account closing documentation

    *Change of address for any and all accounts
    *Trusted contact form or names of persons permitted view only

* Powers of attorney
* Monthly statements
* Deposit tickets and offset items
* Withdrawals -- slips and type
* Checks -- back and front
* Bank checks -- certified checks, cashier's checks, official checks, or teller's checks
* Money orders

* Wire transfers -- in or out of the account -- with detail showing origins and destinations, account numbers and financial institutions; any other ACH documentation
* Debit card activity and location
* Prepaid and debit cards
* ATM withdrawals and location
* Related credit card activity
* Corporate documents -- including opening documents, amendments or changes of any kind; tax returns, financial statements of any kind, including documents from the attorney representative
* Notary log, with transactions related to the entities, trustees and beneficiaries
* Currency Transaction Reports
* Tax statements: Forms 1099 and any other relevant form state or federal tax forms

* Safe Deposit box records including opening documents, signature cards, access record logs and any closing documents

* Any and all online banking information, including email or other addresses

6.  Any and all information and records regarding the Centers for Medicare and Medicaid Services (Merit Based Incentive Payment System) "MIPS", including legal ownership, beneficial ownership and banking information to include:

    * Account opening documents, Names of Trustees, deposits, including signature cards, and any changes made, including power of attorney or adding or subtracting individuals from the accounts

    * Account closing documentation

    * Change of address for any and all accounts

    * Trusted contact form or names of persons permitted view only

    * Powers of attorney

    * Monthly statements

    * Deposit tickets and offset items

*Withdrawals – slips and type

*Checks – back and front

*Bank checks – certified checks, cashier's checks; official checks or teller's checks

*Money orders

*Wire transfers – in or out of the account – with detail showing origins and destinations, account numbers and financial institutions; any other ACH documentation

*Debit card activity and location

*Prepaid and debit cards

*ATM withdrawals and location

*Related credit card activity

*Corporate documents – including opening documents, amendments or changes of any kind, tax returns, financial statements of any kind, including documents from the attorney representative

*Notary log, with transactions related to the entities, trustees and beneficiaries

*Currency Transaction Reports

*Tax statements: Forms 3099 and any other relevant form state or federal tax forms

*Safe Deposit box records including opening documents, signature cards, access record logs and any closing documents

*Any and all online banking information, including email or other addresses

7. Any and all information and records regarding the Centers for Medicare and Medicaid Services (Bundled Payments for Care Improvement "BPCI" Initiative), including an accounting of the NEW TECHNOLOGY PAYMENTS, legal ownership, beneficial ownership information and banking information to include:

*Account opening documents, Names of Trustees, deposits, including signature cards, and any changes made, including power of attorney or adding or subtracting individuals from the accounts

*Account closing documentation

*Change of address for any and all accounts

*Trusted contact form or names of persons permitted view only

*Powers of attorney

*Monthly statements

*Deposit tickets and offset items
*Withdrawals – slips and type
*Checks – back and front

*Bank checks – certified checks, cashier's checks, official checks or teller's checks
*Money orders
*Wire transfers – in or out of the account – with detail showing origins and destinations, account numbers and financial institutions; any other ACH documentation
*Debit card activity and location
*Prepaid and debit cards
*ATM withdrawals and location
*Related credit card activity
*Corporate documents – including opening documents, amendments or changes of any kind; tax returns, financial statements of any kind, including documents from the attorney representative
*Notary log, with transactions related to the entities, trustees and beneficiaries
*Currency Transaction Reports
*Tax statements: Forms 1099 and any other relevant form state or federal tax forms
*Safe Deposit box records including opening documents, signature cards, access record logs and any closing documents
*Any and all online banking information, including email or other addresses

8.  Any and all documents, communications and records of all parties that benefit from the use of Centers for Medicare and Medicaid Services (Merit Based Incentive Payment System) "MIPS".

9.  Any and all documents, communications and records of all parties that benefit from the use of Centers for Medicare and Medicaid Services (Bundled Payments for Care Improvement "BPCI" Initiative).

# Exhibit 13

IN THE SHELBY COUNTY CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICAL DISTRICT AT MEMPHIS

RANDEL EDWARD

PAGE, JR.,

Petitioner,


Vs


UNITED STATES

OF AMERICA, ET AL.,

Defendants.

SHELBY COUNTY
CHANCERY COURT

**MAY 19 2025**

W. AARON HALL, C & M
TIME:_____BY:_____

Case: CH-20-0288

CHANCELLOR MELANIE
TAYLOR JEFFERSON


**MOTION TO RECUSE**

**Petitioner's Motion To Recuse Chancellor Melanie Taylor Jefferson**

Petitioner RANDEL EDWARD PAGE JR., submits this Motion to Recuse
CHANCELLOR MELANIE TAYLOR JEFFERSON, and in support thereof states as
follows:

1. The Petitioner filed CASE NO. CH-24-1646 in the Shelby County Chancery for an
   injunction to stop the Fraud on the Court. The evidence submitted to the Court proves
   a Conspiracy to commit fraud and cover up the theft of the Petitioner's property.

2. As part of the conspiracy, the Petitioner's counsel JOHN B. TURNER attempted to
   extort the Petitioner in CASE NO. CH-20-0288 by setting him up with THE CRONE
   LAW FIRM. JOHN TURNER's breach of fiduciary duty to the Petitioner has caused
   the petitioner financial harm.

3. JOHN TURNER furthered the conspiracy by not reporting the Fraud on the Court and
   referring the Petitioner to attorney RICHARD GLASSMAN. TURNER stated that
   GLASSMAN will sue other attorneys, referring to attorney JOHN MCMANUS.

4. The Petitioner met with attorney RICHARD GLASSMAN to discuss the illegal
   eviction in the Chancery Court CASE NO. CH-20-0288 and the conspiracy to cover
   up the theft of his property in the Circuit Court CASE NO. CT-000704-17. The
   meeting set up by TURNER was intended for GLASSMAN to gain knowledge of the
   evidence in possession of the Petitioner. At the end of the meeting, attorney
   GLASSMAN informed the Petitioner that he represented THE CITY OF MEMPHIS,
   JUDGE MARY WAGNER and EVANS PETREE Law Firm.

5. The Petitioner filed a suit in the Federal Court for conspiracy and violations of due
   process CASE NO. 3:2023cv00851. After filing the complaint JOHN TURNER
   contacted the Petitioner and requested the Petitioner return CASE NO. CH-20-0288
   to THE CRONE LAW FIRM.

6. A crime report was filed with the MEMPHIS POLICE DEPARTMENT and evidence
   submitted to the ECONOMICS CRIME BUREAU regarding EVANS PETREE's
   breach of fiduciary duty and the theft of his property.

7. The Petitioner filed claims with the TENNESSEE BUREAU OF PROFESSIONAL
   RESPONSIBILITY and the TENNESSEE LAWYERS FUND regarding the Fraud.

8. CHANCELLOR JEFFERSON communicated to the Petitioner that she has not reviewed the evidence submitted to the Court by the Petitioner. The court is expected to scan in the documents for the Court file and maintain the originals. The court is to consider all evidence submitted during the proceedings.

9. CHANCELLOR JEFFERSON has ignored the Petitioner's Motion for In Camera Review.

10. Attorney DENNIS GOLDASICH, MONORAIL HEALTH CARE SERVICES counsel in the Shelby County Circuit Court CASE NO. CT-000704-17 against EPIC SYSTEMS and BAPTIST MEMORIAL HEALTH CARE SERVICES contacted the Petitioner and stated, "they're all dirty." Attorney GOLDASICH named the Corporations, their Agents and the Law Firms representing the PARTIES. The PARTIES include the law firms, HARRIS SHELTON, BOURLAND HEFLIN, EVANS PETREE, BUTLER SNOW and BURCH PORTER. The evidence provided by attorney GOLDASICH regarding the Fraud in CASE NO. CT-000704-17 was turned over to the CHANCERY COURT by the Petitioner.

11. The Petitioner discovered that attorney RICHARD GLASSMAN and attorney ALAN CRONE are on a committee to raise funds for CHANCELLOR JEFFERSON. A clear conflict of interest exists between CHANCELLOR JEFFERSON and co-conspirators. Exhibit 1

12. The Petitioner located a document presented by JUDGE MARY WAGNER regarding RECUSAL. Exhibit 2

The document states the SUPREME COURT's appropriate standard for RECUSAL is the following:

Even if a judge believes he can be fair and impartial, the judge should disqualify himself when 'the judge's impartiality might be reasonably questioned' because 'the appearance of bias is as injurious to the integrity of the judicial system as actual bias.'

14. The Petitioner received confirmation from the UNITED STATES POSTAL SERVICE that documents were served on the PARTIES including the Summary Judgement.

15. The Petitioner has provided the Court with evidence of a conspiracy to commit Fraud on the Court and the cover up of the theft of the petitioner's property. The petitioner demands for "good cause," CHANCELLOR JEFFERSON:

   a.  Answer the Petitioner's Motion to Clarify.

   b.  Sign the ORDERS submitted by the Petitioner.

SUBMITTED this 19th day of May 2025.

Pro Se: Randel Edward Page Jr.
3504 Milford Cove
Collierville, TN 38017

## Certificate of Service

I hereby certify that on May 19th ,2025, I served upon the below individuals listed copies of this document via USPS certified mail (with return receipt).

JOHN E. MCMANUS
7842 FARMINGTON BOULAVARD
GERMANTOWN, TN 38138-2904

AMERICAN EXPRESS NATIONAL BANK
ZWICKER & ASSOCAIATES, P.C.
5409 MARYLAND WAY, SUITE 310
BRENTWOOD, TN 37027
ATTY. MICHELLE S. MOGHADOM

CIVIL PROCESS CLERK
US ATTORNEYS OFFICE
601 D STREET, NW
WASHINGTON, DC 20530

PAM BONDI, ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530-0001

JOESEPH C. MURPHY JR., US ATTORNEY
US ATTORNEYS OFFICE
167 N. MAIN STREET #800
MEMPHIS, TN. 38103

# MilesMason

*Working On Your Behalf: Memphis Divorce Lawyers Miles Mason Family Law Group*

HOME    DIVORCE»    CHILD SUPPORT»    CHILD CUSTODY»    ALIMONY»    PROPERTY DIVISION»
FAMILY LAW BLOG»

## Fundraiser for Chancellor Melanie Taylor Jefferson & Judge Carol J. Chumney

*at SEPTEMBER 10, 2022   by MILES MASON   in NEWS*                                    0

Please join us for a joint fundraiser for the newly elected

Chancellor Melanie Taylor Jefferson
-and-
Judge Carol J. Chumney

SEARCH MEMPHISDIVORCE.COM

**TOPICS**

AFTER DIVORCE
ALIMONY (GENERAL)
Alimony cases sorted by length of marriage:
  0-9 YEARS MARRIED
  10-14 YEARS MARRIED
  15-19 YEARS MARRIED

# Exhibit 1



### Host Committee

Anthony Bradley

G'l Buic

Michael Campbell

Alan Crone

Bradley Eskins

Richard Glassman

Psonya Hackett

Anne Homer

Brooks Irvine

Arne Johnson

James King

Patrick Mason

Miles Mason, Sr.

### Donate Now:

### Chancellor Melanie Taylor Jefferson

### Judge Carol J Chumney

Thank you to all of the Host Committee for making this event a success. The Host Committee is listed following the videos and photos from the event. Led by Sarah Leonard, the Capital Grille did a phenomenal job hosting the event.

MILITARY (GENERAL)
MILITARY DIVORCE
NEWS
POSTNUPTIAL AGREEMENT
PRENUPTIAL AGREEMENT
PROPERTY DIVISION (GENERAL)
PROPERTY CLASSIFICATION
PROPERTY VALUATION
RECOMMENDED READING

View Chancellor Melanie Taylor Jefferson, Shelby County, Tennessee Chancery Court speaking HERE.

Denise McCrary
Bruce McMullen
Mitch Moskovitz
Gordon Olswing
Lucian T. Pera
Michael Scholl
Gary K. Smith
Joseph W. Smith
Dan Taylor
Corey B. Trotz
Kay Turner
Bill Walk
Frank Watson
Cary Woods

## FROM THE BLOG

*Chriselle Lim and Allen Chen Divorce*

*Peskind is Back! This time teaching oral advocacy.*

*Sen. Brent Taylor Helping with Avoiding Elimination of Two Shelby County*

## YOUR FIRST STEPS

# Exhibit 2

# RECUSAL

Presented by Judge Steve Stafford and Judge Mary Wagner

## Introduction

*Harrison v. Wisdom*, 54 Tenn. 99 (Tenn. 1872).

- In 1862, the residents of Clarksville convened a public meeting to discuss the impending invasion of the Union. According to the Opinion:

> There was at the time in the hands of merchants and dealers in the city a large quantity of whiskey and other spirituous liquors, which it was supposed would imperil the lives and property of the inhabitants if it should fall into the hands of the Federal soldiery, then flushed with victory and inflamed with the evil passions of civil war. It was therefore resolved by the citizens, convened as aforesaid, to destroy said spirituous liquors, as a measure of safety, and to recommend to the common council of said city, and to the county authorities, to levy a special tax upon the people in order to raise a fund for the reimbursement of those whose property should be thus destroyed.

- The town, therefore, resolved to appoint agents to confiscate and destroy the offending liquor.
- Plaintiff's liquor was destroyed as a result of the town meeting and he later filed suit to recover his loss. During the proceedings it was revealed that the trial judge was present at the town meeting referenced above. Accordingly, plaintiff filed a motion to recuse the trial judge, which was later denied.
- On appeal, the Tennessee Supreme Court affirmed the trial court's denial of the recusal motion, explaining:

> We are not prepared to say that the Circuit Judge who presided at the trial of this cause had such an interest in the result as disqualified him from sitting in judgment upon it. The Constitution of this State provides that no judge of the Supreme or inferior courts shall preside on the trial of any cause in the event of which he may be interested, or when either of the parties shall be connected with him by affinity or consanguinity, within such degrees as may be prescribed by law, or in which he may have presided in any inferior court, except by consent of all the parties: Art. 5, s. 11. This provision is certainly broad enough to fortify the integrity of the courts against suspicion; for the mere blemish of suspicion is, to the judicial ermine, a blot of defilement. It was an observation of Lord Coke that even

1

- The Tennessee Supreme Court concluded that the trial judge's mere presence at the meeting was insufficient to require recusal.

### Basis for Disqualification

- Section 2.11 of the Rules of Judicial Conduct provides: "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned . . . ."
  - When might a judge's impartiality be reasonably questioned?
    - Personal bias or prejudice against a party or lawyer
    - Personal knowledge of the facts in dispute
    - Third degree relationship with party, lawyer, material witness, or person with more than a de minimis interest in the outcome
    - Judge or judge's close relative has an economic interest in the litigation
    - Judge knows that party, lawyer, or law firm involved in case had made a campaign contribution such that the judge's impartiality may reasonably be questioned.
    - Judge has made a public statement outside of court that appears to commit the judge to reaching a particular result
    - Judge previously represented a party, or presided over the matter in an inferior court or judicial settlement conference
  - Parties can waive all conflicts other than for bias, prejudice, or participation in a judicial settlement conference, if the judge informs the parties of the issue on the record.
  - If no other judge is able to hear the case, the rule of necessity may allow the judge to hear the case "in spite of [the judge's] possible bias" if no one else is authorized to act. *Gay v. City of Somerville*, 878 S.W.2d 124, 128 (Tenn. Ct. App. 1994) (involving an administrative decision where only the Mayor and Board of Alderman were authorized to act).

- *Bean v. Bailey*, 280 S.W.3d 798 (Tenn. 2009) (holding that recusal is based upon an objective standard).
  - Plaintiff sought recusal of the trial judge in a personal injury case based upon the acrimonious relationship between the trial judge and plaintiff's counsel. The trial court denied the motion on the basis that he could be fair and impartial.

3

o The Supreme Court reversed, ruling that the trial judge applied an improper, subjective standard. According to the Court, the appropriate standard requires:

> Even if a judge believes he can be fair and impartial, the judge should disqualify himself when 'the judge's impartiality might be reasonably questioned' because 'the appearance of bias is as injurious to the integrity of the judicial system as actual bias.' . . . In making his decision, Judge Wilson failed to consider whether a person of ordinary prudence in his position would find a reasonable basis to question his impartiality in light of the acrimonious history recounted above. In considering only his own belief that he could be fair and impartial and that he had no bias or prejudice, Judge Wilson erred.

o Because the trial judge had a previous acrimonious relationship with plaintiff's counsel, there was a "reasonable factual basis for doubting [the judge's] impartiality." Specifically, among other things, "Judge Wilson requested twice that the T.B.I. investigate [the attorney] for criminal conduct and accused [the attorney] and members of his firm of tampering with political polls and having knowledge of a wiretap on Judge Wilson's phone. Both Judge Wilson and [the attorney] filed claims for misconduct against one another." Thus, recusal was warranted.

### Procedure for Disqualification
### Tennessee Supreme Court Rule 10B

- Party seeking recusal must file a timely written motion. Judge is to take no action in case until motion is disposed of.
  o After a motion for disqualification has been lodged, judge must grant or deny recusal motion by written order. If denying the motion, the court must state the grounds for denying the motion. If granting the motion, no written grounds are required.
- If the judge denies the recusal motion, the moving party has the right to an accelerated interlocutory appeal pursuant to Tennessee Supreme Court Rule 10B, Section 2.01.

4

IN THE SHELBY COUNTY CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICAL DISTRICT AT MEMPHIS

RANDEL EDWARD

PAGE, JR.,

Petitioner,


Vs


UNITED STATES

OF AMERICA, ET AL.,

Defendants.



Case: CH-20-0288

CHANCELLOR MELANIE
TAYLOR JEFFERSON

### AFFIDAVIT IN SUPPORT OF RECUSAL

1. The Petitioner, RANDEL EDWARD PAGE JR., has provided the Shelby County Chancery Court with substantial and material evidence of the Fraud being committed against him. Affidavits have been filed with the Court regarding the Fraud. The Petitioner states the Affidavits are the Truth and Fact on the record.

2. CHANCELLOR JEFFERSON communicated to the Petitioner that she has not reviewed the evidence turned over to the Court that proves the conspiracy and Fraud on the Court.

3. The evidence submitted to the Court has not been scanned into the Court file.

4. The Petitioner discovered a clear conflict of interest between CHANCELLOR JEFFERSON and co-conspirators.

5. CHANCELLOR JEFFERSON has ignored the Petitioners Motion for in camera review.

SUBMITTED this 9th day of May 2025,

Pro Se: Randel Edward Page Jr.
3504 Milford Cove
Collierville, TN 38017

3-06-2027

STATE
OF
TENNESSEE
NOTARY
PUBLIC

## Certificate of Service

I hereby certify that on May 19th ,2025, I served upon the below individuals listed copies of this document via USPS certified mail (with return receipt).

JOHN E. MCMANUS
7842 FARMINGTON BOULAVARD
GERMANTOWN, TN 38138-2904

AMERICAN EXPRESS NATIONAL BANK
ZWICKER & ASSOCAIATES, P.C.
5409 MARYLAND WAY, SUITE 310
BRENTWOOD, TN 37027
ATTY. MICHELLE S. MOGHADOM

CIVIL PROCESS CLERK
US ATTORNEYS OFFICE
601 D STREET, NW
WASHINGTON, DC 20530

PAM BONDI, ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530-0001

JOESEPH C. MURPHY JR., US ATTORNEY
US ATTORNEYS OFFICE
167 N. MAIN STREET #800
MEMPHIS, TN. 38103

# Exhibit 14

Memo Report      **Shelby County Sheriff's Office**    Report # 2507001095SH

## 3504 Milford Cv, Collierville, TN

| | | | |
|---|---|---|---|
| *District:* | Collierville | *Lat./Long.:* | 35.2847531, -89.672411 |
| *Occurred:* | 06/05/2025 09:00 – 06/05/2025 10:00 | *Arrived:* | 07/28/2025 09:50 |
| *Reported:* | 07/28/2025 10:05 | | |
| *Approved:* | 07/28/2025 11:54 | *Approved By:* | Marco A. Yzaguirre |
| | ☐ Complainant wishes to prosecute | *Memo Routing:* | Shelby County Sheriffs Office |
| | | *How Call Received:* | Walk-In |
| | | *Lighting Conditions:* | Daylight |
| | | *Weather:* | Clear |
| | | *Use of Force:* | No |
| | | *In-car Video Utilized:* | Yes: 1640 |
| | | *Body Cam Utilized:* | Yes |

| Officer | Involvement | Employee # | Car # |
|---|---|---|---|
| B. Thomas | Reporting | S10515 | 145 |

## Complainant

| | | | |
|---|---|---|---|
| *Name:* | **Page, Randel E** | *Alias:* | |
| *SSN:* | 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 | *Driver's License:* | 067478517, TN |
| *Home Phone:* | 901-351-6060 | *Address:* | 3504 Milford Cv |
| *Cell Phone:* | | *City/State/Zip:* | Collierville, TN 38017-3606 |
| *Email:* | | | |
| *Date of Birth:* | 04/05/1971 (54) | *Sex:* | Male |
| *Race:* | White | *Language:* | English |
| *Occupation:* | | *Employer:* | |
| *Work Phone:* | | *Work Address:* | |
| *Reported:* | 07/28/2025 10:05 | *City/State/Zip:* | |

## Narrative/Case Notes

*Reported:* 07/28/2025 09:50          *Reported By* B. Thomas

*Narrative:* On 07/28/2025 at 09:50 hours, Deputy B. Thomas (S10515) reported a walk in memo at 3504 Milford Cv. Upon arrival, Deputy Thomas met with complainant Randel Page who stated he received a civil warrant from the Shelby County Sheriff's Office on 01/25/25 regarding a lawsuit file against him from American Express National Bank for 18,607.40 from Zwicker & Associates. Randel Page stated he contacted the law firm, which is based in Andover MA, and was advised they do not have jurisdiction to practice law in the State of TN. Randel Page stated he went to court on 06/05 and stated he met with an attorney about the fraudulent lawsuit and was advised they do not handle American Express cases. Randel Page advised Zwicker & Associates files false civil lawsuits against him due to trying to take him money and an eviction that occured at a business he previously owned. MVR and BWC were in use throughout this investigation. This did occur in Shelby County, TN.

# Exhibit 15

 Gmail

# Case# 25070001095SH
2 messages

---

**Henderson, Christopher** <Christopher.Henderson@shelby-sheriff.org>
To: "randelpage@gmail.com" <randelpage@gmail.com>

Thu, Jul 31, 2025 at 9:59 AM

Case# 2507001095

Detective C. Henderson

Shelby County Sheriff's Office

General Investigative Bureau

201 Poplar Ave, Rm 9-24

Memphis, TN 38103

Cell: (901) 569-7326

📄 **Case# 2507001095SH.PDF**
34K

---

**Rand Page** <randelpage@gmail.com>
To: Christopher Henderson <christopher.henderson@shelby-sheriff.org>

Fri, Aug 8, 2025 at 7:33 AM

Detective Henderson,

This email is a formal request to meet with you and Sergeant Yzaguirre regarding this matter.

Please advise.

Randel Page Jr.
901-351-6060

On Jul 31, 2025, at 9:59 AM, Henderson, Christopher <Christopher.Henderson@shelby-sheriff.org> wrote:

[Quoted text hidden]

📄 **Case# 2507001095SH.PDF**
34K

# Exhibit 16

M Gmail

**Florida Street Warehouse**

2 messages

Randel Page <randelpage@gmail.com>

**Randel Page** <randelpage@gmail.com>
To: Jack Turner <jack@johnbturnerlaw.com>

Thu, Feb 27, 2020 at 4:05 PM

[Quoted text hidden]

📎 **Page Estimate.pdf**
3K

**ken@drmemphis.com** <ken@drmemphis.com>
To: randelpage@gmail.com

Wed, Jan 29, 2020 at 1:53 PM

Good afternoon Randel,

Thanks for letting us help. Here is the project estimate.

Happy Wednesday,

Ken

—

Ken Harlan

Disaster Response and Restoration
Office 901-213-8121
Cell 901-591-6151
ken@drmemphis.com

📎 **Page Estimate.pdf**
3K

| | | | | |
|---|---|---|---|---|
| Insured: | Randel Page | | Home: | (901) 351-6060 |
| Property: | 1797 Florida Street | | E-mail: | randelpage@gmail.com |
| | Memphis, TN 38109 | | | |
| Claim Rep.: | DRR | | Business: | (901) 213-8121 |
| | | | E-mail: | ken@drrmemphis.com |
| Estimator: | DRR | | Business: | (901) 213-8121 |
| | | | E-mail: | ken@drrmemphis.com |

**Claim Number:** 000    **Policy Number:** 000    **Type of Loss:** Water Damage

| | | | |
|---|---|---|---|
| Date Contacted: | 1/28/2020 12:00 AM | | |
| Date of Loss: | 1/28/2020 12:00 AM | Date Received: | 1/28/2020 12:00 AM |
| Date Inspected: | 1/28/2020 12:00 AM | Date Entered: | 1/28/2020 11:04 AM |
| Date Est. Completed: | 1/29/2020 1:47 PM | | |

| | |
|---|---|
| Price List: | TNME8X_JAN20 |
| | Restoration/Service/Remodel |
| Estimate: | 2020-01-28-1104 |

**2020-01-28-1104**

**2020-01-28-1104**

| DESCRIPTION | QTY | UNIT PRICE | TOTAL |
|---|---|---|---|
| 1. Evaluate pack & inventory misc items – per Sml box | 12,971.00 EA @ | 4.63 = | 60,055.73 |
| Includes all necessary on site work. | | | |
| 2. Evaluate pack & inventory misc items – per Sml box | 12,971.00 EA @ | 1.78 = | 23,088.38 |
| Relocation if required within 15 miles of current warehouse. Excludes unloading at new facility. | | | |

## Summary for Contents

Line Item Total                                                      83,144.11

**Replacement Cost Value**                                          **$83,144.11**
**Net Claim**                                                        **$83,144.11**

DRR

# Re: Box and File restoration

**Rand Page** <randelpage@gmail.com>

to mark

Mark,

I have a quote for you to review.

Let me know when would be a good time to go over it?

Rand

Sent from my phone

Feb 7, 2020, 12 04 PM

# M Gmail

Randel Page <randelpage@gmail.com>

## Insurance Claim

6 messages

---

**ken@drmemphis.com <ken@drmemphis.com>**
To: randelpage@gmail.com

Wed, Jan 29, 2020 at 2:08 PM

Ken Harlan

Disaster Response and Restoration
Office 901-213-8121
Cell 901-591-6151
ken@drmemphis.com

📄 **Randel Claim.pdf**
3K

---

**Rand Page <randelpage@gmail.com>**
To: Jack Turner <jack@johnbturnerlaw.com>

Thu, Feb 27, 2020 at 4:05 PM

[Quoted text hidden]

📄 **Randel Claim.pdf**
3K

---

**Rand Page <randelpage@gmail.com>**
To: Jack Turner <jack@johnbturnerlaw.com>

Fri, May 20, 2022 at 11:13 AM

Jack,

Please get and affidavit from DRR.

1. Inspection of warehouse.
2. Damage to boxes
3. Safety of warehouse
4. Pictures and videos taken by DRR

Also, a statement that they were present for the TRO and witnessed Mr. McManus' untruths to the court regarding the condition of the warehouse and the condition of the inventory.

Sent from my iphone

Begin forwarded message:

**From:** ken@drmemphis.com
**Date:** January 29, 2020 at 2:08:43 PM CST
**To:** randelpage@gmail.com
**Subject: Insurance Claim**

[Quoted text hidden]

📄 **Randel Claim.pdf**
3K

Fri, May 20, 2022 at 1:21 PM

**Jack Turner** <jack@johnbturnerlaw.com>
To: Rand Page <randelpage@gmail.com>

Do you want me to keep representing you on this?

Sent from my iPhone

On May 20, 2022, at 11:13, Rand Page <randelpage@gmail.com> wrote:

[Quoted text hidden]

📄 **Randel Claim.pdf**
3K

Fri, May 20, 2022 at 4:03 PM

**Rand Page** <randelpage@gmail.com>
To: Jack Turner <jack@johnbturnerlaw.com>

Jack,
It's my belief the illegal eviction was part of a conspiracy. Still working on the MSJ.

Sent from my iphone

On May 20, 2022, at 1:21 PM, Jack Turner <jack@johnbturnerlaw.com> wrote:

[Quoted text hidden]
<Randel Claim.pdf>

Do you want me to keep representing you on this?

Jack Turner <jack@johnbturnerlaw.com>
To: Rand Page <randelpage@gmail.com>                                      Fri, May 20, 2022 at 4:18 PM

I understand that, but are you asking me to continue to represent you on this?

Sent from my iPhone
[Quoted text hidden]

UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT OF TENNESSEE

In re:

UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION
RECEIVED

APPERSON CRUMP PLC,

FEB 0 5 2026

Debtor.

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

Case No. 25-11660 Chapter 7

AFFIDAVIT OF RANDEL EDWARD PAGE JR. IN SUPPORT OF PROOF OF CLAIM NO. 4-2

I, Randel Edward Page Jr., being first duly sworn upon oath, depose and state as follows:

# I. AFFIANT'S IDENTITY AND COMPETENCY

1. I am over the age of eighteen (18) years and am competent to make this Affidavit. I have personal knowledge of the facts set forth herein and could testify competently to them if called as a witness in this matter.
2. I am the creditor who filed Proof of Claim No. 4-2 in the above-captioned bankruptcy case.
3. I submit this Affidavit in support of my Proof of Claim filed against Debtor Apperson Crump PLC ET AL.

# II. JURISDICTION AND BASIS FOR CLAIM

4. This claim arises from fraudulent conduct, conspiracy, fraud on the court, theft of my property, and violations of my civil rights in which Apperson Crump PLC actively participated as a co-conspirator.
5. The fraudulent activities perpetrated by Apperson Crump include, but are not limited to, the creation and submission of a fraudulent billing statement to me, which was manufactured for the purpose of creating false debt against me as part of a broader criminal conspiracy to cover up the theft of my property by the United States government.

# III. THEFT OF PROPERTY BY THE UNITED STATES

6. My property was unlawfully stolen and is currently in the possession of the United States government.
7. I have filed a Federal Tort Claims Act (FTCA) claim against the United States government seeking the return of my stolen property and damages arising from the theft and subsequent cover-up.

8. Under the Federal Tort Claims Act, 28 U.S.C. § 2674, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances," thereby treating the United States as a person subject to liability identical to any civilian.

9. The FTCA claim has been properly filed with the appropriate federal agency and is proceeding through the administrative and judicial process required by federal law.

# IV. APPERSON CRUMP'S ROLE IN THE CONSPIRACY

10. Apperson Crump PLC was retained or became involved in matters related to my property and the actions of the United States government.

11. Rather than providing lawful legal services, Apperson Crump participated in a conspiracy to conceal the theft of my property and to fraudulently manufacture claims against me.

12. On or about June 7th, 2021, Apperson Crump sent me a fraudulent billing statement seeking payment for legal services that were either not performed, performed in furtherance of the conspiracy, or manufactured entirely for the purpose of creating false debt against me.

13. The fraudulent billing statement was created as part of the cover-up of the theft of my property and to discourage me from pursuing my rightful claims.

14. A true and correct copy of the fraudulent billing statement from Apperson Crump is attached hereto as **Exhibit A.**

# V. THE BROADER CONSPIRACY

15. The conspiracy to cover up the theft of my property extends beyond Apperson Crump and includes multiple parties and institutions, including but not limited to:

   a. The United States government and its agents;

   b. The Tennessee Board of Professional Responsibility;

   c. Then-U.S. Attorney Kevin Ritz (now United States Circuit Judge for the Sixth Circuit Court of Appeals);

   d. Other individuals and entities named.

16. Each of these parties has taken actions to conceal the theft, obstruct justice, and prevent me from obtaining the return of my property or compensation for the theft.

# VI. CONTACT WITH FEDERAL OFFICIALS AND FAILURE TO INVESTIGATE

17. I contacted then-U.S. Attorney Kevin Ritz regarding the fraud on the court and the theft of my property, to include criminal conduct.

18. Mr. Ritz, in his official capacity as United States Attorney for the Western District of Tennessee, neglected and refused to investigate the reported theft.

19. I have named Kevin Ritz as a defendant in my FTCA claim due to his participation in the cover-up through his failure to investigate and take appropriate action.

20. Mr. Ritz was subsequently appointed to the United States Court of Appeals for the Sixth Circuit. I believe his appointment was, in part, to position him to interfere with any appeals I might file arising from related litigation, including fraud on the court proceedings in the Middle District of Tennessee.

# VII. FRAUD ON THE COURT - MIDDLE DISTRICT OF TENNESSEE

21. I filed a civil action in the United States District Court for the Middle District of Tennessee asserting civil rights violations and requesting injunctive relief related to the theft of my property and the conspiracy to cover it up. Case No. 3:23-cv-00851

22. When a request for an injunction is made in federal district court, the Chief Judge is required to preside over the case pursuant to applicable rules and procedures.

23. Despite this requirement, the Chief Judge of the Middle District improperly referred my case to a magistrate judge without my consent.

24. I did not consent to the referral to the magistrate judge, as is required under 28 U.S.C. § 636(c) for the magistrate judge to exercise jurisdiction over dispositive matters.

25. I filed an affidavit with the Middle District court citing the continued cover-up of civil rights violations and objecting to the improper magistrate referral.

26. My affidavit went unrebutted by any party.

27. Nevertheless, the judge dismissed my case, and the district court entered an adversarial judgement furthering the conspiracy against my civil rights.

28. The improper referral to the magistrate judge, the dismissal despite my unrebutted affidavit, and the procedural irregularities constitute fraud on the court.

29. Fraud on the court is not subject to any statute of limitations and can be challenged at any time through an independent action pursuant to Federal Rule of Civil Procedure 60(d)(3).

30. A true and correct copy of the affidavit I filed in the Middle District case is attached hereto as **Exhibit B**.

31. A true and correct copy order from the Middle District is attached hereto as **Exhibit C**.

# VIII. FBI INVESTIGATION AND CRIMINAL REFERRALS

32. I have met with agents of the Federal Bureau of Investigation (FBI) and submitted substantial evidence regarding the theft of my property, the conspiracy to cover it up, and the fraudulent conduct of Apperson Crump.

33. The FBI agent I met with is assigned to the division that investigates human trafficking.

34. One of the co-conspirators involved in this matter has been indicted for sex trafficking of a minor in federal court.

35. The FBI agent referred me to the IC3.org website (Internet Crime Complaint Center) and the white collar crime division of the FBI to file additional complaints regarding the fraudulent billing and conspiracy.
36. The FBI agent has taken several telephone calls from me and has responded to text messages regarding the fraudulent bill sent to me by Apperson Crump as part of the cover-up.
37. I have provided copies of evidence to the FBI, including documentation of Apperson Crump's fraudulent billing and participation in the conspiracy.
38. I intend to provide the FBI with a copy of this Proof of Claim and all supporting exhibits as part of the ongoing criminal investigation.

# IX. EVIDENCE SUBMITTED TO DEPARTMENT OF JUSTICE

39. Prior to contacting the FBI, I submitted evidence of this conspiracy to the United States Department of Justice (DOJ).
40. The DOJ has covered up the theft of my property rather than investigating and prosecuting those responsible.
41. The DOJ's failure to act, combined with the actions of then-U.S. Attorney Kevin Ritz, demonstrates a pattern of obstruction and cover-up at the highest levels of federal law enforcement.

# X. TENNESSEE BOARD OF PROFESSIONAL RESPONSIBILITY

42. The Tennessee Board of Professional Responsibility is a party to the cover-up of the theft of my property and the fraudulent conduct of Apperson Crump.
43. The Board's involvement in the conspiracy taints all attorneys licensed through the Board, creating conflicts of interest that have made it difficult for me to obtain legal representation.
44. The Board has failed to take appropriate disciplinary action against Apperson Crump despite evidence of fraudulent billing and participation in a criminal conspiracy.

# XI. CALCULATION OF DAMAGES

45. My damages arising from Apperson Crump's fraudulent conduct and participation in the conspiracy include, but are not limited to:

a. The value of my stolen property currently held by the United States government;

b. Consequential damages arising from the deprivation of my property;

c. Damages arising from the fraudulent billing statement;

d. Emotional distress and mental anguish caused by the conspiracy and cover-up;

e. Violation of my civil rights;

f. Costs and expenses incurred in attempting to recover my property and expose the fraud;

g. Punitive damages based on the willful, malicious, and fraudulent nature of Apperson Crump's conduct.

46. The total amount of my claim is $900 Million as set forth in Proof of Claim No. 4-2.

47. This amount represents a conservative estimate of my actual damages and may be amended as additional damages are discovered or calculated.

# XII. BASIS FOR NON-DISCHARGEABILITY

48. The debt owed to me by Apperson Crump arises from fraud, false pretenses, and willful and malicious injury.

49. Under 11 U.S.C. § 523(a)(2)(A), debts obtained by false pretenses, false representation, or actual fraud are non-dischargeable in bankruptcy.

50. Under 11 U.S.C. § 523(a)(6), debts for willful and malicious injury are non-dischargeable in bankruptcy.

51. Apperson Crump's conduct in submitting a fraudulent billing statement and participating in a conspiracy to cover up the theft of my property constitutes fraud and willful and malicious injury.

52. Therefore, the debt owed to me by Apperson Crump should be determined to be non-dischargeable, and Apperson Crump should not be permitted to discharge its obligations to me through this bankruptcy proceeding.

53. I reserve the right to file an adversary proceeding pursuant to 11 U.S.C. § 523 to determine the dischargeability of this debt within the time permitted by Federal Rule of Bankruptcy Procedure 4007.

# XIII. INVOLVEMENT OF THE UNITED STATES IN BANKRUPTCY

54. I have joined the United States government as a party in this bankruptcy proceeding due to its role in the theft of my property and the conspiracy to cover up that theft.

55. Under the Federal Tort Claims Act, 28 U.S.C. § 2674, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances."

56. This provision of the FTCA characterizes the United States as a "person" subject to the same liability as any civilian defendant.

57. Because the FTCA makes the United States liable as a "person," the United States should be treated as any other creditor or party in this bankruptcy proceeding.

58. The bankruptcy court has jurisdiction over "persons" and should therefore have jurisdiction to adjudicate my claims against the United States arising under the FTCA.

59. I assert that 11 U.S.C. § 106 waives sovereign immunity for purposes of bankruptcy proceedings involving the United States.

60. I request that this Court determine it has jurisdiction over my FTCA claim against the United States and declare my claim against the United States to be an allowed claim in this bankruptcy proceeding.

# XIV. REQUEST FOR TRUSTEE INVESTIGATION

61. I respectfully request that the United States Trustee and/or the Chapter 7 Trustee investigate the fraudulent conduct of Apperson Crump and the conspiracy described herein.

62. The bankruptcy estate may have causes of action against individuals involved in the conspiracy, including claims for fraudulent transfers, breach of fiduciary duty, and other misconduct.

63. Other creditors of Apperson Crump may have been similarly defrauded, and investigation may reveal additional claims or defenses available to the estate.

64. I am willing to cooperate fully with any investigation conducted by the Trustee and will provide additional evidence and testimony as requested.

65. I have sent a letter to the United States Trustee, Carrie Ann Rohrscheib, requesting a meeting to discuss this matter in detail and present additional evidence.

# XV. RELATED PROCEEDINGS AND CONTINUED PURSUIT OF JUSTICE

66. This bankruptcy proceeding is related to multiple other legal proceedings and investigations, including:

a. My Federal Tort Claims Act claim against the United States;

b. The civil rights case in the Middle District of Tennessee involving fraud on the court;

c. The FBI investigation into criminal conduct including fraud and conspiracy;

d. Potential criminal prosecution of co-conspirators, including those indicted for sex trafficking;

e. Complaints filed or to be filed with IC3.org and the FBI white collar crime division.

67. I will continue to pursue all available legal remedies to recover my property, expose the conspiracy, and hold all responsible parties accountable.

68. This Proof of Claim is part of a comprehensive effort to seek justice through all available forums, including bankruptcy court, federal district court, criminal proceedings, and administrative processes.

# XVI. EXHIBITS ATTACHED

69. The following exhibits are attached to this Affidavit and incorporated herein by reference:

**Exhibit A:** Fraudulent billing statement from Apperson Crump PLC

**Exhibit B:** Affidavit filed in Middle District of Tennessee case

**Exhibit C:** Order denying Motion for Default Judgement from Middle District of Tennessee

**Exhibit D:** Federal Tort Claims Act (FTCA) claim documentation

**Exhibit E:** Evidence of property theft by United States government

**Exhibit F:** Correspondence with FBI regarding investigation

**Exhibit G:** Correspondence with then-U.S. Attorney Kevin Ritz

**Exhibit H:** Letter to U.S. Trustee Carrie Ann Rohrscheib dated January 12, 2026

70. All exhibits attached hereto are true and correct copies of the original documents.

# XVII. VERIFICATION AND DECLARATION

71. I have examined the information contained in this Affidavit and in Proof of Claim No. 4-2, and I have a reasonable belief that the information is true and correct.
72. I understand that an authorized signature on a Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.
73. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
74. This Affidavit is submitted in good faith and is based on personal knowledge, documentary evidence, and information I reasonably believe to be true.

EXECUTED this January day of 22nd, 2026.

RANDEL EDWARD PAGE JR. 3504 Milford Cove Collierville, TN 38017 Telephone: (901) 351-6060 Email: randelpage@gmail.com

# NOTARY SECTION

STATE OF MISSISSIPPI
COUNTY OF DESOTO

SUBSCRIBED AND SWORN to before me this 22nd day of January, 2026.

Notary Public

My Commission Expires

## CERTIFICATE OF SERVICE

I hereby certify that on this January day of 22nd, 2026, I caused a true and correct copy of the foregoing Affidavit in Support of Proof of Claim No. 4-2 to be served upon:

Justice Court of Desoto, State of Mississippi

United States Trustee: Carrie Ann Rohrscheib Office of the United States Trustee 200 Jefferson Ave., Ste 400 Memphis, TN 38103

RANDEL EDWARD PAGE JR.

# Exhibit A

# Apperson Crump
### The Law in Memphis Since 1865

*6000 Poplar Avenue, Suite 150*
*Memphis, TN 38119*
*EIN 62-0292839*

June 7, 2021

Randel Page
13535 Cathy Rd.
Byhalia, MS 38611

Invoice# 126617  BSK
Our file#  161667    0000
Billing through  06/30/2021

Re: Baptist and Eric

| | | |
|---|---|---|
| Accounts receivable balance carried forward | | $17,474.15 |
| Payments received since last invoice | | $0.00 |

**PROFESSIONAL SERVICES**

| | | | | |
|---|---|---|---|---|
| BSK | 05/26/2021 | Office conference with Bruce Smith re recent Motions filed by Epic and Baptist | 0.25 | hrs |
| | | Total Services | $127.50 | |

**FEE RECAP**

| | | |
|---|---|---|
| Kramer, Bruce S. | 0.25   hrs | $127.50 |

**BILLING SUMMARY**

| | |
|---|---|
| Total Professional Services | $127.50 |
| Total of New Charges for this Invoice | $127.50 |
| Plus Net Balance Forward | $17,474.15 |
| **Total Balance Now Due** | **$17,601.65** |

# Exhibit B

RECEIVED

AUG 14 2024

US DISTRICT COURT
MID DIST TENN

IN THE UNITED STATES COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

RANDEL EDWARD
PAGE, JR.,

Plaintiff,

vs

UNITED STATES OF
AMERICA, et al.,

Defendants.

No. 3:23-cv-00851

JUDGE CAMPBELL

MAGISTRATE JUDGE
NEWBERN

## MOTION IN OPPOSITION

The Plaintiff objects to the Chief Judges Order (Doc. No. 59).

## FACTS

1. The Plaintiff filed an Affidavit in the Tennessee Chancery Court demanding compensation from the United States et al for the use of his stolen property.


Exhibit A



RESPECTFULLY SUBMITTED this 12th day of August 2024.


Pro Se: Randel Edward Page Jr.



**RECEIVED**

**AUG 14 2024**

**US DISTRICT COURT
MID DIST TENN**

# Exhibit A

IN THE CHANCERY COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL
DISTRICT AT MEMPHIS

DATASYNC, LLC AND RANDEL PAGE

    Plaintiffs.

    vs

MEMPHIS DISTRIBUTION SERVICES, INC.,
and MARK GUTHRIE, individually,

    Defendants.

NO. CH 20 0288

Part 1

SHELBY COUNTY
CHANCERY COURT
AUG - 9 2024
W. AARON HALL, C & M
TIME:

**AFFIDAVIT IN SUPPORT OF COMPLAINT**

I, Randel Edward Page Jr., hereby declare that the following statements are true and correct.

1. Affiant Randel Edward Page Jr. requests from the Chancery Court an adequate remedy of relief to prevent the continued illegal and inequitable acts of injury to his property rights.

2. Fraud is being perpetrated by Officers of the Court. The Fraud includes a racketeering scheme to cover up the theft of the Affiants identity and property. The Affiant has provided the Chancery Court with substantial and material evidence proving the Fraud.

3. Officers of the Court have corrupted Court cases:

   - Case NO. CH-20-0288
   - Case NO: CT-0002704-17
   - Case NO. 3:23-cv-00851
   - Case NO: 3:17-cv-00902

4. Judicial Fraud has caused the Affiant damages.

5. The United States set up a Trust under the Internal Revenue Service to fund Healthcare Technology. The Affiants property was stolen through a sophisticated racketeering scheme and is being utilized by the United States et al. The Affiant request aid from the Chancery Court in attaching the property to satisfy the request for relief.

6. The Affiant demands an accounting of all funds collected and disseminated through ("IRS") 26 U.S. Code § 9511 - Patient-Centered Outcomes Research Trust Fund. The Affiant demands an accounting of the New Technology payments made to the users of his property. The Affiant demands damages be calculated from the New Technology payments. Affiant demands punitive damages be awarded for the Fraudulent use of his stolen property.

7. The Affiant demands a judgement against Defendants United States of America, Tennessee, BMHCC, Methodist, Epic, West, Memphis Distribution Services Inc. and Mark Guthrie.

2

8.  The Affiant demands to be compensated for the use of his property.

9.  The Affiant request an injunction for relief to include:

- Monetary damages of $300 Million
- Actual Damages
- Unjust Enrichment
- Punitive Damages
- Royalties 40% of Net Revenue

The Affiant has taken action to protect his life, liberty and property.

The Affiant reserves all rights under the rule of law to enforce and impose legal remedy for
vindication and redress for the violations of his Civil Rights.

Signature

Sworn to before me this 9??? day of A-U-G, 2024.

8-9-24

3

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RANDEL EDWARD PAGE, JR.,                )
                                        )
        Plaintiff,                      )
                                        )    Case No. 3:23-cv-00851
v.                                      )
                                        )    Chief Judge William L. Campbell, Jr.
UNITED STATES OF AMERICA, et al.,       )    Magistrate Judge Alistair Newbern
                                        )
        Defendants.                     )
                                        )

---

### ORDER DENYING MOTION FOR DEFAULT JUDGMENT

---

On July 26, 2024, the Court entered an Order adopting the Report and Recommendations of the Magistrate Judge, dismissing Plaintiff's claims, and directing the Clerk's Office to close the case. (Doc. No. 56). Yet, on August 5, 2024, Plaintiff filed a Motion for Default Judgment. (Doc. No. 58). In light of the Court's July 26 Order dismissing this action in its entirety, Plaintiff's Motion for Default Judgment is DENIED AS MOOT.

s/ Lynda M. Hill
Lynda Motes Hill
Clerk of Court

# Exhibit D

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Western District of Tennessee, U.S. Attorney's Office<br>167 North Main Street<br>Suite 800 | RANDEL EDWARD PAGE JR.<br>3504 Milford Cove<br>Memphis, TN 38017 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>04/05/1971 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>08/14/2024 | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Petitioner (RANDEL EDWARD PAGE JR.) contacted US Attorney Kevin Ritz regarding Grand Corruption and Fraud on the Court being executed in order to conceal and cover up the theft of his identity and property. The Petitioner filed a Motion for Contempt in the Court of General Sessions of Shelby County, Tennessee regarding the conspiracy and cover up. On November 4th, 2025, the Petitioner met with the Federal Bureau of Investigation and submitted evidence of the conspiracy against his Civil Rights.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

UNITED STATES ET AL

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Data analytics application. (Baptist Memorial Health Care Corporation)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

US TAXPAYER - THEFT OF MONEY
RANDEL EDWARD PAGE JR. - THEFT OF IDENTITY, PROPERTY AND MONEY
MARY GLORIA PACE - VICTIM OF RACKETEERING SCHEME TO STEAL MONEY FROM THE MEDICARE TRUST

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Mary Page<br>Mike Davis<br>Hunter Page | 3504 Milford Cove, Collierville TN 38017 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 900 M + actual damages | TBD | | 900 M + actual damages |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br>*Randel E. Page Jr.* | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>901-351-6060 | 14. DATE OF SIGNATURE<br>11-24-2025 |
|---|---|---|
| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS | |
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) | |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☐ No

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☐ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

# Exhibit E

6:01  .ıll 5G+ ▬



**Cody**

> Agent Graham,
> Randel Page here. Per our
> previous conversation, I
> filed a FTCA claim and
> more recently I filed a proof
> of claim in the western
> district of Tennessee
> bankruptcy court. The filing
> in the bankruptcy court
> includes the fraudulent bill
> from Apperson Crump law
> firm that is in the evidence
> directory I turned over to
> you. I haven't been
> contacted from anyone in
> the white collar crime
> division yet.
> Would you please send me
> the new address for your
> office, as I would like to
> initiate a meeting?

Yes sir







Yes sir

60 Germantown Court,
Cordova, TN





Thank you

# Exhibit F

M Gmail                                                              Randel Page <randelpage@gmail.com>

---

## Re: Meeting with Kevin Ritz

3 messages

---

**Rand Page** <randelpage@gmail.com>                          Thu, Jun 22, 2023 at 6:33 AM
To: cherri.green@usdoj.gov

Ms. Green,

Please contact me regarding this request.

Randel Page
901-351-6060

---

**Green, Cherri (USATNW)** <Cherri.Green@usdoj.gov>           Thu, Jun 22, 2023 at 7:12 AM
To: Rand Page <randelpage@gmail.com>

Please put in writing your specific meeting request.
/Cherri
[Quoted text hidden]

---

**Rand Page** <randelpage@gmail.com>                          Thu, Jun 22, 2023 at 9:12 AM
To: "Green, Cherri (USATNW)" <Cherri.Green@usdoj.gov>

The meeting requested is to provide Mr. Ritz with evidence of crimes committed against me and my family.


> On Jun 22, 2023, at 7:12 AM, Green, Cherri (USATNW) <Cherri.Green@usdoj.gov> wrote:
>
> Please put in writing your specific meeting request.
[Quoted text hidden]

# Exhibit G

Randel Edward Page Jr.

3504 Milford Cove

Collierville, TN 38017

901-351-6060

randelpage@gmail.com


January 12, 2026


Carrie Ann Rohrscheib

Office of the United States Trustee

200 Jefferson Ave., Ste 400

Memphis, TN 38103

901-544-3251

carrie.a.rohrscheib@usdoj.gov


Re: In re Apperson Crump PLC, Case No. 25-11660

United States Bankruptcy Court, Western District of Tennessee

Request for Meeting Regarding Proof of Claim and Evidence of Fraud


Dear Ms. Rohrscheib:


I am writing to request a meeting with you regarding my proof of claim filed in the above-
referenced bankruptcy case. I am a creditor in this matter and have filed a proof of claim
supported by substantial documentary evidence that I believe warrants your attention and review.

## Background

My claim arises from fraudulent conduct by Apperson Crump PLC in which the firm participated in a conspiracy involving fraud on the court, theft of my property, and violations of my civil rights. The fraudulent activities include the creation of a fraudulent billing statement intended to manufacture debt against me as part of a broader scheme.

## Evidence Filed

I have filed extensive exhibits with my proof of claim that document:

- The fraudulent billing and conspiracy by Apperson Crump PLC

- Involvement of multiple parties in the scheme

- A pending Federal Tort Claims Act (FTCA) claim against the United States in federal district court related to stolen property currently in government possession

- Evidence that has been provided to the Federal Bureau of Investigation (FBI).

## Purpose of Requested Meeting

I am requesting this meeting to:

1. Present a clear timeline and explanation of the fraudulent scheme
2. Provide additional evidence of the fraudulent scheme
3. Review the documentary evidence supporting my claim
4. Discuss how this fraud may affect the bankruptcy estate and other creditors
5. Explore whether the estate has causes of action against individuals involved in the conspiracy.
6. Offer my cooperation with any investigation you may conduct
7. Discuss the status and significance of my pending FTCA claim in district court
8. Provide names of witnesses

**Significance to the Estate**

I believe this information is material to your administration of the bankruptcy estate because:

- It may reveal concealed assets or fraudulent transfers
- Other creditors may have been similarly defrauded
- The firm's principals may have engaged in conduct that affects estate recoveries
- The scope of the conspiracy extends beyond the fraudulent bill submitted to me

**FBI Investigation**

As advised, I will be providing the FBI with a copy of my proof of claim and exhibits to support the criminal complaint against Apperson Crump PLC et al. I believe coordination between the bankruptcy proceedings and the FBI investigation may be beneficial to all parties seeking justice and recovery.

I am available to meet at your convenience and can accommodate your schedule. I can be reached at 901-351-6060 or randelpage@gmail.com.

I look forward to the opportunity to discuss this matter with you in detail.

Respectfully submitted,

RANDEL EDWARD PAGE JR.

# Exhibit F

 **KREBS FARLEY**

CRAIG N. MANGUM
PARTNER
LOUISIANA
(504) 299-3573  TELEPHONE
(504) 299-3582  FACSIMILE
cmangum@krebsfarley.com

February 11, 2026

*Via Email: randelpage@gmail.com*
Randel Edward Page Jr.
13535 Cathy Rd
Byhalia, MS 38611

RE:   **Denial of Claim Against Bond No. LFM0047911**

Dear Mr. Page:

As you know, we represent RLI Insurance Company ("RLI") related to Bond No. LFM0047911 (the "Bond"). On or about June 22, 2023, you asserted a claim against the Bond and on June 28, 2023, your Claim was first denied by RLI as it correctly determined that you are not a proper claimant or beneficiary of the Bond.

As previously stated in our July 12, 2023 letter to you, the Bond is solely for the benefit of the obligee, Metro Government of Nashville and Davidson County, for loss caused by covered acts committed by the Human Resources Director, Purchasing Agent or Chief Accountant of Metro Government of Nashville and Davidson County.

On January 16, 2026, you sent an email to RLI relating to a claim you asserted in the United States Bankruptcy Court for the Western District of Tennessee, Case No. 25-11660 (the "Bankruptcy Case"). In your email, you asked RLI to open its own investigation into this matter. Again, we note that with respect to your prior allegations about the District Attorney for Desoto County and the Attorneys General for Mississippi and Tennessee or any new allegations asserted in the Bankruptcy Case, RLI is not aware of any bonds responsive to your allegations.

Accordingly, RLI reiterates its proper denial of your Claim against the Bond for the same reasons RLI provided to you in 2023.

Sincerely,

Craig N. Mangum

cc:   Stacy Campbell

400 Poydras Street, Suite 2500, New Orleans, LA 70130
◇◇   New Orleans, LA   ◇◇

# Exhibit G

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

MAR 0 2 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

**UNITED STATES BANKRUPTCY COURT**

**WESTERN DISTRICT OF TENNESSEE**

**WESTERN DIVISION**

In re:

**APPERSON CRUMP, PLC,**

Debtor.

Bankr. Case No. **25-11660-JLC**

Chapter 11 — DISMISSED (Doc. 69, Feb. 17, 2026)

Hon. Jimmy L. Croom

Appeal Pending: Case No. **26-01037** (W.D. Tenn., docketed February 28, 2026)

**CREDITOR RANDEL EDWARD PAGE, JR.'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE UNDER 11 U.S.C. § 503(b) FOR SUBSTANTIAL CONTRIBUTION TO THE ESTATE, OR IN THE ALTERNATIVE, TO PRESERVE ADMINISTRATIVE PRIORITY CLAIM PENDING APPEAL**

COMES NOW Randel Edward Page, Jr. ("Creditor"), proceeding pro se, a creditor in the above-captioned case, and hereby moves this Court for allowance of an administrative expense claim under 11 U.S.C. § 503(b)(3)(D) and § 503(b)(4).

**PRELIMINARY STATEMENT REGARDING DISMISSAL AND PENDING APPEAL**

This Motion is filed in the context of a dismissed bankruptcy case that is currently on appeal. On February 17, 2026, this Court entered an Order (Doc. 69) granting the United States Trustee's Motion to Dismiss or Convert and dismissing Case No. 25-11660 rather than converting it to Chapter 7. Creditor filed a timely Notice of Appeal (Doc. 73, February 25, 2026), which was docketed by the U.S. District Court for the Western District of Tennessee on February 28, 2026 as Case No. 26-01037.

Creditor files this Motion now for three independent reasons:

1. The bankruptcy court retains jurisdiction to hear and determine matters collateral to the dismissed case, including administrative expense claims arising from contributions made during the pendency of the case, notwithstanding the pending appeal of the dismissal order. See In re Padilla, 222 F.3d 1184, 1189 (9th Cir. 2000).

2. If this Court lacks jurisdiction to allow the administrative expense claim in the dismissed case, Creditor requests in the alternative that this Court enter an order fixing and preserving the administrative priority claim for adjudication upon reversal of the dismissal on appeal.

3. If the District Court reverses the dismissal and orders conversion to Chapter 7 — the relief Creditor has specifically requested on appeal — this Motion will be immediately ripe and the administrative expense claim should be allowed without further delay.

Creditor's substantial contribution to this estate — detailed below — was made entirely during the pendency of the case, before dismissal. That contribution is complete, documented, and independent of whether the case is ultimately reinstated as Chapter 7 or remains dismissed. The administrative expense claim cannot be extinguished by a dismissal that is itself under appellate review as an abuse of discretion and fraud on the court.

## I. INTRODUCTION AND RELIEF SOUGHT

1. Creditor holds Proof of Claim No. 4-2 in the amount of Nine Hundred Million Dollars ($900,000,000), which was deemed allowed on February 7, 2026, after no party filed an objection within the thirty-day objection period under FRBP 3001(f). This claim was deemed allowed ten days before dismissal and remains part of the appellate record in Case No. 26-01037.

2. During the pendency of this case, Creditor's extensive investigation, documentation, and submission of evidence to this Court, the United States Trustee, and the Federal Bureau of Investigation made a substantial contribution to this bankruptcy estate by:

   a. Uncovering Debtor's fraudulent conduct that led to Debtor's inability to obtain malpractice insurance;

   b. Identifying estate causes of action against co-conspirators Evans Petree PC, Butler Snow LLP and others worth tens or hundreds of millions of dollars;

   c. Documenting Debtor's participation in a Medicare fraud cover up involving federal MIPS and BPCI Advanced programs;

   d. Prompting the United States Trustee to file a Motion to Dismiss or Convert (ECF No. 53) citing four grounds for cause under 11 U.S.C. § 1112(b);

   e. Advocating for conversion to Chapter 7 rather than dismissal (ECF No. 68), which remains the relief sought on appeal in Case No. 26-01037;

   f. Providing a comprehensive evidence directory that would enable any appointed trustee to immediately pursue estate causes of action.

3. Creditor respectfully requests that this Court:

   a. ALLOW Creditor's claim for administrative expenses under 11 U.S.C. § 503(b)(3)(D) in an amount to be determined by the Court;

   b. GRANT Creditor priority status for said administrative expenses under 11 U.S.C. § 507(a)(2);

    c. In the alternative, ENTER AN ORDER fixing and preserving Creditor's administrative priority claim pending resolution of Appeal No. 26-01037, such that upon any reversal and conversion to Chapter 7, the claim is immediately allowed without further motion practice;

    d. Upon reversal and conversion, DIRECT the Chapter 7 trustee to consider employing Creditor as a consultant to assist in investigating and pursuing estate causes of action; and

    e. Grant such other and further relief as the Court deems just and proper.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. The filing of a notice of appeal does not divest the bankruptcy court of jurisdiction over matters that are not the subject of the appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). This Motion concerns Creditor's administrative expense claim arising from contributions made during the pendency of the case — a matter distinct from the dismissal order under appeal in Case No. 26-01037.

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

6. Venue is proper pursuant to 28 U.S.C. § 1409.

## III. BACKGROUND

### A. Procedural History

7. On January 8, 2026, Creditor filed Proof of Claim No. 4-2 in the amount of $900,000,000 based on fraud, civil rights violations, conspiracy, theft of intellectual property, and willful and malicious injury arising from Debtor's submission of a fraudulent billing statement dated June 7, 2021.

8. On January 22, 2026, Creditor executed a detailed Affidavit in Support of Proof of Claim No. 4-2, containing 74 numbered paragraphs and 17 sections of evidence (ECF No. 62), served on the United States Trustee.

9. The thirty-day objection period expired on February 7, 2026 without any objection. Proof of Claim No. 4-2 is deemed allowed under FRBP 3001(f) and constitutes prima facie evidence of the validity and amount of the claim.

10. On February 10, 2026, this Court entered an Order (Doc. 65) whereby Advocate Capital, Inc. abandoned ALL collateral under 11 U.S.C. § 554, returning all client matter receivables, accounts, and payment intangibles to the estate — creating unencumbered estate assets.

11. On February 13, 2026, Creditor filed a Response in Support of the United States Trustee's Motion to Dismiss or Convert (ECF No. 68), specifically requesting conversion to Chapter 7 and documenting the estate causes of action that a Chapter 7 trustee could pursue.

12. On February 17, 2026, this Court entered an Order of Dismissal (Doc. 69) — choosing dismissal rather than conversion — without conducting a hearing, without addressing Creditor's documented evidence of estate assets, and without explaining why dismissal rather than conversion served creditor best interests as required by 11 U.S.C. § 1112(b).

13. On February 25, 2026, Creditor filed a timely Notice of Appeal (Doc. 73). On February 28, 2026, the Court docketed the appeal as Case No. 26-01037. The appeal raises seven issues including abuse of discretion in choosing dismissal over conversion, due process violation, and fraud on the court.

14. The Saturday docketing of Case No. 26-01037 — within 24 hours of Creditor's formal letter to Trustee Smiley in the connected Duntsch bankruptcy matter (Case No. 13-30510-EEB, D. Colo.) — is itself anomalous and consistent with the pattern of coordinated action documented in the appellate record.

## B. Creditor's Investigation and Evidence Submission

15. Since discovering Debtor's fraudulent billing statement in June 2021, Creditor conducted an extensive investigation into Debtor's conduct and the broader criminal conspiracy of which Debtor is a part, uncovering:

   a. A RICO enterprise involving Debtor, Evans Petree PC, Butler Snow LLP and others conspiring to steal Creditor's $900 million in intellectual property (Monorail healthcare analytics technology);

   b. The use of Creditor's stolen intellectual property to generate fraudulent claims against federal MIPS and BPCI Advanced Medicare programs, funded through the CMS Innovation Fund using IRS taxpayer funds;

   c. Fraudulent billing practices by Debtor designed to convert Creditor from creditor to debtor;

   d. Participation by Tennessee Attorney General Jonathan Skrmetti (formerly Butler Snow LLP) in federal crimes;

   e. Obstruction of justice by former U.S. Attorney Kevin Ritz, now a Sixth Circuit judge named as defendant in Creditor's FTCA claim;

   f. Connection to Tyler Sory, federally indicted for sex trafficking of a minor, Case No. 2:25-cr-20185-TLP;

   g. The Office of Information Policy's evasion of Creditor's subpoena seeking CMS Innovation Fund records — an act of obstruction documented in the FBI criminal referral filed February 20th, 2026.

16. All of Creditor's investigative work, evidence compilation, court filings, FBI referral, and U.S. Trustee submissions were completed during the pendency of this case — before the February 17, 2026 dismissal. The administrative expense claim arises from this pre-dismissal contribution and is not extinguished by the dismissal.

## C. United States Trustee Action

17. January 12, 2026: Creditor sends detailed evidence letter to U.S. Trustee Rohrscheib. January 20, 2026: U.S. Trustee files Motion to Dismiss or Convert — eight days later — citing four grounds for cause including Debtor's inability to obtain malpractice insurance. This direct causal sequence demonstrates Creditor's substantial and demonstrable contribution to the estate.

### D. The Dismissal Was Error — Appeal Seeks Conversion to Chapter 7

18. The dismissal order (Doc. 69) was entered without a hearing, without addressing Advocate Capital's abandonment of all collateral seven days earlier (Doc. 65), without addressing Creditor's $900 million deemed-allowed claim, and without the findings required by 11 U.S.C. § 1112(b)(1) that conversion was not in the best interests of creditors.

19. Creditor's appeal in Case No. 26-01037 specifically seeks reversal of the dismissal and an order converting the case to Chapter 7. If the District Court grants this relief, a Chapter 7 trustee will be appointed with statutory authority to investigate Debtor's financial affairs under 11 U.S.C. § 704(a)(4) and pursue the estate causes of action identified by Creditor.

20. This Motion is filed now to ensure that Creditor's administrative expense claim is on record and preserved, so that upon conversion it is immediately allowed without further delay or motion practice.

### IV. LEGAL STANDARD

### A. Administrative Expense Claims Survive Dismissal When Based on Pre-Dismissal Contributions

21. Administrative expense claims under 11 U.S.C. § 503(b) arise at the time the contribution is made, not at the time of allowance. Creditor's contribution was made entirely during the pendency of the case. The subsequent dismissal does not extinguish a claim that vested pre-dismissal. See In re Slater Health Center, Inc., 398 F.3d 98, 103 (1st Cir. 2005) (administrative claims may survive dismissal where they arose during the case).

22. Courts retain equitable authority to preserve and fix administrative claims even in dismissed cases to prevent the inequitable result of a debtor's dismissal extinguishing creditor rights that arose during the case. See 11 U.S.C. § 105(a).

### B. Substantial Contribution Doctrine

23. Section 503(b)(3)(D) authorizes compensation for creditors who make a substantial contribution to a bankruptcy estate, even when acting in self-interest. See In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994); In re Keene Corp., 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997).

24. Courts have allowed substantial contribution claims by pro se creditors who lack legal training but provide valuable services to the estate. See In re Teligent, Inc., 282 B.R. 765, 778 (Bankr. S.D.N.Y. 2002).

25. The relevant inquiry is not the creditor's motivation but whether the creditor's actions conferred an actual and demonstrable benefit on the estate. The benefit need not be limited to immediate monetary recovery — courts recognize contributions including uncovering fraud, identifying estate causes of action, and preventing dissipation of estate assets.

## V. CREDITOR'S SUBSTANTIAL CONTRIBUTION

### A. Creditor Uncovered Debtor's Fraudulent Conduct

26. Creditor documented that Debtor submitted a fraudulent billing statement dated June 7, 2021 — THE SMOKING GUN — for legal services not performed, performed in furtherance of a criminal conspiracy, or manufactured to create false debt. This documentation directly led to Debtor's inability to obtain malpractice insurance, as confirmed by the U.S. Trustee's Motion (ECF No. 53, ¶8).

27. Without Creditor's investigation, Debtor's fraudulent conduct would have remained hidden. The true nature of Debtor's financial distress — rooted in fraud rather than ordinary business failure — would not have been apparent to the Court, the U.S. Trustee, or other creditors.

### B. Creditor Identified Substantial Estate Causes of Action

28. Creditor's investigation identified estate causes of action against solvent third parties including Evans Petree PC, Butler Snow LLP, Baptist Memorial Health Care Corporation, Methodist Health System, Epic Systems Corporation, Dr. Lee Schwartzberg, and Dr. Steve Gubin — all participants in the RICO enterprise.

29. These causes of action — including civil conspiracy, aiding and abetting fraud, fraudulent transfer, and RICO civil liability under 18 U.S.C. § 1964(c) — represent potential recoveries far exceeding the $533,000 in non-Creditor claims. They exist regardless of whether this case is dismissed or converted, and can be pursued by a Chapter 7 trustee upon conversion, by Creditor directly under applicable law including 18 U.S.C. § 1964(c), or through such other appropriate legal actions as the Court or parties may determine.

### C. Creditor Documented Medicare Fraud and OIP Obstruction

30. Creditor documented that the stolen Monorail IP was used to generate fraudulent claims against federal MIPS and BPCI Advanced programs funded through the CMS Innovation Fund and IRS taxpayer money. Creditor further documented the Office of Information Policy's evasion of Creditor's subpoena seeking these records — itself an act of obstruction in the FBI criminal referral filed February 20, 2026.

31. The bankruptcy estate has False Claims Act damages under 31 U.S.C. § 3729 et seq. that a Chapter 7 trustee could pursue. Creditor's documentation and evidence directory creates this estate value.

### D. Creditor Prompted U.S. Trustee Action

32. The eight-day gap between Creditor's January 12 evidence letter and the U.S. Trustee's January 20 motion demonstrates direct causation. The U.S. Trustee's motion — and the resulting proceedings — would not have occurred on this timeline without Creditor's submission.

## E. Quantification of Contribution

33. Creditor expended an estimated 1,200+ hours in investigative work, legal research, document compilation, written analysis, and court filings. At a reasonable hourly rate of $300–$500 for complex commercial litigation in this market, the value of Creditor's contribution ranges from $360,000 to $600,000. Creditor requests an award of $100,000 to $300,000, recognizing that some portion of the work served Creditor's own interests.

## VI. ALTERNATIVE RELIEF — PRESERVATION OF CLAIM PENDING APPEAL

34. If this Court concludes it lacks jurisdiction to allow the administrative expense claim in the dismissed case, Creditor requests in the alternative that this Court enter an order under 11 U.S.C. § 105(a) fixing and preserving the administrative priority claim in the amount of $100,000 to $300,000, or such amount as the Court determines, such that upon reversal of the dismissal and conversion to Chapter 7 by the District Court in Case No. 26-01037, the claim is deemed allowed without further motion practice.

35. This preserves judicial economy and protects Creditor's rights. If the appeal fails, the preserved claim causes no harm. If the appeal succeeds, the estate can be administered efficiently without requiring Creditor to re-litigate this Motion before a newly appointed Chapter 7 trustee.

## VII. CONSULTANT EMPLOYMENT UPON CONVERSION

36. Upon reversal and conversion to Chapter 7, Creditor respectfully requests that this Court direct the Chapter 7 trustee to consider employing Creditor as a consultant under 11 U.S.C. § 327(a). Creditor possesses unique knowledge of the conspiracy, the stolen IP, the Medicare fraud mechanism, and the FBI investigation that no other person possesses. Creditor is willing to work on reasonable terms including contingency compensation tied to estate recoveries.

## VIII. PRIORITY STATUS UNDER § 507(a)(2)

37. Administrative expenses allowed under § 503(b) receive second-priority payment under 11 U.S.C. § 507(a)(2), subordinate only to domestic support obligations, and senior to the IRS claim of $2,984.32 and all general unsecured creditors.

## IX. CONCLUSION

38. Creditor's substantial contribution to this estate is complete, documented, and independent of the outcome of the pending appeal. The administrative expense claim arose during the pendency of the case and is not extinguished by a dismissal that is itself under appellate review. This Court should allow the claim now, or in the alternative

preserve and fix it pending reversal on appeal, so that Creditor's rights are protected and the estate can be administered efficiently upon conversion.

**PRAYER FOR RELIEF**

WHEREFORE, Creditor Randel Edward Page, Jr. respectfully requests that this Court:

A. ALLOW Creditor's claim for administrative expenses under 11 U.S.C. § 503(b)(3)(D) in an amount ranging from $100,000 to $300,000, or such other amount as the Court deems just and proper;

B. GRANT Creditor priority status under 11 U.S.C. § 507(a)(2);

C. In the alternative, ENTER AN ORDER under 11 U.S.C. § 105(a) fixing and preserving Creditor's administrative priority claim pending resolution of Appeal No. 26-01037, such that upon reversal and conversion the claim is deemed allowed without further motion practice;

D. Upon conversion, DIRECT the Chapter 7 trustee to consider employing Creditor as a consultant and to report to the Court regarding feasibility and proposed terms; and

E. GRANT such other and further relief as the Court deems just and proper.


Respectfully submitted,

**Randel Edward Page, Jr., Pro Se Creditor**

Proof of Claim No. 4-2 — $900,000,000 Deemed Allowed

3504 Milford Cove, Collierville, Tennessee 38017

Telephone: (901) 351-6060 | Email: randelpage@gmail.com

Dated: March 2, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2026, a true and correct copy of the foregoing Motion was served via first class mail and/or electronic mail on the following parties:

**United States Trustee Carrie Ann Rohrscheib**

Office of the United States Trustee, Region 8

200 Jefferson Avenue, Suite 400

Memphis, Tennessee 38103-2374

Email: carrie.a.rohrscheib@usdoj.gov

**C. Jerome Teel, Jr.**

Teel & Gay, PLC

79 Stonebridge Blvd., Suite B

Jackson, TN 38305

Email: Jerome@tennesseefirm.com

Randel Edward Page, Jr.

# Exhibit H

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RANDEL EDWARD PAGE, JR. )
)
    Plaintiff, )
)
v. )    **Case No. 3:23-cv-00851**
)    **JUDGE CAMPBELL**
)    **MAGISTRATE JUDGE NEWBERN**
UNITED STATES OF AMERICA; )
STATE OF TENNESSEE; EPIC )
SYSTEMS CORPORATION, ET AL.; )
CORVEL CORPORATION, ET AL.; )
BAPTIST MEMORIAL HEALTH CARE )
CORPORATION, ET AL.; METHODIST )
LE BONHEUR HEALTHCARE, ET AL.; )
THE WEST CLINIC, PLLC, ET AL., )
)
    Defendants. )
)

## MOTION FOR ADMISSION *PRO HAC VICE* OF BUCKNER WELLFORD

Pursuant to Rule 83.01 of the Local Rules of Court for the United States District Court Middle District of Tennessee, Buckner Wellford seeks admission to appear *pro hac vice* in the above-captioned action as counsel for Methodist Le Bonheur Healthcare.

    1.    I am a member in good standing of the United States District Court for the Western District of Tennessee. Attached is a Certificate of Good Standing from that court.

    2.    I am not, nor have I ever been, the subject of disciplinary proceedings by any disciplinary authority, court, or tribunal.

    3.    I have not been found in contempt by any court or tribunal.

4. I have not been sanctioned as described in 28 U.S.C. § 1927.

5. I have never been censured, suspended, disbarred, or denied admission or readmission by any court or tribunal.

6. I have not been charged, arrested, or convicted of a criminal offense or offenses.

7. I understand that pursuant to Local Rule 83.01(d)(1), if I am not both a member of the Tennessee bar and admitted to the bar of this Court, local counsel must be retained. Below is the name, address, phone number, and email address of local counsel retained in this matter:

> Brigid M. Carpenter (#18134)
> BAKER, DONELSON, BEARMAN, CALDWELL
> & BERKOWITZ, P.C.
> 1600 West End Avenue, Suite 2000
> Nashville, TN 37203
> (615) 726-5600
> bcarpenter@bakerdonelson.com

8. I have read and am familiar with Local Rules of Court for the United States District Court Middle District of Tennessee.

9. By seeking admission to practice before this Court, I acknowledge my responsibility for compliance with all rules of this Court and confer disciplinary jurisdiction upon this Court for any alleged misconduct arising in the course of the proceeding.

> Respectfully submitted,
>
> s/ Buckner Wellford
> Buckner Wellford (Tennessee Bar #09687)
> BAKER, DONELSON, BEARMAN, CALDWELL
> & BERKOWITZ, P.C.
> 165 Madison Avenue, Suite 2000
> Memphis, Tennessee 38103
> (901) 526-2000
> bwellford@bakerdonelson.com

_s/Brigid M. Carpenter_
Brigid M. Carpenter (#18134)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
(615) 726-5600
bcarpenter@bakerdonelson.com

_Attorneys for Defendant Methodist Le Bonheur Healthcare_

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2023, a true and exact copy of the forgoing document was served on all counsel of record via the Court's electronic filing system. I also hereby certify that a true and exact copy of the forgoing document was served via U.S. Mail on the following individuals:

Randel Page
13535 Cathy Road
Byhalia, MS 38611

Emily Huseth
6060 Primacy Parkway, Suite 100
Memphis, Tennessee 38119
ehuseth@harrisshelton.com
_Attorneys for Defendant_
_Baptist Memorial Health Care Corporation_

_s/Buckner Wellford_

# CERTIFICATE OF GOOD STANDING

UNITED STATES OF AMERICA

} SS.

WESTERN DISTRICT OF TENNESSEE

I, WENDY OLIVER, Clerk of the United States for the Western District of

Tennessee, Western Division,

DO HEREBY CERTIFY that **BUCKNER WELLFORD** was duly admitted to practice in

said Court on **November 05, 2081,** and is in good standing as a member of the bar of said Court.

There is no disciplinary committee at the Western District of Tennessee therefore, the attorney has

no disciplinary history with the court. Further, I am unaware of any disciplinary matters involving

this attorney in this jurisdiction or elsewhere.

Dated at Memphis, Tennessee

on October 11, 2023.

WENDY R. OLIVER
Clerk of Court

By _____
Deputy Clerk

