IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

IN RE: APPERSON CRUMP, PLC, Debtor.

MAR 0 9 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

RANDEL EDWARD PAGE, JR.,
   Appellant,

v.              Case No. 1:26-cv-01037-JDB-jay

APPERSON CRUMP, PLC,
PAUL A. RANDOLPH,
ACTING U.S. TRUSTEE REGION 8,
   Appellees.

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee, Case No. 25-11660

---

**APPELLANT'S EMERGENCY MOTION TO STAY BRIEFING SCHEDULE
PENDING RULING ON MOTION FOR MANDATORY WITHDRAWAL
OF REFERENCE PURSUANT TO 28 U.S.C. § 157(d)
AND MOTION FOR EXTENSION OF BRIEFING SCHEDULE**

**APPELLANT'S BRIEF DEADLINE: MARCH 13, 2026 EMERGENCY RELIEF
REQUESTED — 7 DAYS REMAINING**

### I. PRELIMINARY STATEMENT AND EMERGENCY BASIS

    Appellant Randel Edward Page, Jr. respectfully moves this Court on an emergency basis for an order: (1) staying the briefing schedule set by the Scheduling Order (Doc. 3, entered February 27, 2026) pending this Court's ruling on Appellant's pending Motion for Mandatory Withdrawal of Reference pursuant to 28 U.S.C. § 157(d) (ECF Doc. 88/88-1, transmitted March 6, 2026); and (2) extending the briefing schedule by thirty (30) days from the date of the Court's ruling on the Withdrawal Motion, or from such other date as the Court deems appropriate.

    Emergency relief is required because the Scheduling Order sets Appellant's brief deadline at fifteen (15) days from entry of the Order — March 13, 2026 — leaving seven (7) days from the date of this Motion. The Withdrawal Motion was transmitted to this Court on March 6, 2026 and has not yet been ruled upon. Requiring Appellant to file a full appellate brief on a

$900,000,000 RICO matter within seven days — before this Court has determined which judicial officer has authority to receive and adjudicate that brief — would be both procedurally premature and constitutionally problematic.

Federal Rule of Bankruptcy Procedure 5011(c) explicitly contemplates that a stay of proceedings must be affirmatively ordered by the district court upon the filing of a withdrawal motion: 'The filing of a motion for withdrawal of a case or proceeding... does not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings in the case or any proceeding therein, for a reasonable time, to allow the district court to rule on a motion for withdrawal of the reference.' Appellant therefore affirmatively requests the stay this Rule requires him to seek.

## II. JURISDICTION AND AUTHORITY TO GRANT STAY

This Court has authority to stay the briefing schedule on three independent grounds.

First — the district court's inherent authority to manage its own docket and control the sequence of proceedings before it. Landis v. North American Co., 299 U.S. 248, 254 (1936) ('The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'). A court that has received a threshold jurisdictional motion — the Withdrawal Motion — has inherent authority to stay downstream proceedings until that threshold question is resolved.

Second — Federal Rule of Bankruptcy Procedure 5011(c), which contemplates and authorizes a stay of proceedings pending ruling on a withdrawal motion. Although Rule 5011(c) references the bankruptcy judge's authority to stay proceedings before the bankruptcy court, the district court's coextensive authority to stay proceedings before itself — including the briefing schedule in this appeal — is implicit in the district court's supervisory jurisdiction under 28 U.S.C. § 1334 and its inherent docket management authority under Landis.

Third — Federal Rule of Civil Procedure 6(b)(1), incorporated by FRBP 9006(b), which authorizes the court to extend time deadlines for good cause. The pendency of a threshold jurisdictional motion that determines which judicial officer receives the brief is good cause for extending the brief filing deadline.

Fourth — a threshold clarification regarding the Scheduling Order's restriction on further filings. The Scheduling Order (Doc. 3) states: 'No further briefs shall be filed without leave of Court.' This restriction applies to appellate briefs governed by Federal Rule of Bankruptcy Procedure 8014 — the opening brief, response brief, and reply brief that constitute the appellate briefing sequence. It does not apply to motions filed under Federal Rule of Bankruptcy Procedure 9013 and Federal Rule of Civil Procedure 7(b), which are written requests for specific court action and are governed by separate procedural rules. Every document filed by Appellant on March 9, 2026 — this Stay Motion, the Notice of Filing Documentary Evidence, the Motion for Summary Reversal, the Doc. 8 Response, and the Motion to Compel Investigation — is a motion or notice, not a brief. None contains the elements of an appellate brief under FRBP 8014. To the extent any party contends otherwise, Appellant respectfully requests that this Court

confirm that motions addressing threshold jurisdictional, constitutional, and evidentiary questions may be filed without leave of court under a scheduling order that governs appellate briefing documents. Additionally, the 'no further briefs without leave' restriction independently reinforces the case for this stay: if Appellant cannot supplement or correct his opening brief without court permission, then whatever arguments are presented in that brief are effectively locked in upon filing. The constitutional and statutory complexity of a $900,000,000 RICO appeal — and the irreversible consequences of an inadequate brief — make the compressed 15-day schedule even more consequential than it would be in an ordinary appeal where supplemental briefing is freely available.

## III. FACTUAL BACKGROUND — THE SCHEDULING ORDER AND THE WITHDRAWAL MOTION

### A. The Scheduling Order — Entry, Timeline, and Validity Questions

On February 27, 2026 — the same day this appeal was docketed — the Clerk of Court entered the Order Setting Scheduling in Bankruptcy Appeal (Doc. 3). The Order sets the following compressed schedule:

- Appellant's brief: 15 days from entry of the Order — March 13, 2026.
- Appellees' brief: 15 days from service of Appellant's brief — March 28, 2026.
- Appellant's reply: 10 days from service of Appellees' brief — April 7, 2026.

Three aspects of the Scheduling Order warrant this Court's attention.

First — the Scheduling Order was not entered by District Judge Breen or by Magistrate Judge York. It was signed by 'S. Chernenko, Deputy Clerk' of the Clerk of Court's office. A scheduling order that compresses the standard appellate briefing period — 30 days under FRBP 8018(a)(1) — to 15 days is a substantive judicial determination, not a ministerial act. The standard briefing period under FRBP 8018(a)(1) is 30 days; this Order halves it without explanation and without judicial authorization. Appellant does not waive the right to seek judicial review of whether a deputy clerk had authority to enter a compressed scheduling order over a $900,000,000 constitutional appeal.

Second — the Scheduling Order was entered the same day the appeal was docketed, before any judicial officer had reviewed the case, assessed its complexity, or considered whether the standard briefing period was adequate. This Court is now aware — through Appellant's subsequently filed motions — that this appeal involves a $900,000,000 RICO enterprise, Stern v. Marshall constitutional adjudication questions, mandatory withdrawal under 28 U.S.C. § 157(d), and a documented obstruction sequence penetrating multiple levels of the federal court system. No scheduling order entered on the day of docketing, without review of the case's substance, could have accounted for this complexity.

Third — the Scheduling Order was entered before Appellant's Motion for Mandatory Withdrawal of Reference was filed. The Withdrawal Motion — now pending before this Court as ECF Doc. 88/88-1 — raises a threshold question: whether this appeal should proceed before Magistrate Judge York or before District Judge Breen as an Article III judge. A briefing schedule that runs to a deadline before that threshold question is resolved requires Appellant to file a brief

without knowing which judicial officer will receive it, under what standard of review, and in what jurisdictional framework.

Fourth — the inadequacy of the 15-day schedule is confirmed by the U.S. Trustee's own counsel. On March 4, 2026, Rohrscheib sent Appellant an email (Exhibit A to Appellant's contemporaneously filed Notice of Filing Documentary Evidence) acknowledging the schedule's departure from the federal standard in her own words: 'Federal Rule of Bankruptcy Procedure 8018 allows for 30 days to file briefs.' Rohrscheib recognized the 15-day schedule was inadequate and sought to remedy it — but only through a mechanism conditioning the extension on Appellant's agreement to a pre-signed magistrate order, as addressed in Section III-B below. The U.S. Trustee's own written acknowledgment that FRBP 8018 allows 30 days — made in the same email transmitting a pre-signed order from Magistrate York — is documentary confirmation that the 15-day schedule does not satisfy the federal standard this appeal requires.

### B. The Withdrawal Motion — Threshold Jurisdictional Question

On March 5, 2026, Appellant filed a Motion for Mandatory Withdrawal of Reference pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a). The motion was physically received and stamped by the Clerk of Court on March 5, 2026, and was transmitted to this Court as ECF Doc. 88/88-1 on March 6, 2026. Appellant also filed an Objection to Order of Reference on March 5, 2026.

The Withdrawal Motion argues that 28 U.S.C. § 157(d) mandates withdrawal of the reference because resolution of this appeal requires substantial consideration of federal statutes outside the Bankruptcy Code, including 18 U.S.C. §§ 1961-1964 (RICO), 31 U.S.C. § 3729 (False Claims Act), 18 U.S.C. § 1347 (Medicare fraud), 42 U.S.C. § 1983 (civil rights), and 28 U.S.C. § 2674 (Federal Tort Claims Act). The word 'shall' in § 157(d) makes withdrawal non-discretionary when this standard is met.

Federal Rule of Bankruptcy Procedure 5011(a) provides: 'A motion for withdrawal of a case or proceeding shall be heard by a district judge.' This mandatory language requires that the Withdrawal Motion be decided by District Judge Breen — not by Magistrate York — before any further substantive proceedings occur in this appeal.

The Withdrawal Motion has not been ruled upon as of the date of this filing. Until it is ruled upon, the question of which judicial officer has authority to receive Appellant's brief — Magistrate York under the current referral, or District Judge Breen after mandatory withdrawal — remains open. Requiring Appellant to file a brief before that question is resolved is constitutionally and procedurally premature.

The factual basis of the Withdrawal Motion is now supported by physical documentary evidence filed in this Court's record. Exhibit C to Appellant's contemporaneously filed Notice of Filing Documentary Evidence is the proposed Order Granting Joint Motion for Extension of Time — pre-signed 'JON A. YORK, UNITED STATES MAGISTRATE JUDGE' with a blank date line — that Rohrscheib transmitted to Appellant on March 4, 2026, before Appellant had any opportunity to object to the referral. The proposed Order bears the caption '1:26-cv-01037-jay' — Magistrate York's designation only, omitting District Judge Breen's initials 'JDB' — indicating it was prepared before or simultaneously with Judge Breen's March 4 assignment. York pre-signed an order in a case whose district judge assignment had not yet been incorporated

into the caption. That pre-signed order, now in the documentary record as Exhibit C, is physical evidence corroborating every assertion in the Withdrawal Motion regarding the coordination between Rohrscheib's office and Magistrate York's chambers.

### C. The Seven-Day Problem

Seven days remain before the March 13, 2026 brief deadline. During those seven days, this Court must: receive and docket the Withdrawal Motion (transmitted March 6); assign it to District Judge Breen for decision under FRBP 5011(a); give Appellees an opportunity to respond; and rule on the motion. That sequence cannot reasonably be completed in seven days on a motion of this complexity. Without a stay, Appellant faces an impossible choice:

- File the brief by March 13 before the Withdrawal Motion is ruled upon — proceeding as though the referral to Magistrate York is valid, potentially waiving the constitutional adjudication argument, and filing a comprehensive brief on a $900 million RICO matter in seven days without knowing which judicial officer will adjudicate it.

- Miss the March 13 deadline — risking dismissal of the appeal for failure to prosecute, which would extinguish Appellant's $900 million deemed-allowed claim and terminate the appeal of the dismissal order without any merits determination.

Neither outcome is acceptable. The stay is the only procedurally correct resolution.

## IV. LEGAL STANDARD FOR STAY PENDING RULING ON THRESHOLD MOTION

Courts in the Sixth Circuit apply a four-factor test for stay motions derived from the preliminary injunction standard: (1) likelihood of success on the merits of the underlying motion; (2) likelihood that the movant will suffer irreparable harm without the stay; (3) likelihood that others will suffer substantial harm if the stay is granted; and (4) whether the public interest favors the stay. Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n, 812 F.2d 288, 290 (6th Cir. 1987).

However, where the stay is sought not to affect the ultimate outcome of litigation but merely to preserve the status quo while a threshold jurisdictional question is resolved, the standard is less demanding. Landis v. North American Co., 299 U.S. at 254-55. Courts routinely stay briefing schedules pending resolution of threshold motions — including withdrawal motions — as a matter of basic docket management. See In re Residential Capital, LLC, 519 B.R. 891, 900 (Bankr. S.D.N.Y. 2014) (staying proceedings pending withdrawal motion 'is consistent with the purpose of § 157(d) and FRBP 5011'); In re Vicars Ins. Agency, Inc., 96 F.3d 949, 954 (7th Cir. 1996) (district court has authority to stay proceedings pending withdrawal motion ruling).

All four Celebrezze factors favor a stay here.

## V. ARGUMENT

### A. Likelihood of Success — The Withdrawal Motion Is Mandated by the Plain Text of § 157(d)

The Withdrawal Motion satisfies the mandatory withdrawal standard of 28 U.S.C. § 157(d). Resolution of this appeal requires substantial and material consideration of RICO (18 U.S.C. §§ 1961-1964), the False Claims Act (31 U.S.C. § 3729), Medicare fraud (18 U.S.C. § 1347), civil rights (42 U.S.C. § 1983), and the Federal Tort Claims Act (28 U.S.C. § 2674). Courts have consistently held that § 157(d) mandatory withdrawal is triggered when resolution requires 'substantial and material consideration' of non-bankruptcy federal law. In re Vicars Ins. Agency, Inc., 96 F.3d at 953.

The word 'shall' in § 157(d) removes judicial discretion once the standard is met. This is not a permissive withdrawal motion — it is a mandatory one. The likelihood of success factor therefore weighs heavily in Appellant's favor: the Withdrawal Motion does not ask this Court to exercise discretion. It asks this Court to comply with the plain statutory mandate.

Additionally, the referral to Magistrate York was entered without the mandatory consent notification required by Local Rule 72.1(c)(1) and 28 U.S.C. § 636(c)(2), rendering the referral constitutionally defective under the framework of Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015), and Stern v. Marshall, 564 U.S. 462 (2011). A constitutionally defective referral is void — not merely voidable — and its invalidity is not a close question.

## B. Irreparable Harm to Appellant Without the Stay

Appellant faces two forms of irreparable harm if the stay is denied.

First — constitutional harm. If Appellant is required to file his brief before the Withdrawal Motion is ruled upon and before the question of which judicial officer has authority over this appeal is resolved, Appellant risks having his $900,000,000 constitutional private rights claims adjudicated — even at the R&R stage — by a non-Article III magistrate judge without life tenure or salary protection, in violation of Stern v. Marshall and Wellness International. Constitutional harm of this nature is irreparable per se. See Elrod v. Burns, 427 U.S. 347, 373 (1976) ('the loss of... constitutional freedoms... for even minimal periods of time, unquestionably constitutes irreparable injury').

Second — waiver harm. Proceeding to file a brief in the magistrate referral framework — before the Withdrawal Motion is ruled upon — creates risk that the filing will be construed as voluntary participation in the magistrate's jurisdiction, potentially triggering the implied consent doctrine of Roell v. Withrow, 538 U.S. 580 (2003). Appellant has affirmatively and repeatedly documented his non-consent. Filing a merits brief before the jurisdictional question is resolved — even with explicit reservation of rights — creates unnecessary risk of an implied consent argument that could extinguish Appellant's constitutional adjudication rights permanently.

The waiver risk is not theoretical. Exhibit C to Appellant's contemporaneously filed Notice of Filing Documentary Evidence demonstrates that Magistrate York had already signed an order in this proceeding — with a blank date line — before Appellant was notified of the referral or had any opportunity to object. The pre-signed order was the precise instrument through which implied consent would have been obtained: had Appellant signed the Joint Motion (Exhibit B) and returned it to Rohrscheib, she would have filed both documents, the blank date line would have been completed, and Appellant would have functionally participated in a proceeding before a magistrate who had pre-signed its order before Appellant agreed to

anything. Exhibit C is not a description of a risk. It is the physical instrument of that risk, now in this Court's documentary record.

The harm from missing the March 13 deadline without a stay is equally irreparable: dismissal of the appeal for failure to prosecute would extinguish Appellant's right to appellate review of a dismissal that terminated the administration of a $900,000,000 deemed-allowed claim. Appellant has no remedy if the appeal is dismissed for failure to file a brief on a seven-day compressed schedule during the pendency of a threshold jurisdictional motion that Appellant had no ability to file earlier because it was triggered by the March 4, 2026 Order of Reference.

### C. No Substantial Harm to Appellees From the Stay

Appellee U.S. Trustee — the only party that has appeared in this appeal — cannot credibly claim substantial harm from a stay of the briefing schedule. The U.S. Trustee is defending a dismissal order that terminated a bankruptcy case in February 2026. The debtor's estate has been dismissed. No assets are being administered. No ongoing harm to any party flows from a brief delay in the appellate briefing schedule while a threshold jurisdictional motion is resolved.

Appellee Apperson Crump PLC has not appeared in this appeal and — through counsel C. Jerome Teel — has communicated its intention not to participate. A party that has chosen not to participate in an appeal cannot claim harm from a stay of the briefing schedule in that appeal.

The stay does not affect any party's substantive rights. It preserves the status quo while the Court resolves a threshold question that must be resolved before briefing can meaningfully proceed. No party is prejudiced by a briefing schedule that begins after the Court knows which judicial officer will adjudicate the appeal.

### D. The Public Interest Favors the Stay

The public interest favors resolution of the threshold constitutional question before the merits of a $900,000,000 RICO appeal are briefed. The constitutional question — whether Article III requires that private rights claims of this magnitude be adjudicated by a judge with life tenure and salary protection rather than a non-Article III magistrate — is a question of public importance that extends beyond this case. Allowing that question to be decided correctly, in an orderly sequence, rather than rushed into briefing on a seven-day schedule before the jurisdictional framework is established, serves the public interest in accurate and authoritative constitutional adjudication.

The public interest also favors resolution of the mandatory withdrawal question under § 157(d). Congress enacted § 157(d) precisely to ensure that federal appeals involving substantial consideration of non-bankruptcy federal law — RICO, the False Claims Act, Medicare fraud — are heard by Article III district courts rather than non-Article III bankruptcy judges or magistrates. Enforcing that statutory mandate, rather than allowing it to be bypassed through a compressed briefing schedule entered before the mandate was invoked, serves the public interest Congress expressed in enacting § 157(d).

### E. The Compressed 15-Day Schedule Entered by a Deputy Clerk Independently Warrants Extension

Independently of the stay motion, the 15-day briefing schedule itself warrants extension for two reasons.

First — the schedule was entered by a deputy clerk, not a judicial officer. The standard briefing period under FRBP 8018(a)(1) is 30 days. A scheduling order that departs from the standard rule by compressing the briefing period to 15 days is a substantive judicial determination — it affects the parties' rights and the quality of the appellate record. Ministerial officers of the court do not have authority to make substantive judicial determinations. District Judge Breen has not reviewed this case, assessed its complexity, or authorized the compressed schedule. A judicial officer's review of the scheduling order is warranted before the compressed deadline is enforced.

Second — even if the deputy clerk had authority to enter the scheduling order, the standard for extension under FRBP 9006(b) and Federal Rule of Civil Procedure 6(b)(1) is good cause. Good cause exists here in abundance: the unprecedented complexity of the legal issues; Appellant's pro se status without staff or resources to compress complex constitutional briefing into 15 days; the pendency of the threshold Withdrawal Motion that must be resolved before briefing can meaningfully proceed; and the fact that the Scheduling Order was entered before this Court had any knowledge of the case's substance, making the compressed schedule facially inadequate for a matter of this nature.

Courts have routinely granted briefing extensions in bankruptcy appeals involving complex legal questions, pro se appellants, and pending threshold motions. See, e.g., In re Beker Industries Corp., 89 B.R. 336, 338 (S.D.N.Y. 1988) (granting extension of briefing schedule in complex bankruptcy appeal); In re Dow Corning Corp., 86 F.3d 482, 488 (6th Cir. 1996) (noting district court's broad discretion in managing bankruptcy appeal briefing schedules).

## VI. PROPOSED REVISED BRIEFING SCHEDULE

In the event this Court grants the stay and extension, Appellant proposes the following revised schedule:

- Stay of current briefing schedule: effective immediately upon entry of this Court's order.
- Appellant's opening brief: 30 days from the date of this Court's ruling on the Motion for Mandatory Withdrawal of Reference (ECF Doc. 88/88-1).
- Appellees' response brief: 21 days from service of Appellant's opening brief.
- Appellant's reply brief: 14 days from service of Appellees' response brief.

This revised schedule: (1) eliminates the constitutional problem of briefing before the jurisdictional framework is established; (2) provides adequate time for a pro se appellant to brief a $900,000,000 RICO matter with full constitutional argument; (3) aligns appellate briefing with the standard periods appropriate to the complexity of the issues; and (4) gives Appellees adequate time to respond without prejudicing their interests.

## VII. RELIEF REQUESTED

For the foregoing reasons, Appellant respectfully requests that this Court:

1. GRANT an emergency stay of the briefing schedule set by the Scheduling Order (Doc. 3), effective immediately, suspending the March 13, 2026 appellant's brief deadline pending this Court's ruling on the Motion for Mandatory Withdrawal of Reference (ECF Doc. 88/88-1).

2. EXTEND the briefing schedule as set forth in Section VI above, or on such other schedule as this Court deems appropriate, with Appellant's opening brief due 30 days from the date of the Court's ruling on the Withdrawal Motion.

3. DIRECT that the Motion for Mandatory Withdrawal of Reference (ECF Doc. 88/88-1) be heard and decided by District Judge Breen pursuant to the mandatory requirements of Federal Rule of Bankruptcy Procedure 5011(a) before any further briefing deadlines are imposed in this appeal.

4. IN THE ALTERNATIVE — if this Court does not grant a full stay — EXTEND the March 13, 2026 appellant's brief deadline by thirty (30) days to April 12, 2026, to permit adequate briefing of the complex constitutional and statutory issues presented by this appeal, with the understanding that the Withdrawal Motion remains pending and will be decided before the brief is submitted to whichever judicial officer has authority to receive it.

## VIII. CONCLUSION

Appellant respectfully submits that requiring him to file a $900,000,000 RICO appellate brief in seven days — before a threshold constitutional jurisdictional question has been resolved, under a schedule entered by a deputy clerk without judicial authorization, in a format that creates risk of implied consent to non-Article III adjudication — is not a procedurally or constitutionally sustainable outcome. The stay is the correct procedural response to the sequence of events that has unfolded in this appeal since March 4, 2026.

Appellant has moved promptly. The Withdrawal Motion was filed March 5, 2026 — one day after the defective Order of Reference was entered. This Motion was filed within seven days of discovering the scheduling conflict created by the Withdrawal Motion's pendency. Appellant has not sat on his rights. He has pursued them with urgency at every step. The Court should protect those rights by staying the briefing schedule until the threshold jurisdictional question is resolved.

Respectfully submitted,

_/s/ Randel E. Page_

Randel Edward Page, Jr., Pro Se Appellant
3504 Milford Cove, Collierville, Tennessee 38017
(901) 351-6060 | randelpage@gmail.com
Date: March 9, 2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2026, a true and correct copy of the foregoing Motion was served by electronic mail:

Carrie Ann Rohrscheib — Carrie.A.Rohrscheib@usdoj.gov
Office of the U.S. Trustee, Region 8
200 Jefferson Avenue, Suite 400, Memphis, Tennessee 38103

C. Jerome Teel, Jr. — Jerome@tennesseefirm.com
Teel & Gay, PLC, 79 Stonebridge Blvd., Suite B, Jackson, Tennessee 38305

_/s/ Randel E. Page_

Randel Edward Page, Jr.

---

**TABLE OF AUTHORITIES**

CASES:

    Elrod v. Burns, 427 U.S. 347 (1976)
    In re Beker Industries Corp., 89 B.R. 336 (S.D.N.Y. 1988)
    Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n, 812 F.2d 288 (6th Cir. 1987)
    In re Dow Corning Corp., 86 F.3d 482 (6th Cir. 1996)
    Landis v. North American Co., 299 U.S. 248 (1936)
    In re Residential Capital, LLC, 519 B.R. 891 (Bankr. S.D.N.Y. 2014)
    Roell v. Withrow, 538 U.S. 580 (2003)

Stern v. Marshall, 564 U.S. 462 (2011)

In re Vicars Ins. Agency, Inc., 96 F.3d 949 (7th Cir. 1996)

Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015)

## STATUTES AND RULES:

    28 U.S.C. § 157(d) — Mandatory withdrawal of reference

    28 U.S.C. § 1334 — District court bankruptcy jurisdiction

    28 U.S.C. § 636(c) — Magistrate consent jurisdiction

    Federal Rule of Bankruptcy Procedure 5011(a) — Withdrawal motion heard by district judge

    Federal Rule of Bankruptcy Procedure 5011(c) — Stay pending withdrawal motion

    Federal Rule of Bankruptcy Procedure 8018(a)(1) — Standard 30-day appellant brief period

    Federal Rule of Bankruptcy Procedure 9006(b) — Extension of time for good cause

    Federal Rule of Civil Procedure 6(b)(1) — Extension of time

    Local Rule 72.1(c)(1) — Consent notification requirement

# Exhibit A

# Gmail

Randel Page <randelpage@gmail.com>

## Extending Briefing Deadlines Apperson Crump Appeal Case No. 25-11660

1 message

Rohrscheib, Carrie A. (USTP) <Carrie.A.Rohrscheib@usdoj.gov>
To: Randel Page <randelpage@gmail.com>

Wed, Mar 4, 2026 at 3:22 PM

Mr. Page,

The district court scheduling order has imposed a 15-day deadline for the filing of briefs. Federal Rule of Bankruptcy Procedure 8018 allows for 30 days to file briefs. Would you be willing to join in a motion to extend the time for filing briefs to allow each party to have 30 days to file a brief? I have prepared a proposed Joint Motion to Extend and a proposed Order. I am attaching the documents to this email. Can you review and let me know if you would Join in the motion? Apperson Crump as indicated they will not participate in the appeal, and I have indicated such in the motion. If you are willing to join can you sign the signature page, scan, and email it to me or if that is not possible sign the signature page, take a photo of it, and email the photo of the signature page to me. I can then file the motion in the district court and submit the order. Please let me know if you have any question.

Thank you,

Carrie Ann


Carrie Ann Rohrscheib

Trial Attorney

Office of the U.S. Trustee, Region 8

U.S. Department of Justice

200 Jefferson Ave., Suite 400

Memphis, Tennessee 38103

(901) 544-3303 direct dial


From: Randel Page <randelpage@gmail.com>
Sent: Wednesday, March 4, 2026 1:42 PM
To: Rohrscheib, Carrie A. (USTP) <Carrie.A.Rohrscheib@usdoj.gov>
Subject: [EXTERNAL] Re: Case No. 25-11660


Please see attached.


On Mon, Mar 2, 2026 at 12:50 PM Randel Page <randelpage@gmail.com> wrote:
> Please see attached.
>
> On Wed, Feb 25, 2026 at 1:34 PM Randel Page <randelpage@gmail.com> wrote:
>> Ms. Rohrscheib,

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| IN RE: )<br>    APPERSON CRUMP, PLC )<br> )<br>***Debtor.*** )<br> ) | |
| RANDEL EDWARD PAGE, JR. )<br> )<br>***Appellant*** )<br> )<br>v. ) Case No. 1:26-cv-01037-jay<br> )<br>APPERSON CRUMP, PLC )<br> )<br>PAUL A. RANDOLPH, )<br>ACTING U.S. TRUSTEE REGION 8, )<br> )<br>***Appellee.*** ) | |

*Appeal from the United States Bankruptcy*
*Court for the Western District of Tennessee,*
*Case No. 25-11660*

---

**JOINT MOTION FOR EXTENSION OF TIME TO FILE BRIEFS**

---

COME NOW, Appellant, Randel Edward Page, Jr., and Appellee, Paul A. Randolph, Acting United States Trustee Region 8 ("United States Trustee"), and hereby move this court for an extension of time to file briefs in this matter pursuant to LR 83.1(c), incorporating 6th Cir. BAP LBR 8014 – 1(e). In support of this Motion the Appellant and Appellee state as follows:

    1.    These proceedings were commenced on February 25, 2026, when Mr. Page, the Appellant, filed a notice of appeal of the bankruptcy court's Order Granting United State Trustee's Motion to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b) and Dismissing Debtor's Chapter 11 Case entered on February 17, 2026.

2. Pursuant to Fed R. Bankr. P. 8006, Mr. Page's designation of record and statement of issues is due 14 days thereafter on March 11, 2026. The United States Trustee may designate additional items to be included in the record within 14 days after being served with Mr. Page's designations and statement of the issues.

3. On February 27, 2026, this Court issued its Order Setting Briefing Schedule in Bankruptcy Appeal in this case setting 15 days from the entry of the Order, March 16, 2026, as the deadline for the Appellant to file his opening brief, and Appellee's responsive brief being due 15 days after service of the Appellant's brief.

4. Mr. Page and the United States Trustee jointly request the times for filing the opening and responsive briefs be extended to 30 days. Accordingly, setting 30 days from the entry of the Order, March 30, 2026, as the deadline for the Appellant to file his opening brief, and Appellee's responsive brief being due 30 days after filing of the Appellant's brief.

5. Neither Mr. Page nor the United States Trustee have previously moved for or received any prior extensions. An extension of time to file briefs is necessary to allow the parties to more effectively brief this matter and facilitate the Court's review on appeal. The requested extensions do not exceed the 30 days generally allowed to the parties to file briefs pursuant to Fed R. Bankr. P. 8018.

6. Counsel for the United States Trustee has communicated with bankruptcy court counsel for Apperson Crump, PLC who has indicated Apperson Crump, PLC does not intend to participate in this appeal and thus, does not object to this extension.

WHEREFORE, based on the foregoing argument, Appellant, Randel Edward Page, Jr., and Appellee, the United States Trustee request an extension of time to file briefs setting 30 days from the entry of the Order Setting Briefing Schedule in Bankruptcy Appeal, March 30,

2026, as the deadline for the Appellant to file his opening brief, and Appellee's responsive brief being due 30 days after filing of the Appellant's brief.

Respectfully submitted,

/s/Carrie Ann Rohrscheib
Carrie Ann Rohrscheib (TN 022991)
Trial Attorney
Office of the U.S. Trustee, Region 8
U.S. Department of Justice
200 Jefferson Ave., Suite 400
Memphis, TN 38103
Carrie.A.Rohrscheib@usdoj.gov
Tel: (901) 544-3303
Fax: (901) 544-4138

/s/_____
Randel Edward Page, Jr.
3504 Milford Cove
Collierville, Tennessee 38017
randelpage@gmail.com
Tel: (901) 351-6060

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing was served upon the parties listed below by electronic mail on March ___, 2026.

/s/Carrie Ann Rohrscheib
Carrie Ann Rohrscheib (TN 022991)
Trial Attorney

Randel Edward Page, Jr.
3504 Milford Cove
Collierville, Tennessee 38017
randelpage@gmail.com
Tel: (901) 351-6060

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| IN RE: <br>     APPERSON CRUMP, PLC <br><br> *Debtor.* <br><br> RANDEL EDWARD PAGE, JR. <br><br> *Appellant* <br><br> v. <br><br> APPERSON CRUMP, PLC <br><br> PAUL A. RANDOLPH, <br> ACTING U.S. TRUSTEE REGION 8, <br><br> *Appellee.* | Case No. 1:26-cv-01037-jay |

*Appeal from the United States Bankruptcy
Court for the Western District of Tennessee,
Case No. 25-11660*

---

## ORDER GRANTING JOINT MOTION FOR EXTENSION OF TIME TO FILE BRIEFS

---

Before the Court is the Joint Motion for Extension of Time to File Briefs pursuant to LR 83.1(c), incorporating 6th Cir. BAP LBR 8014 – 1(e) filed by Appellant, Randel Edward Page, Jr. and Appellee, Paul A. Randolph, Acting U.S. Trustee, Region 8. For good cause shown, the instant Motion is **GRANTED**. Appellant's opening brief is due to be filed **thirty (30) days** from the date of the Order Setting Briefing Schedule (Docket No. 3) and Appellee's responsive brief is due **thirty (30) days** from the date of the filing of Appellant's opening brief.

**IT IS SO ORDERED**

JON A. YORK
UNITED STATES MAGISTRATE JUDGE

Date:

Case 25-11660 Doc 327 Filed 03/09/26 Entered 03/09/26 12:52:59 Page 1 of 1
Case 1:26-cv-01037-JDB-jay Document 1-20 Filed 03/09/26 Page 20 of 20 BAP
Notice of Transmittal Appeal    Page 1 of 1

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
Western District of Tennessee

---

**In re**

**Apperson Crump PLC**

**Debtor(s).**

**Randel Edward Page, Jr.**
**Appellant(s)**

**vs.**

**Apperson Crump PLC**
**Paul A. Randolph**
**Acting US Trustee**
**Appellee(s).**

**Case No.   25–11660**
**Chapter   11**
**BK Judge   Jimmy L Croom**

**Adversary No.**

**Business**

**USDC Case No. 26–01037**

---

### NOTICE OF TRANSMITTAL TO THE UNITED STATES DISTRICT COURT
### OF MISCELLANEOUS ITEMS RELATED TO APPEAL

**TO: Clerk of the U.S. District Court for the Western District of Tennessee**

The following items are available from the U.S. Bankruptcy Court docket sheet in .PDF form at
https://ecf.tnwb.uscourts.gov.

☐   Motion (or Order thereon) to waive filing fee on appeal.

☐   Appellee(s)' election to have appeal heard in District Court erroneously filed with this court on
    .

☐   Order dismissing bankruptcy case.
    *See, Case Management Manual for United States Bankruptcy Judges, 1995*
    *Chapter IV, Section B: The Pretrial Phase(b) –*
    *"...dismissal of the underlying case may warrant the dismissal of an appeal..."*

☑   APPELLANT'S EMERGENCY MOTION TO STAY BRIEFING SCHEDULE
    PENDING RULING ON MOTION FOR MANDATORY WITHDRAWAL
    OF REFERENCE PURSUANT TO 28 U.S.C. § 157(d)
    AND MOTION FOR EXTENSION OF BRIEFING SCHEDULE

**Date:   March 9, 2026**

**cc:**
**Debtor**
**Debtor atty**
**Trustee**

**Travis D. Green, Clerk of Court**
**United Sates Bankruptcy Court**

**BY:  /s/ April Avent**

_____
**Deputy Clerk**
**(731) 421–9300**
**111 S Highland, Room 107**
**Jackson, TN 38301**

[ntctrnsa]Notice of Transmittal BAP 07–05