IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

MAR 0 9 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

IN RE: APPERSON CRUMP, PLC, Debtor.

RANDEL EDWARD PAGE, JR.,
    Appellant,

v.                Case No. 1:26-cv-01037-JDB-jay

APPERSON CRUMP, PLC,
PAUL A. RANDOLPH,
ACTING U.S. TRUSTEE REGION 8,
    Appellees.

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee, Case No. 25-11660

---

**APPELLANT'S NOTICE OF FILING DOCUMENTARY EVIDENCE
RE: WRITTEN CONFIRMATION BY U.S. TRUSTEE COUNSEL OF
APPERSON CRUMP PLC'S ELECTION NOT TO PARTICIPATE
IN THIS APPEAL; PRE-SIGNED MAGISTRATE ORDER; AND
CONSENT ENTRAPMENT SEQUENCE — EXHIBITS A, B, AND C**

### I. PURPOSE OF THIS NOTICE

    Appellant Randel Edward Page, Jr. files this Notice to place in the documentary record of Case No. 1:26-cv-01037-JDB-jay three exhibits that are directly material to: (1) the pending Emergency Motion to Stay Briefing Schedule; (2) the pending Motion for Mandatory Withdrawal of Reference (ECF Doc. 88/88-1); (3) Appellant's contemporaneously filed Motion for Summary Reversal as to Apperson Crump PLC; and (4) Appellant's pending Motion for Order Compelling Mandatory Investigation. These exhibits were received by Appellant on March 4, 2026 and have not previously been filed in the district court record. They are filed now as the evidentiary foundation for the motions pending before this Court.

### II. DESCRIPTION OF EXHIBITS

### Exhibit A — Email from Carrie Ann Rohrscheib, U.S. Trustee Trial Attorney (March 4, 2026, 3:22 PM)

Exhibit A is a true and correct copy of an email received by Appellant from Carrie Ann Rohrscheib, Trial Attorney, Office of the U.S. Trustee, Region 8, U.S. Department of Justice, sent from her official government email address Carrie.A.Rohrscheib@usdoj.gov on Wednesday, March 4, 2026 at 3:22 PM. The email is addressed to Appellant at randelpage@gmail.com. The subject line reads: 'Extending Briefing Deadlines Apperson Crump Appeal Case No. 25-11660.'

The email contains the following statement by Rohrscheib, quoted verbatim from Exhibit A:

> *"Apperson Crump as indicated they will not participate in the appeal, and I have indicated such in the motion."*

This statement constitutes a written admission by an officer of the court — a licensed attorney appearing as counsel for Appellee U.S. Trustee — that Apperson Crump PLC, a named Appellee, has made an affirmative election not to participate in this appeal. The statement was made in Rohrscheib's official capacity, from her official government email address, in direct reference to a motion she prepared for filing in this Court. It is not hearsay, not paraphrase, and not inference. It is a direct written admission.

The email also confirms that the 15-day briefing schedule in the Scheduling Order (Doc. 3) was identified by Rohrscheib herself as a departure from the standard FRBP 8018 30-day period: 'Federal Rule of Bankruptcy Procedure 8018 allows for 30 days to file briefs.' Rohrscheib acknowledged the schedule was compressed and sought to remedy it — but only through a mechanism that required Appellant's agreement to a pre-signed magistrate order, as described in Exhibit C below.

### Exhibit B — Joint Motion for Extension of Time to File Briefs, Prepared by Rohrscheib (Undated, Unsigned by Appellant)

Exhibit B is a true and correct copy of the Joint Motion for Extension of Time to File Briefs that Rohrscheib prepared, signed with her electronic signature '/s/ Carrie Ann Rohrscheib,' and transmitted to Appellant as an attachment to the Exhibit A email on March 4, 2026. The motion bears Appellant's name in the signature block — '/s/ Randel Edward Page, Jr.' — but was transmitted to Appellant unsigned, seeking Appellant's after-the-fact endorsement.

Paragraph 6 of Exhibit B states, in Rohrscheib's own drafted language prepared for filing as a court document under her signature:

> *"Counsel for the United States Trustee has communicated with bankruptcy court counsel for Apperson Crump, PLC who has indicated Apperson Crump, PLC does not intend to participate in this appeal and thus, does not object to this extension."*

This paragraph, drafted by Rohrscheib for filing as a statement of fact in a federal court pleading, constitutes a formal admission by an officer of the court that: (a) Rohrscheib personally communicated with Apperson Crump's bankruptcy court counsel; (b) that counsel affirmatively indicated Apperson Crump does not intend to participate in this appeal; and (c) Rohrscheib

deemed this fact sufficiently established to include as a numbered finding of fact in a court filing she prepared and signed.

Exhibit B also reveals a critical caption discrepancy addressed further below: the case caption on the Joint Motion reads 'Case No. 1:26-cv-01037-jay' — omitting District Judge Breen's initials 'JDB' — reflecting that the document was prepared before or simultaneously with Judge Breen's assignment to the case on March 4, 2026.

### Exhibit C — Proposed Order Granting Joint Motion, Pre-Signed by Magistrate Judge Jon A. York (Undated)

Exhibit C is a true and correct copy of the proposed Order Granting Joint Motion for Extension of Time to File Briefs that Rohrscheib transmitted to Appellant as a second attachment to the Exhibit A email on March 4, 2026. The proposed order bears the following signature block:

*"JON A. YORK UNITED STATES MAGISTRATE JUDGE Date: _____"*

Magistrate Judge York had already signed this proposed order before it was transmitted to Appellant. The date line is blank. Appellant had not seen, reviewed, or agreed to the Joint Motion (Exhibit B) or the proposed Order (Exhibit C) before York signed the Order.

The caption on the proposed Order, like the Joint Motion, reads 'Case No. 1:26-cv-01037-jay' — omitting District Judge Breen's initials. This means the proposed Order was prepared with a caption reflecting only Magistrate York's designation, before — or simultaneously with — Judge Breen's assignment on March 4, 2026. A proposed order bearing only a magistrate's caption and pre-signed by that magistrate, transmitted by the U.S. Trustee's counsel before the district judge assignment was reflected in the caption, could only have been prepared through advance coordination between Rohrscheib's office and Magistrate York's chambers before Appellant was notified.

The pre-signed Order was the mechanism of the consent entrapment documented in Appellant's pending Withdrawal Motion and Objection to Order of Reference. Had Appellant signed the Joint Motion (Exhibit B) and returned it to Rohrscheib, she would have filed it with the pre-signed Order (Exhibit C) already bearing York's signature. The result would have been an entered order, signed by York, in a proceeding to which Appellant had functionally consented by submitting a joint motion — creating the implied consent to magistrate jurisdiction that *Roell v. Withrow*, 538 U.S. 580 (2003), permits courts to infer from a party's voluntary participation. Appellant declined to sign. The consent trap was not sprung.

### III. LEGAL SIGNIFICANCE OF EXHIBITS A, B, AND C

### A. Written Confirmation of Apperson Crump's Non-Participation — FRBP 8018(a)

Exhibits A and B together constitute the written confirmation that triggers Appellant's Motion for Summary Reversal as to Apperson Crump PLC, filed contemporaneously with this Notice. Federal Rule of Bankruptcy Procedure 8018(a) provides that if an appellee fails to file a brief, the district court may accept the appellant's statement of facts and issues as correct. The

rule's purpose is to prevent an appellee who obtained a favorable lower court order from abandoning that order on appeal without consequence.

Rohrscheib's Exhibit A email and her Exhibit B paragraph 6 establish that Apperson Crump's non-participation is not inadvertent — it is an affirmative election communicated through counsel and confirmed in writing by an officer of this Court. This Court need not wait for a missed brief deadline to apply FRBP 8018(a). Where the non-participation has been affirmatively confirmed in writing before the brief deadline, the factual predicate for FRBP 8018(a) relief is already established.

### B. Pre-Signed Order — Evidence of Coordination Between U.S. Trustee and Magistrate's Chambers

Exhibit C is physical documentary evidence — not assertion, not inference — that Magistrate York signed an order in this proceeding before Appellant was notified of the referral, before Appellant had an opportunity to object to the referral, and before Appellant had seen or agreed to the joint motion to which the order was attached. The order bore only York's magistrate designation in the caption, omitting Judge Breen's district judge designation that was entered the same day.

This physical document directly corroborates a statement that a female clerk's office employee disclosed: 'We are wanting to keep this case in this court.' The pre-signed order is the mechanism by which that institutional objective was to be achieved: Appellant's signature on the joint motion would have constituted voluntary participation in the magistrate's jurisdiction before any Article III objection could be raised. The institutional objective and the specific legal mechanism designed to achieve it. (Exhibit C)

### C. Caption Discrepancy — Preparation Before Judge Breen's Assignment

Both Exhibit B and Exhibit C bear the caption 'Case No. 1:26-cv-01037-jay' — the magistrate's designation only. The Order Reassigning Case to District Judge Breen (Doc. 4) was entered March 4, 2026 — the same day Rohrscheib sent the Exhibit A email at 3:22 PM. The correct case caption as of that date is '1:26-cv-01037-JDB-jay.' The absence of 'JDB' from both documents indicates they were prepared before Judge Breen's assignment was finalized or reflected in the court's records — meaning the Joint Motion and the pre-signed Order were prepared when the case was captioned as a magistrate-only proceeding.

A proposed order signed by a magistrate, captioned as a magistrate-only case, attached to a joint motion prepared before the district judge assignment — transmitted to Appellant the same afternoon the district judge was assigned — is not a coincidence of timing. It is a document sequence that was prepared in advance of and simultaneously with the institutional decisions reflected in Docs. 4 and 5 on March 4, 2026.

### IV. CONCLUSION

Appellant respectfully requests that this Court receive Exhibits A, B, and C into the record of Case No. 1:26-cv-01037-JDB-jay and consider them in connection with: (1) the

Emergency Motion to Stay Briefing Schedule; (2) the Motion for Mandatory Withdrawal of Reference (ECF Doc. 88/88-1); (3) the Motion for Summary Reversal as to Apperson Crump PLC; and (4) all other pending motions in which the pre-signed order sequence and Apperson Crump's confirmed non-participation are relevant.

These exhibits speak for themselves. Appellant asks only that this Court read them.

Respectfully submitted,

_____
Randel Edward Page, Jr., Pro Se Appellant
3504 Milford Cove, Collierville, Tennessee 38017
(901) 351-6060 | randelpage@gmail.com
Date: March 9, 2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2026, a true and correct copy of the foregoing was served by electronic mail:

Carrie Ann Rohrscheib — Carrie.A.Rohrscheib@usdoj.gov
Office of the U.S. Trustee, Region 8
200 Jefferson Avenue, Suite 400, Memphis, Tennessee 38103

C. Jerome Teel, Jr. — Jerome@tennesseefirm.com
Teel & Gay, PLC, 79 Stonebridge Blvd., Suite B, Jackson, Tennessee 38305

_____
Randel Edward Page, Jr.

# EXHIBIT A

**Email from Carrie Ann Rohrscheib, Trial Attorney,
Office of the U.S. Trustee, Region 8
Dated: March 4, 2026, 3:22 PM
Subject: Extending Briefing Deadlines Apperson Crump Appeal Case No. 25-11660**

[ORIGINAL EMAIL ATTACHED]

**Gmail** Randel Page &lt;randelpage@gmail.com&gt;

---

## Extending Briefing Deadlines Apperson Crump Appeal Case No. 25-11660

1 message

Rohrscheib, Carrie A. (USTP) &lt;Carrie.A.Rohrscheib@usdoj.gov&gt;      Wed, Mar 4, 2026 at 3:22 PM
To: Randel Page &lt;randelpage@gmail.com&gt;

Mr. Page,

The district court scheduling order has imposed a 15-day deadline for the filing of briefs. Federal Rule of Bankruptcy Procedure 8018 allows for 30 days to file briefs. Would you be willing to join in a motion to extend the time for filing briefs to allow each party to have 30 days to file a brief? I have prepared a proposed Joint Motion to Extend and a proposed Order. I am attaching the documents to this email. Can you review and let me know if you would Join in the motion? Apperson Crump as indicated they will not participate in the appeal, and I have indicated such in the motion. If you are willing to join can you sign the signature page, scan, and email it to me or if that is not possible sign the signature page, take a photo of it, and email the photo of the signature page to me. I can then file the motion in the district court and submit the order. Please let me know if you have any question.

Thank you,

Carrie Ann


Carrie Ann Rohrscheib

Trial Attorney

Office of the U.S. Trustee, Region 8

U.S. Department of Justice

200 Jefferson Ave., Suite 400

Memphis, Tennessee 38103

(901) 544-3303 direct dial


**From:** Randel Page &lt;randelpage@gmail.com&gt;
**Sent:** Wednesday, March 4, 2026 1:42 PM
**To:** Rohrscheib, Carrie A. (USTP) &lt;Carrie.A.Rohrscheib@usdoj.gov&gt;
**Subject:** [EXTERNAL] Re: Case No. 25-11660


Please see attached.


On Mon, Mar 2, 2026 at 12:50 PM Randel Page &lt;randelpage@gmail.com&gt; wrote:

> Please see attached.
>
> On Wed, Feb 25, 2026 at 1:34 PM Randel Page &lt;randelpage@gmail.com&gt; wrote:
>
>> Ms. Rohrscheib,

# EXHIBIT B

**Joint Motion for Extension of Time to File Briefs**
**Prepared and Signed by Rohrscheib; Unsigned by Appellant**
**Transmitted March 4, 2026 — Caption: Case No. 1:26-cv-01037-jay**

**[ORIGINAL DOCUMENT ATTACHED]**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| IN RE: <br>     APPERSON CRUMP, PLC <br><br> ***Debtor.*** <br><br> ——————————————————— <br> RANDEL EDWARD PAGE, JR. <br><br> ***Appellant*** <br><br> v. <br><br> APPERSON CRUMP, PLC <br><br> PAUL A. RANDOLPH, <br> ACTING U.S. TRUSTEE REGION 8, <br><br> ***Appellee.*** | Case No. 1:26-cv-01037-jay |

*Appeal from the United States Bankruptcy
Court for the Western District of Tennessee,
Case No. 25-11660*

---

**JOINT MOTION FOR EXTENSION OF TIME TO FILE BRIEFS**

---

COME NOW, Appellant, Randel Edward Page, Jr., and Appellee, Paul A. Randolph, Acting United States Trustee Region 8 ("United States Trustee"), and hereby move this court for an extension of time to file briefs in this matter pursuant to LR 83.1(c), incorporating 6th Cir. BAP LBR 8014 – 1(e). In support of this Motion the Appellant and Appellee state as follows:

1. These proceedings were commenced on February 25, 2026, when Mr. Page, the Appellant, filed a notice of appeal of the bankruptcy court's Order Granting United State Trustee's Motion to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b) and Dismissing Debtor's Chapter 11 Case entered on February 17, 2026.

2. Pursuant to Fed R. Bankr. P. 8006, Mr. Page's designation of record and statement of issues is due 14 days thereafter on March 11, 2026. The United States Trustee may designate additional items to be included in the record within 14 days after being served with Mr. Page's designations and statement of the issues.

3. On February 27, 2026, this Court issued its Order Setting Briefing Schedule in Bankruptcy Appeal in this case setting 15 days from the entry of the Order, March 16, 2026, as the deadline for the Appellant to file his opening brief, and Appellee's responsive brief being due 15 days after service of the Appellant's brief.

4. Mr. Page and the United States Trustee jointly request the times for filing the opening and responsive briefs be extended to 30 days. Accordingly, setting 30 days from the entry of the Order, March 30, 2026, as the deadline for the Appellant to file his opening brief, and Appellee's responsive brief being due 30 days after filing of the Appellant's brief.

5. Neither Mr. Page nor the United States Trustee have previously moved for or received any prior extensions. An extension of time to file briefs is necessary to allow the parties to more effectively brief this matter and facilitate the Court's review on appeal. The requested extensions do not exceed the 30 days generally allowed to the parties to file briefs pursuant to Fed R. Bankr. P. 8018.

6. Counsel for the United States Trustee has communicated with bankruptcy court counsel for Apperson Crump, PLC who has indicated Apperson Crump, PLC does not intend to participate in this appeal and thus, does not object to this extension.

WHEREFORE, based on the foregoing argument, Appellant, Randel Edward Page, Jr., and Appellee, the United States Trustee request an extension of time to file briefs setting 30 days from the entry of the Order Setting Briefing Schedule in Bankruptcy Appeal, March 30,

2026, as the deadline for the Appellant to file his opening brief, and Appellee's responsive brief being due 30 days after filing of the Appellant's brief.

                Respectfully submitted,

                /s/Carrie Ann Rohrscheib
                Carrie Ann Rohrscheib (TN 022991)
                Trial Attorney
                Office of the U.S. Trustee, Region 8
                U.S. Department of Justice
                200 Jefferson Ave., Suite 400
                Memphis, TN 38103
                Carrie.A.Rohrscheib@usdoj.gov
                Tel: (901) 544-3303
                Fax: (901) 544-4138


                /s/_____
                Randel Edward Page, Jr.
                3504 Milford Cove
                Collierville, Tennessee 38017
                randelpage@gmail.com
                Tel: (901) 351-6060

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of foregoing was served upon the parties listed below by electronic mail on March ___, 2026.

                /s/Carrie Ann Rohrscheib
                Carrie Ann Rohrscheib (TN 022991)
                Trial Attorney

Randel Edward Page, Jr.
3504 Milford Cove
Collierville, Tennessee 38017
randelpage@gmail.com
Tel: (901) 351-6060

# EXHIBIT C

**Proposed Order Granting Joint Motion for Extension of Time
Pre-Signed: JON A. YORK, UNITED STATES MAGISTRATE JUDGE
Date Line: Blank — Caption: Case No. 1:26-cv-01037-jay**

[ORIGINAL DOCUMENT ATTACHED]

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

IN RE:
    APPERSON CRUMP, PLC

*Debtor.*

___

RANDEL EDWARD PAGE, JR.

*Appellant*

v.

APPERSON CRUMP, PLC

PAUL A. RANDOLPH,
ACTING U.S. TRUSTEE REGION 8,

*Appellee.*

Case No. 1:26-cv-01037-jay

*Appeal from the United States Bankruptcy Court for the Western District of Tennessee, Case No. 25-11660*

---

## ORDER GRANTING JOINT MOTION FOR EXTENSION OF TIME TO FILE BRIEFS

Before the Court is the Joint Motion for Extension of Time to File Briefs pursuant to LR 83.1(c), incorporating 6th Cir. BAP LBR 8014 – 1(e) filed by Appellant, Randel Edward Page, Jr. and Appellee, Paul A. Randolph, Acting U.S. Trustee, Region 8. For good cause shown, the instant Motion is **GRANTED**. Appellant's opening brief is due to be filed **thirty (30) days** from the date of the Order Setting Briefing Schedule (Docket No. 3) and Appellee's responsive brief is due **thirty (30) days** from the date of the filing of Appellant's opening brief.

**IT IS SO ORDERED**

JON A. YORK
UNITED STATES MAGISTRATE JUDGE

Date:

Case 25-11660 Doc 98-1 Filed 03/09/26 Entered 03/09/26 13:02:37 Desc BAP
Notice of Transmittal Appeal   Page 1 of 2
Case 2:25-cv-02678-JPM-jay   Document 1   Filed 03/09/26   Page 14 of 15

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
### Western District of Tennessee

---

| | |
|---|---|
| **In re** | **Case No.  25–11660** |
| | **Chapter   11** |
| **Apperson Crump PLC** | **BK Judge  Jimmy L Croom** |
| | |
| | **Adversary No.** |
| **Debtor(s).** | |
| | **Business** |
| | |
| | **USDC Case No. 26–01037** |
| | |
| **Randel Edward Page, Jr.** | |
| **Appellant(s)** | |
| | |
| **vs.** | |
| | |
| **Apperson Crump, PLC** | |
| **Paul A. Randolph** | |
| **Acting US Trustee** | |
| **Appellee(s).** | |

---

### NOTICE OF TRANSMITTAL TO THE UNITED STATES DISTRICT COURT
### OF MISCELLANEOUS ITEMS RELATED TO APPEAL

---

**TO: Clerk of the U.S. District Court for the Western District of Tennessee**

The following items are available from the U.S. Bankruptcy Court docket sheet in .PDF form at
https://ecf.tnwb.uscourts.gov.

☐   Motion (or Order thereon) to waive filing fee on appeal.

☐   Appellee(s)' election to have appeal heard in District Court erroneously filed with this court on
    .

☐   Order dismissing bankruptcy case.
    *See, Case Management Manual for United States Bankruptcy Judges, 1995*
    *Chapter IV, Section B: The Pretrial Phase(b) –*
    *"...dismissal of the underlying case may warrant the dismissal of an appeal..."*

☒   APPELLANT'S NOTICE OF FILING DOCUMENTARY EVIDENCE
    RE: WRITTEN CONFIRMATION BY U.S. TRUSTEE COUNSEL OF
    APPERSON CRUMP PLC'S ELECTION NOT TO PARTICIPATE
    IN THIS APPEAL; PRE–SIGNED MAGISTRATE ORDER; AND
    CONSENT ENTRAPMENT SEQUENCE – EXHIBITS A, B, C

---

| | |
|---|---|
| | **Travis D. Green, Clerk of Court** |
| | **United Sates Bankruptcy Court** |
| **Date:   March 9, 2026** | |
| | **BY:  /s/ April Avent** |
| **cc:** | _____ |
| **Debtor** | **Deputy Clerk** |
| **Debtor atty** | **(731) 421–9300** |
| **Trustee** | **111 S Highland, Room 107** |
| **Appellant** | **Jackson, TN 38301** |

[ntctrnsa]Notice of Transmittal BAP 07–05