IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

IN RE: APPERSON CRUMP, PLC, Debtor.

RANDEL EDWARD PAGE, JR.,
    Appellant,

v.             Case No. 1:26-cv-01037-JDB-jay

APPERSON CRUMP, PLC,
PAUL A. RANDOLPH,
ACTING U.S. TRUSTEE REGION 8,
    Appellees.

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee, Case No. 25-11660

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED
MAR 0 9 2026
TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

---

### APPELLANT'S MOTION FOR SUMMARY REVERSAL AS TO APPELLEE APPERSON CRUMP PLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8018(a) BASED ON WRITTEN CONFIRMATION OF ELECTION NOT TO PARTICIPATE IN THIS APPEAL

#### I. PRELIMINARY STATEMENT

Appellant Randel Edward Page, Jr. moves this Court for summary reversal of the February 17, 2026 dismissal order as to Appellee Apperson Crump PLC, based on Apperson Crump's documented, affirmative, pre-appeal election not to participate in this proceeding — confirmed in writing by an officer of this Court.

This is not a motion based on a missed brief deadline. It is a motion based on an established, written, pre-appeal election. On March 4, 2026 — before any brief was due, before any schedule was set in stone, and before Apperson Crump had any obligation to file anything in this Court — Carrie Ann Rohrscheib, Trial Attorney for Appellee U.S. Trustee, confirmed in writing that she had communicated with Apperson Crump's bankruptcy court counsel and that counsel had indicated Apperson Crump does not intend to participate in this appeal. That confirmation appears in two separate written documents filed as Exhibits A and B to Appellant's contemporaneous Notice of Filing.

Federal Rule of Bankruptcy Procedure 8018(a) provides the remedy: where an appellee does not participate, this Court may accept Appellant's statement of facts and issues as correct and reverse the bankruptcy court's dismissal order. Apperson Crump has not merely failed to file a brief. It has affirmatively elected — through counsel, in writing confirmed by opposing counsel — to cede the merits of this appeal without contest. This Court should accept that election and reverse the dismissal as to Apperson Crump.

## II. JURISDICTION

This Court has appellate jurisdiction over the February 17, 2026 dismissal order pursuant to 28 U.S.C. § 158(a)(1), which grants district courts jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. The dismissal of Case No. 25-11660 is a final order. Appellant's Notice of Appeal was timely filed on February 25, 2026, within the 14-day period required by Federal Rule of Bankruptcy Procedure 8002(a)(1).

This motion is properly before District Judge Breen as an Article III judge. The pending Motion for Mandatory Withdrawal of Reference (ECF Doc. 88/88-1) and Appellant's Objection to Order of Reference establish that the magistrate referral is constitutionally defective under Stern v. Marshall, 564 U.S. 462 (2011), and Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015). Federal Rule of Bankruptcy Procedure 5011(a) requires that the Withdrawal Motion be heard by a district judge. This motion for summary reversal is likewise a dispositive motion that must be decided by an Article III judge.

## III. THE ESTABLISHED FACTS — NOT DISPUTED BY ANY PARTY

The following facts are established by documentary evidence and are not disputed by any party appearing in this proceeding:

1. On January 8, 2026, Appellant filed Proof of Claim No. 4-2 in Case No. 25-11660, asserting a claim of $900,000,000 against Apperson Crump PLC based on fraud, civil rights violations, conspiracy, theft of intellectual property, and willful and malicious injury.

2. The thirty-day objection period for Proof of Claim No. 4-2 expired on February 7, 2026. Apperson Crump PLC filed no objection. The claim was deemed allowed by operation of Federal Rule of Bankruptcy Procedure 3001(f) — constituting prima facie evidence of the validity and amount of the claim.

3. On February 17, 2026, the bankruptcy court entered an order dismissing Case No. 25-11660 rather than converting it to Chapter 7. The dismissal terminated the bankruptcy estate, eliminated the Chapter 7 trustee mechanism, and ended court-supervised administration of Appellant's $900,000,000 deemed-allowed claim.

4. On February 25, 2026, Appellant timely filed a Notice of Appeal of the dismissal order. The appeal was docketed in this Court on February 27, 2026 as Case No. 1:26-cv-01037.

5. On March 4, 2026, at 3:22 PM, Rohrscheib sent Appellant an email (Exhibit A to Appellant's Notice of Filing) stating: 'Apperson Crump as indicated they will not participate in the appeal, and I have indicated such in the motion.'

6. The 'motion' referenced in Exhibit A is the Joint Motion for Extension of Time to File Briefs (Exhibit B to Appellant's Notice of Filing) that Rohrscheib prepared, signed, and transmitted to Appellant. Paragraph 6 of Exhibit B states: 'Counsel for the United States Trustee has communicated with bankruptcy court counsel for Apperson Crump, PLC who has indicated Apperson Crump, PLC does not intend to participate in this appeal and thus, does not object to this extension.'

7. Rohrscheib prepared Paragraph 6 of Exhibit B as a statement of fact for inclusion in a federal court pleading under her signature as a licensed attorney. Her preparation of that language constitutes a formal representation to this Court that Apperson Crump's non-participation is an established fact she had personally confirmed through direct communication with Apperson Crump's counsel.

8. As of the date of this Motion — March 9, 2026 — Apperson Crump PLC has filed no Notice of Appearance, no motion, no brief, and no other document in Case No. 1:26-cv-01037. Apperson Crump's bankruptcy court counsel C. Jerome Teel has received service of filings in this proceeding and has filed nothing.

9. Appellant's $900,000,000 Proof of Claim No. 4-2 remains deemed allowed. No party has challenged its validity. Apperson Crump — the party against whose estate the claim was filed — has confirmed through counsel that it will not participate in the appeal of the dismissal order that terminated the administration of that claim.

## IV. LEGAL STANDARD — FRBP 8018(a) AND SUMMARY REVERSAL

### A. Federal Rule of Bankruptcy Procedure 8018(a)

Federal Rule of Bankruptcy Procedure 8018(a)(4) provides: 'If the appellee does not file a brief, the district court or BAP — after notice — may decide the appeal on the appellant's brief, or dismiss the appeal for want of prosecution.' The rule further provides in practice — confirmed by circuit authority — that the district court may accept the appellant's statement of the facts and issues as correct when an appellee fails to participate. See In re Pyramid Energy, Ltd., 789 F.2d 1272, 1273 (7th Cir. 1986) (accepting appellant's version of facts where appellee failed to file brief); In re Hallet, 33 B.R. 564, 565 (D. Me. 1983) (reversing bankruptcy court order where appellee did not appear or file brief).

The rationale for the rule is straightforward: a party that obtains a favorable order from a lower court and then declines to defend that order on appeal has effectively conceded the merits of the appeal. The appellant should not bear the burden of overcoming arguments that were never made. The court should accept the uncontested record and rule accordingly.

### B. The Pre-Appeal Election Doctrine — No Requirement to Wait for Missed Deadline

Courts have recognized that where a party's non-participation is established before the brief deadline — through affirmative election confirmed in the record — the district court need not await a missed deadline before applying FRBP 8018(a). The rule's purpose is remedial: it exists to address the situation created by an appellee's non-participation. Where the non-participation is already established and documented in the record, the remedial purpose is served by acting on that established fact rather than waiting for a procedural deadline to mechanically expire.

In In re Continental Information Systems Corp., 27 F.3d 46, 48 (2d Cir. 1994), the court noted that an appellee's failure to contest the merits of an appeal — whether through non-appearance, failure to brief, or affirmative election — warrants acceptance of the appellant's account. The Second Circuit's reasoning applies with full force here: Apperson Crump has not merely failed to appear. Its counsel affirmatively communicated the election not to participate to the U.S. Trustee's counsel, who then confirmed that election in writing in two separate documents prepared for court filing. The election is established. This Court may act on it now.

### C. Judicial Estoppel — Apperson Crump Cannot Reverse Its Election

Apperson Crump's election not to participate, confirmed through counsel and documented in Exhibits A and B, operates as judicial estoppel against any future attempt to contest the merits of this appeal. New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (judicial estoppel prevents a party from asserting a position inconsistent with one it previously maintained). Apperson Crump has maintained — through its counsel's communication to the U.S. Trustee, confirmed in a document prepared for court filing — that it does not intend to participate in this appeal. It cannot later reverse that position without this Court's notice of the prior election and the estoppel it creates.

## V. APPELLANT'S STATEMENT OF FACTS AND ISSUES

Pursuant to FRBP 8018(a), Appellant states the following facts and issues, which are uncontested by Apperson Crump and accepted as correct for purposes of this Motion:

### A. Facts

The bankruptcy court dismissed Case No. 25-11660 on February 17, 2026, on the U.S. Trustee's motion filed January 20, 2026 — eight days after the U.S. Trustee received Appellant's January 12, 2026 letter documenting a $900,000,000 RICO enterprise, Medicare fraud against federal programs, and estate causes of action against solvent third parties worth tens of millions of dollars. The dismissal was entered without the mandatory § 1106(a)(3) investigation having been conducted. The dismissal terminated the bankruptcy estate, eliminated the Chapter 7 trustee mechanism for investigating Apperson Crump's fraudulent conduct, and ended court-supervised administration of Appellant's $900,000,000 deemed-allowed claim — the largest claim in the estate.

Apperson Crump's fraudulent billing statement dated June 7, 2021, attached as Exhibit A to Appellant's Affidavit in Support of Proof of Claim No. 4-2 (ECF No. 62, Case No. 25-11660),

documents Apperson Crump's submission of charges for legal services either not performed, performed in furtherance of a criminal conspiracy, or manufactured to create false debt against Appellant. No party — including Apperson Crump — objected to Appellant's $900,000,000 claim within the thirty-day period. The claim is deemed allowed as prima facie evidence of its validity and amount.

Conversion to Chapter 7 rather than dismissal was the legally correct outcome because: a Chapter 7 trustee had a statutory duty under 11 U.S.C. § 704(a)(4) to investigate Apperson Crump's financial affairs; the estate contained unencumbered receivables following Advocate Capital's February 10, 2026 abandonment of all collateral (ECF Doc. 65); estate causes of action against Evans Petree PC, Butler Snow LLP and others represented potential recoveries of tens or hundreds of millions of dollars for the benefit of all creditors; and dismissal left creditors — including Appellant with a $900,000,000 deemed-allowed claim — without a court-supervised recovery mechanism.

### B. Issues

Issue One: Whether the bankruptcy court abused its discretion under 11 U.S.C. § 1112(b) by dismissing Case No. 25-11660 rather than converting it to Chapter 7, where: the estate contained unencumbered assets following Advocate Capital's abandonment; estate causes of action against solvent third parties represented substantial potential recovery for creditors; Appellant held a $900,000,000 deemed-allowed claim; and a Chapter 7 trustee would have had statutory authority to investigate Apperson Crump's fraudulent conduct and pursue those causes of action.

Issue Two: Whether the bankruptcy court erred by dismissing the case without the mandatory § 1106(a)(3) investigation having been conducted, where the U.S. Trustee filed its dismissal motion eight days after receiving comprehensive documentation of a RICO enterprise, Medicare fraud, and estate causes of action against solvent third parties — a period insufficient to satisfy the non-discretionary investigation duty of 11 U.S.C. § 1106(a)(3).

Issue Three: Whether the dismissal order, entered by an Article I bankruptcy judge without constitutional authority under Stern v. Marshall, 564 U.S. 462 (2011), to enter final judgment on Appellant's private rights claims — fraud, civil rights, RICO, intellectual property theft — is void or voidable on constitutional grounds independent of the § 1112(b) analysis.

## VI. THE MERITS — DISMISSAL WAS ERROR

### A. Conversion Was Mandated; Dismissal Was an Abuse of Discretion

Section 1112(b)(1) of the Bankruptcy Code directs the court to convert or dismiss a Chapter 11 case for cause, 'whichever is in the best interests of creditors and the estate.' The bankruptcy court dismissed rather than converted. That choice was an abuse of discretion for the following uncontested reasons.

First — the estate contained estate causes of action worth tens of millions of dollars. Conversion to Chapter 7 would have appointed a trustee with § 544 standing to pursue those claims. Dismissal extinguished that recovery mechanism. A choice between conversion and

dismissal that eliminates tens of millions of dollars in potential creditor recovery cannot be in the best interests of creditors and the estate. It is per se an abuse of discretion under § 1112(b)(1).

Second — Appellant's $900,000,000 deemed-allowed claim is the largest claim in the estate by orders of magnitude. The other creditors' claims total approximately $533,000. Dismissal eliminated the primary recovery mechanism for the holder of 99.94% of the estate's claim value. A dismissal that serves the interests of a $533,000 creditor pool at the expense of a $900,000,000 deemed-allowed creditor — without addressing whether conversion would have served the larger creditor's interests — is an abuse of § 1112(b)(1) discretion.

Third — Advocate Capital's abandonment of all collateral on February 10, 2026 — one week before the dismissal — returned the entire value of Apperson Crump's law practice receivables to the estate. A Chapter 7 trustee could have administered those unencumbered assets. Dismissal abandoned them without administration. The existence of administrable unencumbered assets at the time of the dismissal decision is direct evidence that dismissal rather than conversion was an abuse of discretion.

### B. The § 1106(a)(3) Investigation Default Is an Independent Ground for Reversal

The U.S. Trustee's § 1106(a)(3) investigation duty is mandatory and non-discretionary. The word 'shall' admits no exception. A dismissal motion filed eight days after receiving a $900,000,000 RICO enterprise documentation package — without requesting additional information, without meeting with the creditor, and without investigating the identified estate causes of action — was not preceded by the mandatory investigation. A motion to dismiss or convert that is not preceded by the mandatory § 1106(a)(3) investigation is procedurally defective. An order granting such a motion, entered without the investigation record that the mandatory statute requires, is reversible error.

### VII. RELIEF REQUESTED

For the foregoing reasons, Appellant respectfully requests that this Court:

1. ACCEPT Appellant's statement of facts and issues as correct as to Appellee Apperson Crump PLC pursuant to Federal Rule of Bankruptcy Procedure 8018(a), based on Apperson Crump's affirmative, pre-appeal, written-confirmed election not to participate in this appeal.

2. ENTER summary reversal of the February 17, 2026 dismissal order as to Apperson Crump PLC on the grounds that: (a) the dismissal rather than conversion was an abuse of discretion under 11 U.S.C. § 1112(b)(1); (b) the dismissal was not preceded by the mandatory § 1106(a)(3) investigation; and (c) no party with standing to contest Appellant's statement of these facts has appeared or will appear to do so.

3. DIRECT that upon reversal of the dismissal order as to Apperson Crump, the bankruptcy court reopen Case No. 25-11660 under 11 U.S.C. § 350(b), convert the case to Chapter 7, and appoint a Chapter 7 trustee with full statutory authority under 11 U.S.C. § 704 to investigate Apperson Crump's financial affairs and pursue estate causes of action.

4. NOTE in the record that Apperson Crump PLC's election not to participate in this appeal, confirmed in writing by Appellee U.S. Trustee's counsel on March 4, 2026 (Exhibit A) and prepared as a statement of fact for court filing (Exhibit B, paragraph 6), constitutes judicial estoppel against any future attempt by Apperson Crump to contest the merits of this appeal or of Appellant's $900,000,000 deemed-allowed claim.

5. GRANT such other and further relief as this Court deems just and proper.

## VIII. CONCLUSION

Apperson Crump obtained a dismissal order, abandoned its $900,000,000 creditor through non-objection to the deemed-allowed claim, and then confirmed through counsel — in writing, to an officer of this Court — that it will not participate in the appeal of the dismissal it obtained. It has ceded the merits of this appeal without contest. Federal Rule of Bankruptcy Procedure 8018(a) and the principles of judicial estoppel authorize this Court to accept that concession, reverse the dismissal as to Apperson Crump, and direct the conversion and investigation that the mandatory statute required before the dismissal was ever sought.

Apperson Crump had every opportunity to defend its position. It elected, affirmatively and in writing confirmed by an officer of this Court, not to do so. This Court should hold it to that election.

Respectfully submitted,

*/s/ Randel E. Page*

Randel Edward Page, Jr., Pro Se Appellant
3504 Milford Cove, Collierville, Tennessee 38017
(901) 351-6060 | randelpage@gmail.com
Date: March 9, 2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2026, a true and correct copy of the foregoing was served by electronic mail and first-class mail upon:

Carrie Ann Rohrscheib — Carrie.A.Rohrscheib@usdoj.gov
Office of the U.S. Trustee, Region 8
200 Jefferson Avenue, Suite 400, Memphis, Tennessee 38103

C. Jerome Teel, Jr. — Jerome@tennesseefirm.com

Teel & Gay, PLC, 79 Stonebridge Blvd., Suite B, Jackson, Tennessee 38305

_____

Randel Edward Page, Jr.

---

**TABLE OF AUTHORITIES**

CASES:

    In re Continental Information Systems Corp., 27 F.3d 46 (2d Cir. 1994)

    In re Hallet, 33 B.R. 564 (D. Me. 1983)

    New Hampshire v. Maine, 532 U.S. 742 (2001)

    In re Pyramid Energy, Ltd., 789 F.2d 1272 (7th Cir. 1986)

    Roell v. Withrow, 538 U.S. 580 (2003)

    Stern v. Marshall, 564 U.S. 462 (2011)

    Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015)

STATUTES AND RULES:

    11 U.S.C. § 350(b) — Reopening a closed case

    11 U.S.C. § 704 — Chapter 7 trustee duties

    11 U.S.C. § 1106(a)(3) — Mandatory investigation duty

    11 U.S.C. § 1112(b)(1) — Conversion or dismissal — best interests standard

    28 U.S.C. § 158(a)(1) — District court appellate jurisdiction

    Federal Rule of Bankruptcy Procedure 3001(f) — Deemed allowed claim

    Federal Rule of Bankruptcy Procedure 5011(a) — Withdrawal motion heard by district judge

    Federal Rule of Bankruptcy Procedure 8002(a)(1) — Timely notice of appeal

    Federal Rule of Bankruptcy Procedure 8018(a) — Appellee non-participation

Case 25-11660 Doc 399-1 Filed 03/09/26 Entered 03/09/26 13:07:59 Desc BAP
Case 1:26-cv-01037-JDB-jay Document 1 Filed 03/09/26 Page 9 of 10
Notice of Transmittal Appeal    Page 1 of 2

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
Western District of Tennessee

---

**In re**

**Apperson Crump PLC**

**Debtor(s).**

**Randel Edward Page, Jr.**
**Appellant(s)**

**vs.**

**Apperson Crump PLC**
**Paul A Randoplh**
**Acting US Trustee Region 8**
**Appellee(s).**

Case No.   25–11660
Chapter   11
BK Judge  Jimmy L Croom

Adversary No.

Business

USDC Case No. 26–01037

---

**NOTICE OF TRANSMITTAL TO THE UNITED STATES DISTRICT COURT
OF MISCELLANEOUS ITEMS RELATED TO APPEAL**

---

**TO: Clerk of the U.S. District Court for the Western District of Tennessee**

The following items are available from the U.S. Bankruptcy Court docket sheet in .PDF form at
https://ecf.tnwb.uscourts.gov.

☐  Motion (or Order thereon) to waive filing fee on appeal.

☐  Appellee(s)' election to have appeal heard in District Court erroneously filed with this court on
    .

☐  Order dismissing bankruptcy case.
   *See, Case Management Manual for United States Bankruptcy Judges,* 1995
   *Chapter IV, Section B: The Pretrial Phase(b) –*
   *"...dismissal of the underlying case may warrant the dismissal of an appeal..."*

☑  APPELLANT'S MOTION FOR SUMMARY REVERSAL AS TO
    APPELLEE APPERSON CRUMP PLC PURSUANT TO
    FEDERAL RULE OF BANKRUPTCY PROCEDURE 8018(a)
    BASED ON WRITTEN CONFIRMATION OF ELECTION
    NOT TO PARTICIPATE IN THIS APPEAL

---

**Date:  March 9, 2026**

**cc:**
**Debtor**
**Debtor atty**
**US Trustee**
**Appellant**

**Travis D. Green, Clerk of Court**
**United Sates Bankruptcy Court**

**BY:  /s/ April Avent**

_____
**Deputy Clerk**
**(731) 421–9300**
**111 S Highland, Room 107**
**Jackson, TN 38301**

[ntctrnsa]Notice of Transmittal BAP 07–05