IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

IN RE: APPERSON CRUMP, PLC, Debtor.

RANDEL EDWARD PAGE, JR.,
    Appellant,

v.        Case No. 1:26-cv-01037-JDB-jay

APPERSON CRUMP, PLC,
PAUL A. RANDOLPH,
ACTING U.S. TRUSTEE REGION 8,
    Appellees.

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED
MAR 0 9 2026
TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee, Case No. 25-11660

---

## APPELLANT'S MOTION FOR ORDER COMPELLING
## MANDATORY INVESTIGATION BY THE UNITED STATES TRUSTEE
## PURSUANT TO 11 U.S.C. § 1106(a)(3), 28 U.S.C. § 1334,
## AND 28 U.S.C. § 1651 (ALL WRITS ACT)

### I. PRELIMINARY STATEMENT

    Appellant Randel Edward Page, Jr. moves this Court for an order compelling the United States Trustee, Region 8 — now appearing as Appellee through counsel Carrie Ann Rohrscheib (Doc. 8, filed March 6, 2026) — to conduct the mandatory § 1106(a)(3) investigation of Apperson Crump PLC's financial affairs that should have been conducted before the U.S. Trustee filed its Motion to Dismiss or Convert on January 20, 2026. That motion was filed eight days after the U.S. Trustee received Appellant's January 12, 2026 letter documenting a $900,000,000 RICO enterprise, Medicare fraud against federal programs, and estate causes of action worth tens of millions of dollars against solvent third parties. Eight days is not an investigation. It is a filing.

    The U.S. Trustee is now before this Court defending the dismissal order that its eight-day filing produced. It cannot simultaneously defend that dismissal as a legitimate judicial outcome and escape accountability for the mandatory investigation duty it abandoned before seeking that dismissal. This Court has jurisdiction — under 28 U.S.C. § 1334, 28 U.S.C. § 1651, and its inherent supervisory authority — to direct the U.S. Trustee to conduct the investigation it was statutorily required to perform, and to report the results of that investigation to this Court.

## II. JURISDICTION

This Court has jurisdiction over this motion on three independent grounds.

First — 28 U.S.C. § 1334 grants the district court original jurisdiction over all cases under title 11 and all civil proceedings arising under title 11. The U.S. Trustee's § 1106(a)(3) investigation duty arises directly under title 11. This Court's appellate jurisdiction over the bankruptcy court's dismissal order encompasses supervisory authority over the statutory obligations of all officers of the bankruptcy court operating within this district, including the U.S. Trustee.

Second — 28 U.S.C. § 1651 (the All Writs Act) authorizes federal courts to issue all writs necessary or appropriate in aid of their jurisdiction. Where this Court has jurisdiction over the appeal of a dismissal order, the All Writs Act authorizes issuance of an order directing the U.S. Trustee to fulfill the statutory investigation duty whose abandonment contributed to the dismissal being appealed. An order compelling the investigation is necessary and appropriate in aid of this Court's appellate jurisdiction because it ensures that the investigative record that should have existed before the dismissal will exist when this Court decides the appeal.

Third — this Court's inherent supervisory authority over the bankruptcy court and the United States Trustee's office operating within the Western District of Tennessee. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (federal courts possess inherent power to manage their proceedings and protect the integrity of the judicial process). The U.S. Trustee operates as an arm of the bankruptcy court system within this district. The district court's supervisory authority over that system includes authority to direct the U.S. Trustee to fulfill mandatory statutory obligations that were abandoned in a manner that produced the order now before this Court on appeal.

## III. FACTUAL BACKGROUND

### A. The Eight-Day Filing — Sequence That Demonstrates the Investigation Was Never Conducted

The following timeline is established in the record of Case No. 25-11660 and in the documents filed in this appeal:

1. January 12, 2026: Appellant sent a detailed letter to U.S. Trustee Trial Attorney Carrie Ann Rohrscheib requesting a meeting to present evidence of Apperson Crump PLC's fraudulent conduct and requesting that the U.S. Trustee investigate Apperson Crump's participation in a RICO enterprise, Medicare fraud against federal MIPS and BPCI Advanced programs, and a scheme to use the bankruptcy trustee to convert Appellant from creditor to debtor. The letter identified estate causes of action against solvent third parties — Evans Petree PC, Butler Snow LLP and others — worth tens of millions of dollars, and requested investigation under 11 U.S.C. § 1106(a)(3).

2. January 20, 2026: Eight days after receiving Appellant's letter, the U.S. Trustee filed its Motion to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b) (ECF No. 53). The

motion cited four grounds for cause under § 1112(b), including Debtor's inability to obtain malpractice insurance. The motion did not reference, address, or respond to the RICO enterprise allegations, the Medicare fraud allegations, or the estate causes of action identified in Appellant's January 12 letter.

3. February 7, 2026: Appellant's Proof of Claim No. 4-2 for $900,000,000 was deemed allowed by operation of Federal Rule of Bankruptcy Procedure 3001(f), after no party filed an objection within the thirty-day period. The U.S. Trustee did not object to the $900 million claim.

4. February 10, 2026: The bankruptcy court entered an order granting Advocate Capital, Inc. relief from stay and abandoning ALL collateral (ECF Doc. 65), removing the primary secured creditor and returning all client matter receivables to the estate — receivables that a Chapter 7 trustee could have collected and distributed to creditors.

5. February 17, 2026: The bankruptcy court dismissed Case No. 25-11660 rather than converting it to Chapter 7. Dismissal terminated the estate, eliminated the Chapter 7 trustee mechanism, and ended the prospect of a court-supervised § 1106(a)(3) investigation — without any investigation ever having been conducted.

6. March 6, 2026: Rohrscheib filed a Notice of Appearance in this appeal as counsel for Appellee Paul A. Randolph, Acting U.S. Trustee Region 8 (Doc. 8) — appearing to defend the dismissal order whose entry was preceded by the eight-day filing and no investigation.

## B. What a Mandatory § 1106(a)(3) Investigation Would Have Revealed

A § 1106(a)(3) investigation conducted with reasonable diligence would have revealed the following, all of which Appellant had documented and submitted to the U.S. Trustee by January 12, 2026:

- A RICO enterprise involving Apperson Crump PLC, Evans Petree PC, and Butler Snow LLP and others — with Apperson Crump's participation evidenced by a fraudulent billing statement dated June 7, 2021, submitted to Appellant for legal services either not performed or performed in furtherance of a criminal conspiracy. This billing statement is attached as Exhibit A to Appellant's Affidavit in Support of Proof of Claim No. 4-2 (ECF No. 62).

- Estate causes of action against Evans Petree PC, Butler Snow LLP and others for civil conspiracy, aiding and abetting fraud, and civil RICO under 18 U.S.C. § 1964(c) — with treble damages and attorneys' fees — worth tens or hundreds of millions of dollars. These solvent third parties have substantial assets and insurance coverage available to satisfy judgments.

- Medicare fraud against federal MIPS and BPCI Advanced programs using stolen intellectual property — implicating the False Claims Act, 31 U.S.C. § 3729, and potentially entitling the bankruptcy estate to share in government recoveries.

- Apperson Crump's inability to obtain malpractice insurance — the very ground cited in the U.S. Trustee's dismissal motion — was directly caused by insurance carriers discovering the fraudulent and criminal conduct documented in Appellant's Proof of

Claim. The inability to obtain insurance was not a standalone financial management failure; it was the market's response to undisclosed fraud.

- The Advocate Capital collateral abandonment — which occurred on February 10, 2026 — returned all client matter receivables to the estate, creating unencumbered assets that a Chapter 7 trustee could have collected and distributed. No investigation was conducted before dismissal to assess the value of those receivables or the estate causes of action against which they might be offset.

### C. The U.S. Trustee Now Defends the Dismissal That Ended Its Own Investigation Duty

The U.S. Trustee has appeared in this Court as Appellee, defending the February 17, 2026 dismissal order. In that posture, the U.S. Trustee is asking this Court to affirm a dismissal that: (a) was precipitated by an eight-day filing that preceded any investigation; (b) eliminated the only federal mechanism — a Chapter 7 trustee with § 704(a)(4) authority — by which the RICO enterprise would have been formally investigated within the bankruptcy system; and (c) left Appellant's deemed-allowed $900 million claim without a court-supervised vehicle for recovery against the estate causes of action identified in Appellant's January 12 letter.

The U.S. Trustee cannot defend this dismissal as a legitimate exercise of its statutory authority while having abandoned the mandatory investigation duty that precedes and governs any motion to dismiss or convert. Section 1106(a)(3) is not optional. It does not yield to the U.S. Trustee's preference for dismissal over investigation. It is a mandatory statutory obligation whose breach is directly before this Court through the appeal of the order the breach produced.

## IV. LEGAL STANDARD

### A. The Mandatory Nature of § 1106(a)(3)

11 U.S.C. § 1106(a)(3) provides that a trustee shall 'investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan.' The word 'shall' is mandatory. Courts have consistently held that the § 1106(a)(3) investigation duty is non-discretionary. See In re Cajun Elec. Power Coop., Inc., 74 F.3d 599, 600 (5th Cir. 1996) ('The trustee has a mandatory duty to investigate the debtor's financial affairs.'); In re Cardinal Industries, Inc., 116 B.R. 964, 982 (Bankr. S.D. Ohio 1990) ('The investigation contemplated by § 1106(a)(3) is not optional.').

The investigation duty extends to all matters relevant to the case — including potential estate causes of action against third parties, fraudulent conduct by the debtor, and claims against the debtor's principals and co-conspirators. In re Lernout & Hauspie Speech Prods., N.V., 301 B.R. 651, 656 (Bankr. D. Del. 2003) (§ 1106(a)(3) investigation must be sufficiently thorough to identify estate causes of action). A trustee who files a motion to dismiss or convert without first conducting the mandatory investigation has not exercised statutory discretion — it has committed statutory default.

### B. The District Court's Authority to Compel the Investigation

The district court's supervisory authority over the bankruptcy court and the U.S. Trustee — grounded in 28 U.S.C. § 1334 and the All Writs Act, 28 U.S.C. § 1651 — includes authority to direct the U.S. Trustee to fulfill mandatory statutory obligations. See In re Revco D.S., Inc., 898 F.2d 498, 500 (6th Cir. 1990) (district court has supervisory authority over bankruptcy proceedings within its district). The All Writs Act authorizes courts to issue orders necessary and appropriate in aid of their jurisdiction, including orders directed at parties and officers of the court whose statutory defaults give rise to the very proceedings before the court. Pennsylvania Bureau of Correction v. U.S. Marshals Service, 474 U.S. 34, 41 (1985).

The Sixth Circuit has recognized that district courts may use their supervisory authority to compel compliance with mandatory duties in proceedings within their jurisdiction. See United States v. Suarez, 263 F.3d 468, 479 (6th Cir. 2001). The U.S. Trustee's § 1106(a)(3) duty does not evaporate upon dismissal when the dismissal itself is on appeal. The appeal of the dismissal order restores this Court's jurisdiction over the matter and with it the authority to direct the investigation whose abandonment contributed to the dismissal.

### C. The Dismissal Does Not Extinguish the Investigation Duty While Appeal Is Pending

The U.S. Trustee will argue that the February 17, 2026 dismissal ended its § 1106(a)(3) duties because there is no longer an active case to administer. This argument fails for two independent reasons.

First — the dismissal is the subject of this appeal. A dismissal order that is under appellate review has not become final. The district court's jurisdiction over the appeal of the dismissal is coextensive with jurisdiction over all matters arising from the dismissed case, including the investigation duty whose abandonment contributed to the dismissal. Accepting the U.S. Trustee's argument would allow a party to extinguish its mandatory statutory obligations by obtaining the very dismissal that is being appealed — a logical impossibility that would reward statutory default with permanent immunity.

Second — even if the bankruptcy case remains dismissed pending this appeal, this Court has authority under § 1334 and the All Writs Act to order the U.S. Trustee to conduct a limited investigation and report to this Court, without requiring formal reopening of the bankruptcy case. The investigation is a statutory duty of the U.S. Trustee as an officer of the court — it is not contingent on the existence of an active bankruptcy estate. The U.S. Trustee can investigate and report; this Court can review the report and incorporate its findings into the appellate record; and the results can inform both this Court's ruling on the dismissal appeal and any subsequent order regarding conversion or reopening.

### V. ARGUMENT

### A. Eight Days Is Not an Investigation

The § 1106(a)(3) investigation duty requires a trustee to conduct a genuine inquiry into the debtor's acts, conduct, assets, liabilities, and financial condition. Courts have held that the investigation must be thorough enough to identify potential estate causes of action and to enable

the trustee to make an informed recommendation regarding the case's disposition. In re Lernout & Hauspie, 301 B.R. at 656; In re Cardinal Industries, 116 B.R. at 982.

The U.S. Trustee received Appellant's January 12, 2026 letter identifying: a $900 million RICO enterprise involving three law firms and other persons; Medicare fraud against federal programs; estate causes of action against solvent third parties worth tens of millions of dollars; the fraudulent billing statement constituting 'the smoking gun' of Apperson Crump's fraudulent conduct; and a comprehensive evidence directory submitted to the FBI, a Proof of Claim Affidavit with 74 numbered paragraphs and 17 sections, and multiple exhibits documenting the conspiracy. Eight days later — without requesting any additional information, without meeting with Appellant as requested, without reviewing the 114-page Proof of Claim No. 19-1 filed in the related Colorado Duntsch bankruptcy, and without investigating Evans Petree PC, Butler Snow LLP and the others. — the U.S. Trustee filed a motion to dismiss.

In In re Integrated Health Services, Inc., 261 B.R. 580, 583 (Bankr. D. Del. 2002), the court held that a trustee's investigation duty requires examination of all material allegations affecting the estate's value and causes of action. A trustee who receives specific, documented allegations of RICO enterprise participation and immediately files a dismissal motion — without examining those allegations — has not investigated. It has defaulted.

### B. The Estate Causes of Action Identified by Appellant Represent the Primary Value of the Estate

The Apperson Crump bankruptcy estate's primary assets are not its remaining accounts receivable — Advocate Capital abandoned those on February 10, 2026. The primary value of the estate lies in its potential causes of action against the co-conspirators who participated in the RICO enterprise with Apperson Crump: Evans Petree PC, Butler Snow LLP and others. These are solvent law firms and corporations with substantial assets, insurance, and equity. A Chapter 7 trustee with § 544 standing to pursue civil RICO claims under 18 U.S.C. § 1964(c) — with treble damages and attorneys' fees — could recover tens or hundreds of millions of dollars for the benefit of all creditors.

The other creditors in the Apperson Crump estate — with aggregate claims of approximately $533,000 excluding Appellant's $900 million claim — would receive substantially greater recoveries from the estate causes of action than from a simple liquidation of remaining assets. The § 1106(a)(3) investigation was the mechanism by which those causes of action would have been identified, evaluated, and pursued. The U.S. Trustee's eight-day filing — and the subsequent dismissal — eliminated that mechanism without ever engaging with it.

### C. The Investigation Duty Runs Specifically to This Court Through the Pending Appeal

The U.S. Trustee has appeared in this Court as Appellee. In doing so, it has submitted itself to this Court's jurisdiction not merely as a respondent to the appeal but as an officer of the bankruptcy court system operating within the Western District of Tennessee. This Court's supervisory jurisdiction under § 1334 encompasses the U.S. Trustee's statutory obligations in proceedings arising from Case No. 25-11660.

The U.S. Trustee cannot simultaneously: (1) appear before this Court defending the dismissal order as a legitimate exercise of its statutory authority; and (2) resist this Court's direction to fulfill the mandatory statutory investigation duty it abandoned before seeking that dismissal. The U.S. Trustee's appearance as Appellee is an implicit representation that its conduct in the underlying bankruptcy case was lawful and appropriate. The mandatory investigation was part of that conduct. This Court has authority to test that representation by directing the investigation it should have produced.

### D. The Investigation Is Particularly Urgent Given the FBI Criminal Referral

On February 20, 2026, Appellant submitted a Comprehensive Criminal Referral to the FBI — naming Evans Petree PC, Butler Snow LLP, Apperson Crump PLC, corporations, persons, individuals, and individual attorneys as subjects of a criminal investigation into RICO enterprise, Medicare fraud, bankruptcy fraud, and public corruption. The FBI investigation and the § 1106(a)(3) civil investigation serve complementary but independent purposes: the FBI investigation addresses criminal liability; the § 1106(a)(3) investigation identifies civil estate causes of action for the benefit of creditors.

An active § 1106(a)(3) investigation conducted under this Court's supervisory authority would create a civil investigative record that can be shared with the FBI, the DOJ, and the Colorado Chapter 7 Trustee John Smiley — in connection to the Duntsch bankruptcy estate (Case No. 13-30510-EEB). Coordinated investigation across two federal districts and between civil and criminal investigative channels maximizes recovery for creditors and victims while minimizing duplication of effort. This Court is uniquely positioned to authorize and supervise that coordination through an order directing the § 1106(a)(3) investigation.

## VI. RELIEF REQUESTED

For the foregoing reasons, Appellant respectfully requests that this Court enter an Order:

1. DIRECTING the United States Trustee, Region 8 to conduct a mandatory investigation of Apperson Crump PLC's financial affairs pursuant to 11 U.S.C. § 1106(a)(3), specifically including: (a) the RICO enterprise allegations involving Evans Petree PC, Butler Snow LLP and others documented in Appellant's January 12, 2026 letter and subsequent filings; (b) the estate causes of action against Evans Petree PC, Butler Snow LLP and others for civil conspiracy, aiding and abetting fraud, and civil RICO under 18 U.S.C. § 1964(c); (c) the Medicare fraud allegations involving federal MIPS and BPCI Advanced programs; and (d) the fraudulent billing statement dated June 7, 2021, attached as Exhibit A to Appellant's Affidavit in Support of Proof of Claim No. 4-2.

2. DIRECTING the United States Trustee to report to this Court within thirty (30) days of entry of the Order on the scope, status, and preliminary findings of the investigation.

3. DIRECTING the United States Trustee to preserve all documents, evidence, and investigative materials compiled in the investigation and to make them available to this Court, the Federal Bureau of Investigation, and any subsequently appointed Chapter 7 trustee in this case or in the related Duntsch bankruptcy estate (Case No. 13-30510-EEB, U.S. Bankruptcy Court, District of Colorado).

4. DIRECTING that the investigation be conducted regardless of the current dismissed posture of Case No. 25-11660, either through the U.S. Trustee's supervisory authority over the dismissed estate or through reopening of the case under 11 U.S.C. § 350(b) for the limited purpose of investigation, as this Court deems appropriate.

5. SCHEDULING a status conference within forty-five (45) days of entry of the Order at which the United States Trustee shall present its investigation report and Appellant may respond.

## VII. CONCLUSION

The United States Trustee filed a dismissal motion eight days after receiving comprehensive documentation of a $900 million RICO enterprise. It did so without conducting the mandatory investigation its statute required. It obtained a dismissal that eliminated the only federal mechanism by which the RICO enterprise would have been formally investigated within the bankruptcy system. It now appears before this Court defending that dismissal.

This Court has authority — under § 1334, the All Writs Act, and its inherent supervisory power — to direct the investigation that should have preceded the dismissal. Doing so does not prejudge the merits of the appeal. It ensures that when this Court rules on the appeal, it does so with the benefit of the investigative record that the mandatory statute required — a record that has never existed because the U.S. Trustee chose to file rather than investigate.

Appellant notes for the record that this Motion is filed simultaneously with a Motion to Disqualify Carrie Ann Rohrscheib as counsel of record for the U.S. Trustee based on her status as a necessary witness on the § 1106(a)(3) investigation question, her adverse personal interests in the outcome of this appeal, and her appearance as counsel while subject of active FBI criminal referrals regarding her own pre-appearance conduct. The statutory investigation duty established in this Motion is an institutional obligation of the United States Trustee's office that is entirely independent of the identity of the attorney defending this appeal. It runs against the institution, not the individual attorney. This Motion therefore survives any ruling on the disqualification motion — whether Rohrscheib remains as counsel or is replaced by substitute counsel, the mandatory § 1106(a)(3) investigation was not conducted and this Court's authority to compel it is unaffected by any change in personnel.

Respectfully submitted,

_/s/ Randel Page_

Randel Edward Page, Jr., Pro Se Appellant
3504 Milford Cove, Collierville, Tennessee 38017
(901) 351-6060 | randelpage@gmail.com
Date: March 6, 2026

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 6, 2026, a true and correct copy of the foregoing Motion was served by electronic mail and first-class mail upon:

Carrie Ann Rohrscheib — Carrie.A.Rohrscheib@usdoj.gov
Office of the U.S. Trustee, Region 8
200 Jefferson Avenue, Suite 400, Memphis, Tennessee 38103

C. Jerome Teel, Jr. — Jerome@tennesseefirm.com
Teel & Gay, PLC, 79 Stonebridge Blvd., Suite B, Jackson, Tennessee 38305

_____
Randel Edward Page, Jr.

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
Western District of Tennessee

| | |
|---|---|
| **In re** | **Case No.  25−11660** |
| | **Chapter   11** |
| **Apperson Crump PLC** | **BK Judge  Jimmy L Croom** |
| | **Adversary No.** |
| **Debtor(s).** | |
| | **Business** |
| | **USDC Case No. 26−01037** |
| **Randel Edward Page, Jr.** | |
| **Appellant(s)** | |
| **vs.** | |
| **Apperson Crump PLC** | |
| **Paul A. Randolph** | |
| **Acting US Trustee Region 8** | |
| **Appellee(s).** | |

### NOTICE OF TRANSMITTAL TO THE UNITED STATES DISTRICT COURT
### OF MISCELLANEOUS ITEMS RELATED TO APPEAL

**TO: Clerk of the U.S. District Court for the Western District of Tennessee**

The following items are available from the U.S. Bankruptcy Court docket sheet in .PDF form at
https://ecf.tnwb.uscourts.gov.

☐  Motion (or Order thereon) to waive filing fee on appeal.

☐  Appellee(s)' election to have appeal heard in District Court erroneously filed with this court on
   .

☐  Order dismissing bankruptcy case.
   *See, Case Management Manual for United States Bankruptcy Judges, 1995
   Chapter IV, Section B: The Pretrial Phase(b) –*
   *"...dismissal of the underlying case may warrant the dismissal of an appeal..."*

☑  APPELLANT'S MOTION FOR ORDER COMPELLING
   MANDATORY INVESTIGATION BY THE UNITED STATES TRUSTEE
   PURSUANT TO 11 U.S.C. § 1106(a)(3), 28 U.S.C. § 1334,
   AND 28 U.S.C. § 1651 (ALL WRITS ACT)

**Date:  March 9, 2026**

**Travis D. Green, Clerk of Court**
**United Sates Bankruptcy Court**

**cc:**
**Debtor**                                   **BY:  /s/ April Avent**
**Debtor atty**                              _____
**US Trustee**                               **Deputy Clerk**
**Appellant**                                **(731) 421−9300**
                                             **111 S Highland, Room 107**
                                             **Jackson, TN 38301**

[ntctrnsa]Notice of Transmittal BAP 07−05