IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

IN RE: APPERSON CRUMP, PLC, Debtor.

RANDEL EDWARD PAGE, JR.,
    Appellant,

v.            Case No. 1:26-cv-01037-JDB-jay

APPERSON CRUMP, PLC,
PAUL A. RANDOLPH,
ACTING U.S. TRUSTEE REGION 8,
    Appellees.

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED
MAR 0 9 2026
TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee, Case No. 25-11660

---

## PROPOSED ORDER COMPELLING MANDATORY INVESTIGATION BY THE UNITED STATES TRUSTEE PURSUANT TO 11 U.S.C. § 1106(a)(3), 28 U.S.C. § 1334, AND 28 U.S.C. § 1651

    THIS MATTER came before the Court on Appellant Randel Edward Page, Jr.'s Motion for Order Compelling Mandatory Investigation by the United States Trustee (the 'Motion'). The Court, having reviewed the Motion, the record in this appeal, the record in the underlying bankruptcy proceeding (Case No. 25-11660), and being duly advised in the premises, finds as follows:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 1651 (the All Writs Act), and this Court's inherent supervisory authority over bankruptcy proceedings within the Western District of Tennessee.

    2. The United States Trustee, Region 8 has appeared in this appeal as Appellee through counsel Carrie Ann Rohrscheib (Doc. 8), submitting itself to this Court's jurisdiction as an officer of the bankruptcy court system operating within this district.

3. 11 U.S.C. § 1106(a)(3) imposes a mandatory, non-discretionary duty on the trustee to investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, and any other matter relevant to the case. The word 'shall' in § 1106(a)(3) makes this duty non-discretionary.

4. On January 12, 2026, Appellant submitted a letter to U.S. Trustee Trial Attorney Carrie Ann Rohrscheib identifying a $900,000,000 RICO enterprise, estate causes of action against solvent third parties, Medicare fraud against federal programs, and the fraudulent billing statement constituting the primary basis of Appellant's Proof of Claim No. 4-2.

5. Eight days after receiving Appellant's January 12, 2026 letter, the United States Trustee filed a Motion to Dismiss or Convert (ECF No. 53) without conducting the mandatory § 1106(a)(3) investigation, without meeting with Appellant as requested, and without investigating the RICO enterprise allegations or estate causes of action identified in Appellant's letter.

6. The bankruptcy court dismissed Case No. 25-11660 on February 17, 2026 without a § 1106(a)(3) investigation having been conducted and without converting the case to Chapter 7, thereby eliminating the Chapter 7 trustee mechanism through which a court-supervised investigation would ordinarily proceed.

7. The dismissal order is the subject of the pending appeal in this Court. The appeal of the dismissal restores this Court's jurisdiction over all matters arising from Case No. 25-11660, including the U.S. Trustee's mandatory statutory obligations in that case.

8. The dismissal of Case No. 25-11660 does not extinguish the U.S. Trustee's § 1106(a)(3) investigation duty while that dismissal is pending on appeal, because accepting such a result would allow a party to permanently extinguish mandatory statutory obligations by obtaining the very dismissal being appealed.

9. This Court has authority under 28 U.S.C. § 1334, 28 U.S.C. § 1651, and its inherent supervisory power to direct the United States Trustee to conduct the mandatory investigation it was required to perform and to report the results to this Court.

10. An order compelling the investigation is necessary and appropriate in aid of this Court's appellate jurisdiction because it ensures that the investigative record required by § 1106(a)(3) will exist when this Court decides the appeal of the dismissal whose entry preceded any such investigation.

**ORDER**

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1. The Motion is GRANTED.

2. The United States Trustee, Region 8 is hereby DIRECTED to conduct a mandatory investigation of Apperson Crump PLC's financial affairs pursuant to 11 U.S.C. § 1106(a)(3). The investigation shall specifically include:

a. The RICO enterprise allegations involving Evans Petree PC, Butler Snow LLP and others documented in Appellant's January 12, 2026 letter to the U.S. Trustee and in Appellant's Affidavit in Support of Proof of Claim No. 4-2 (ECF No. 62, Case No. 25-11660);

b. The estate causes of action against Evans Petree PC, Butler Snow LLP and others for civil conspiracy, aiding and abetting fraud, fraudulent transfer, and civil RICO under 18 U.S.C. § 1964(c), including the pattern of fraudulent billing identified as constituting predicate acts of the RICO enterprise;

c. The Medicare fraud allegations involving federal MIPS (Merit-based Incentive Payment System) and BPCI Advanced (Bundled Payments for Care Improvement) programs documented in Appellant's submissions;

d. The fraudulent billing statement dated June 7, 2021, submitted by Apperson Crump PLC to Appellant, attached as Exhibit A to Appellant's Affidavit in Support of Proof of Claim No. 4-2; and

e. The full scope of Apperson Crump PLC's client matter receivables abandoned by Advocate Capital, Inc. pursuant to the Order entered February 10, 2026 (ECF Doc. 65, Case No. 25-11660), including any receivables connected to the co-conspirators identified in Appellant's filings.

3. The United States Trustee shall FILE A WRITTEN REPORT with this Court within thirty (30) days of entry of this Order, setting forth: (a) the scope and methodology of the investigation conducted; (b) the preliminary findings of the investigation, including identification of any estate causes of action discovered; (c) the United States Trustee's assessment of whether Case No. 25-11660 should be reopened under 11 U.S.C. § 350(b) for further administration; and (d) any recommendations regarding the appointment of a Chapter 7 trustee to pursue identified estate causes of action.

4. The United States Trustee shall PRESERVE all documents, evidence, and investigative materials compiled in the investigation and shall make them available, upon appropriate request, to this Court, the Federal Bureau of Investigation, the DOJ Public Integrity Section, and any subsequently appointed Chapter 7 trustee in Case No. 25-11660 or in the related Duntsch bankruptcy estate (Case No. 13-30510-EEB, U.S. Bankruptcy Court, District of Colorado).

      5. This Order shall be effective regardless of the current dismissed posture of Case No. 25-11660. The United States Trustee is authorized to conduct the investigation pursuant to its supervisory authority over the dismissed estate and pursuant to this Order, without requiring formal reopening of the bankruptcy case, unless the United States Trustee determines that reopening is necessary or appropriate to fulfill the investigation duty, in which case the United States Trustee is directed to file a motion to reopen under 11 U.S.C. § 350(b) within fourteen (14) days of entry of this Order.

      6. This Court shall conduct a STATUS CONFERENCE within forty-five (45) days of entry of this Order. The United States Trustee shall present its investigation report at the status conference. Appellant may respond to the report. The Court will address the scope of further proceedings at the status conference.

      7. Nothing in this Order shall be construed as a ruling on the merits of the appeal of the February 17, 2026 dismissal order. This Order is entered solely pursuant to this Court's supervisory jurisdiction, the All Writs Act, and the mandatory requirements of 11 U.S.C. § 1106(a)(3), pending the Court's resolution of the appeal on the merits.

SO ORDERED this \_\_\_\_ day of _____, 2026.

_____

J. DANIEL BREEN

United States District Judge

Western District of Tennessee, Eastern Division

---

## TABLE OF AUTHORITIES CITED IN THIS MOTION

CASES:

    In re Cajun Elec. Power Coop., Inc., 74 F.3d 599 (5th Cir. 1996)

    In re Cardinal Industries, Inc., 116 B.R. 964 (Bankr. S.D. Ohio 1990)

    Chambers v. NASCO, Inc., 501 U.S. 32 (1991)

    In re Integrated Health Services, Inc., 261 B.R. 580 (Bankr. D. Del. 2002)

    In re Lernout & Hauspie Speech Prods., N.V., 301 B.R. 651 (Bankr. D. Del. 2003)

    Pennsylvania Bureau of Correction v. U.S. Marshals Service, 474 U.S. 34 (1985)

    In re Revco D.S., Inc., 898 F.2d 498 (6th Cir. 1990)

    United States v. Suarez, 263 F.3d 468 (6th Cir. 2001)

STATUTES:

    11 U.S.C. § 106 — Sovereign immunity waiver in bankruptcy

    11 U.S.C. § 350(b) — Reopening a closed case

    11 U.S.C. § 1106(a)(3) — Mandatory investigation duty

    28 U.S.C. § 1334 — District court jurisdiction over bankruptcy

    28 U.S.C. § 1651 — All Writs Act

    18 U.S.C. § 1964(c) — Civil RICO

    31 U.S.C. § 3729 — False Claims Act

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
Western District of Tennessee

---

| | |
|---|---|
| **In re** | **Case No.  25–11660** |
| | **Chapter   11** |
| **Apperson Crump PLC** | **BK Judge  Jimmy L Croom** |
| | |
| | **Adversary No.** |
| **Debtor(s).** | |
| | **Business** |
| | |
| | **USDC Case No.** |
| **Randel Edward Page, Jr.** | |
| **Appellant(s)** | |
| | |
| **vs.** | |
| | |
| **Apperson Crump PLC** | |
| **Paul A. Randolph** | |
| **Acting US Trustee Region 8** | |
| **Appellee(s).** | |

---

### NOTICE OF TRANSMITTAL TO THE UNITED STATES DISTRICT COURT
### OF MISCELLANEOUS ITEMS RELATED TO APPEAL

---

**TO: Clerk of the U.S. District Court for the Western District of Tennessee**

The following items are available from the U.S. Bankruptcy Court docket sheet in .PDF form at https://ecf.tnwb.uscourts.gov.

☐  Motion (or Order thereon) to waive filing fee on appeal.

☐  Appellee(s)' election to have appeal heard in District Court erroneously filed with this court on
   .

☐  Order dismissing bankruptcy case.
   *See, Case Management Manual for United States Bankruptcy Judges, 1995
   Chapter IV, Section B: The Pretrial Phase(b) –*
   *"...dismissal of the underlying case may warrant the dismissal of an appeal..."*

☑  PROPOSED ORDER COMPELLING MANDATORY INVESTIGATION BY THE
   UNITED STATES TRUSTEE PURSUANT TO
   11 U.S.C. § 1106(a)(3), 28 U.S.C. § 1334,
   AND 28 U.S.C. § 1651

---

| | |
|---|---|
| | **Travis D. Green, Clerk of Court** |
| | **United Sates Bankruptcy Court** |
| **Date:  March 9, 2026** | |
| | **BY:  /s/ April Avent** |
| **cc:** | |
| **Debtor** | _____ |
| **Debtor atty** | **Deputy Clerk** |
| **US Trustee** | **(731) 421–9300** |
| **Appellant** | **111 S Highland, Room 107** |
| | **Jackson, TN 38301** |

[ntctrnsa]Notice of Transmittal BAP 07–05