UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

MAR 0 9 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

IN RE: APPERSON CRUMP, PLC, Debtor.

RANDEL EDWARD PAGE, JR.,
    Appellant,

v.           Case No. 1:26-cv-01037-JDB-jay

APPERSON CRUMP, PLC,
PAUL A. RANDOLPH,
ACTING U.S. TRUSTEE REGION 8,
    Appellees.

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee, Case No. 25-11660

---

## APPELLANT'S MOTION FOR RECUSAL OF MAGISTRATE JUDGE JON A. YORK PURSUANT TO 28 U.S.C. §§ 455(a) AND 455(b) BASED ON DOCUMENTED ORGANIZATIONAL CONFLICTS OF INTEREST, PRE-SIGNED ORDER CONDUCT, AND COORDINATED PROCEDURAL SEQUENCE WITH OPPOSING COUNSEL AND CLERK OF COURT

### I. PRELIMINARY STATEMENT

Appellant Randel Edward Page, Jr. moves this Court pursuant to 28 U.S.C. §§ 455(a) and 455(b) for an order recusing Magistrate Judge Jon A. York from any further participation in Case No. 1:26-cv-01037-JDB-jay, and for reassignment of any magistrate functions to a judicial officer without the conflicts documented herein.

This motion is grounded on two independent and cumulative bases, each of which standing alone would require recusal, and which together constitute an overwhelming documented case for disqualification.

The first basis is structural and organizational: Magistrate Judge York, opposing counsel Carrie Ann Rohrscheib, and Clerk of Court Wendy R. Oliver — the three institutional actors at the center of the procedural sequence documented in Appellant's prior filings — are co-officers of the Federal Bar Association Memphis Mid-South Chapter. York serves as Chapter Judicial

Representative. Rohrscheib serves as Chapter President-Elect. Oliver serves as Federal Court Liaison. This organizational relationship is documented in a public record of the Federal Bar Association. It is not an allegation — it is a published roster.

The second basis is conduct-based: on March 4, 2026, the same day this case was referred to York and before Appellant had any opportunity to respond to that referral, York pre-signed a proposed order in this proceeding and Rohrscheib transmitted that pre-signed order to Appellant as an attachment to a joint motion Rohrscheib had also signed. The proposed order bore York's signature, a blank date line, and a case caption bearing only York's magistrate designation — omitting District Judge Breen's initials — indicating it was prepared before or simultaneously with Breen's assignment. York signed an order in this case designed to be completed upon Appellant's consent, before Appellant was notified of the referral.

Under 28 U.S.C. § 455(a), a judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. No reasonable person with knowledge of both the FBA organizational network and the pre-signed order sequence could conclude that York's impartiality in this proceeding is beyond question. Recusal is mandatory.

## II. JURISDICTION AND PROCEDURAL POSTURE

This motion is addressed to District Judge J. Daniel Breen as the Article III judge assigned to Case No. 1:26-cv-01037-JDB-jay. Federal Rule of Bankruptcy Procedure 5011(a) requires that the pending Motion for Mandatory Withdrawal of Reference (ECF Doc. 88/88-1) be heard by a district judge. This motion for recusal of the magistrate judge is likewise a matter that must be decided by District Judge Breen — not by Magistrate York, who cannot rule on a motion seeking his own recusal.

The standard under 28 U.S.C. § 455(a) is objective: disqualification is required if a reasonable person with knowledge of all the facts would question the judge's impartiality. The standard under 28 U.S.C. § 455(b) is categorical: specific enumerated circumstances require disqualification without any inquiry into actual bias. Both standards are implicated here.

This motion is filed simultaneously with the other filings and exhibits as part of a single integrated record that this Court should consider together.

## III. THE FEDERAL BAR ASSOCIATION ORGANIZATIONAL NETWORK — DOCUMENTED CONFLICT

### A. The Public Record — FBA Memphis Mid-South Chapter Officer Roster

The Federal Bar Association Memphis Mid-South Chapter publishes its officer roster on the Federal Bar Association's public website. Appellant has obtained and filed as Exhibit D to this Motion a true and correct copy of that public roster page as it appeared on or about March 7, 2026. The roster page is titled 'Officers — Memphis Mid-South Chapter' and lists the following relevant officers:

- Chapter President-Elect: Carrie Ann Rohrscheib

- Federal Court Liaison: Wendy R. Oliver
- Chapter Judicial Representative: Hon. Jon A. York

These three designations appear on the same publicly available page of the Federal Bar Association's national website. They are not disputed facts. They are published organizational records.

## B. Identity of Each Officer in This Proceeding

Carrie Ann Rohrscheib — Chapter President-Elect — is Trial Attorney, Office of the United States Trustee, Region 8, U.S. Department of Justice. She filed her Notice of Appearance in this case on March 6, 2026 (Doc. 8) as counsel of record for Appellee Paul A. Randolph, Acting United States Trustee Region 8. She is opposing counsel in this appeal. She is the officer of this Court who transmitted the pre-signed York order to Appellant on March 4, 2026. She is the officer of this Court who drafted and signed the Joint Motion (Exhibit B) containing Paragraph 6 confirming Apperson Crump's non-participation. She is the officer of this Court who called Appellant on March 5, 2026 — the same day his Withdrawal Motion was physically stamped — before his filings appeared in PACER.

Wendy R. Oliver — Federal Court Liaison — is the Clerk of Court of the United States District Court for the Western District of Tennessee. Her name and title appear on the Scheduling Order (Doc. 3) that was entered by Deputy Clerk S. Chernenko on the day this appeal was docketed, compressing the standard 30-day briefing period to 15 days without judicial authorization. She is the head of the clerk's office from which a female employee disclosed to Appellant: 'We are wanting to keep this case in this court' — a statement documented in Appellant. That same employee then provided Appellant with the name and telephone number of the case manager assigned to this case.

Hon. Jon A. York — Chapter Judicial Representative — is the United States Magistrate Judge to whom this case was referred by Order of Reference (Doc. 5) on March 4, 2026, without the mandatory consent notification required by Local Rule 72.1(c)(1) and 28 U.S.C. § 636(c)(2). He is the judicial officer who pre-signed the proposed order in this proceeding — before Appellant was notified of the referral — that was transmitted to Appellant by Rohrscheib on March 4, 2026. He is the subject of Appellant's pending Motion for Mandatory Withdrawal of Reference (ECF Doc. 88/88-1) and Objection to Order of Reference (filed March 5, 2026). He is the judicial officer who cannot constitutionally adjudicate Appellant's private rights claims without Appellant's consent under Stern v. Marshall, 564 U.S. 462 (2011) and Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015).

## C. The Organizational Relationship — What FBA Chapter Membership Means

The Federal Bar Association is a national professional organization for federal practitioners — attorneys who practice in federal courts and federal judges. Local chapters are organized by geographic region. The Memphis Mid-South Chapter encompasses federal practitioners and judicial officers in the Memphis metropolitan area and surrounding region.

Chapter officers are elected or appointed to specific leadership roles that involve regular meetings, joint programming, shared communications, and institutional coordination. The roles listed on the FBA Memphis Mid-South Chapter roster are not merely honorary designations — they are working organizational positions with defined responsibilities.

Chapter President-Elect is the second-highest executive office in the chapter's leadership hierarchy. The Chapter President-Elect works directly with the Chapter President in governing the organization, planning events, managing membership, and directing the chapter's activities. Rohrscheib holds this office.

Federal Court Liaison is a designated bridge role between the FBA chapter and the federal court. The Federal Court Liaison coordinates between the chapter's membership and the federal court's administration. Oliver — the Clerk of Court — holds this role. The Clerk of Court serving as Federal Court Liaison means that the chapter's institutional connection to the federal court runs directly through the court's chief administrative officer.

Chapter Judicial Representative is the designated judicial officer who represents the chapter and participates in its governance and programming in an official capacity. York holds this role. A Chapter Judicial Representative does not attend chapter functions as a passive observer — he participates as the judiciary's designated representative to the organization.

The three officers — Rohrscheib (President-Elect), Oliver (Federal Court Liaison / Clerk of Court), and York (Judicial Representative) — form an organizational triangle in which: the opposing party's counsel holds executive leadership; the Clerk of Court serves as the institutional bridge between the organization and the federal court; and the assigned magistrate judge serves as the judiciary's designated representative. This is not a coincidental professional acquaintance among practitioners in a small legal community. It is a structured, role-defined, ongoing organizational relationship among the three actors at the center of the procedural sequence this case presents.

## D. The § 455(a) Standard Applied to the FBA Network

Section 455(a) of Title 28 requires disqualification 'in any proceeding in which [the judge's] impartiality might reasonably be questioned.' The standard is objective — what a reasonable person with knowledge of all the facts would conclude — not subjective. Liteky v. United States, 510 U.S. 540, 548 (1994). The reasonable person is assumed to know and understand all the relevant facts, including facts that a party brings to the court's attention through motion practice. Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 883 (2009).

The relevant facts here, taken together, present an unambiguous basis for a reasonable person to question York's impartiality:

- York serves as Chapter Judicial Representative in an organization of which his assigned opposing counsel is Chapter President-Elect. The two hold defined leadership roles in the same organization simultaneously with York's adjudication of a proceeding in which Rohrscheib appears as opposing counsel.

- The Clerk of Court — who serves as Federal Court Liaison in the same organization — is the head of the office from which a clerk's employee disclosed an institutional objective

regarding this case's jurisdictional handling, and whose office entered the defective Scheduling Order on the day of docketing.

- York pre-signed an order in this proceeding before Appellant was notified of the referral — an act that could only have occurred through coordination with Rohrscheib's office, his co-officer in the FBA chapter. The pre-signed order bears a caption reflecting York's magistrate designation only, prepared before or simultaneously with the district judge assignment.

- The sequence of events on March 4, 2026 — defective Order of Reference entered without consent notification, Rohrscheib emails pre-signed York order hours later, proposed order caption omits district judge's initials — is consistent with advance coordination among co-officers of the same professional organization who have an ongoing working relationship.

A reasonable person with knowledge of all these facts — the FBA roster, the pre-signed order, the caption discrepancy, the same-day sequence, the clerk's disclosure — would unquestionably have grounds to question York's impartiality in this proceeding. Section 455(a) requires disqualification.

## IV. CONDUCT-BASED RECUSAL GROUNDS — THE PRE-SIGNED ORDER SEQUENCE

### A. The Pre-Signed Order — Physical Documentary Evidence

On March 4, 2026, at 3:22 PM, Rohrscheib sent Appellant an email (Exhibit A to Appellant's Notice of Filing Documentary Evidence, filed March 9, 2026) attaching two documents: a Joint Motion for Extension of Time to File Briefs (Exhibit B) and a proposed Order Granting Joint Motion (Exhibit C). Both documents are now in this Court's record.

Exhibit C — the proposed Order — bears the following signature block:

*"JON A. YORK UNITED STATES MAGISTRATE JUDGE Date: _____"*

York had already signed this proposed order before it was transmitted to Appellant. The date line is blank. The case caption reads '1:26-cv-01037-jay' — Magistrate York's designation only, omitting District Judge Breen's initials 'JDB.' The Order Reassigning Case to District Judge Breen (Doc. 4) was entered March 4, 2026 — the same day Rohrscheib sent the email. The correct caption as of that date is '1:26-cv-01037-JDB-jay.' The caption on Exhibit C reflects the case designation before Breen's assignment was incorporated — meaning the proposed order was prepared when the case was captioned as a magistrate-only proceeding.

York pre-signed an order in this proceeding before Appellant had any opportunity to respond to the referral, before Appellant was notified of the referral, and before the district judge assignment was reflected in the case caption. The order was ready to be dated and entered upon Appellant's signature on the Joint Motion. Appellant did not sign. The order was not entered. But its existence as a pre-signed document transmitted by Rohrscheib on the day of the referral is physical evidence of a coordination between York's chambers and Rohrscheib's office that had occurred before Appellant was notified of any of it.

## B. The Consent Entrapment Mechanism

The pre-signed order was the instrument of what Appellant has documented as a consent entrapment sequence. Had Appellant signed the Joint Motion (Exhibit B) and returned it to Rohrscheib, she would have filed both documents. The pre-signed order would have been entered with the blank date line completed. Under Roell v. Withrow, 538 U.S. 580 (2003), a party's voluntary participation in a proceeding before a magistrate judge — through conduct reflecting knowing acceptance of the magistrate's authority — can constitute implied consent to magistrate jurisdiction even without a formal written consent form. Appellant's signature on a joint motion submitted to a magistrate whose order was already signed would have constituted exactly the kind of voluntary participation through which implied consent is inferred.

The mechanism was designed to obtain Appellant's consent to York's jurisdiction before Appellant could raise the constitutional and statutory objections documented in the Withdrawal Motion. Appellant declined to sign. Instead, Appellant filed the Withdrawal Motion and Objection to Order of Reference on March 5, 2026 — one day after receiving the pre-signed order. The consent trap was not sprung. But the attempt to spring it is documented in Exhibit C, now in this Court's record.

A magistrate judge's pre-signing of an order designed to be completed upon a party's consent — where that consent would extinguish the party's right to object to the magistrate's jurisdiction — is conduct that independently warrants recusal under § 455(a). A reasonable person who learned that a magistrate judge had pre-signed an order in a proceeding before the opposing party was notified of the referral, coordinated with opposing counsel to transmit that order as a mechanism for obtaining the party's implied consent to jurisdiction, and used a case caption that omitted the district judge's designation, would unquestionably question that magistrate's impartiality.

## C. Prior Institutional Ties — Additional § 455(a) Factors

Beyond the FBA current officer relationship and the pre-signed order conduct, York's history of institutional involvement with the Western District of Tennessee court system presents additional § 455(a) factors that a reasonable person would consider.

York served on the Merit Selection Panel for the Western District of Tennessee bankruptcy judgeship in 2012 — the year of the Evans Petree mediation that is a documented predicate act in Appellant's RICO enterprise record. York served as Chairperson of the Merit Selection Panel for United States Magistrate Judge Bryant in 2016. York served as President of the American Inns of Court in the Memphis area from 2022 to 2024. York practiced at Pentecost Glenn Mauldin & York from 2004 to 2019 before his appointment as magistrate judge.

These institutional ties do not each independently require recusal. But a reasonable person considering the full picture — FBA co-officer relationship with opposing counsel, Federal Court Liaison / Clerk of Court as co-officer and head of the office whose employee disclosed the institutional objective, pre-signed order conduct, Merit Selection Panel involvement in the bankruptcy court that administered Case No. 25-11660, and American Inns of Court leadership in the Memphis legal community in which the RICO enterprise operated — would not conclude that this is a judge without conflicts in this particular proceeding.

## V. THE THREE-LAYER COORDINATED SEQUENCE — SYNTHESIS

Appellant submits that this Court should understand the recusal motion in the context of the complete documented sequence, which now has three layers of corroborating evidence:

### Layer One — The Verbal Disclosure (Sworn Affidavit, March 6, 2026)

A female employee of the Clerk of Court's office — whose supervisor is Wendy R. Oliver, FBA Federal Court Liaison — disclosed to Appellant: 'We are wanting to keep this case in this court.' The employee used the institutional plural 'we.' She made the statement spontaneously while assisting with Appellant's filings. She then provided Appellant with the name and direct telephone number of the case manager assigned to this case. These facts are documented in Appellant's sworn Clerk Disclosure Affidavit (March 6, 2026) and Supplemental Clerk Disclosure Affidavit (March 9, 2026), both filed in this case under 28 U.S.C. § 1746.

### Layer Two — The Physical Document (Exhibit C, Filed March 9, 2026)

Hours after the defective Order of Reference was entered on March 4, 2026, Rohrscheib — FBA Chapter President-Elect — transmitted to Appellant a proposed order pre-signed by York — FBA Chapter Judicial Representative — with a case caption omitting the district judge's initials, bearing a blank date line, attached to a joint motion bearing Appellant's pre-populated signature block that Appellant had not signed. The proposed order is now in this Court's record as Exhibit C to Appellant's Notice of Filing Documentary Evidence. It is a physical document. It does not require inference or interpretation. It speaks for itself.

### Layer Three — The Organizational Record (Exhibit D, Filed With This Motion)

The Federal Bar Association Memphis Mid-South Chapter's publicly available officer roster — attached as Exhibit D to this Motion — shows that the three actors at the center of Layers One and Two are co-officers of the same private professional organization: Rohrscheib as President-Elect, Oliver as Federal Court Liaison, York as Judicial Representative. The organizational relationship that enables the coordination documented in Layers One and Two is a matter of public record.

Taken individually, each layer presents a significant concern. Taken together, they constitute a documented pattern in which: the Clerk of Court's office disclosed an institutional objective (Layer One); the magistrate judge coordinated with opposing counsel to produce a pre-signed order designed to achieve that objective (Layer Two); and the organizational relationship that connects all three actors is published on a national professional organization's website (Layer Three). This Court has before it sworn testimony, physical documentary evidence, and a public organizational record — three independent corroborating sources establishing the same underlying fact: a coordinated effort, by connected institutional actors, to prevent Article III adjudication of Appellant's $900,000,000 claim.

## VI. RELATIONSHIP TO PENDING MOTION FOR MANDATORY WITHDRAWAL

This recusal motion is independent of but related to the pending Motion for Mandatory Withdrawal of Reference (ECF Doc. 88/88-1). The Withdrawal Motion argues that 28 U.S.C. § 157(d) mandates withdrawal of the reference as a matter of statutory law because resolution of this appeal requires substantial consideration of RICO, the False Claims Act, Medicare fraud, civil rights, and the FTCA. The Withdrawal Motion does not depend on any finding of impropriety by York — it is triggered by the nature of the legal issues, not by judicial conduct.

This recusal motion argues that, entirely separately from the mandatory withdrawal question, York's continued participation in any aspect of this proceeding is precluded by 28 U.S.C. § 455(a) and § 455(b) based on the documented organizational conflicts and conduct described above. The two motions address different legal bases for the same practical outcome: District Judge Breen, not Magistrate Judge York, should be the judicial officer managing and adjudicating this appeal.

If this Court grants the Withdrawal Motion, this recusal motion becomes moot as to York's adjudicative role — the case will be before Judge Breen. However, if for any reason this Court denies or delays ruling on the Withdrawal Motion, this recusal motion provides an independent, non-statutory basis for removing York from any further participation. The two motions are belt-and-suspenders: either one, if granted, achieves the constitutionally and legally required result.

## VII. RELIEF REQUESTED

For the foregoing reasons, Appellant respectfully requests that this Court:

1. RECUSE Magistrate Judge Jon A. York from any further participation in Case No. 1:26-cv-01037-JDB-jay pursuant to 28 U.S.C. §§ 455(a) and 455(b), based on: (a) his organizational conflict of interest as Chapter Judicial Representative of the FBA Memphis Mid-South Chapter of which opposing counsel Rohrscheib is Chapter President-Elect and Clerk of Court Oliver is Federal Court Liaison; and (b) his pre-signed order conduct on March 4, 2026, documented in Exhibit C to Appellant's Notice of Filing Documentary Evidence.

2. DIRECT that any magistrate judge functions in this appeal — if any remain after ruling on the Withdrawal Motion — be assigned to a magistrate judge who: (a) holds no officer position in the FBA Memphis Mid-South Chapter; (b) has no prior organizational relationship with Rohrscheib; (c) has no prior involvement in the Merit Selection Panels for the Western District of Tennessee bankruptcy or magistrate judgeships; and (d) has no involvement in the conduct documented in Appellant's Clerk Disclosure Affidavits.

3. NOTE in the record that the FBA Memphis Mid-South Chapter officer roster establishing the Rohrscheib-Oliver-York organizational network is a public record attached as Exhibit D to this Motion, and that Appellant reserves all rights to supplement this record with additional organizational connection evidence as it is identified.

4. FORWARD a copy of this Motion and Exhibit D to the Chief Judge of the Western District of Tennessee, Hon. Sheryl H. Lipman, for administrative review consistent with the Court's supervisory authority over judicial conduct and clerk's office operations.

5. GRANT such other and further relief as this Court deems just and proper.

## VIII. CONCLUSION

The recusal statute asks a simple question: might a reasonable person with knowledge of all the facts question this judge's impartiality? The answer here is not close. A magistrate judge who serves as the designated judicial representative of a professional organization whose Chapter President-Elect is opposing counsel and whose Federal Court Liaison is the Clerk of Court — who pre-signed an order in this proceeding before the opposing party was notified of the referral — in a case where the Clerk of Court's own employee disclosed an institutional objective to keep the case out of Article III adjudication — is a judicial officer whose impartiality in this specific proceeding a reasonable person would unquestionably question.

Section 455(a) does not require proof of actual bias. It does not require a finding of bad faith. It requires only that the documented facts create a reasonable question. They do. Recusal is mandatory.

Appellant has not filed this motion to obstruct these proceedings or to disqualify every available judicial officer. Appellant has filed it because the statute requires it and because the documented facts demand it. The goal is adjudication of a $900,000,000 claim by a disinterested judicial officer in the Article III framework that Congress and the Constitution require. That is not an unreasonable request. It is the law.

Respectfully submitted,

_/s/ Randel Edward Page, Jr._
Randel Edward Page, Jr., Pro Se Appellant
3504 Milford Cove, Collierville, Tennessee 38017
(901) 351-6060 | randelpage@gmail.com
Date: March 9, 2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2026, a true and correct copy of the foregoing was served by electronic mail and first-class mail upon:

Carrie Ann Rohrscheib — Carrie.A.Rohrscheib@usdoj.gov
Office of the U.S. Trustee, Region 8
200 Jefferson Avenue, Suite 400, Memphis, Tennessee 38103

C. Jerome Teel, Jr. — Jerome@tennesseefirm.com

Teel & Gay, PLC, 79 Stonebridge Blvd., Suite B, Jackson, Tennessee 38305

_____
Randel Edward Page, Jr.

---

## TABLE OF AUTHORITIES

CASES:

 Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)

 Liteky v. United States, 510 U.S. 540 (1994)

 Roell v. Withrow, 538 U.S. 580 (2003)

 Stern v. Marshall, 564 U.S. 462 (2011)

 United States v. Lauersen, 348 F.3d 329 (2d Cir. 2003)

 Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015)

STATUTES:

 28 U.S.C. § 455(a) — Disqualification: impartiality reasonably questioned

 28 U.S.C. § 455(b) — Disqualification: specific enumerated circumstances

 28 U.S.C. § 157(d) — Mandatory withdrawal of reference

 28 U.S.C. § 636(c) — Magistrate consent jurisdiction

 Federal Rule of Bankruptcy Procedure 5011(a) — Withdrawal motion heard by district judge

 Local Rule 72.1(c)(1) — Consent notification requirement

# EXHIBIT D

**Federal Bar Association — Memphis Mid-South Chapter
Officers Roster Page — as published on the FBA National Website
Captured on or about March 7, 2026**

### Identifying:

Chapter President-Elect:     Carrie Ann Rohrscheib
        Trial Attorney, U.S. Trustee Region 8
        Opposing Counsel of Record — Doc. 8

Federal Court Liaison:     Wendy R. Oliver
        Clerk of Court, W.D. Tennessee
        Signatory — Scheduling Order (Doc. 3)

Chapter Judicial Representative: Hon. Jon A. York
        United States Magistrate Judge, W.D. Tennessee
        Subject of Withdrawal Motion (ECF Doc. 88/88-1)
        Signatory — Pre-Signed Order (Exhibit C)

### [ORIGINAL FBA WEBSITE PAGE PRINTOUT ATTACHED]

---

       Note: The PDF screenshot of the FBA Memphis Mid-South Chapter Officers page — obtained from the Federal Bar Association's public website — is attached physically to this filing as Exhibit D and incorporated by reference. The screenshot shows the three officer designations listed above as they appeared on the FBA public website on or about March 7, 2026.

# Exhibit D

Federal Bar Association

Home | Memphis Mid-South Chapter | Officers

# Officers

## Chapter President



Sarah Elizabeth Smith

## Chapter President-Elect



Carrie Ann Rohrscheib

## Chapter Secretary



Kyle R Cummins

## Chapter Treasurer



William Bateman

 Taurus Martin Bailey

 Ms.. Naya Bedini

 David Bell

 Deb Ireland

 Raney Irwin

 Ms.. Marguerite "Maggie" McGowan





Jonathan E. Nelson



Caroline Parish



Shayna Giles



Andre Courtney Wharton

## Chapter National Delegate



Kaitlyn Abernathy Hansen

Case 2:25-cv-02067-MSN-tmp Document 41 Filed 03/09/26 16:23 Desc Main
Case 1:26-cv-00071-JRG-jay Document Entered 03/09/26 Page 16 of 16
Document PageID 38416 of 16

 Hon. Annie T. Christoff

## Federal Court Liaison

 Wendy R. Oliver

## Chapter Past President

 Emma Redden

## Chapter Judicial Representative

 Hon. Jon A. York

**In This Section**

Calendar

Memphis/Mid-South Chapter Boundaries

Message from the President

Newsletter

Past Events

**Officers**

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
### Western District of Tennessee

| | |
|---|---|
| **In re** | **Case No.  25–11660** |
| | **Chapter   11** |
| **Apperson Crump PLC** | **BK Judge  Jimmy L Croom** |
| | |
| | **Adversary No.** |
| **Debtor(s).** | |
| | **Business** |
| | |
| | **USDC Case No. 26–01037** |
| **Randel Edward Page, Jr.** | |
| **Appellant(s)** | |
| | |
| **vs.** | |
| | |
| **Apperson Crump PLC** | |
| **Paul A Randolph** | |
| **Acting US Trustee Region 8** | |
| **Appellee(s).** | |

## NOTICE OF TRANSMITTAL TO THE UNITED STATES DISTRICT COURT
## OF MISCELLANEOUS ITEMS RELATED TO APPEAL

**TO: Clerk of the U.S. District Court for the Western District of Tennessee**

The following items are available from the U.S. Bankruptcy Court docket sheet in .PDF form at
https://ecf.tnwb.uscourts.gov.

☐    Motion (or Order thereon) to waive filing fee on appeal.

☐    Appellee(s)' election to have appeal heard in District Court erroneously filed with this court on
      .

☐    Order dismissing bankruptcy case.
     *See, Case Management Manual for United States Bankruptcy Judges, 1995*
     *Chapter IV, Section B: The Pretrial Phase(b) –*
     *"...dismissal of the underlying case may warrant the dismissal of an appeal..."*

☑    APPELLANT'S MOTION FOR RECUSAL OF MAGISTRATE JUDGE JON A. YORK PURSUANT TO 28 U.S.C. §§ 455(a) AND 455(b) BASED ON DOCUMENTED ORGANIZATIONAL CONFLICTS OF INTEREST, PRE–SIGNED ORDER CONDUCT, AND COORDINATED PROCEDURAL SEQUENCE WITH OPPOSING COUNSEL

| | |
|---|---|
| | **Travis D. Green, Clerk of Court** |
| | **United Sates Bankruptcy Court** |
| **Date:   March 9, 2026** | |
| | **BY: /s/ April Avent** |
| **cc:** | _____ |
| **Debtor** | **Deputy Clerk** |
| **Debtor atty** | **(731) 421–9300** |
| **US Trustee** | **111 S Highland, Room 107** |
| **Appellant** | **Jackson, TN 38301** |

[ntctrnsa]Notice of Transmittal BAP 07–05