IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

IN RE: APPERSON CRUMP, PLC, Debtor.

RANDEL EDWARD PAGE, JR.,
    Appellant,

v.        Case No. 1:26-cv-01037-JDB-jay

APPERSON CRUMP, PLC,
PAUL A. RANDOLPH,
ACTING U.S. TRUSTEE REGION 8,
    Appellees.

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee, Case No. 25-11660

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

MAR 0 9 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

**APPELLANT'S MOTION TO DISQUALIFY CARRIE ANN ROHRSCHEIB
AS COUNSEL OF RECORD FOR APPELLEE UNITED STATES TRUSTEE
PURSUANT TO 28 U.S.C. § 530B, TENNESSEE RULES OF
PROFESSIONAL CONDUCT 3.7 AND 1.7, AND THE COURT'S
INHERENT AUTHORITY TO ENSURE INTEGRITY OF PROCEEDINGS**

### I. PRELIMINARY STATEMENT

Appellant Randel Edward Page, Jr. moves this Court pursuant to 28 U.S.C. § 530B, Tennessee Rules of Professional Conduct 3.7 and 1.7, and this Court's inherent supervisory authority to disqualify Carrie Ann Rohrscheib from serving as counsel of record for Appellee United States Trustee in Case No. 1:26-cv-01037-JDB-jay.

Rohrscheib's appearance in this appeal is not a routine government attorney filing. It is the appearance of a material witness to the central contested facts of the appeal, a subject of active FBI criminal referrals filed before her appearance, an officer with documented adverse personal interests in the outcome of this proceeding, and — as documented in Appellant's simultaneously filed York Recusal Motion — a co-officer with the assigned magistrate judge in the Federal Bar Association Memphis Mid-South Chapter. Each of these grounds independently warrants disqualification. Together they present an overwhelming documented case that

Rohrscheib cannot serve as opposing counsel in this proceeding consistent with the Rules of Professional Conduct, federal ethics statutes, and this Court's obligation to ensure the integrity of its proceedings.

This motion is grounded on four independent and cumulative bases: (1) the advocate-witness rule — Rohrscheib is a necessary witness on the central contested facts of this appeal and cannot simultaneously serve as advocate; (2) adverse personal interest — Rohrscheib has a personal stake in this appeal's outcome that is adverse to her client's interest in proper administration of justice; (3) FBI criminal referral subject — Rohrscheib appeared as opposing counsel in a proceeding where her own pre-appearance conduct is under active federal criminal referral; and (4) the plot connection — Rohrscheib filed the dismissal motion eight days after receiving written documentation of the bankruptcy fraud scheme, achieving precisely the outcome the scheme required, and is now defending that outcome in this Court.

## II. JURISDICTION AND AUTHORITY

This Court has authority to disqualify counsel on three independent grounds.

First — 28 U.S.C. § 530B requires federal government attorneys to comply with state rules of professional conduct in the state where they practice. Rohrscheib is a member of the Tennessee Bar (BPR No. 022991) practicing in the Western District of Tennessee. She is subject to the Tennessee Rules of Professional Conduct. Tennessee RPC 3.7 and RPC 1.7 apply to her conduct in this proceeding.

Second — this Court's inherent authority to supervise proceedings before it and to disqualify counsel whose continued participation would compromise the integrity of those proceedings. Musicus v. Westinghouse Elec. Corp., 621 F.2d 742, 744 (5th Cir. 1980) ('A court has the inherent authority to disqualify an attorney from participating in a case when such participation would taint the proceedings.'). The Sixth Circuit has recognized this inherent authority in the bankruptcy context. See In re Fabricators, Inc., 926 F.2d 1458, 1464 (5th Cir. 1991).

Third — the Court's supervisory authority under 28 U.S.C. § 1334 over all proceedings in bankruptcy appeals pending before it. The integrity of a proceeding in which opposing counsel is simultaneously a material witness, a subject of active FBI criminal referrals, and a co-officer with the assigned magistrate judge in a professional organization is a matter directly within the Court's supervisory jurisdiction.

## III. THE COMPLETE CHRONOLOGICAL RECORD — ROHRSCHEIB'S ROLE FROM NOTICE TO APPEARANCE

The following sequence is established by documentary evidence in the record of this case and the underlying bankruptcy proceeding. Each date is supported by a court filing, written correspondence, or sworn affidavit already in the record.

### A. The Timeline — From Notice to Dismissal to Appearance

**January 12, 2026** — Appellant sends formal letter to Rohrscheib at her official government address, Carrie.A.Rohrscheib@usdoj.gov, documenting: (1) the $900,000,000 RICO enterprise involving the conspiracy to cover up the theft of appellant's property. (2) the bankruptcy fraud scheme — the plot to use the bankruptcy trustee mechanism to convert Appellant from creditor to debtor and seize his federal program claims; (3) Medicare fraud against MIPS and BPCI Advanced federal programs; (4) estate causes of action against solvent co-conspirators worth tens or hundreds of millions of dollars.

**January 20, 2026** — Rohrscheib files Motion to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b) (ECF No. 53) — eight days after receiving Appellant's January 12 letter. The motion cites four grounds for cause including Debtor's inability to obtain malpractice insurance. No § 1106(a)(3). Rohrscheib is the signatory on this motion. She is the person who must testify — at any evidentiary hearing on whether the § 1106(a)(3) investigation was conducted — about what, if anything, she investigated in those eight days.

**February 7, 2026** — Appellant's Proof of Claim No. 4-2 for $900,000,000 is deemed allowed by operation of FRBP 3001(f). No party — including Rohrscheib's office as U.S. Trustee — objected within the thirty-day period.

**February 20, 2026** — Appellant files Comprehensive Criminal Referral with the FBI — addressed to FBI Special Agent Cody Graham (Memphis). The referral documents the RICO enterprise, the bankruptcy fraud scheme, and the U.S. Trustee's filing of the dismissal motion eight days after receiving documentation of the plot. Rohrscheib's office's conduct is identified as part of the documented obstruction pattern.

**February 17, 2026** — The bankruptcy court dismisses Case No. 25-11660 on Rohrscheib's motion. The dismissal — rather than conversion to Chapter 7 — terminates the bankruptcy estate, eliminates the Chapter 7 trustee investigation mechanism, and ends court-supervised administration of Appellant's $900,000,000 deemed-allowed claim. This is precisely the outcome the bankruptcy fraud scheme required, as documented in Appellant's January 12 letter to Rohrscheib.

**February 25, 2026** — Appellant files Notice of Appeal of the February 17 dismissal order.

**March 4, 2026** — Rohrscheib transmits to Appellant an email (Exhibit A to Appellant's Notice of Filing Documentary Evidence) attaching a joint motion she prepared and signed (Exhibit B) and a proposed order pre-signed by Magistrate Judge York (Exhibit C). The email confirms that Apperson Crump will not participate in the appeal. All three documents are now in this Court's record.

**March 6, 2026** — Rohrscheib files Notice of Appearance (Doc. 8) as counsel of record for Appellee Paul A. Randolph, Acting United States Trustee Region 8 — appearing as opposing counsel in the appeal of the dismissal order her office obtained, knowing she has been named in the FBI criminal referral regarding her office's conduct in the underlying proceeding.

### B. What This Sequence Establishes

This sequence establishes facts that no party can dispute because each is documented in a court filing, written correspondence, or sworn affidavit already in the record:

- Rohrscheib received written documentation of the bankruptcy fraud scheme before she filed the dismissal motion.
- Rohrscheib filed the dismissal motion eight days after receiving that documentation — without conducting the mandatory § 1106(a)(3) investigation.
- The dismissal Rohrscheib obtained achieved precisely the outcome the bankruptcy fraud scheme required.
- Rohrscheib was named in FBI criminal referral documenting her office's conduct before she appeared in this appeal.
- Rohrscheib appeared as opposing counsel in the appeal of the dismissal her office obtained, in a proceeding where her own pre-appearance conduct is the central contested issue.
- Rohrscheib simultaneously holds the FBA Chapter President-Elect position alongside York as Judicial Representative — the magistrate judge to whom the appeal was referred without mandatory consent notification.

## IV. GROUND ONE — THE ADVOCATE-WITNESS RULE

### A. Tennessee RPC 3.7 Applied to Rohrscheib

Tennessee Rule of Professional Conduct 3.7(a) provides: 'A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.'

Rohrscheib is a necessary witness on the central contested issue of this appeal: whether the mandatory § 1106(a)(3) investigation was conducted before the dismissal motion was filed. This issue is not peripheral — it is one of the three primary grounds for reversal of the dismissal order stated in Appellant's Motion for Summary Reversal. The question of what Rohrscheib investigated, what evidence she reviewed, what conclusions she reached, and what actions she took in the eight days between January 12 and January 20, 2026 can only be answered by Rohrscheib's own testimony.

No other witness can testify to what Rohrscheib knew, what she investigated, and what she decided in those eight days. The January 12 letter was addressed to her. The motion was

signed by her. The decision to file in eight days rather than conduct further investigation was her decision. She is not merely a likely necessary witness — she is the only necessary witness on this issue.

None of the three RPC 3.7(a) exceptions apply. The § 1106(a)(3) investigation question is not an uncontested issue — it is a primary ground for reversal. The testimony does not relate to the nature and value of legal services. And disqualification does not work substantial hardship on the client — the United States Trustee's office employs multiple trial attorneys and can assign another attorney to defend this appeal. The inconvenience of reassignment does not constitute substantial hardship. See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Cheng, 697 F. Supp. 1224, 1230 (D.D.C. 1988) ('Substantial hardship requires more than mere inconvenience to the client.').

### B. The Eight-Day Investigation Window — Core Testimony Required

The appeal presents the following contested factual questions on which Rohrscheib is the only available witness:

- What did Rohrscheib do with Appellant's January 12, 2026 letter after receiving it?
- What investigation, if any, did she conduct into the RICO enterprise allegations between January 12 and January 20?
- Did she contact Smiley, the Chapter 7 Trustee in the Duntsch bankruptcy, or any Colorado federal court officer regarding the cross-estate RICO connection before filing the dismissal motion?
- Did she review the estate causes of action against Evans Petree PC, Butler Snow LLP and others identified in Appellant's letter?
- Did she make a deliberate decision to file the dismissal motion without investigating the RICO enterprise, or did she conclude the investigation was complete?
- What was her basis for concluding — if she did conclude — that dismissal rather than conversion to Chapter 7 was in the best interests of creditors and the estate under § 1112(b)(1)?

Each of these questions is directly relevant to the appeal's central issue. Each can only be answered by Rohrscheib. An attorney who is the only available witness on the central contested issue of an appeal cannot serve as that appeal's opposing counsel. RPC 3.7 is not ambiguous on this point.

### V. GROUND TWO — ADVERSE PERSONAL INTEREST UNDER RPC 1.7

### A. Rohrscheib's Personal Stake in the Outcome

Tennessee Rule of Professional Conduct 1.7(a)(2) prohibits representation where there is a significant risk that the representation will be materially limited by the lawyer's personal

interest. Rohrscheib has three distinct personal interests in the outcome of this appeal, each of which is adverse to the government's interest in proper administration of justice:

Personal Interest One — Professional Consequence of Reversal. If this Court reverses the dismissal and finds that the § 1106(a)(3) investigation was not conducted, the reversal creates a documented finding that Rohrscheib filed a dispositive motion in a $900 million RICO matter without conducting the mandatory investigation Congress required. That finding, appearing in a federal appellate record bearing Rohrscheib's name, is directly adverse to her professional reputation and career interests. Her personal interest in avoiding that outcome is not aligned with the government's interest in having the § 1106(a)(3) question correctly adjudicated on the merits.

Personal Interest Two — FBI Criminal Referral Exposure. Rohrscheib's office's conduct is documented in Appellant's criminal referral to the FBI. Those referrals were filed before Rohrscheib appeared in this appeal. She appeared knowing she had been named in active federal criminal referrals regarding the very conduct that is the subject of this appeal. Her personal interest in the outcome of an appeal that could generate a federal judicial finding corroborating those referrals is directly adverse to the government's interest in a complete and accurate adjudication of the appeal's merits. She has a personal interest in minimizing the judicial record's documentation of her pre-dismissal conduct — an interest that conflicts with her client's interest in having that conduct fully examined.

Personal Interest Three — FBA Organizational Interest. As documented in Appellant's simultaneously filed York Recusal Motion, Rohrscheib is the FBA Memphis Mid-South Chapter President-Elect. York is the Chapter Judicial Representative. She appeared in a proceeding before a magistrate judge who is her co-officer in a professional organization she leads. Her personal interest in maintaining her organizational relationship with York — and in not creating a record that implicates that relationship in a federal court proceeding — is a personal interest that materially limits her ability to provide independent representation of the government's interest in this appeal.

### B. The Conflict Cannot Be Waived

Under Tennessee RPC 1.7(b), a conflict of interest may be waived if the lawyer reasonably believes she can provide competent and diligent representation despite the conflict, and if the client gives informed consent in writing. Here, the client would be the United States Trustee's office — specifically Acting U.S. Trustee Paul A. Randolph. For the waiver to be valid, Randolph would need to be informed of: Rohrscheib's status as a necessary witness under RPC 3.7; her FBI criminal referral exposure; her FBA organizational relationship with York; and the specific ways in which each of these interests creates a risk of materially limited representation.

No such informed consent appears in the record. Rohrscheib filed her Notice of Appearance (Doc. 8) without any disclosure of these conflicts to this Court. The question of whether Randolph has received adequate conflict disclosure and provided informed written consent is before this Court — and the answer, on the face of the record, is that no such disclosure or consent has been documented.

## VI. GROUND THREE — APPEARANCE AS OPPOSING COUNSEL WHILE SUBJECT OF ACTIVE FBI CRIMINAL REFERRAL

This ground does not assert that Rohrscheib has been charged with or convicted of any offense. It asserts a more limited proposition: that an attorney who has been named in an active FBI criminal referral regarding her pre-appearance conduct in the same matter — referrals filed in the federal court record before her appearance — has an adverse personal interest in that proceeding that independently precludes her from serving as opposing counsel without full disclosure and independent review.

The February 20th criminal referral and supplements are in the possession of the FBI. They were submitted to the FBI before Rohrscheib appeared in this appeal. They name the U.S. Trustee's eight-day dismissal motion as part of the documented obstruction pattern. Rohrscheib signed that motion. She is therefore named, by conduct, in active criminal referrals addressing her own conduct in the underlying proceeding — and she subsequently appeared as opposing counsel in the appeal of that proceeding.

Under 28 U.S.C. § 530B and the applicable rules of professional conduct, a government attorney who appears in a proceeding where her own pre-appearance conduct is under active federal criminal referral has an undisclosed adverse personal interest that must be disclosed to the client and to the Court. That disclosure has not been made. The Court's inherent supervisory authority requires that it address this conflict directly rather than allow the proceeding to continue under its shadow.

## VII. GROUND FOUR — THE BANKRUPTCY FRAUD SCHEME — ROHRSCHEIB'S MOTION ACHIEVED THE PLOT'S REQUIRED OUTCOME

### A. The Plot as Documented in the January 12, 2026 Letter

Appellant's January 12, 2026 letter to Rohrscheib documented a specific bankruptcy fraud scheme: the plot to use the bankruptcy trustee mechanism to convert Appellant from creditor to debtor, enabling the conspirators to make claims against his federal MIPS and BPCI Advanced program claims and seize the $900 million in stolen intellectual property value through the bankruptcy estate's administration. The letter identified this scheme explicitly. Rohrscheib received it.

The antidote to the scheme — the mechanism that would have defeated it — was conversion to Chapter 7 and appointment of an independent Chapter 7 trustee with full § 704 investigative authority. A Chapter 7 trustee would have: investigated the RICO enterprise allegations; identified and pursued estate causes of action against Evans Petree PC, Butler Snow LLP and others; administered Appellant's $900 million deemed-allowed claim; and brought the conspiracy's documentary evidence under court-supervised discovery. This is precisely why Appellant's January 12 letter advocated for conversion rather than dismissal.

### B. The Dismissal Achieved What the Plot Required

The dismissal order entered February 17, 2026 — on Rohrscheib's motion, filed eight days after she received documentation of the plot — achieved exactly what the plot required:

- It terminated bankruptcy administration without the mandatory § 1106(a)(3) investigation.
- It eliminated the Chapter 7 trustee mechanism that would have investigated the RICO enterprise.
- It terminated court-supervised administration of Appellant's $900 million deemed-allowed claim.
- It ended the estate causes of action against Evans Petree PC, Butler Snow LLP and others without pursuit.
- It left Advocate Capital's collateral abandonment — which had returned the entire value of Apperson Crump's law practice to the estate — without a trustee to administer it.
- It foreclosed the Duntsch cross-estate investigation that would have corroborated the Evans Petree RICO pattern.

Appellant does not assert in this motion that Rohrscheib deliberately participated in the bankruptcy fraud scheme as a co-conspirator. Appellant asserts a more limited proposition that is fully supported by the documentary record: Rohrscheib received written documentation of the scheme, filed a dispositive motion eight days later without conducting the mandatory investigation, obtained a dismissal that achieved the scheme's required outcome, and is now appearing as opposing counsel defending that dismissal in federal court. Whether her conduct resulted from deliberate participation or from a failure to investigate that was negligent or reckless, the outcome is identical: the scheme succeeded, and she is in court defending it.

### C. The Duntsch Cross-Estate Connection

Case No. 13-30510-EEB, United States Bankruptcy Court for the District of Colorado, Chapter 7 Trustee John Smiley. Evans Petree PC had submitted fraudulent bills to both Appellant and Christopher Duntsch — establishing a documented § 1961(5) pattern of racketeering activity across two separate federal bankruptcy estates.

A reopened Duntsch bankruptcy with an active Rule 2004 examination would reach Evans Petree PC, its partners, its billing records, and its communications with Butler Snow LLP, Apperson Crump PLC and others in any federal district — including the Western District of Tennessee.

### VIII. THE FBA ORGANIZATIONAL NETWORK — CUMULATIVE DISQUALIFICATION GROUND

As documented in Appellant's simultaneously filed Motion for Recusal of Magistrate Judge York, Rohrscheib serves as Chapter President-Elect of the Federal Bar Association Memphis Mid-South Chapter. York serves as Chapter Judicial Representative of the same chapter. Oliver — the Clerk of Court — serves as Federal Court Liaison. These three

designations appear on the FBA's publicly available officer roster, attached as Exhibit D to the York Recusal Motion.

The FBA organizational relationship between Rohrscheib and York is not separately analyzed in this motion — it is fully developed in the York Recusal Motion and incorporated here by reference. Its relevance to this disqualification motion is as a cumulative ground: an attorney who is subject to disqualification as a necessary witness, holds adverse personal interests in the outcome, has been named in active FBI criminal referrals, and is a co-officer with the assigned magistrate judge in a private professional organization has accumulated conflicts that, taken together, render continued representation not merely ethically problematic but fundamentally incompatible with the integrity of these proceedings.

Rohrscheib's appearance in this case is not a single ethical lapse — it is the convergence of four independent disqualifying conditions in one attorney. Courts have recognized that the cumulative weight of multiple ethical concerns, none of which may individually require disqualification, can collectively require it. In re American Airlines, Inc., 972 F.2d 605, 614 (5th Cir. 1992) ('The court must consider the totality of the circumstances' in assessing disqualification). The totality of the circumstances here admits only one conclusion.

## IX. WHAT DISQUALIFICATION REQUIRES AND DOES NOT REQUIRE

Disqualification of Rohrscheib does not leave the United States Trustee unrepresented. The U.S. Trustee's office employs multiple trial attorneys in Region 8 and throughout the Department of Justice. Any one of them can be assigned to defend this appeal who: has not received Appellant's January 12 conspiracy documentation; has not filed the motion whose adequacy is contested; has not been named in active FBI criminal referrals regarding pre-appearance conduct; and does not hold an officer position in a professional organization alongside the assigned magistrate judge.

Disqualification also does not prejudice the U.S. Trustee's substantive position. The U.S. Trustee's legal arguments in defense of the dismissal order — whatever they may be — are fully available to a substitute attorney. What disqualification removes is not the government's ability to defend the dismissal. It removes the specific attorney whose personal conduct is a central contested issue in the appeal from serving as that appeal's advocate.

This is precisely the purpose of RPC 3.7. The rule exists not to punish attorneys or disadvantage clients. It exists because a proceeding in which the opposing counsel is simultaneously a necessary witness is structurally compromised — the opposing counsel cannot cross-examine herself, cannot be sworn and testify while maintaining the advocate's role, and cannot provide the Court with the impartial advocacy that the adversarial system requires. The integrity of the adversarial process itself requires that witnesses testify and advocates advocate. They cannot be the same person on the same contested issue.

## X. RELIEF REQUESTED

For the foregoing reasons, Appellant respectfully requests that this Court:

1. DISQUALIFY Carrie Ann Rohrscheib from serving as counsel of record for Appellee United States Trustee in Case No. 1:26-cv-01037-JDB-jay, based on: (a) her status as a necessary witness under Tennessee RPC 3.7 on the central contested issue of whether the mandatory § 1106(a)(3) investigation was conducted; (b) her adverse personal interests under RPC 1.7 arising from her FBI criminal referral exposure, her professional interest in the outcome, and her FBA organizational relationship with the assigned magistrate judge; and (c) her appearance as opposing counsel while subject of active FBI criminal referrals filed before her appearance regarding her own pre-appearance conduct.

2. DIRECT the United States Trustee's office to assign substitute counsel to Case No. 1:26-cv-01037-JDB-jay within ten (10) days of this Court's order — counsel who has not received Appellant's January 12, 2026 conspiracy documentation, has not signed the dismissal motion whose adequacy is contested, has not been named in Appellant's FBI criminal referrals, and holds no officer position in the FBA Memphis Mid-South Chapter alongside the assigned judicial officers.

3. STAY all further proceedings in this appeal — including the briefing schedule — pending appointment of substitute counsel and that counsel's reasonable time to review the record, consistent with the relief requested in Appellant's simultaneously filed Emergency Motion to Stay Briefing Schedule.

4. DIRECT that Rohrscheib preserve all documents, communications, notes, and records relating to her receipt of Appellant's January 12, 2026 letter, her review of that letter, any investigation she conducted between January 12 and January 20, 2026, and her decision to file the dismissal motion, pending any evidentiary hearing on the § 1106(a)(3) investigation question.

5. NOTE in the record that Appellant's request for Rohrscheib's disqualification is not made for delay or harassment purposes but is grounded in documented conflicts of interest that, if not addressed, will compromise the integrity of these proceedings and the reliability of any outcome produced under their shadow.

6. FORWARD a copy of this Motion to the Department of Justice Office of Professional Responsibility for independent review of whether Rohrscheib's appearance in this proceeding is consistent with the professional conduct obligations of federal government attorneys under 28 U.S.C. § 530B.

7. GRANT such other and further relief as this Court deems just and proper.

## XI. CONCLUSION

Carrie Ann Rohrscheib received written documentation of a bankruptcy fraud scheme on January 12, 2026. Eight days later she filed the motion that produced the dismissal being appealed. The dismissal achieved exactly what the scheme required. She was named in FBI criminal referrals regarding her conduct before she appeared in this appeal. She holds the FBA Chapter President-Elect position alongside the magistrate judge to whom the appeal was referred. She is the only available witness on the central contested question of whether the mandatory investigation was conducted. She appeared as opposing counsel in the appeal of the dismissal she obtained.

The Rules of Professional Conduct exist for precisely this situation. An attorney cannot be simultaneously the witness to the central contested facts, the subject of active criminal referrals regarding those facts, a person with adverse personal interests in the outcome, and the opposing counsel defending that outcome in federal court. The convergence of these four conditions in one attorney is not a close ethical question. It is a textbook case for disqualification.

Appellant respectfully submits that this Court's integrity — and the integrity of any outcome this appeal produces — requires that it be adjudicated by counsel who can serve as a genuine advocate for the government's interest in proper administration of justice, without the conflicts that make Rohrscheib's continued participation incompatible with that interest.

Respectfully submitted,

_____
Randel Edward Page, Jr., Pro Se Appellant
3504 Milford Cove, Collierville, Tennessee 38017
(901) 351-6060 | randelpage@gmail.com
Date: March 9, 2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2026, a true and correct copy of the foregoing was served by electronic mail:

Carrie Ann Rohrscheib — Carrie.A.Rohrscheib@usdoj.gov
Office of the U.S. Trustee, Region 8
200 Jefferson Avenue, Suite 400, Memphis, Tennessee 38103

C. Jerome Teel, Jr. — Jerome@tennesseefirm.com
Teel & Gay, PLC, 79 Stonebridge Blvd., Suite B, Jackson, Tennessee 38305

Paul A. Randolph, Acting U.S. Trustee Region 8
Office of the U.S. Trustee, Region 8
200 Jefferson Avenue, Suite 400, Memphis, Tennessee 38103

_____
Randel Edward Page, Jr.

## TABLE OF AUTHORITIES

CASES:

    In re American Airlines, Inc., 972 F.2d 605 (5th Cir. 1992)

    In re Fabricators, Inc., 926 F.2d 1458 (5th Cir. 1991)

    Merrill Lynch, Pierce, Fenner & Smith Inc. v. Cheng, 697 F. Supp. 1224 (D.D.C. 1988)

    Musicus v. Westinghouse Elec. Corp., 621 F.2d 742 (5th Cir. 1980)

    Stern v. Marshall, 564 U.S. 462 (2011)

    Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015)

STATUTES AND RULES:

    11 U.S.C. § 350(b) — Reopening a closed case

    11 U.S.C. § 704(a)(4) — Chapter 7 trustee investigation duty

    11 U.S.C. § 1106(a)(3) — Mandatory investigation duty

    11 U.S.C. § 1112(b)(1) — Conversion or dismissal — best interests standard

    18 U.S.C. § 1961(5) — RICO pattern of racketeering activity

    28 U.S.C. § 530B — Federal attorney ethics obligations

    28 U.S.C. § 1334 — District court bankruptcy jurisdiction

    Federal Rule of Bankruptcy Procedure 2004 — Examination of any person

    Federal Rule of Bankruptcy Procedure 3001(f) — Deemed allowed claim

    Federal Rule of Bankruptcy Procedure 5011(a) — Withdrawal motion heard by district judge

    Tennessee Rule of Professional Conduct 1.7 — Conflict of interest: current clients

    Tennessee Rule of Professional Conduct 3.7 — Lawyer as witness

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
### Western District of Tennessee

| | |
|---|---|
| **In re** | **Case No.** 25–11660<br>**Chapter** 11 |
| **Apperson Crump PLC** | **BK Judge** Jimmy L Croom |
| **Debtor(s).** | **Adversary No.** |
| | **Business** |
| | **USDC Case No.** 26–01037 |
| **Randel Edward Page, Jr.**<br>**Appellant(s)** | |
| **vs.** | |
| **Apperson Crump PLC**<br>**Paul A. Randolph**<br>**Acting US Trustee Region 8**<br>**Appellee(s).** | |

### NOTICE OF TRANSMITTAL TO THE UNITED STATES DISTRICT COURT
### OF MISCELLANEOUS ITEMS RELATED TO APPEAL

**TO: Clerk of the U.S. District Court for the Western District of Tennessee**

The following items are available from the U.S. Bankruptcy Court docket sheet in .PDF form at
https://ecf.tnwb.uscourts.gov.

☐   Motion (or Order thereon) to waive filing fee on appeal.

☐   Appellee(s)' election to have appeal heard in District Court erroneously filed with this court on
.

☐   Order dismissing bankruptcy case.
    *See, Case Management Manual for United States Bankruptcy Judges,* 1995
    *Chapter IV, Section B: The Pretrial Phase(b) –*
    *"...dismissal of the underlying case may warrant the dismissal of an appeal..."*

☑   APPELLANT'S MOTION TO DISQUALIFY CARRIE ANN ROHRSCHEIB AS
    COUNSEL OF RECORD FOR APPELLEE UNITED STATES TRUSTEE
    PURSUANT TO 28 U.S.C. § 530B, TENNESSEE RULES OF PROFESSIONAL
    CONDUCT 3.7 AND 1.7, AND THE COURT'S
    INHERENT AUTHORITY TO ENSURE INTEGRITY

**Date: March 9, 2026**

**cc:**
**Debtor**
**Debtor atty**
**US Trustee**
**Appellant**

**Travis D. Green, Clerk of Court**
**United Sates Bankruptcy Court**

**BY: /s/ April Avent**

_____
**Deputy Clerk**
**(731) 421–9300**
**111 S Highland, Room 107**
**Jackson, TN 38301**

[ntctrnsa]Notice of Transmittal BAP 07–05