UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

RANDEL EDWARD PAGE, JR.,
*Appellant,*

v.

APPERSON CRUMP, PLC, and PAUL A. RANDOLPH,
Acting U.S. Trustee, Region 8,
*Appellees.*

**Case No. 1:26-cv-01037-JDB-jay**
Bankruptcy Case No. 25-11660-JLC

Hon. J. Daniel Breen, District Judge

RECEIVED
MAR 12 2026
Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

## APPELLANT'S MOTION TO STAY BRIEFING SCHEDULE PENDING RULING ON THRESHOLD RECUSAL AND DISQUALIFICATION MOTIONS

### ADDRESSED TO THE HONORABLE J. DANIEL BREEN, DISTRICT JUDGE

COMES NOW Appellant Randel Edward Page, Jr., proceeding pro se, and respectfully moves this Court to stay the current briefing schedule in this appeal pending resolution of two threshold motions that are currently before this Court:

(1) Appellant's Motion for Recusal of Magistrate Judge Jon A. York, filed March 9, 2026; and

(2) Appellant's Motion to Disqualify U.S. Trustee Carrie Ann Rohrscheib, filed March 9, 2026.

Both motions raise threshold questions of judicial disqualification and party standing that must be resolved before the merits of this appeal can properly proceed. Requiring Appellant to file an opening brief while these motions remain pending and unresolved would be procedurally premature and prejudicial to Appellant's rights.

### I. BACKGROUND

1. On February 25, 2026, Appellant filed this appeal from the U.S. Bankruptcy Court's order dismissing In re Apperson Crump, PLC, Case No. 25-11660-JLC.

2. On March 4, 2026, this case was assigned to the Honorable J. Daniel Breen as District Judge, with referral to Magistrate Judge Jon A. York. (Doc. 4, 5.)

3. On March 9, 2026, Appellant filed a Motion for Recusal of Magistrate Judge York based on Magistrate Judge York's membership on the Federal Bar Association Memphis Mid-South

Chapter board, which also includes, as board officers: (a) Carrie Ann Rohrscheib (Appellee / U.S. Trustee) as President-Elect; (b) Kyle Cummins of Butler Snow LLP as Secretary — Butler Snow being a named co-conspirator in the underlying proceedings; and (c) Jonathan E. Nelson of Bass Berry & Sims as an at-large member — the same firm to which U.S. Attorney Kara F. Sweet admitted sharing Appellant's evidence in November 2022.

4. On March 9, 2026, Appellant filed a Motion to Disqualify Appellee U.S. Trustee Rohrscheib based on the same FBA board conflict and additional grounds documented in the underlying record.

5. On March 10, 2026, Magistrate Judge York entered an order (Doc. 18) granting Appellee's motion for extension of time and establishing a briefing schedule under which Appellant's opening brief falls due within the standard deadline period.

6. As of the date of this Motion, neither the recusal motion nor the disqualification motion has been ruled upon. Magistrate Judge York entered the briefing schedule order after — and presumably with knowledge of — the pending recusal motion directed at him personally.

## II. ARGUMENT

### A. Threshold Judicial Disqualification Questions Must Be Resolved Before the Merits Proceed.

7. It is a fundamental principle of federal judicial administration that questions of judicial disqualification are threshold matters that take priority over merits proceedings. Where a party has timely raised a question of a judge's impartiality under 28 U.S.C. § 455, resolution of that question should precede substantive proceedings that the challenged judge would otherwise supervise.

8. The purpose of this principle is obvious: if a judge is ultimately disqualified, all proceedings conducted by that judge during the pendency of the disqualification question may require reconsideration. Proceeding to merits briefing while a recusal motion is pending wastes the parties' and the Court's resources and creates the risk of compounding the very harm the recusal motion seeks to prevent.

9. Here, Magistrate Judge York's impartiality is directly at issue. The motion for his recusal documents that he and Appellee Rohrscheib sit together on the same FBA chapter board — she as President-Elect, he as Judicial Representative — under a chapter president whose law firm (Burch Porter & Johnson, PLLC) represented parties in the underlying Monorail litigation that is central to this appeal. These are not speculative concerns; they are documented from the FBA's own publicly posted board roster.

10. Under 28 U.S.C. § 455(a), a judge must disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." The standard is objective: whether a reasonable person with knowledge of the relevant facts would question the judge's impartiality. The facts documented in Appellant's recusal motion meet this standard.

11. Magistrate Judge York entered the briefing schedule order (Doc. 18) after Appellant's recusal motion was filed. A judge who is the subject of a pending recusal motion should not be

entering substantive orders that bind the moving party to deadlines while the recusal question remains unresolved.

### B. The Disqualification of Appellee Rohrscheib Is Also a Threshold Question Affecting the Structure of This Appeal.

12. Appellant's motion to disqualify U.S. Trustee Rohrscheib as an Appellee raises questions about her standing and authority to participate in this appeal in light of the documented conflicts. If granted, the structure of the Appellee's participation in this case would need to be reconsidered before briefing proceeds.

13. It would be inefficient and potentially prejudicial for Appellant to brief the merits of this appeal against a party whose authority to participate as Appellee is itself under challenge.

### C. A Stay Will Not Prejudice Appellees.

14. A brief stay of the briefing schedule pending resolution of the pending threshold motions will cause no prejudice to Appellees. The underlying bankruptcy case has been dismissed; no ongoing estate administration is being affected by the pendency of this appeal. The delay, if any, is minimal and entirely attributable to threshold questions that this Court must address regardless.

15. By contrast, Appellant — who is proceeding pro se with a substantial evidentiary record — would be significantly prejudiced if required to invest the substantial effort of preparing an opening brief before knowing who will decide this case.

### D. This Motion Is Properly Directed to Judge Breen, Not Magistrate Judge York.

16. Because the pending recusal motion is directed at Magistrate Judge York personally, this motion is properly addressed to and decided by the Honorable J. Daniel Breen as the assigned District Judge. A judge who is the subject of a recusal motion should not decide the motion himself, nor should he enter orders that presuppose his continued jurisdiction over the matter while the recusal question remains unresolved.

17. Appellant therefore respectfully requests that this motion be routed to Judge Breen for decision, consistent with the general principle that recusal motions should be decided by a judge other than the one whose impartiality is challenged.

### III. RELIEF REQUESTED

WHEREFORE, Appellant Randel Edward Page, Jr. respectfully requests that the Honorable J. Daniel Breen:

A. STAY the current briefing schedule in this appeal, including the deadline for Appellant's opening brief, pending resolution of:

(1) Appellant's Motion for Recusal of Magistrate Judge Jon A. York (filed March 9, 2026); and

(2) Appellant's Motion to Disqualify U.S. Trustee Carrie Ann Rohrscheib (filed March 9, 2026);

B. DIRECT that the threshold recusal and disqualification motions be resolved before any briefing deadline takes effect;

C. DIRECT that this motion and all further proceedings on recusal and disqualification be decided by Judge Breen rather than Magistrate Judge York; and

D. GRANT such other and further relief as this Court deems just and proper.


Respectfully submitted,

*/s/ Randel Page*

**Randel Edward Page, Jr., Pro Se Appellant**
3504 Milford Cove
Collierville, Tennessee 38017
Telephone: (901) 351-6060
Email: randelpage@gmail.com
Dated: March 12, 2026


## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, a true and correct copy of the foregoing Motion was served electronic mail on the following:

Paul A. Randolph, Acting U.S. Trustee, Region 8

Office of the United States Trustee

200 Jefferson Avenue, Suite 400

Memphis, Tennessee 38103


Carrie Ann Rohrscheib, Trial Attorney

Office of the United States Trustee

200 Jefferson Avenue, Suite 400

Memphis, Tennessee 38103

Email: carrie.a.rohrscheib@usdoj.gov

Clerk of Court

United States District Court, Western District of Tennessee

_____
Randel Edward Page, Jr.