IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
|     APPERSON CRUMP, PLC ) | |
| ) | |
| *Debtor.* ) | |
| _____) | |
| RANDEL EDWARD PAGE, JR., ) | |
| ) | |
| *Appellant,* ) | |
| ) | |
| v. ) | Case No. 1:26-cv-01037-JDB-jay |
| ) | |
| APPERSON CRUMP, PLC, *and* ) | |
| ) | |
| PAUL A. RANDOLPH, ) | |
| ACTING U.S. TRUSTEE REGION 8, ) | |
| ) | |
| *Appellees.* ) | |

*Appeal from the United States Bankruptcy*
*Court for the Western District of Tennessee,*
*Case No. 25-11660*

---

### CONSOLIDATED RESPONSE OF APPELLEE UNITED STATES TRUSTEE TO APPELLANT'S FILINGS BETWEEN MARCH 4 AND 9, 2026

---

Appellee, Paul A. Randolph, the Acting United States Trustee for Region 8 ("United States Trustee"), files this consolidated response to the filings by Appellant Randel Edward Page, Jr. between March 4 and 9, 2026. The only meritorious requests in these filings are Mr. Page's requests for an extension of the briefing schedule, which this Court has already granted. The remainder of the relief Mr. Page requests should be denied.

This case is an appeal under 28 U.S.C. § 158(a)(1) of an order of the bankruptcy court dismissing the chapter 11 bankruptcy of Apperson Crump, PLC, for cause under 11 U.S.C. § 1112(b). The United States Trustee had moved to dismiss the bankruptcy case or to convert the

case to a chapter 7 liquidation. After the deadline passed to file objections to the United States Trustee's motion to dismiss, Mr. Page filed an untimely response, agreeing that cause existed under 11 U.S.C. § 1112(b) but asking the court to convert the case to chapter 7. The bankruptcy court entered an order dismissing the case, finding that "there are insufficient assets available for distribution to creditors in a chapter 7, [and] accordingly dismissal is appropriate and in the best interests of creditors and the estate." (Bankr. Dkt. 69 p. 2.)[1] Mr. Page timely appealed. The question on appeal is whether the bankruptcy court abused its discretion by dismissing Apperson Crump's bankruptcy case rather than converting it to chapter 7. *See, e.g., California Palms Addiction Recovery Campus, Inc. v. Vara (In re California Palms Addiction Recovery Campus, Inc.)*, 87 F.4th 734, 740-41 (6th Cir. 2023).

Between March 4 and 9, 2026, Mr. Page filed the following ten pleadings with the bankruptcy court, all but the last of which were transmitted to this court:

- *Creditor-Appellant Randel Edward Page, Jr.'s Motion to Stay Appellate Proceedings Pending Bankruptcy Court's Resolution of FRBP 9024/Rule 60(b) Motion for Relief from Dismissal, or in the Alternative, Motion to Extend Briefing Deadline* (Dkt. 6);

- *Appellant's Motion for Mandatory Withdrawal of Reference Pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a)* (Dkt. 7);

- *Appellant's Emergency Motion to Stay Briefing Schedule Pending Ruling on Motion for Mandatory Withdrawal of Reference Pursuant to 28 U.S.C. § 157(d) and Motion for Extension of Briefing Schedule* (Dkt. 9);

- *Appellant's Notice of Filing Documentary Evidence Re: Written Confirmation by U.S. Trustee Counsel of Apperson Crump PLC's Election Not to Participate in This Appeal; Pre-Signed Magistrate Order; and Consent Entrapment Sequence* (Dkt. 10);

- *Appellant's Motion for Summary Reversal as to Appellee Apperson Crump PLC Pursuant to Federal Rule of Bankruptcy Procedure 8018(a) Based on Written Confirmation of Election Not to Participate in This Appeal* (Dkt. 11);

---

[1] References to "Bankr. Dkt. __," refer to documents filed in the bankruptcy case of *In re Apperson Crump, PLC*, No. 25-11660 (Bankr. W.D. Tenn.).

- *Appellant's Motion for Order Compelling Mandatory Investigation by the United States Trustee Pursuant to 11 U.S.C. § 1106(a)(3), 28 U.S.C. § 1334, and 28 U.S.C. § 1651 (All Writs Act)* (Dkt. 12);

- *Proposed Order Compelling Mandatory Investigation by the United States Trustee Pursuant to 11 U.S.C. § 1106(a)(3), 28 U.S.C. § 1334, and 28 U.S.C. § 1651* (Dkt. 13);

- *Appellant's Motion for Recusal of Magistrate Judge Jon A. York Pursuant to 28 U.S.C. §§ 455(a) and 455(b) Based on Documented Organizational Conflicts of Interest, Pre-Signed Order Conduct, and Coordinated Procedural Sequence with Opposing Counsel and Clerk of Court* (Dkt. 14);

- *Appellant's Motion to Disqualify Carrie Ann Rohrscheib as Counsel of Record for Appellee United States Trustee Pursuant to 28 U.S.C. § 530B, Tennessee Rules of Professional Conduct 3.7 and 1.7, and the Court's Inherent Authority to Ensure Integrity of Proceedings* (Dkt. 15); and

- *Appellant's Objection to Order of Reference to Magistrate Judge and Request for Assignment to Article III District Judge; Notice of Non-Consent to Magistrate Jurisdiction* (Bankr. Dkt. 87).

These filings collectively ask the Court for (I) a stay of this appeal or, alternatively, an extension of time to file his merits brief; (II) withdrawal of the Court's *Order of Reference* (Dkt. 4) to the magistrate judge for a report and recommendation; (III) summary reversal; (IV) an order directing the United States Trustee to perform an investigation; (V) recusal of the magistrate judge; and (VI) disqualification of undersigned counsel for the United States Trustee. The extension request, which the United States Trustee does not oppose, has already been granted. (Dkt. 16.) The remaining requests for relief, however, all lack merit.

*Stay.* There is no basis to stay this appeal. (Dkts. 6 & 9.) The motion for reconsideration Mr. Page filed in the bankruptcy court was denied, and a stay is not necessarily to allow a ruling on his request to withdraw the reference to the magistrate judge because the request lacks merit.

*Reference to the magistrate judge.* This Court's reference to the magistrate judge is permissible. (Dkt. 7 & Bankr. Dkt. 87.) The magistrate judge has been directed to produce a report and recommendation, not to finally adjudicate the merits. (Dkt. 4.) The district judge will issue a final decision in this appeal.

*Page v. Apperson Crump, PLC, et al.*                      Case No. 1:26-cv-01037-JDB-jay
*(In re Apperson Crump, PLC)*                                         Page **4** of **19**

     *Summary reversal.* The Court should not summarily reverse. (Dkts. 10 & 11.) The fact that the debtor will not participate in this appeal does not mandate summary reversal. The United States Trustee was the movant below, has standing to "appear and be heard on any issue in any case" under the Bankruptcy Code, 11 U.S.C. § 307, and will defend the bankruptcy court's order on appeal.

     *Order for an investigation.* This Court cannot order the United States Trustee to perform an investigation. (Dkts. 12 & 13.) The United States Trustee has no statutory duty to perform an investigation. Mr. Page confuses the duties of a chapter 11 case trustee, who can be appointed in a chapter 11 case but was not here, and those of the United States Trustee. Regardless, Apperson Crump's bankruptcy case is closed unless and until this Court reverses the dismissal order. Moreover, 28 U.S.C. §§ 1334 and 1651 and the Court's inherent authority do not authorize such an order. And in all events,

     *Recusal.* The magistrate judge does not need to recuse. (Dkts. 10 & 14.) Participation in a bar association does not require a judge to recuse. Additionally, Mr. Page mistakenly asserts that the undersigned sent him an order "pre-signed" by the magistrate judge, but he misunderstands that the purported signature was merely an area for the magistrate judge to sign. Nor has there been any attempt to coerce Mr. Page's consent to the magistrate judge issuing a final decision in this appeal.

     *Disqualification.* There is no basis to disqualify the undersigned. (Dkts. 10 & 15.) There will be no testimony in this appeal, so Tennessee Rule of Professional Conduct 3.7(a) does not apply. Mr. Page lacks standing to assert a conflict of interest under Rule 1.7(a)(2) and, in all events, the undersigned does not have a personal interest in the litigation pursuant to Rule 1.7(a)(2). The fact that Mr. Page himself contacted an FBI agent to allege misconduct by the undersigned does not require her refusal, nor do his allegations that she is a "co-conspirator" in fraud.

# BACKGROUND

1.      Apperson Crump, PLC ("Apperson Crump") filed a voluntary chapter 11 petition on December 1, 2025, in the United States Bankruptcy Court for the Western District of Tennessee. (Bankr. Dkt. 1.)

2.      On January 20, 2026, the United States Trustee filed a motion to convert Apperson Crump's chapter 11 bankruptcy case to a chapter 7 liquidation or alternatively dismiss the case under 11 U.S.C. § 1112(b). (Bankr. Dkt. 53.) Section 1112(b) provides that, if cause exists, the bankruptcy court "shall convert a [chapter 11 case] to a case under chapter 7 or dismiss a case . . . whichever is in the best interests of creditors and the estate."

3.      The United States Trustee is an official appointed by the Attorney General to supervise the administration of bankruptcy cases in the federal judicial districts within his region. 28 U.S.C. §§ 581 – 589. United States Trustee are "charged with promoting the integrity of the bankruptcy system for all stakeholders," *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 212-13 (2024), and "serve as bankruptcy watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena," H.R. Rep. No. 95-595, at 88 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6049. The United States Trustee "may raise and may appear and be heard on any issue in any case or proceeding under this title." 11 U.S.C. § 307.

4.      The Bankruptcy Court entered a notice of hearing and served it on all the parties, including Mr. Page, indicating a hearing on the United States Trustee's motion would be held on February 19, 2026, "**BUT ONLY IF**" an objection to the relief requested was filed and served by February 10, 2026. (Bankr. Dkts. 55 & 57 (emphasis in original).)

5.      No objections or responses to the United States Trustee's motion were filed by the February 10, 2026, deadline.

6. On February 12, 2026, the United States Trustee filed a Certificate of Compliance with Local Bankruptcy Rule 9013-1 certifying that no objections to the motion were timely filed. (Bankr. Dkt. 65.)

7. On February 13, 2026, three days after the time to object to the United States Trustee's motion expired, Mr. Page filed a response to the United States Trustee's motion, requesting the case be converted to a chapter 7 instead of dismissed. (Bankr. Dkt. 68.)

8. On February 17, 2026, the bankruptcy court entered an order dismissing Apperson Crump's bankruptcy case. (Bankr. Dkt. 69.) The order stated that there were insufficient assets available for distribution in a chapter 7 and thus, dismissal was appropriate and in the best interest of creditors and the estate.

9. Mr. Page filed a filed a timely Notice of Appeal of the dismissal order to this Court on February 25, 2026. (Bankr. Dkt. 73.)

10. On February 27, 2026, the appeal was docketed in the U.S. District Court for the Western District of Tennessee, Eastern Division as *Page v. Apperson Crump, PLC, et al. (In re Apperson Crump, PLC)*, case number 1:26-cv-01037-JDB-jay.

11. On March 4, 2026, this Court entered an *Order of Reference* (Dkt. 4), referring the case to the magistrate judge "for all matters, including report and recommendation." The district judge's initials were removed from the case number until March 5, when they were restored.

12. Also on March 4, the undersigned sent Mr. Page an email to determine if he would join a motion to extend the briefing schedule set for the appeal (Dkt. 3). The email attached a draft joint motion and proposed order. (Dkt. 10 p. 7 ("I have prepared a proposed Joint motion to Extend and a proposed Order. I am attaching the documents to this email. . . . If you are willing to join can you sign the signature page, scan and email it to me or . . . take a photo of it and email the photo of the signature page to me.").) The attached proposed order included a space for the

magistrate judge to sign, as contemplated by Section 4 of this Court's *Electronic Case Filing Policies and Procedures Manual*. (Dkt. 10 p. 13.) The case number the undersigned used did not include the district judge's initials because, at the time, they had been removed from the official case number. (Dkt. 10 pp. 9, 13.)

    13.    On March 4, Mr. Page also filed in the bankruptcy court a motion to reconsider the dismissal order. (Bankr. Dkt. 81.) He also filed in the bankruptcy court a motion to stay appellate proceedings pending a ruling on his motion for reconsideration. (Bankr. Dkt. 83.) The bankruptcy court transmitted the motion to stay to this Court (Dkt. 6) and then denied the motion for reconsideration (Bankr. Dkt. 86).

    14.    On March 6, Mr. Page filed in the bankruptcy court an objection to the *Order of Reference* (Dkt. 4) and a motion to withdraw the reference. Only the motion to withdraw the reference was transmitted to this Court. (Dkt. 9.)

    15.    On March 9, Mr. Page filed in the bankruptcy court an emergency motion to stay appellate proceedings pending his motion to withdraw the reference, a notice of evidence, a motion for summary reversal, a motion to compel the United States Trustee to perform an investigation under 11 U.S.C. § 1106(a)(3) and a proposed order, a motion to recuse the magistrate judge, and a motion to disqualify the undersigned. (Dkts. 9-15.)

    16.    On March 9, the magistrate judge granted Mr. Page's motions to stay solely to grant him an extension of time to file his opening brief. (Dkt. 16.) The magistrate judge did not rule on any other request for relief.

## **DISCUSSION**

This Court should deny Mr. Page's remaining requests for relief.

**I.     There Is No Basis To Stay This Appeal.**[2]

Mr. Page's filings present four arguments in favor of staying appellate proceedings. None has merit.

*First*, Mr. Page asks this Court to stay the appeal pending a ruling on his motion for reconsideration. (Dkt. 6 p. 2.) However, the bankruptcy court has already denied his motion. (Bankr. Dkt. 86.)

*Second*, Mr. Page argues that the factual record has "materially change[d]" and "must be developed in the bankruptcy court." (Dkt. 6 p. 2.) However, the bankruptcy case is dismissed; there will be no further factual development. This Court will determine whether that dismissal was an abuse of discretion.

*Third*, Mr. Page argues that "documented structure conflicts in this Court and the Sixth Circuit require formal notice and judicial assessment." (Dkt. 6 p. 2.) He demands this Court "assess whether any connection exists between himself, his former law practice, or his judicial career" and a slew of entities. (Dkt. 6 p. 6.) This Court can assess its potential conflicts without disrupting the schedule for merits briefing. Mr. Page further claims that Circuit Judge Kevin Ritz has a conflict of interest and asserts that the clerk of court has previously issued a "fraudulent" certificate of good standing filed in a previous case brought by Mr. Page in the Middle District because the certificate was dated "2081." (Dkt. 6 pp. 6-7.) But this case is not proceeding in the Sixth Circuit, and the claim that the clerk has issued a "fraudulent" certificate is both irrelevant to this Court's consideration of this appeal and baseless.

---

[2]     This section relates to docket entries 6 and 9.

*Fourth*, Mr. Page argues that his motion for withdrawal of the reference to the magistrate judge (Dkt. 7) must be resolved before briefing can continue. (Dkt. 9.) However, as explained in greater detail below, the motion for withdrawal of the reference lacks merit. And regardless, merits briefing can continue while this Court decides whether and to what extent matters may be referred to the magistrate judge.

## II. The Magistrate Judge May Resolve Non-Dispositive Motions And Issue A Report And Recommendation.[3]

Mr. Page's motion for withdrawal of the reference suggests that he may misunderstand what it means to withdraw the reference. This Court has jurisdiction over bankruptcy cases and proceedings arising in or related to bankruptcy cases under 28 U.S.C. § 1334(a)-(b). This Court may refer those matters to bankruptcy courts under 28 U.S.C. § 157(a), as this Court has done, *see* Misc. Order 84-30. However, a district court may "withdraw" that reference and preside over bankruptcy cases and proceedings under 28 U.S.C. § 157(d).

Mr. Page's motion, however, objects to the *Order of Reference* (Dkt. 4), referring this appeal to the magistrate judge to decide non-dispositive motions and to issue a report and recommendation on the merits. But this reference is consistent with the Constitution, statute, and local rule. 28 U.S.C. § 636(b) and Local Rule 72.1(b) permit this Court to refer non-dispositive matters to the magistrate judge for final decision and to refer dispositive matters to the magistrate judge for a report and recommendation, with the district judge reserving the power to issue a final decision on the merits. Referring non-dispositive matters for final decision and referring dispositive matters for a recommended decision comports with Article III of the Constitution. *See, e.g.*, *Horan v. McGee*, No. 1:22-cv-01153-JDB-jay, 2022 WL 17250489, at *2 (W.D. Tenn. Nov. 28, 2022).

---

[3] This section relates to docket entry 7 and bankruptcy docket entry 87.

Case 1:26-cv-01037-JDB-jay   Document 20   Filed 03/12/26   Page 10 of 19
PageID 422

Page v. Apperson Crump, PLC, et al.                                    Case No. 1:26-cv-01037-JDB-jay
(In re Apperson Crump, PLC)                                                        Page **10** of **19**

Mr. Page discusses *Stern v. Marshall*, 564 U.S. 462 (2011), but *Stern* does not apply to magistrate judge referrals for a report and recommendation. It held that a bankruptcy court could not issue a final judgment on a counterclaim by a creditor against a debtor that is not resolved in the process of ruling on a creditor's proof of claim without the parties' consent. *See* 564 U.S. at 503. It does not prohibit this Court from referring non-dispositive matters for final decision and dispositive matters for a recommendation to the magistrate judge in this bankruptcy appeal.

Mr. Page will not be deprived of an Article III judge in this appeal. Rather, this Court referred this appeal to the magistrate judge only to resolve non-dispositive matters (like extension requests) and for a report and recommendation, which is not a final decision on the merits. The district judge, an Article III judge, will issue any final decision in this appeal. (Dkt. 4.)

### III. The Court Should Deny Summary Reversal.[4]

Mr. Page argues that this Court should summarily reverse "as to Appellee Apperson Crump PLC," the debtor, because its counsel has indicated it does not intend to participate in this appeal. (Dkt. 11 p. 1.) This request should be denied. Mr. Page cites no authority to support reversing a bankruptcy court order because one appellee has stated it will not participate. The United States Trustee was the movant below, has statutory authority to appear and be heard in this appeal under 11 U.S.C. § 307, and intends to defend the bankruptcy court's order in this appeal.

Mr. Page cites Federal Rule of Bankruptcy Procedure 8018(a)(4), which Mr. Page claims says, "If the appellee does not file a brief, the district court or BAP — after notice — may decide the appeal on the appellant's brief, or dismiss the appeal for want of prosecution." (Dkt. 11 p. 3.) Respectfully, Mr. Page has misquoted the rule. The complete text of the rule is as follows:

> (4) *Consequence of Failure to File*. If an **appellant** fails to file a brief on time or within an extended time authorized under (a)(3), the district court or BAP may—on its own after notice or on the appellee's motion—dismiss the appeal. An **appellee** who fails to file

---

[4] This section relates to docket entries 10 and 11.

Case 1:26-cv-01037-JDB-jay     Document 20     Filed 03/12/26     Page 11 of 19
PageID 423

*Page v. Apperson Crump, PLC, et al.*  Case No. 1:26-cv-01037-JDB-jay
*(In re Apperson Crump, PLC)*  Page **11** of **19**

      a brief **will not be heard at oral argument** unless the district court or BAP grants permission.

Fed. R. Bankr. P. 8018(a)(4) (emphasis added). Thus, at most, Apperson Crump can be precluded from appearing at oral argument. It is not a ground to summarily reverse an order the United States Trustee is prepared to defend.

      Mr. Page also claims that his version of the facts and issues must be deemed correct if the debtor does not file an appellee brief. But briefing has not even begun, and the United States Trustee will be filing an appellee brief. Further, he is wrong about the law. He cites to "In re Pyramid energy, Ltd. 789 F.2d 1272, 1273 (7th Cir. 1986)" for the proposition that the court "accept[ed] appellant's version of facts where appellee failed to file brief." (Dkt. 11 p. 3.) No case with that caption exists at 789 F.2d 1272, and the undersigned has been unable to locate a case with that caption from the Seventh Circuit in 1986. He also cites "In re Hallet, 33 B.R. 564, 565 (D. Me. 1983)" for the proposition that the court "revers[ed] bankruptcy court order where appellee did not appear or file brief." (Dkt. 11 p. 3.) *In re Hallet* is a real case at that citation, but it is from the United States *Bankruptcy* Court for the District of Maine, not the District Court, and it has nothing to do with reversing an order because an appellee failed to file a brief. And Mr. Page cites "In re Continental Information Systems Corp., 27 F.3d 46, 48 (2d Cir. 1994)" for the proposition that "the court noted that an appellee's failure to contest the merits of an appeal — whether through non-appearance, failure to file brief, or affirmative election — warrants acceptance of the appellant's account." (Dkt. 11 p. 4.) No case with that name exists at 27 F.3d 46. A case with that caption from the Second Circuit in 1994 exists at 48 F.3d 1213, but it was a summary affirmance without opinion.

      In sum, there is no authority to summarily reverse the order on appeal due to Apperson Crump's non-appearance where the United States Trustee as the movant below is prepared to appear and defend. At most, Apperson Crump can be precluded from appearing at any argument. Mr.

Case 1:26-cv-01037-JDB-jay    Document 20    Filed 03/12/26    Page 12 of 19
PageID 424

*Page v. Apperson Crump, PLC, et al.*  Case No. 1:26-cv-01037-JDB-jay
*(In re Apperson Crump, PLC)*  Page **12** of **19**

Page's discussion of the merits is, therefore, premature, and the United States Trustee will address the merits in his response brief.

## IV. Mr. Page's Request That The Court Order The United States Trustee To Perform An Investigation Should Be Rejected.[5]

Mr. Page seeks an order from this Court under 28 U.S.C. §§ 1334 and 1651 and its "inherent supervisory authority over bankruptcy proceedings within" this district compelling the United States Trustee to perform an investigation under 11 U.S.C. § 1106(a)(3) into Mr. Page's claims of wrongdoing. (Dkt. 13.) The Court should deny this request for three reasons.

*First*, the statute Mr. Page cites—11 U.S.C. § 1106(a)(3)—does not impose a duty on the United States Trustee at all. Section 1106(a)(3) provides that "[a] trustee shall— . . . except to the extent that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuation of such business, and any other matter relevant to the case or to the formulation of a plan." However, the term "trustee" as used in section 1106(a) does not mean the United States Trustee. Rather, it refers to a trustee appointed to administer a chapter 11 case. *See* 11 U.S.C. §§ 1104(a) (referring to the "United States trustee" and a "trustee" as different people), 1106(a). A case trustee is only appointed in a chapter 11 case when a bankruptcy court orders one appointed under 11 U.S.C. §§ 1104(a) or 1112(b), which did not happen in Apperson Crump's case below.

*Second*, even if a section 1106(a)(3) investigation were a duty of the United States Trustee, Apperson Crump's bankruptcy case has been dismissed. There is no bankruptcy case under the auspices of which an investigation can take place. If the bankruptcy case dismissal is reversed on appeal, Mr. Page may request that the trustee that would be appointed in the chapter 7 case perform the investigation he requests. *See* 11 U.S.C. § 701 (appointment of a chapter 7 trustee); *id.* § 704(a)(4)

---

[5] This section relates to docket entries 12 and 13.

Case 1:26-cv-01037-JDB-jay   Document 20   Filed 03/12/26   Page 13 of 19
PageID 425

*Page v. Apperson Crump, PLC, et al.*                                       Case No. 1:26-cv-01037-JDB-jay
*(In re Apperson Crump, PLC)*                                                              Page **13** of **19**

("The trustee shall— . . . investigate the financial affairs of the debtor."). However, until Mr. Page prevails in this appeal, the bankruptcy case is closed, and therefore no investigation should be ordered.

*Third*, none of the authorities cited allow this relief. 28 U.S.C. § 1334 does not authorize the Court to issue orders to the United States Trustee in this appeal. Section 1334 is a grant of jurisdiction over bankruptcy cases and related proceedings. But this case is an *appeal* from a bankruptcy court final order, and that is governed by the grant of jurisdiction in 28 U.S.C. § 158(a)(1). The All-Writs Act allows a court to issue "commands as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued." *United States v. Perry*, 360 F.3d 519, 533 (6th Cir. 2004). But "[w]here a statute specifically addresses the particular matter at hand," such as the specific statute Mr. Page has identified, "it is that authority and not the All Writs Act, that is controlling." *Id.* Nor does the Court's inherent supervisory authority permit such an order. A district court's inherent authority is typically used to control proceedings before the court, not to order actions to be taken in another case. *See*, *e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991) (giving examples of the uses of inherent power).

Accordingly, there is no basis to compel the United States Trustee to perform an 11 U.S.C. § 1106(a)(3) investigation.[6]

**V.    The Magistrate Judge Need Not Recuse.**[7]

28 U.S.C. § 455 governs whether a federal judge must recuse from a case. Section 455(a) requires recusal when the judge's "impartiality might reasonably be questioned." The Sixth Circuit has defined this to mean that "a judge must recuse himself if a reasonable, objective person, knowing

---

[6]    The United States Trustee has been unable to verify many of the citations, quotations, or attributions Mr. Page provided on pages 4-6 of docket entry 12. The motion, however, fails on other grounds.

[7]    This section relates to docket entries 10 and 14.

Case 1:26-cv-01037-JDB-jay   Document 20   Filed 03/12/26   Page 14 of 19
PageID 426

*Page v. Apperson Crump, PLC, et al.*             Case No. 1:26-cv-01037-JDB-jay
*(In re Apperson Crump, PLC)*             Page **14** of **19**

all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990). Section 455(b) requires recusal when a judge "has a personal bias or prejudice concerning a party," when the judge's prior employment concerned the controversy, when he or certain relatives have a financial or other affected interest in the proceeding, or when certain relatives have connections to the proceedings.

Mr. Page asserts that the assigned magistrate judge must recuse under section 455 because he and the undersigned are officers in the Federal Bar Association for the Memphis/Mid-South Chapter (the "Memphis FBA"), because of Mr. Page's allegations concerning the undersigned's request for Mr. Page to join a motion to extend briefing deadlines, and because an unnamed court employee allegedly told Mr. Page that "[w]e are wanting to keep this case in this court." (Dkt. 14 pp. 2-8.) None of these arguments reach the standards of section 455.

*First*, the fact that the assigned magistrate judge and the undersigned are both officers in the Memphis FBA does not prove that the magistrate judge's impartiality might reasonably be questioned nor that he as a bias or prejudice concerning a party. Mere membership in a bar association like the Memphis FBA does not require recusal. As the Sixth Circuit has noted, "judges' bar memberships do not require disqualification even if the bar is a party to the suit." *Lawrence v. Chabot*, 182 F. App'x 442, 449 (6th Cir. 2006).

*Second*, Mr. Page's allegations that the undersigned provided him with a pre-signed order extending litigation deadlines are wrong. The undersigned sent Mr. Page a draft proposed order that included the magistrate judge's name in all capital letters. That is standard practice for proposed orders, where the judge is expected to sign his name directly above the signature block. The assigned district judge has posted a sample proposed order to this Court's website that follows this practice.[8]

---

[8]      *See* https://www.tnwd.uscourts.gov/sites/tnwd/files/BreenRule16bOrder.pdf (permanent link https://perma.cc/4R3Q-PBR4) (signature block with "J. DANIEL BREEN UNITED STATES DISTRICT JUDGE" and a place to add a signature).

Case 1:26-cv-01037-JDB-jay   Document 20   Filed 03/12/26   Page 15 of 19
PageID 427

*Page v. Apperson Crump, PLC, et al.*  Case No. 1:26-cv-01037-JDB-jay
*(In re Apperson Crump, PLC)*  Page **15** of **19**

The fact that the draft proposed order omitted the district judge's initials merely reflects that his initials were, in fact, omitted from the docket number for a brief period between March 4 and 5. (*See* docket text for Dkt. 4 ("Modified on 3/5/2026 to remove Judge reassignment. Judge Breen remains Presider/Judge York remains Referral").)

Additionally, the undersigned has not attempted to create a "consent entrapment sequence." (Dkt. 14 p. 6.) The district judge referred this appeal to the magistrate judge both to prepare a non-final report and recommendation but also to resolve non-dispositive matters like extension requests. (Dkt. 4.) Mr. Page's consent is not necessary for that referral. *See supra* § II. Asking Mr. Page to agree to a proposed order that reflects a legitimate court referral is not the equivalent of tricking Mr. Page into giving away his rights to an Article III adjudicator.

*Third*, Mr. Page has not provided sufficient details for the United States Trustee to understand Mr. Page's complaint about the alleged statement by the unnamed court employee. He says he attached "Clerk Disclosure Affidavit" and a "Supplemental Clerk Disclosure Affidavit," but the undersigned has not been able to locate this. Mr. Page bears the burden of proving the magistrate judge should recuse, and without factual support for his claims, he has failed in that burden. *See Consolidated Rail Corp. v. Yashinsky*, 107 F.3d 591, 597 (6th Cir. 1999) ("The movant has the burden of convincing the court that a reasonable person would find that the bias exists."). The United States Trustee reserves the right to respond to these allegations if Mr. Page substantiates them.

Regardless, there is nothing improper about an employee of the district court indicating that the court will adjudicate a case that has been filed with it, nor for a magistrate judge's chambers to indicate it will respect the district judge's referral order and perform the functions assigned to him.

Case 1:26-cv-01037-JDB-jay   Document 20   Filed 03/12/26   Page 16 of 19
PageID 428

*Page v. Apperson Crump, PLC, et al.*  Case No. 1:26-cv-01037-JDB-jay
*(In re Apperson Crump, PLC)*  Page **16** of **19**

## VI. There Is No Basis To Disqualify The Undersigned.[9]

Mr. Page requests the disqualification of the undersigned from representing the United States Trustee in this appeal under 28 U.S.C. § 530B, Tennessee Rules of Professional Conduct 3.7 and 1.7, and this Court's inherent authority. (Dkt. 15.) None of these authorities justify disqualification here.

28 U.S.C. § 530B(a) requires that "attorneys for the Government" "be subject to State laws and rules, and local Federal court rules . . . to the same extent and in the same manner as other attorneys in that State." By its terms, it is not an independent source of ethical duties, but merely makes state ethics rules applicable to attorneys for the Government.

Tennessee Rule of Professional Conduct 3.7(a) provides that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness" with limited exceptions. Mr. Page claims that the undersigned will need to testify about her conduct during the underlying bankruptcy case and, therefore, is a necessary witness under Rule 3.7(a). (Dkt. 15 pp. 4-5.) However, by its terms, Rule 3.7(a) applies only to "advocate[s] at a *trial*" where there will be "*witness[es]*." This is an appeal, not a trial. There will be no testimony, so the undersigned will not be a necessary witness here. *See* Tenn. Sup. Ct. R. 8, RPC 3.7 cmt. [2] ("The tribunal has a proper objection *when the trier of fact* may be confused or misled by a lawyer serving as both advocate and witness.") (emphasis added).

Rule 1.7(a)(2) provides that, with limited exceptions, "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest" such as "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Mr. Page claims that the undersigned has a "person interest" because of the "[p]rofessional [c]onsequence of [r]eversal," because Mr. Page has sent a letter about the undersigned to an FBI agent, and because of her role in the Memphis FBA. But Mr. Page, whom the undersigned has never represented, lacks

---

[9] This section relates to docket entries 10 and 15.

Case 1:26-cv-01037-JDB-jay   Document 20   Filed 03/12/26   Page 17 of 19
PageID 429

Page v. Apperson Crump, PLC, et al.  Case No. 1:26-cv-01037-JDB-jay
(In re Apperson Crump, PLC)  Page **17** of **19**

standing to seek disqualification on this ground, which is baseless in any event. "[T]he purposes of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule." Tenn. Sup. Ct. R. 8, RPC Scope [21]. Thus, courts have held that an opposing party who has no relationship with opposing counsel lacks standing to seek disqualification under Rule 1.7. *See Home Fed. Bank of Tenn. v. Home Fed. Bank Corp.*, No. 3:18-CV-379-JRG-DCP, 2020 WL 6038054,*15 (E.D. Tenn. Mar. 19, 2020) ("Specifically, the Court has reviewed Rule 1.7 and finds Defendant lacks standing to challenge Attorney Rice's representation of Plaintiff.").

Regardless, Mr. Page has not established that the undersigned has a disqualifying personal interest that materially limits her representation. Mr. Page's suggestion that the undersigned cannot represent the United States Trustee on appeal because, if this Court reverses the dismissal order, the outcome would be "directly adverse to her professional reputation and career interests" (Dkt. 15 p. 6) is true for any lawyer who represents a client successfully at trial and wishes to continue to represent the client on appeal. And the fact that Mr. Page sent an unsolicited letter about the undersigned to an FBI agent does not demonstrate that she is under investigation nor that her representation of the United States Trustee would be materially limited. (Dkt. 15 pp. 6-7.) Mr. Page may not disqualify opposing counsel merely by mailing a letter to law enforcement complaining about counsel's conduct. Mr. Page also has not provided any cogent explanation of how the undersigned's position in the Memphis FBA materially limits her representation of the United States Trustee in this appeal. (Dkt. 15 pp. 6, 8-9.)

Finally, Mr. Page speculates about the undersigned's participation in a "bankruptcy fraud scheme" because the motion she filed on behalf of the United States Trustee in the bankruptcy court

Case 1:26-cv-01037-JDB-jay   Document 20   Filed 03/12/26   Page 18 of 19
PageID 430

*Page v. Apperson Crump, PLC, et al.*  Case No. 1:26-cv-01037-JDB-jay
*(In re Apperson Crump, PLC)*  Page **18** of **19**

resulted in the dismissal of the bankruptcy case, which Mr. Page believes prevented fraud from being exposed. (Dkt. 15 pp. 7-8.) But Mr. Page conflates an adverse litigation outcome with bad faith by his opponents. The mere fact that he lost below does not mean there was a conspiracy against him.

In sum, Mr. Page has failed to establish that the undersigned should be disqualified from representing her client, the United States Trustee, in this appeal.

## **CONCLUSION**

Based on the foregoing, the United States Trustee requests the Court deny the Mr. Page's miscellaneous requests.

Dated: March 12, 2026    Respectfully submitted,

        PAUL A. RANDOLPH
        ACTING UNITED STATES
        TRUSTEE FOR REGION 8

        */s/ Carrie Ann Rohrscheib* (TN 022991)
        Carrie Ann Rohrscheib, Trial Attorney
        United States Department of Justice
        Office of the U.S. Trustee
        200 Jefferson Avenue, Suite 400
        Memphis, TN 38103
        (901) 544-3303
        Carrie.A.Rohrscheib@usdoj.gov

*Page v. Apperson Crump, PLC, et al.*   Case No. 1:26-cv-01037-JDB-jay
*(In re Apperson Crump, PLC)*   Page **19** of **19**

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the Notice of Appearance was served upon the parties listed below by electronic mail and first-class mail on March 12, 2026.

      /s/Carrie Ann Rohrscheib
      Carrie Ann Rohrscheib (TN 022991)
      Trial Attorney

Randel Edward Page, Jr.
3504 Milford Cove
Collierville, Tennessee 38017
randelpage@gmail.com
Tel: (901) 351-6060

C. Jerome Teel, Jr.
Attorney for Apperson Crump, PLC
Teel & Gay, PLC
79 Stonebridge Blvd., Suite B
Jackson, TN 38305
Phone: (731) 424-3315
Jerome@tennesseefirm.com