UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

MAR 1 0 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RANDEL EDWARD PAGE, JR.,
   Appellant,

v.        Case No. 1:26-cv-01037-JDB-jay     25-11660

APPERSON CRUMP, PLC, and
UNITED STATES TRUSTEE, REGION 8,
   Appellees.

---

## APPELLANT'S OBJECTION TO ORDER GRANTING MOTION TO EXTEND DEADLINE (D.E. 16) AND APPEAL TO DISTRICT JUDGE J. DANIEL BREEN PURSUANT TO 28 U.S.C. § 636(b)(1)(C) AND LOCAL RULE 72(g)(2)

### APPELLANT DOES NOT CONTEST THE APRIL 13, 2026 BRIEFING DEADLINE — APPELLANT OBJECTS SOLELY TO THE AUTHORITY OF MAGISTRATE JUDGE YORK TO ENTER THIS ORDER WHILE RECUSAL, DISQUALIFICATION, AND CONSENT MOTIONS ARE PENDING BEFORE THE DISTRICT JUDGE

### I. THRESHOLD STATEMENT — WHAT THIS OBJECTION DOES AND DOES NOT CONTEST

> **Appellant does not contest the April 13, 2026 briefing deadline established by D.E. 16. Appellant accepts that deadline and will file his opening brief on or before April 13, 2026. This objection contests solely the authority of Magistrate Judge Jon A. York to enter any order in this proceeding while the pending motions described herein are before the district judge, and respectfully requests that District Judge J. Daniel Breen enter a corrected scheduling order identical in substance to D.E. 16 — granting the April 13, 2026 briefing deadline — signed by the Article III district judge to whom this case is assigned.**

This distinction is critical. Appellant is not seeking to lose the extension he obtained. Appellant is seeking to preserve every jurisdictional and constitutional argument he has raised — arguments that are not mooted by the extension, are not waived by accepting the extension, and are not resolved by D.E. 16 — while ensuring that his silence in the face of a magistrate judge's order is not later construed as implied consent to that magistrate's continued jurisdiction over this appeal.

The 14-day notice at the bottom of D.E. 16 is the mechanism through which implied consent can be inferred under Roell v. Withrow, 538 U.S. 580 (2003). Appellant objects within that period — not to challenge the substantive relief granted, but to prevent the procedural consequence of silence from extinguishing rights that have been actively and repeatedly asserted in this proceeding.

## II. FACTUAL BACKGROUND — WHAT THIS APPEAL IS AND HOW IT REACHED THIS COURT

This appeal arises from the Chapter 7 bankruptcy of Apperson Crump PLC, Case No. 25-11660, United States Bankruptcy Court for the Western District of Tennessee, Hon. Jimmy L. Croom presiding. Appellant Randel Edward Page, Jr. is a creditor who filed Proof of Claim No. 4-2 in the amount of $900,000,000 on January 8, 2026, asserting claims for fraud, civil rights violations, conspiracy, theft of intellectual property, and willful and malicious injury. The thirty-day objection period for that claim expired on February 7, 2026 without any party filing an objection. The claim was therefore deemed allowed by operation of Federal Rule of Bankruptcy Procedure 3001(f) — $900,000,000, allowed, uncontested, as of February 7, 2026.

On January 12, 2026, Appellant submitted detailed evidence of the debtor's fraudulent conduct to United States Trustee Carrie Ann Rohrscheib. Eight days later, on January 20, 2026, the U.S. Trustee filed a Motion to Dismiss or Convert the case pursuant to 11 U.S.C. § 1112(b), citing four independent grounds for cause including the debtor's inability to obtain malpractice insurance. On February 13, 2026, Appellant filed a response supporting conversion to Chapter 7 rather than dismissal. On February 17, 2026, the bankruptcy court dismissed the case. That dismissal — entered over Appellant's objection, contrary to the U.S. Trustee's own motion which sought conversion, and without explanation of why dismissal was chosen over conversion — is the decision being appealed.

Appellant filed his Notice of Appeal on February 25, 2026. The appeal was docketed in this Court on March 4, 2026 as Case No. 1:26-cv-01037-JDB-jay. On the same day — March 4, 2026 — the Order of Reference (D.E. 5) was entered referring the case to Magistrate Judge York. That referral was administrative. It was generated at docketing, before any party had briefed anything, before any substantive review of the appeal had occurred, and before this Court had any occasion to examine what the appeal involves. District Judge Breen has not reviewed the merits of this appeal at any point. No Article III judge has.

This objection is therefore the first document in this appeal that places the full factual and legal landscape before an Article III district judge. Appellant respectfully asks District Judge Breen to read what follows with that context in mind: the referral to York was made before anyone — including the district judge — knew what this case was about, who the parties were,

or what organizational relationships connected the magistrate to opposing counsel and the clerk of court.

### III. JURISDICTION AND PROCEDURAL POSTURE

This objection is addressed to District Judge J. Daniel Breen pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 72(g)(2). D.E. 16 was entered by Magistrate Judge Jon A. York on March 9, 2026 — the same day Appellant filed seven motions with this Court including a Motion for Recusal of Magistrate Judge York documenting an undisclosed organizational conflict: York, Appellee's counsel Rohrscheib, and Clerk of Court Oliver are simultaneously serving as co-officers of the Federal Bar Association Memphis Mid-South Chapter, a fact established by the FBA's own published officer roster. The 14-day objection period expires March 23, 2026. This objection is timely.

Under Local Rule 72(g)(2), a party may appeal a magistrate judge's order to the presiding district judge within 14 days. Under 28 U.S.C. § 636(b)(1)(C), the district judge reviews the magistrate judge's order and may accept, reject, or modify it. Appellant requests that District Judge Breen enter a corrected order that accepts D.E. 16's substantive ruling — the April 13 extension — while removing Magistrate Judge York as the signing judicial officer and substituting the district judge's authority as the basis for the order.

### IV. FOUR INDEPENDENT GROUNDS WHY YORK LACKED AUTHORITY TO ENTER D.E. 16

#### A. Ground One — York's Complete Silence on All Pending Motions Before Acting

As of March 9, 2026 — the date D.E. 16 was entered — Magistrate Judge York had before him multiple pending motions directly challenging his authority to act in this proceeding. Appellant had filed an Objection to Order of Reference (March 5, 2026) raising the absence of mandatory consent notification under Local Rule 72.1(c)(1). Appellant had filed a Motion for Recusal of Magistrate Judge York (March 9, 2026) pursuant to 28 U.S.C. §§ 455(a) and 455(b), grounded in the FBA organizational conflict and pre-signed order conduct documented below. Appellant had filed a Motion to Disqualify U.S. Trustee Rohrscheib (March 9, 2026). Each of these motions placed York's authority to act in direct and formal dispute.

York did not rule on any of these motions. York did not refer any of them to District Judge Breen. York did not stay his own action pending resolution of any of them. York entered D.E. 16 — a scheduling order that presupposes his continuing jurisdiction over this appeal — in complete silence as to every pending challenge to that jurisdiction.

This silence is not a neutral act. When a judicial officer has before him pending motions challenging his authority to act, proceeding as though those motions do not exist is itself a failure of the judicial function. Each pending motion raised a threshold question that had to be answered before York could enter any further order: Is York recused? Does York have consent to act? Has the reference been properly made? Does the undisclosed FBA organizational network connecting

York, Rohrscheib, and Oliver require the district judge — who has not yet reviewed this appeal — to conduct that initial review himself? York answered none of these questions. He entered a scheduling order anyway — an order resting on an unexamined jurisdictional foundation that the pending motions directly place in dispute.

### B. Ground Two — A Judge Cannot Act While His Own Recusal Is Pending and Unruled Upon: The FBA Organizational Conflict

On March 9, 2026 — the same day D.E. 16 was entered — Appellant filed a Motion for Recusal of Magistrate Judge York pursuant to 28 U.S.C. §§ 455(a) and 455(b). That motion documents two independent grounds for York's disqualification, both established by documentary evidence now in the record.

The first ground is the organizational conflict established by the Federal Bar Association Memphis Mid-South Chapter's own published officer roster. That roster — a public record confirmed by the FBA's website and submitted as Exhibit D to the recusal motion — lists the following current chapter officers simultaneously holding roles in this proceeding:

Hon. Jon A. York — Chapter Judicial Representative — the magistrate judge who entered D.E. 16 and to whom this case was referred by D.E. 5.

Carrie Ann Rohrscheib — Chapter President-Elect — the U.S. Trustee Trial Attorney who appeared as Appellee's counsel in this proceeding on March 6, 2026 (D.E. 8), and whose pre-appearance conduct — receiving Appellant's January 12, 2026 evidence and filing the dismissal motion eight days later — is itself the subject of Appellant's disqualification motion.

Wendy R. Oliver — Federal Court Liaison — the Clerk of Court for the United States District Court for the Western District of Tennessee, whose office: (a) processed the Order of Reference (D.E. 5) assigning this case to York without providing the mandatory consent notification required by Local Rule 72.1(c)(1) and 28 U.S.C. § 636(c)(2); (b) transmitted the pre-signed proposed order (Exhibit C to the recusal motion) to Appellant on March 4, 2026 — a document bearing York's signature and a blank date line — through a chain that ran through Rohrscheib; and (c) is the subject of Appellant's pending clerk inquiry regarding the absence of consent notification.

This is not a casual acquaintance among bar members. The FBA chapter officer structure places York (Judicial Representative), Rohrscheib (President-Elect), and Oliver (Federal Court Liaison) in a formal governance relationship within the same organizational chapter. Rohrscheib is on the succession path to Chapter President — the leadership role above the organizational tier at which York currently serves. Oliver, as Federal Court Liaison, is the structural link between the chapter's judicial officer (York) and the court's administrative operations (the clerk's office she runs). The three officers — the magistrate, opposing counsel, and the clerk — form a closed organizational triangle in which every administrative and judicial act challenged in this proceeding touches at least one vertex.

The second ground is York's pre-signed order conduct. On March 4, 2026 — the day the Order of Reference was entered — Rohrscheib transmitted to Appellant a proposed scheduling order (Exhibit C) bearing York's signature and a blank date line. This document was transmitted before Appellant had been notified of the referral to York, before any scheduling conference had

been held, and before Appellant had any opportunity to object to York's jurisdiction. A proposed order pre-signed by a magistrate judge and transmitted to a party through opposing counsel — before that party knows he has been referred to that magistrate — is not an administrative convenience. It is a mechanism for obtaining the party's signature, and thus his implied consent to the magistrate's jurisdiction, before he can object. The document is in the record. Its implications are self-evident.

Under 28 U.S.C. § 455(a), the question is whether a reasonable person with knowledge of all the facts would question the judge's impartiality. A reasonable person who learned that a magistrate judge: (1) shares formal officer positions in the same professional chapter with opposing counsel and the clerk of court; (2) pre-signed a proposed order that was transmitted to the opposing party through that same opposing counsel before the party knew he had been referred; and (3) entered a scheduling order on the same day his recusal was formally sought without ruling on, acknowledging, or referring that recusal motion — would not merely question that judge's impartiality. That person would find the question answered by the facts themselves.

The threshold nature of the recusal question is controlling. York did not deny the recusal motion. York did not refer it to District Judge Breen. York did not stay his own action pending resolution. York entered D.E. 16 in complete silence as to a motion that placed his authority to act in direct and documented dispute. A litigant who has formally sought a judge's recusal under § 455(a) is entitled to a ruling on that motion before the judge enters further orders. The absence of any ruling, any acknowledgment, or any referral is the defect this objection asks District Judge Breen to correct.

## C. Ground Three — The FBA Organizational Network Independently Requires the District Judge to Conduct the Initial Review of This Appeal

The referral of this case to York (D.E. 5) was not a deliberate judicial decision made after review of the appeal. It was an administrative act generated at docketing on March 4, 2026 — the same day the appeal was filed. District Judge Breen had not reviewed the notice of appeal, had not examined the bankruptcy court record, had not assessed the grounds of appeal, and had no information about the nature of the case or the identities of the parties before the referral issued. The referral to York preceded any Article III engagement with this appeal by anyone. No district judge has reviewed the merits of this appeal at any point.

This matters because the question before this Court is not whether Breen should reverse a deliberate referral decision. He made no deliberate referral decision — the referral was administrative. The question is whether, now that the FBA organizational conflict has been documented, the district judge should conduct the initial substantive review of this appeal that has not yet occurred. That is a materially different and considerably easier question. A judge asked to reconsider a deliberate choice faces institutional friction. A judge asked to exercise for the first time authority that was administratively delegated before he knew what the case involved faces no such friction. This Court is being asked to do the latter.

The FBA organizational conflict documented in Ground Two — York as Chapter Judicial Representative, Rohrscheib as Chapter President-Elect, Oliver as Federal Court Liaison — is not merely a recusal issue. It means that the automatic administrative referral connected this appeal, from the moment of docketing, to a magistrate judge who shares formal organizational positions

with opposing counsel and the clerk of court processing the docket — none of which was disclosed to Appellant. The first substantive judicial review of a $900,000,000 deemed-allowed claim, a bankruptcy dismissal entered over the U.S. Trustee's own conversion recommendation, and a pro se appellant's constitutional and federal statutory arguments cannot appropriately come from a judicial officer whose undisclosed organizational relationships with the opposing party and the court's own administrative officer are now documented facts in the record.

Under 28 U.S.C. § 636(b)(1)(B) and this Court's inherent supervisory authority over its own referrals, District Judge Breen has full power to conduct the initial review of this appeal himself and to determine whether the referral to York should stand. Appellant respectfully submits that once the Court reviews the FBA roster in the context of an appeal that has never received Article III attention, the appropriate response is to provide that attention now — directly, through the district judge — rather than to return the case to a magistrate judge whose independence from the opposing party has been placed in documented, public question.

### D. Ground Four — No Valid Consent to Magistrate Jurisdiction Has Been Obtained

The Order of Reference (D.E. 5) referred this case to Magistrate Judge York on March 4, 2026. Under 28 U.S.C. § 636(c)(2) and Local Rule 72.1(c)(1), the clerk of court must notify the parties that a magistrate judge may exercise jurisdiction only upon their voluntary consent, and that they are free to withhold consent without adverse consequence. That mandatory consent notification was not provided when D.E. 5 was entered — a failure that occurred in the clerk's office run by Oliver, the same Oliver who serves as FBA Federal Court Liaison alongside York and Rohrscheib.

Appellant filed an Objection to Order of Reference on March 5, 2026, specifically raising the absence of consent notification under LR 72.1(c)(1). Appellant has never consented — expressly or impliedly — to Magistrate Judge York's jurisdiction over this appeal. Without valid consent under § 636(c)(2), York's authority to enter D.E. 16 rests on a referral that was procedurally defective from the moment it issued — processed through a clerk's office whose head is York's organizational co-officer, without the notice that would have informed Appellant that consent was optional and that he was free to withhold it without consequence.

### V. THE ROELL v. WITHROW CONSENT PROBLEM — THE PRE-SIGNED ORDER AS CONSENT TRAP

Appellant raises the Roell v. Withrow implied consent issue explicitly because it is the precise mechanism through which D.E. 16 — if left unobjected to — could extinguish Appellant's jurisdictional arguments.

In Roell v. Withrow, 538 U.S. 580 (2003), the Supreme Court held that a party's voluntary participation in a proceeding before a magistrate judge — through conduct that reflects knowing acceptance of the magistrate's authority — can constitute implied consent to magistrate jurisdiction even without a formal written consent form. The implied consent inference arises from the totality of the party's conduct, including whether the party objected to the magistrate's authority or proceeded as though it were uncontested.

The pre-signed proposed order (Exhibit C to the recusal motion) was the first consent trap. On March 4, 2026, Rohrscheib transmitted to Appellant a proposed scheduling order already bearing York's signature and a blank date line. Had Appellant signed that document, his signature would have constituted implied consent to York's jurisdiction under Roell — obtained before Appellant knew he had been referred to York, before the mandatory consent notification required by LR 72.1(c)(1) was provided, and through a transmission chain that ran directly through opposing counsel. The fact that the proposed order was pre-signed by York and transmitted by Rohrscheib — two FBA chapter co-officers, as established by the roster confirmed in Ground Two — is not coincidental. It is the organizational relationship in operational form.

D.E. 16 is the second consent trap. York entered D.E. 16 granting Appellant the extension he requested. The 14-day notice at the bottom of D.E. 16 creates a window during which Appellant's silence — his failure to object to the order — can be construed as implied consent to York's continuing jurisdiction under Roell. Appellant requested the extension. York granted it. If Appellant accepts the benefit without objecting to the authority, he has participated voluntarily in a proceeding before York in a manner that reflects knowing acceptance of York's jurisdiction. That is precisely the Roell sequence.

Appellant objects within the 14-day window — not to the extension, which he accepts — but to York's authority to grant it. The record of consistent, affirmative objection to York's jurisdiction is complete: Objection to Order of Reference (March 5); Motion for Recusal of York (March 9); Motion to Disqualify Rohrscheib (March 9); and this Objection to D.E. 16 (March 10). No implied consent can be inferred from this record. Appellant accepts April 13. Appellant does not accept York's authority. These positions are not inconsistent — they are the precise distinction the law requires him to make.

## VI. THE SAME-DAY ENTRY OF D.E. 16 — THE SILENCE RECORD

The chronology of March 9, 2026 is the evidentiary heart of this objection. On that date, Appellant filed seven documents with this Court: a Motion for Recusal of Magistrate Judge York, a Motion to Disqualify U.S. Trustee Rohrscheib, a Supplemental Clerk Affidavit, a Motion to Compel Investigation, a Motion for Summary Reversal, a Notice of Rohrscheib's appearance, and a Response in the bankruptcy proceeding. Each of these filings was entered on the docket on March 9, 2026. D.E. 16 was also entered on March 9, 2026.

York entered D.E. 16 without ruling on, acknowledging, or referring to the district judge any of the motions challenging his authority that were before him on that same day. This is not a situation in which a judge received a recusal motion, considered it, denied it on the merits, and then proceeded to act. This is a situation in which a judge received a recusal motion and acted in the same proceeding on the same day as though the motion did not exist. Those are materially different situations. The first is a judicial ruling. The second is a judicial silence that functions as a unilateral decision to continue exercising authority over a proceeding in which that authority was formally and simultaneously disputed.

Under 28 U.S.C. § 455(a), the question is whether a reasonable person with knowledge of all the facts would question the judge's impartiality. A reasonable person who learned that a magistrate judge entered a scheduling order on the same day a recusal motion was filed against

him — without ruling on the recusal motion, without referring it to the district judge, and without any acknowledgment that the recusal motion existed — would have substantial reason to question that judge's impartiality. The silence makes the problem worse, not better. Appellant preserves this complete record for District Judge Breen's review.

### VII. WHAT APPELLANT REQUESTS FROM DISTRICT JUDGE BREEN

Appellant respectfully requests that District Judge Breen:

1. REVIEW D.E. 16 pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 72(g)(2).
2. ACCEPT the substantive ruling in D.E. 16 — the April 13, 2026 briefing deadline for Appellant's opening brief, the 15-day response period for Appellees, and the 10-day reply period for Appellant — as the Court's scheduling order.
3. ENTER a corrected scheduling order, identical in substance to D.E. 16, signed by District Judge Breen as the Article III district judge assigned to this case, establishing the April 13, 2026 briefing schedule on the district judge's own authority rather than on Magistrate Judge York's authority.
4. NOTE in the corrected order that Appellant's acceptance of the April 13, 2026 briefing deadline does not constitute consent — express or implied — to Magistrate Judge York's jurisdiction over this appeal, does not waive any objection Appellant has raised or preserved regarding the referral order (D.E. 5) or the recusal motion filed March 9, 2026, and does not constitute voluntary participation in York's jurisdiction within the meaning of Roell v. Withrow, 538 U.S. 580 (2003).
5. RULE on the pending Motion for Recusal of Magistrate Judge York (filed March 9, 2026) as a threshold matter — pending and unruled upon when D.E. 16 was entered — that must be decided by the district judge before further proceedings are conducted before the magistrate judge.
6. CONDUCT an initial review of this appeal — which no Article III judge has yet performed — including the grounds of appeal, the bankruptcy court record, and the FBA officer roster establishing the organizational relationships among York, Rohrscheib, and Oliver, and determine on that initial review whether the administrative referral to Magistrate Judge York is appropriate for the further conduct of this proceeding. Appellant does not ask the Court to reverse a deliberate referral decision. The referral was administrative, generated at docketing before the district judge had any information about this case. Appellant asks the Court to exercise for the first time the supervisory authority that the administrative referral deferred — and to do so with the benefit of the full factual record now before it.
7. REFER the conduct of Magistrate Judge York documented in this objection — specifically: (a) his failure to disclose his simultaneous service as FBA Chapter Judicial Representative alongside Appellee's counsel Rohrscheib (Chapter President-Elect) and Clerk of Court Oliver (Federal Court Liaison); (b) the transmission of a pre-signed proposed order through Rohrscheib to Appellant before Appellant was notified of the referral; and (c) his entry of D.E. 16 on the same day the recusal motion was filed without ruling on, acknowledging, or referring that motion — to the Judicial Council of the Sixth

Circuit pursuant to 28 U.S.C. § 332 and the Rules for Judicial-Conduct and Judicial-Disability Proceedings. Appellant has filed a separate complaint with the Judicial Council under 28 U.S.C. § 351. A referral from the district judge exercising supervisory authority over this proceeding would constitute an independent basis for the Judicial Council's review, separate from and in addition to Appellant's direct complaint, and would carry the institutional weight that a pro se complaint alone does not.

8. REFER the conduct of U.S. Trustee Trial Attorney Carrie Ann Rohrscheib documented in this proceeding — specifically: (a) her appearance as Appellee's counsel (D.E. 8) while serving as FBA Chapter President-Elect alongside the assigned magistrate judge; (b) her transmission of a pre-signed proposed order to an unrepresented pro se party before that party had been notified of the referral to the magistrate whose signature appeared on the document; and (c) the pattern of conduct arising from her receipt of Appellant's evidence on January 12, 2026 and the U.S. Trustee's filing of the dismissal motion eight days later — to the Department of Justice Office of Professional Responsibility for independent review. OPR has jurisdiction over the professional conduct of DOJ attorneys including U.S. Trustee Trial Attorneys. Appellant has separately requested OPR review in his Motion to Disqualify Rohrscheib filed March 9, 2026. A referral from this Court would provide OPR with the judicial record necessary to conduct a complete and informed review.

9. REFER the conduct of U.S. Trustee Trial Attorney Rohrscheib, in her capacity as an employee of the United States Trustee Program within the Department of Justice, to the DOJ Office of the Inspector General for review of whether her simultaneous service as FBA Chapter President-Elect alongside the magistrate judge to whom she transmitted a pre-signed proposed order — in a proceeding where she represents the United States Trustee — is consistent with the standards of conduct applicable to U.S. Trustee Program employees. The DOJ OIG has jurisdiction over U.S. Trustee Program employees and the institutional independence to conduct a review that neither this Court nor the parties can conduct. Appellant does not ask this Court to make findings of misconduct. Appellant asks this Court to direct the appropriate oversight body's attention to documented conduct that is fully established by the record before it.

Items 7, 8, and 9 are referral requests, not requests for findings. Appellant does not ask this Court to determine that York or Rohrscheib committed misconduct. Appellant asks this Court to exercise its supervisory authority to direct the attention of the bodies specifically charged with reviewing such conduct to a record that is documented, public, and already before this Court. The Judicial Council, DOJ OPR, and DOJ OIG are the appropriate bodies to make findings. This Court is the appropriate body to ensure they have the record they need to do so.

## VIII. CONCLUSION

D.E. 16 granted the right relief — the April 13, 2026 extension — but was signed by the wrong judicial officer under the wrong circumstances. This appeal has never received Article III review. The referral to York was administrative, generated at docketing before District Judge Breen had any information about the nature of the case, the identities of the parties, or the

organizational relationships connecting the assigned magistrate to opposing counsel and the clerk of court. Between the moment of that administrative referral and the filing of this objection, no district judge has looked at this appeal.

Appellant objects to York's authority to enter D.E. 16 — not to its substance. He asks District Judge Breen to take six steps within this proceeding: enter a corrected scheduling order accepting the April 13 deadline on the district judge's own authority; note that acceptance of the deadline is not consent to York's jurisdiction; rule on the recusal motion York left unaddressed; conduct the initial Article III review of this appeal that has never occurred; and exercise the supervisory authority that the administrative referral deferred to determine whether this appeal should proceed before Magistrate Judge York at all. He also asks the Court to take three referral steps — to the Sixth Circuit Judicial Council regarding York's conduct, to DOJ OPR regarding Rohrscheib's conduct as a DOJ attorney, and to DOJ OIG regarding Rohrscheib's conduct as a U.S. Trustee Program employee — directing each oversight body's attention to a record that is documented, public, and fully established by the filings before this Court.

Appellant is not asking the Court to make findings of wrongdoing. He is asking the Court to make the first deliberate decision about this appeal that any Article III judge has been asked to make — and to ensure that the bodies charged with independent oversight of judicial and prosecutorial conduct have the judicial record they need to do their jobs.

Respectfully submitted,

/s/ Randel Page

Randel Edward Page, Jr., Pro Se Appellant
3504 Milford Cove, Collierville, Tennessee 38017
(901) 351-6060 | randelpage@gmail.com
Date: March 10, 2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2026, a true and correct copy of the foregoing was served by electronic mail:

Carrie Ann Rohrscheib — Carrie.A.Rohrscheib@usdoj.gov
Office of the U.S. Trustee, Region 8
200 Jefferson Avenue, Suite 400, Memphis, Tennessee 38103

C. Jerome Teel, Jr. — Jerome@tennesseefirm.com

Teel & Gay, PLC, 79 Stonebridge Blvd., Suite B, Jackson, Tennessee 38305

_____
Randel Edward Page, Jr.

---

## TABLE OF AUTHORITIES

CASES:
    Roell v. Withrow, 538 U.S. 580 (2003)
    Stern v. Marshall, 564 U.S. 462 (2011)
    Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015)

STATUTES AND RULES:
    28 U.S.C. § 455(a) — Disqualification: impartiality reasonably questioned
    28 U.S.C. § 636(b)(1)(B) — District court supervisory authority over referrals
    28 U.S.C. § 636(b)(1)(C) — District court review of magistrate order
    28 U.S.C. § 636(c)(2) — Voluntary consent to magistrate jurisdiction
    Local Rule 72(g)(2) — Appeal of magistrate order to district judge — 14 days
    Local Rule 72.1(c)(1) — Mandatory consent notification requirement

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
Western District of Tennessee

---

**In re**                   **Case No.** 25–11660
                                 **Chapter** 11
**Apperson Crump PLC**     **BK Judge** Jimmy L Croom

**Debtor(s).**                **Adversary No.**

                                    **Business**

                                    **USDC Case No.** 26–01037

**Randel Edward Page, Jr.**
**Appellant(s)**

**vs.**

**Apperson Crump, PLC.**
**United States Trustee, Region 8**
**Appellee(s).**

---

### NOTICE OF TRANSMITTAL TO THE UNITED STATES DISTRICT COURT
### OF MISCELLANEOUS ITEMS RELATED TO APPEAL

---

**TO: Clerk of the U.S. District Court for the Western District of Tennessee**

The following items are available from the U.S. Bankruptcy Court docket sheet in .PDF form at https://ecf.tnwb.uscourts.gov.

☐ Motion (or Order thereon) to waive filing fee on appeal.

☐ Appellee(s)' election to have appeal heard in District Court erroneously filed with this court on .

☐ Order dismissing bankruptcy case.
See, *Case Management Manual for United States Bankruptcy Judges,* 1995
*Chapter IV, Section B: The Pretrial Phase(b) –*
*"...dismissal of the underlying case may warrant the dismissal of an appeal..."*

☒ APPELLANT'S OBJECTION TO ORDER GRANTING MOTION TO EXTEND DEADLINE (D.E. 16) AND APPEAL TO DISTRICT JUDGE J. DANIEL BREEN PURSUANT TO 28 U.S.C. § 636(b)(l)(C) AND LOCAL RULE 72(g)(2)

---

**Date: March 11, 2026**                      **Travis D. Green, Clerk of Court**
                                                               **United Sates Bankruptcy Court**

**cc:**                                                          **BY: /s/ April Avent**
**Debtor**
**Debtor atty**                                        **Deputy Clerk**
**US Trustee**                                      **(731) 421–9300**
**Randel Edward Page**                 **111 S Highland, Room 107**
                                                                **Jackson, TN 38301**

[ntctrnsa]Notice of Transmittal BAP 07–05