UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

MAR 12 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

In re:                                    )

**APPERSON CRUMP, PLC,**                  )

                                          )

        Debtor.                           )

Case No. 25-11660-JLC
Appeal: Case No. 1:26-cv-01037-JDB-jay
Chapter 11 (Dismissed February 17, 2026)
Hon. Jimmy L. Croom

---

**SUPPLEMENTAL DECLARATION OF RANDEL EDWARD PAGE, JR.**
**IN FURTHER SUPPORT OF PROOF OF CLAIM NO. 4-2**
(Submitted Pursuant to 28 U.S.C. § 1746 Under Penalty of Perjury)

I, Randel Edward Page, Jr., being of legal age and competent to testify, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge, information, and belief. This Supplemental Declaration supplements and incorporates by reference my prior Affidavit in Support of Proof of Claim No. 4-2, executed January 22, 2026, and filed as ECF No. 62 in the above-captioned case.

## I. INTRODUCTION AND PURPOSE OF THIS SUPPLEMENTAL DECLARATION

1.    This Supplemental Declaration is submitted to place before this Court newly documented evidence establishing: (a) the use of court process as an instrument to compel destruction of evidence material to the above-captioned bankruptcy proceeding and the underlying claims forming the basis of Proof of Claim No. 4-2; (b) the direct connection between an attorney of the Debtor, Apperson Crump PLC, and Shelby County District Attorney Steve Mulroy, establishing the mechanism by which evidence submitted to the DA's office was suppressed; (c) documentary evidence from sworn deposition testimony placing Tyler Sory — since federally indicted for sex trafficking in Case 2:25-cr-20185-TLP — inside Dox Choice LLC, the predecessor entity to Monorail Healthcare Services, LLC; and (d) newly produced evidence of the broader conspiracy's connection to the state of Texas and individuals connected to former Texas Attorney General Ken Paxton.

2.    Each item of evidence described herein is in Creditor's possession and is attached as Exhibits to this Supplemental Declaration. All exhibits are true and correct copies of original documents.

## II. THE CONSENT PROTECTIVE ORDER AS INSTRUMENT OF EVIDENCE DESTRUCTION

3.    On or about May 9, 2018, a Consent Protective Order was entered by Hon. Mary L. Wagner in Monorail Healthcare Services, LLC v. Baptist Memorial Health Care Corporation, Truven Health Analytics, Inc., and Epic Systems Corporation, Civil Action No. CT-0002704-17, Thirtieth Judicial District at Memphis ("the Monorail Litigation"). A true and correct copy of this Consent Protective Order is attached hereto as Exhibit A.

4.    The Consent Protective Order was consented to by, among others: (a) Butler Snow LLP attorneys Jason W. Callen and Randal D. Noel, appearing as counsel for Epic Systems Corporation and Truven Health Analytics, Inc.; and (b) John J. Heflin III of Bourland Heflin Alvarez Minor & Matthews, PLC, appearing as counsel for Epic Systems Corporation. Apperson Crump PLC was Creditor's counsel in the Monorail Litigation.

5.    Paragraph 20 of the Consent Protective Order required that upon conclusion of the action, all Confidential Documents and electronically stored information "shall be destroyed or deleted, uninstalled, or otherwise removed from each computer, diskette, compact disk, computer file, and any other storage media." Paragraph 20 further required that upon request, each party certify completion of such destruction.

6.    On April 25, 2021, Creditor sent an email to Bruce Kramer, Jake Brown, Tim Ginski, and Jill Harris of Apperson Crump PLC raising documented concerns about unscrupulous activity in the handling of the Monorail Litigation, specifically that the Protective Order appeared to have been entered illegally, leading to illegal sealing of materials. Creditor attached documentary evidence including an April 7, 2021 ruling and the Seth Howard affidavit. A true and correct copy of this email chain is attached hereto as Exhibit B.

7.    On April 26, 2021, Jake Brown of Apperson Crump PLC responded to Creditor dismissing these concerns, stating: "Nothing indicates that the Court or Monorail's previous counsel did anything illegal." In a subsequent email the same day, Creditor raised that documents presented during John Heflin's deposition of Creditor — including Monorail emails to which Creditor was not a party — should have been produced prior to the deposition. Jake Brown acknowledged that the AEO (Attorney's Eyes Only) materials were also under seal.

8.    On October 21, 2021, John J. Heflin III of Bourland Heflin Alvarez Minor & Matthews, PLC — appearing as counsel for Epic Systems Corporation in the Monorail Litigation — sent an email to Bruce Kramer, Jake Brown, and Tim Ginski of Apperson Crump PLC stating in relevant part: "Everyone but Rand has completed the certification that all Confidential Documents have been destroyed. I truly don't want to haul him into Court to explain why he won't certify that as the Consent Protective Order requires, and I am not certain he has gotten the message that he must sign and return that certification... It is to

his benefit that I call him before having Judge Wagner order him to appear." A true and correct copy of this email is attached as Exhibit C.

9.     On November 1, 2021, Tim Ginski, Associate Attorney at Apperson Crump PLC, forwarded the Heflin email directly to Creditor with the following message: "I am forwarding the below email to you as a courtesy. This email does not constitute providing legal advice. Apperson Crump has complied with its obligations as to the confidential documents. However, you have a separate agreement to do so as well."

10.    The foregoing communications establish the following: (a) Epic Systems Corporation's counsel John Heflin coordinated directly with Creditor's own attorneys at Apperson Crump to compel Creditor to certify destruction of confidential documents; (b) Apperson Crump transmitted this pressure to Creditor while simultaneously disclaiming any legal representation role; (c) the threat to bring Creditor before Judge Wagner was explicit and documented in writing; and (d) this coordinated pressure campaign occurred while Apperson Crump was simultaneously generating or had generated the fraudulent billing statement that is Exhibit A to Proof of Claim No. 4-2.

11.    The confidential documents and AEO materials that were the subject of the destruction demand include evidence material to the claims forming the basis of Proof of Claim No. 4-2. Compelling a party to certify destruction of evidence material to ongoing or potential federal proceedings constitutes obstruction of justice under 18 U.S.C. § 1512(b)(2)(B). Creditor declined to certify destruction and has preserved all available evidence.

## III. JAKE BROWN / APPERSON CRUMP CONNECTION TO DA MULROY — OBSTRUCTION OF LOCAL PROSECUTION

12.    On August 19, 2022, Shelby County District Attorney-elect Steve Mulroy publicly announced his transition team. The transition team list, as reported by Action News 5 / WMC-TV Memphis, included: "Jake Brown, Apperson Crump." A true and correct copy of this news report is attached hereto as Exhibit D.

13.    Jake Brown of Apperson Crump PLC is the same individual who, on April 26, 2021: (a) received Creditor's documented fraud allegations in writing; (b) dismissed those allegations as without merit; and (c) participated in subsequent communications regarding the evidence destruction certification. Jake Brown is an attorney at Apperson Crump PLC, the Debtor in the above-captioned bankruptcy case.

14.    Creditor previously submitted evidence of the criminal conspiracy described in Proof of Claim No. 4-2 to the Shelby County District Attorney's office. Creditor received confirmation of the receipt of evidence and a memo delivered to DA Mulroy. The District Attorney's Office contacted the creditor and communicated that assistant District

Attorney's Ray Lepone and Dennis Johnson were assigned the case. The evidence taken in by the DA's Office included documentation of the IP theft, the honey trap operations, the fraudulent billing, the illegal use of the creditors property, and the role of Tyler Sory as described herein. The DA's office and the assistant District Attorney's received this evidence and took no investigative action.

15.  The documented personal relationship between Jake Brown of the Debtor entity and DA-elect Mulroy — established through Brown's participation on Mulroy's transition team — provides the mechanism by which evidence submitted to the DA's office was suppressed rather than investigated. This relationship is not alleged — it is publicly documented in the transition team announcement attached as Exhibit D.

16.  The pattern of obstruction by the DA's office in the context of this documented personal relationship between Apperson Crump and the DA constitutes a material fact relevant to: (a) the breadth of the conspiracy of which Apperson Crump is a part; (b) the necessity of federal rather than local investigation and prosecution; and (c) the reasons Creditor has been compelled to proceed pro se without local counsel, as documented in Creditor's prior filings.

## IV. TYLER SORY — DEPOSITION TESTIMONY ESTABLISHING CONNECTION TO MONORAIL

17.  Tyler Sory has been federally indicted for sex trafficking of a minor in Case 2:25-cr-20185-TLP, United States District Court, Western District of Tennessee. As documented in Creditor's prior submissions, Tyler Sory is a co-conspirator in the theft of Creditor's intellectual property.

18.  Creditor's sworn deposition testimony, taken December 15, 2020 in the Monorail Litigation by Alpha Reporting Corporation, establishes Tyler Sory's direct connection to Dox Choice LLC — the predecessor entity to Monorail LLC. Relevant pages from this deposition transcript are attached hereto as Exhibit E.

19.  Deposition transcript page 30, lines 1-7, establishes that in response to the question "Who is 'we'?" regarding members of Dox Choice LLC, the answer confirmed: "If I recall it was myself, Cary Gilmer, Tyler Sory, Ed Roberson, Lynn Ralston, Jimmy Farrell."

20.  Deposition transcript page 43, lines 19-23, establishes that in response to questions about whether the manual process was under development while "Tyler Sory, Ed Roberson, Jimmy Farrell, these other people you've named" were members of Dox Choice that became Monorail LLC, the answer was: "I'm not aware."

21.  Deposition transcript page 44, lines 2-13, establishes that: (a) in response to "Was he doing that for Dox Choice that became Monorail, LLC?" the answer was "Yes"; and (b) in

response to whether members changed and Sory and others were "no longer Tyler Sory
and Ed Roberson and Jimmy Farrell," the answer was "That is correct. They decided they
did not want to participate any longer, so we — they signed a release."

22. This sworn deposition testimony, taken in the Monorail Litigation, establishes under oath
that Tyler Sory was a member of Dox Choice LLC — the entity whose assets, intellectual
property, and business became Monorail Healthcare Services, LLC. Tyler Sory's presence
inside the predecessor entity to Monorail is not an allegation. It is sworn testimony from
the underlying litigation itself.

23. The connection between Tyler Sory's role in Dox Choice/Monorail and his subsequent
federal indictment for sex trafficking is a matter for investigation by the Federal Bureau of
Investigation. Creditor has provided this testimony and related evidence to FBI Special
Agent Cody Graham and in Creditor's criminal referrals dated February 20, 2026.

## V. CONNECTION TO STATE OF TEXAS, EPIC SYSTEMS CORPORATION AND INDIVIDUALS CONNECTED TO AG KEN PAXTON

24. Creditor possesses evidence establishing connections between the conspiracy described in
Proof of Claim No. 4-2 and the state of Texas, including individuals personally connected
to Texas Attorney General Ken Paxton. This evidence is being submitted to the Federal
Bureau of Investigation as part of Creditor's ongoing criminal referral and will be
introduced into the bankruptcy record through further supplemental declaration upon
completion of that submission.

25. On December 11, 2025, Texas Attorney General Ken Paxton filed suit against Epic
Systems Corporation — one of the defendants in the Monorail Litigation — alleging
unlawful monopolization of the electronic health records industry and anticompetitive
practices. The Texas AG's independent identification of Epic Systems as engaged in
anticompetitive and exclusionary conduct corroborates the factual basis of Creditor's
claims regarding Epic's participation in the conspiracy to suppress Monorail's competing
healthcare analytics technology.

26. The Texas connections documented in Creditor's evidence include: (a) individuals
introduced to Creditor who were personally connected to former AG Paxton; (b)
documented institutional ties between Evans Petree PC and/or Butler Snow LLP and
individuals in Paxton's political orbit; (c) documentary evidence in the form of
communications linking Paxton-connected individuals to the IP theft; and (d) evidence that
the fraudulent debt placement scheme described in Proof of Claim No. 4-2 involved parties
who are connected to Paxton or his associates. This evidence will be formally introduced
into the record upon completion of Creditor's evidence submission to the FBI.

## VI. DOCKET REFERENCE — SHELBY COUNTY STATE COURT ACTION

27. Creditor references for the Court's awareness Case ID CT-3949-21, De Lage Landen Financial vs. Cquentia NGS LLC, filed October 1, 2021, Shelby County Circuit Court, a Breach of Contract action listing as defendants: Cquentia NGS LLC (Memphis, TN), David Alan Meeker (Fort Worth, TX), and Ronald Kevin Jones (Germantown, TN). Kevin Jones and the named defendants in this action are connected to the broader conspiracy documented in Creditor's evidence. This docket record is attached hereto as Exhibit F. Creditor will provide full documentation of the connections between this matter and the estate's potential causes of action to the U.S. Trustee and any subsequently appointed trustee upon reinstatement of this case.

## VII. HONEY TRAP OPERATION — COLLIN JOHNSON, KEVIN JONES, MELODY McANNALLY, AND THE AMERICAN EXPRESS CIVIL WARRANT

28. After the Monorail litigation commenced and before the issuance of the fraudulent Apperson Crump billing statement of June 7, 2021, an individual named Collin Johnson entered into a romantic relationship with Creditor. Creditor has documented evidence establishing that this relationship was not personal in nature but was an intelligence-gathering and financial sabotage operation conducted in furtherance of the conspiracy described in Proof of Claim No. 4-2.

29. Collin Lawrence Johnson (Coyle) is the sister-in-law of Melody McAnnally, an attorney at Butler Snow LLP. Creditor has documentation confirming Melody McAnnally's affiliation with Butler Snow LLP. Butler Snow LLP is a named co-conspirator in the RICO enterprise documented in Proof of Claim No. 4-2 and in Creditor's criminal referrals to the FBI dated February 10 and February 11, 2026. The familial connection between Collin Johnson and a Butler Snow attorney establishes the institutional link between Johnson's conduct and the RICO enterprise.

30. Collin Johnson is also personally connected to Ronald Kevin Jones, owner of Cquentia NGS LLC. Kevin Jones is identified as a defendant in Shelby County Circuit Court Case ID CT-3949-21, De Lage Landen Financial vs. Cquentia NGS LLC et al., referenced herein as Exhibit F. Kevin Jones is additionally a client of Evans Petree PC, a named co-conspirator in the RICO enterprise, and is connected to individuals in the network surrounding Texas Attorney General Ken Paxton, as described in Section V of this Supplemental Declaration. The convergence of these connections — Butler Snow through McAnnally, Evans Petree through Jones as client, Cquentia through Jones as owner, and the Texas network through Jones — establishes that Collin Johnson's relationship with Creditor was not coincidental but was an asset deployment by the enterprise.

31.    During the course of the relationship, Collin Johnson caused fraudulent charges on
       Creditor's American Express account. Creditor has documentation of charges made by
       Collin Johnson on Creditor's American Express account. Creditor notified American
       Express by telephone of the fraudulent nature of these charges. American Express failed to
       conduct an adequate investigation and instead proceeded to collect the fraudulently placed
       debt.

32.    American Express subsequently obtained a civil warrant against Creditor in Shelby County
       General Sessions Court, Case No. 2305024, based on the debt that included the fraudulent
       charges in connection to Collin Johnson. The civil warrant proceedings are still active. The
       issuance of a civil warrant based on fraudulently placed debt constitutes a use of the state
       court system as an instrument of the conspiracy — the same pattern as the fraudulent
       Apperson Crump billing statement that is the foundation of Proof of Claim No. 4-2. Both
       represent fraudulent debt placement used to convert Creditor from a creditor into a debtor,
       consistent with the bankruptcy fraud scheme documented in Creditor's prior submissions.

33.    The operational sequence is not coincidental: (a) the Monorail litigation commences; (b)
       the enterprise deploys Collin Johnson in a honey trap operation to gather intelligence on
       Creditor and place fraudulent financial obligations against him; (c) the AmEx civil warrant
       is obtained based on Johnson's fraudulent charges; (d) the Apperson Crump fraudulent
       billing statement is issued on June 7, 2021, completing the debt placement scheme. The
       honey trap was the reconnaissance and financial sabotage phase; the fraudulent Apperson
       Crump billing was the culminating act. Both phases are documented.

34.    The honey trap operation constitutes the following criminal conduct: (a) wire fraud under
       18 U.S.C. § 1343; (b) unauthorized use of access device under 18 U.S.C. §§ 1028 and
       1029; (c) a RICO predicate act under 18 U.S.C. § 1961(1) as part of the pattern of
       racketeering activity; and (d) willful and malicious injury to Creditor within the meaning
       of 11 U.S.C. § 523(a)(6). Documentation supporting this section is attached hereto as
       Exhibits G.

## VIII. RELEVANCE TO PROOF OF CLAIM NO. 4-2 AND ESTATE CAUSES OF ACTION

35.    The evidence presented in this Supplemental Declaration directly supports and
       supplements Proof of Claim No. 4-2, which was deemed allowed on February 7, 2026,
       pursuant to Federal Rule of Bankruptcy Procedure 3001(f), no party having filed an
       objection within the thirty-day period.

36.    The evidence demonstrates that: (a) Apperson Crump PLC, through attorney Jake Brown
       and associate attorney Tim Ginski, actively participated in covering up fraud against
       Creditor while simultaneously representing Creditor; (b) Apperson Crump PLC

coordinated with opposing counsel to threaten Creditor with court action if he did not certify destruction of evidence material to the conspiracy; (c) Apperson Crump attorney Jake Brown had a documented personal relationship with DA Mulroy that provided the mechanism for suppressing Creditor's criminal complaints; (d) the enterprise deployed a honey trap operation through Collin Johnson — connected through Butler Snow attorney Melody McAnnally and Evans Petree client Kevin Jones — to gather intelligence on Creditor and place fraudulent financial obligations against him prior to the issuance of the fraudulent Apperson Crump billing statement; and (e) these acts collectively establish willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6) and fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

37. The evidence identifies solvent third parties against whom estate causes of action may exist upon reinstatement of this case, including: John J. Heflin III, Evans Petree PC, Butler Snow LLP, Epic Systems Corporation, (for coordinating the evidence destruction demand); Melody McAnnally and Butler Snow LLP (for institutional connection to the honey trap operation); Kevin Jones and Cquentia NGS LLC (for participation in the conspiracy through multiple documented connections); and additional parties connected through the Texas and Duntsch bankruptcy matters to be identified in subsequent supplemental declarations.

38. Creditor respectfully requests that the Court: (a) receive this Supplemental Declaration and all attached exhibits into the record of the above-captioned case; (b) preserve the record of this filing in connection with Creditor's pending appeal in Case No. 1:26-cv-01037-JDB-jay seeking reversal of the February 17, 2026 dismissal; and (c) consider the evidence herein in connection with Creditor's pending Motion for Allowance of Administrative Expense Under 11 U.S.C. § 503(b).

## IX. CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, a true and correct copy of the foregoing Supplemental Declaration was served electronic mail upon: United States Trustee Carrie Ann Rohrscheib, Office of the United States Trustee, Region 8, 200 Jefferson Avenue, Suite 400, Memphis, Tennessee 38103-2374.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief, and that all exhibits attached hereto are true and correct copies of original documents.

Executed on: March 12, 2026

Randel Edward Page, Jr., Pro Se Creditor

3504 Milford Cove

Collierville, Tennessee 38017

Telephone: (901) 351-6060

Email: randelpage@gmail.com

## EXHIBIT INDEX

Exhibit A: Consent Protective Order, Monorail Healthcare Services, LLC v. Baptist Memorial Health Care Corporation et al., Civil Action No. CT-0002704-17, Thirtieth Judicial District at Memphis, entered May 9, 2018

Exhibit B: Email Chain, Re: Monorail v Baptist / Epic — Unscrupulous Activity, April 25-26, 2021 (Rand Page to/from Apperson Crump attorneys)

Exhibit C: Email Chain, FW: Monorail, John J. Heflin III to Apperson Crump / Tim Ginski to Rand Page, October-November 2021 (evidence destruction demand)

Exhibit D: News Report, "Shelby County District Attorney-elect Steve Mulroy announces his transition team," Action News 5 / WMC-TV, August 19, 2022 (listing Jake Brown, Apperson Crump as transition team member)

Exhibit E: Selected Pages, Deposition Transcript of Randall Page, December 15, 2020, Alpha Reporting Corporation (Tyler Sory / Dox Choice membership testimony)

Exhibit F: Shelby County Circuit Court Docket, Case ID CT-3949-21, De Lage Landen Financial vs. Cquentia NGS LLC et al., filed October 1, 2021

Exhibit G: Documentation of fraudulent charges made by Collin Johnson on Creditor's American Express account; General Sessions Court Case No. 2305024 docket

# Exhibit A

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

MONORAIL HEALTHCARE )
SERVICES, LLC, )
 )
Plaintiff, )  Civil Action No.: CT-0002704-17
 )  Division VII
v. )
 )
BAPTIST MEMORIAL )
HEALTH CARE CORPORATION; )
TRUVEN HEALTH ANALYTICS, INC.; )
EPIC SYSTEMS CORPORATION; )
 )
Defendants. )

## CONSENT PROTECTIVE ORDER

Pursuant to Rule 26.03 of the Tennessee Rules of Civil Procedure, and at the request of and by agreement of the Parties, the Court finds that good cause exists to enter a Consent Protective Order to ensure that confidential, competitively-sensitive and other private information produced by the respective Parties, or by third parties, is protected from public disclosure in connection with this case.

1.      ACCORDINGLY, IT IS HEREBY ORDERED THAT this Consent Protective Order shall govern the handling, disclosure, and filing of all materials produced, given, or filed in this action by the Parties and designated as "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEY'S EYES ONLY" pursuant hereto.

2.      For purposes of this Consent Protective Order, "Confidential Documents" shall include any and all documents that a Party or its counsel designate as confidential based on a good-faith belief that the designation is appropriate because the documents contain proprietary or

confidential business or financial information, trade secrets, or non-public information of a commercially sensitive, personal, or private nature or the release of which would cause specific harm or loss of competitive advantage. Confidential Documents may include information of whatever kind, including but not limited to written information or information otherwise recorded on any medium, including without limitation paper, photographs, recordings, and electrical, optical, or magnetic disks or files.

3.      For purposes of this Consent Protective Order, "Confidential Information" shall include any information provided in response to a written discovery request or in response to a deposition question that a Party or its counsel designate as confidential based on a good-faith belief that the designation is appropriate because of the proprietary or confidential business or financial nature of the information, trade secrets contained in the information, or the non-public, sensitive, personal, or private nature of the information or the release of which would cause specific harm or loss of competitive advantage.  Confidential Information does not include (i) information that is otherwise publicly available, (ii) information independently obtained by recipient without reliance on other Confidential Information, or (iii) information received from a third party that is not subject to confidentiality restrictions.

4.      At the time a Party produces documents or responds to a written discovery request, the producing Party may designate such documents or information as Confidential Documents, as defined herein in paragraph 1, or as Confidential Information, as defined herein in paragraph 2, by stamping the word "Confidential" on any documents or stating in writing in response to the written discovery request that the information is Confidential Information subject to the protections set forth in this Consent Protective Order.   Either designation shall subject the Confidential

Documents or Confidential Information to the confidentiality requirements of this Consent Protective Order without any further act of the Producing Party.

5.    Confidential Information or Confidential Documents may also be marked as "Confidential – for Attorneys Eyes Only" to protect information that a Party or its counsel reasonably believes to contain trade secret, private personal information, or confidential and competitively-sensitive business or financial information.

6.    If the Party seeking discovery believes that documents should not be subject to a designation as "Confidential—for Attorney's Eyes Only," the Party seeking discovery shall within sixty (60) days of receiving the designated documents, indicate to the Party responding to discovery, in writing, the specific documents that the Party seeking discovery believes should not be deemed as "Confidential – for Attorneys Eyes Only," and state in writing the rationale for the removal of such documents from the protections of an attorneys'-eyes-only designation.  Failure of the Party seeking discovery to object to any designation of confidentiality within the specified time period shall be deemed a waiver, and the Identified Documents or Information shall be subject to the attorneys-eyes-only designation.

7.    If the Party responding to discovery believes that the attorneys'-eyes only designation is appropriate after receipt of written objection from the Party seeking discovery, the Party responding to discovery shall file a motion requesting an order designating the Identified Documents as "Confidential – for Attorneys Eyes Only" within twenty (20) days of receipt of the notice objecting to the confidential designation.  If the Party responding to discovery fails to file a motion seeking an order on the issue within twenty (20) days of receipt of the notice objecting to the attorneys-eyes-only designation, then the designation is waived. Nevertheless, the documents

3

will still be treated as Confidential subject to the other provisions of this Consent Protective Order and without a designation of for attorneys' eyes only.

8.    Confidential Documents or Confidential Information that is designated "Confidential" may be disclosed or made available without written consent from the Producing Party only to the following persons:

    a.    The Parties to the Action, and any employees, officers, and directors of each Party to the Action who have a need to access such Confidential Documents or Confidential Information in connection with the prosecution or defense of the Action;

    b.    The Parties' insurance companies and their counsel, and controlled or controlling affiliates, to the extent that such persons are assisting in the prosecution or defense of the Action, provided that such persons execute Exhibit A prior to disclosure and that a copy of such signed Exhibit A is retained by counsel for the Party making the disclosure to such person;

    c.    Counsel for the respective Parties to the Action, including attorneys, paraprofessionals, and employees of such law firms, and the Parties' in-house counsel who are actively participating in or managing the prosecution or defense of the Action;

    d.    Experts and consultants retained to assist counsel for the Parties to the Action, provided that such experts and consultants execute Exhibit A prior to disclosure and that a copy of such signed Exhibit A is retained by counsel for the Party making the disclosure to such experts or consultants;

    e.    Any witness who testifies at deposition or trial in this Action, who shall be provided at the outset of his testimony a copy of this Consent Protective Order on the record. In such instance, the witness shall be bound by the provisions of this Consent

Protective Order and shall be informed that he and his counsel, if any, are bound by the terms of this Consent Protective Order;

    f.    Stenographers or court reporters who record testimony taken at any time or place in the course of this Action and persons operating video recording equipment during such testimony; and

    g.    Any person who authored, recorded or received the document(s), and any person who has previously seen or was aware of the document(s);

    h.    Vendors (including such persons as e-discovery vendors, copy services, etc.) used by the Parties or their counsel to assist in the preparation, mediation and/or trial of this Action;

    i.    The Court, Court personnel, and any other person designated by the Court in this action in the interests of justice, upon such terms as the Court may deem proper.

    j.    Mediators (or other ADR arbiter(s)) appointed by the Court or agreed upon by the Parties.

9.    Confidential Documents or Confidential Information that is designated "Confidential – for Attorneys Eyes Only" may be disclosed or made available without written consent from the Producing Party only to the following persons:

    a.    Outside counsel for the respective Parties to the Action, including attorneys, paraprofessionals, and employees of such law firms, and the Parties' in-house counsel who are actively participating in or managing the prosecution or defense of the Action;

    b.    Experts and consultants retained to assist counsel for the Parties to the Action, provided that such experts and consultants execute Exhibit A prior to disclosure

and that a copy of such signed Exhibit A is retained by counsel for the Party making the disclosure to such experts or consultants;

      c.     Stenographers or court reporters who record testimony taken at any time or place in the course of the Action and persons operating video recording equipment during such testimony;

      d.     The Court, Court personnel, and any other person designated by the Court in this Action in the interests of justice, upon such terms as the Court may deem proper;

      e.     Any witness who testifies at deposition or trial in the Action, who shall be provided at the outset of his testimony a copy of this Consent Protective Order on the record, but any such disclosure of Confidential Documents or Confidential Information identified as "Confidential – for Attorneys Eyes Only" to a witness shall be only to the extent necessary for the testimony.  In such instance, the witness shall be bound by the provisions of this Consent Protective Order and shall be informed that he and his counsel, if any, are bound by the terms of this Consent Protective Order; and

      f.     Any person who authored, recorded or received the document(s), and any person who has previously seen or was aware of the document(s);

      g.     Vendors (including such persons as e-discovery vendors, copy services, etc.) used by the Parties or their counsel to assist in the preparation, mediation and/or trial of this Action;

      h.     Mediators (or other ADR arbiter(s)) appointed by the Court or agreed upon by the Parties;

      i.     Any other person specified by the Court.

10.    This Consent Protective Order shall not bar any attorney representing a Party in the Action, in the course of rendering advice to his client with respect to the Action, from conveying to any party-client his evaluation in a general way of Confidential Documents or Confidential Information designated "Confidential – for Attorneys Eyes Only".

11.    During any deposition and for a period of thirty (30) days following the receipt of the transcript of any deposition, the deponent or counsel for a deponent or a Party or counsel for a Party may designate that the testimony being provided in response to a deposition question contains Confidential Information, as defined herein in paragraph 2, by stating on the record that the information is Confidential Information subject to the protections set forth in this Consent Protective Order. No deponent shall refuse to answer any question on the basis that the information is Confidential.  The fact that a Party has not objected to designation of all or any portion of the deposition transcript as Confidential Information during the deposition itself does not waive such Party's right to seek release of that transcript from the terms and provisions of this Protective Order.

12.    If any Party receiving documents or information designated as "Confidential" believes that such documents or information is not entitled to the protections set forth in this Consent Protective Order, the receiving Party shall within sixty (60) days of receiving such documents or information indicate to the producing Party, in writing, the specific documents or information that the receiving Party believes falls outside of the protections set forth in this Consent Protective Order ("Identified Documents or Information") and state in writing the rationale for the removal of such Identified Documents or Information from the protections set forth in this Consent Protective Order.

7

13.    If the producing Party believes that the Identified Documents or Information is properly subject to the protections set forth in this Consent Protective Order, the producing Party shall file a motion requesting an order designating the Identified Document or Information as "Confidential within twenty (20) days of receipt of the notice objecting to the confidential designation. If the producing Party fails to file a motion seeking an order on the issue within twenty (20) days of receipt of the notice objecting to the "Confidential" designation, the designation shall be waived.

14.    Neither the service of the written notice described in paragraph 12 by the receiving Party nor the filing of a motion described in paragraph 13 shall remove the Identified Documents or Information from the protections set forth in this Consent Protective Order. Until the Parties resolve the dispute among themselves, the producing Party waives the claim of confidentiality, or the Court resolves the dispute regarding whether the Identified Documents or Information are Confidential Documents or Confidential Information entitled to the protections set forth in this Consent Protective Order, the Identified Documents or Information shall retain the protections set forth in this Consent Protective Order.

15.    The inadvertent, unintentional, or in camera disclosure of Confidential Documents and Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If Confidential Documents or Confidential Information is inadvertently produced without the appropriate designation of confidentiality, the receiving Party shall, upon notice of the confidential status of the documents or information, treat the documents or information as if it had been appropriately designated Confidential at the moment it was produced.

16.     The Parties and all persons subject to the provisions of this Consent Protective Order shall use Confidential Documents and Confidential Information solely and exclusively for purposes of preparing for, conducting, and participating in the Action and not for any other litigation and not for any other business purpose, personal purpose, or other purpose whatsoever.

17.     Neither the entry of this Consent Protective Order, the designation of any information as "Confidential" or "Confidential – for Attorneys Eyes Only," nor the failure to make such designation shall constitute evidence with respect to any issue in this action.  Nothing in this clause shall prevent a Party from using the contents of the document at trial, subject to such orders as the Court may provide governing the trial.

18.     This Consent Protective Order does not limit the Parties' rights to object to or to seek an appropriate order limiting any use which any other Party may seek to make of such Confidential Documents or Confidential Information either in discovery or at the trial of the Action.  By consenting to this Consent Protective Order, no Party waives any right it may have to dispute any person's designation of Confidential Information. By declining to challenge the designation of any material as Confidential Information, no Party waives any right it may have to challenge the use, admissibility, or authenticity of such material for any other reason.

19.     If it becomes necessary to include information obtained from Confidential Documents or Confidential Information or to use such Confidential Documents or Confidential Information in any court filing, then the Parties shall cooperate in seeking an order that such filing shall be made under seal pursuant to Tennessee Rules of Civil Procedure, and neither party shall unreasonably withhold its consent to the entry of such an order.

20.     Upon the conclusion of the Action, all Confidential Documents and Confidential Information held by the Parties, and all copies, extracts, summaries, and facsimiles thereof and all

electronically, optically, or magnetically stored information of any kind, including without limitation diskettes, compact disks, computer files, and similar storage media ("Electronically Stored Documents") shall be destroyed or deleted, uninstalled, or otherwise removed from each computer, diskette, compact disk, computer file, and any other storage media unless destruction would be technically unreasonable. Such destruction shall take place within 90 days of the conclusion of the Action. To the extent requested by any Party, each Party in receipt of Confidential Documents and Confidential Information shall certify to the other parties that it has completed such destruction. Notwithstanding the foregoing, counsel for any Party shall be entitled to maintain one copy of materials in counsel's file for the sole purpose of fulfilling counsel's duties under the Tennessee Rules of Professional Conduct. Counsel may also retain archival copies of court filings and copies of deposition and trial transcripts (including copies of exhibits thereto), as well as any materials constituting attorney work product, containing Confidential Information, which materials will remain subject to this Consent Protective Order.

*[handwritten annotations: MAIL SENT TO MS RE; FRAUD; STALKING; THREATS TO BRING ME TO COURT BY WAGNER]*

21.     This Consent Protective Order shall apply to the Parties and their respective successors, heirs, agents, personal representatives, and assigns. This Consent Protective Order shall also apply to any individual or entity who becomes a Party to this Action after the entry of this Consent Protective Order.

22.     Any documents produced by a subpoenaed non-party witness in discovery in this Action pursuant to subpoena may be designated by such subpoenaed non-party or by any Party or counsel for any Party as "Confidential" or "Confidential – Attorneys Eyes Only" under the terms of this Consent Protective Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies, as if made by one of the undersigned Parties hereto.

10

23. This Consent Protective Order may not be amended except by Court order.

24. The Parties agree and acknowledge that this Consent Protective Order is intended to govern the production of documents and other information during discovery. A separate order of the Court will be required before any filing containing or referencing any "Confidential" or "Confidential-For Attorneys' Eyes Only" documents or information will be placed under seal.

SO ORDERED, this the ___ day of _____, 2018.

_____
*Judge Mary L. Wagner*
Hon. Mary L. Wagner

**CONSENTED TO:**

**GOLDASICH & ASSOCIATES, LLC**

By: *Andrew Fulk / with permission EHH #39192*
Dennis E. Goldasich, Jr. (ASB-5935-D62D)
Joshua M. Vick, (ASB-1474-S70V)
J. Andrew Fulk (ASB-5472-X11Q)
2100 Third Avenue North, Suite 700
Birmingham, AL 35203
Telephone:     (205) 731-2566
Fax:              (205) 731-9451
Email:           josh@golaw.net
                   dennis@golaw.net
                   andrew@golaw.net
*Attorneys for Plaintiff*

**BURCH, PORTER & JOHNSON, PLLC**

By: *Douglas Halijan / with permission EHH #39192*
Douglas P. Halijan (BPR # 16718)
William D. Irvine, Jr. (BPR # 035193)
130 N. Court Avenue
Memphis, TN 38103
Telephone:     (901) 524-5000
Fax:              (901) 524-5024
Email:           dhalijan@bpjlaw.com
                   wirvine@bpjlaw.com
*Attorneys for Plaintiff*

A TRUE COPY ATTEST
JIMMY MOORE, CLERK
BY _____ D.C.

11

William B. Hicky, Attorney at Law

By: _William Hicky_ (with permission) EHH #29192
William B. Hicky, BPR #25452
Two American Center
3102 West End Avenue, Suite 400
Nashville, TN 37203
Telephone:   (615) 324-8777
Facsimile:   (615) 691-8818
Email:       will@hickylaw.com

By: _____
John J. Heflin, Esq. (BPR #6142)
**BOURLAND, HEFLIN, ALVAREZ,**
**MINOR & MATTHEWS, PLC**
5400 Poplar Avenue, Suite 100
Memphis, TN 38119
Tel: (901) 683-3526; Fax: (901) 763-1037

By: _____
George T. Wheeler, Jr., Esq. (BPR #5463)
Emily Hamm Huseth, Esq. (BPR #29192)
**HARRIS SHELTON HANOVER**
**WALSH, PLLC**
Suite 300, 999 S. Shady Grove Rd.
Memphis, TN 38120

By: _Jason Callen_ / with permission EHH #29192
Jason W. Callen, Esq. (#26225)
Lauren Patten, Esq. (#27547)
**BUTLER SNOW, LLP**
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Phone: (615) 651-6774
Fax:   (615) 651-6701

By: _Randal Noel_ / with permission EHH #29192
Randal D. Noel, Esq. (#6405)
**BUTLER SNOW**
6075 Poplar Avenue, Suite 500
Memphis, TN 38119

12

By: _____

John J. Heflin, Esq. (BPR #6441)
**BOURLAND, HEFLIN, ALVAREZ,
MINOR & MATTHEWS, PLC**
5400 Poplar Avenue, Suite 100
Memphis, TN 38119
Tel: (901) 683-3526
Fax: (901) 763-1037
Email: jheflin@bhammlaw.com
*Attorneys for Defendant Epic Systems Corp.*

By: _____

George T. Wheeler, Jr., Esq. (BPR #5463)
Emily Hamm Huseth, Esq. (BPR #29192)
**HARRIS SHELTON HANOVER
WALSH, PLLC**
Suite 300, 999 S. Shady Grove Rd.
Memphis, TN 38120
Tel: (901) 525-1455
Fax: (901) 526-4084
Email: gwheeler@harrisshelton.com
ehuseth@harrisshelton.com
*Attorneys for Defendant Baptist Memorial
Health Care Corporation*

By: _____

Jason W. Callen, Esq.  (#26225)
Lauren Patten, Esq.  (#27547)
**BUTLER SNOW, LLP**
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Phone:  (615) 651-6774
Fax:      (615) 651-6701

By: _____

Randall D. Noel, Esq.  (#6405)
**BUTLER SNOW**
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Tel: (901) 680-7200
Fax: (901) 680-7201
Email: randy.noel@butlersnow.com
*Attorneys for Defendant Truven Health
Analytics, Inc.*

12

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| MONORAIL HEALTHCARE SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Exhibit A: Agreement |
| | ) | |
| v. | ) | |
| | ) | |
| BAPTIST MEMORIAL HEALTH CARE CORPORATION; TRUVEN HEALTH ANALYTICS, INC.; EPIC SYSTEMS CORPORATION; | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

I have been asked to serve as a _____ in this Action on behalf

of _____, Party(ies) to the above-captioned action. I acknowledge that

I have read the Consent Protective Order ("Confidentiality Order") entered in this Action. I agree

to be bound by the terms of the Confidentiality Order. I hereby submit to the jurisdiction of this

Court solely for the purpose of enforcement of the Confidentiality Order in this Action.

Dated this the _____ day of _____, 201___.

By: _____

_____
Printed Name

Subscribed and sworn to before me this _____ day

of _____, 201___.

Notary Public                                              [STAMP/SEAL]

_____

13

# Exhibit B

M Gmail

Rand Page <randelpage@gmail.com>

## Re: Monorail v Baptist / Epic - Unscrupulous Activity

5 messages

**Rand Page** <randelpage@gmail.com>
Sun, Apr 25, 2021 at 7:39 AM
To: Bruce Kramer <bkramer@appersoncrump.com>, Jake Brown <jbrown@appersoncrump.com>, Tim Ginski <tginski@appersoncrump.com>, Jill Harris <jharris@appersoncrump.com>
Cc: Stan Beaty <stanb@alconcorp.com>

All,

I'm alarmed as to the brazenness.

Undisputed discrepancies exist with regards to the handling of my case.

Please advise how to address this.

It appears the Protective Order was entered into illegally which led to the illegal sealing of items.

Rand

**2 attachments**

📄 **Page 7 from April 7 2021 Ruling - Alarming.pdf**
587K

📄 **Seth Howard - Affidavit (Docket).pdf**
219K

**Rand Page** <randelpage@gmail.com>
Sun, Apr 25, 2021 at 11:10 AM
To: Bruce Kramer <bkramer@appersoncrump.com>, Jake Brown <jbrown@appersoncrump.com>, Tim Ginski <tginski@appersoncrump.com>, Jill Harris <jharris@appersoncrump.com>
Cc: Stan Beaty <stanb@alconcorp.com>

Several causes of action.

[Quoted text hidden]

📄 **Fraud and Misrepresentation Claims Against Lawyers.pdf**
716K

**Jake Brown** <jbrown@appersoncrump.com>
Mon, Apr 26, 2021 at 2:41 PM

To: Rand Page <randelpage@gmail.com>, Bruce Kramer <bkramer@appersoncrump.com>, Tim Ginski <tginski@appersoncrump.com>, Jill Harris <jharris@appersoncrump.com>
Cc: Stan Beaty <stanb@alconcorp.com>

The sealing of case filings is a separate matter from the designation of certain materials as "confidential" or "AEO" pursuant to the protective order. Nothing indicates that the Court or Monorail's previous counsel did anything illegal.

JACOB WEBSTER BROWN

Apperson Crump PLC

6000 Poplar Avenue, Suite 150

Memphis, Tennessee 38119

Office:    (901) 756-6300

Direct:    (901) 271-2711

Facsimile: (901) 757-1296

This communication is from a law firm and may contain privileged and confidential information. Communications between attorneys and their clients are privileged and protected by law from unauthorized disclosure. This communication is intended only for the use of the above named person(s). Do not read, copy, or disseminate this communication unless you are the intended addressee. If this communication is received in error, please advise the sender by reply email and destroy all copies of the original message.

Apperson Crump
The Law in Memphis Since 1865

[Quoted text hidden]

Mon, Apr 26, 2021 at 2:44 PM

**Rand Page** <randelpage@gmail.com>
To: Jake Brown <jbrown@appersoncrump.com>
Cc: Bruce Kramer <bkramer@appersoncrump.com>, Tim Ginski <tginski@appersoncrump.com>, Jill Harris <jharris@appersoncrump.com>, Stan Beaty <stanb@alconcorp.com>

I was referring to the defense counsel.

Sent from my iphone

On Apr 26, 2021, at 2:41 PM, Jake Brown <jbrown@appersoncrump.com> wrote:

The sealing of case filings is a separate matter from the designation of certain materials as "confidential" or "AEO" pursuant to the protective order. Nothing indicates that the Court or Monorail's previous counsel did anything illegal.

JACOB WEBSTER BROWN

Apperson Crump PLC

6000 Poplar Avenue, Suite 150

Memphis, Tennessee 38119

Office:    (901) 756-6300

Direct:    (901) 271-2711

Facsimile: (901) 757-1296

This communication is from a law firm and may contain privileged and confidential information. Communications between attorneys and their clients are privileged and protected by law from unauthorized disclosure. This communication is intended only for the use of the above named person(s). Do not read, copy, or disseminate this communication unless you are the intended addressee. If this communication is received in error, please advise the sender by reply email and destroy all copies of original message.

<image001.gif>

[Quoted text hidden]

---

**Rand Page** <randelpage@gmail.com>
To: Jake Brown <jbrown@appersoncrump.com>
Cc: Bruce Kramer <bkramer@appersoncrump.com>, Tim Ginski <tginski@appersoncrump.com>, Jill Harris <jharris@appersoncrump.com>, Stan Beaty <stanb@alconcorp.com>

Mon, Apr 26, 2021 at 2:52 PM

There were documents presented in Heflin (Epic) deposition of me that I should have seen prior to deposition.

Monorail emails that I was excluded on. Specifically, communication with Rizk et al.

Can you send me the exhibits?

Also, wondering if the docs under seal are ready for viewing?

Sent from my iphone
[Quoted text hidden]

# Exhibit C

 Gmail

Randel Page <randelpage@gmail.com>

---

## FW: Monorail
2 messages

---

**Tim Ginski** <tginski@appersoncrump.com>
To: Rand Page <randelpage@gmail.com>

Mon, Nov 1, 2021 at 10:01 AM

Rand,

I am forwarding the below email to you as a courtesy. This emails does not constitute providing legal advice.   Apperson Crump has complied with its obligations as to the confidential documents.  However, you have a separate agreement to do so as well.

Sincerely,

**Timothy M. Ginski**

**Associate Attorney**

Apperson Crump PLC
6000 Poplar Avenue, Suite 150
Memphis, TN 38119
Direct Dial: (901) 260-5135

Main Telephone Number: (901) 756-6300

Facsimile: (901) 757-1296

COVID-19 SOCIAL DISTANCING ALERT: For the safety of our employees and visitors, please do not come to our office if you exhibit symptoms or have been exposed.

*This communication is from an attorney and may contain privileged and confidential information. Communications between attorneys and their clients are privileged and protected by law from unauthorized disclosure. This communication is intended only for the use of the above named person(s). Do not read, copy, or disseminate this communication unless you are the intended addressee. If this communication is received in error, please advise the sender by reply email and destroy all copies of the original message. Communication by email is not necessarily secure and may be intercepted during transmission. Please exercise caution when including information in email communications. Nothing in this e-mail is intended to be an electronic signature nor to constitute an agreement of any kind under applicable law unless otherwise expressly indicated.*

## Apperson Crump PLC

The Law in Memphis Since 1865

**From:** John Heflin [mailto:jheflin@bhammlaw.com]
**Sent:** Thursday, October 21, 2021 9:34 AM
**To:** Bruce Kramer <bkramer@appersoncrump.com>; Jake Brown <jbrown@appersoncrump.com>; Tim Ginski <tginski@appersoncrump.com>
**Cc:** Jack Heflin <jackheflin@bhammlaw.com>
**Subject:** Monorail

Bruce/Jake/Tim:

Can you please send me Rand Page's telephone number?

Everyone but Rand has completed the certification that all Confidential Documents have been destroyed.

I truly don't want to haul him into Court to explain why he won't certify that as the Consent Protective Order requires, and I am not certain he has gotten the message that he must sign and return that certification.

Since he is not represented by counsel I can call him to see if he won't comply – but I need his phone number. It is to his benefit that I call him before having Judge Wagner order him to appear.



**John J. Heflin, III**

Member
5400 Poplar Avenue, Suite 100, Memphis, TN 38119-3660
Phone (901) 683-3526 • Fax (901) 763-1037
Email: jheflin@bhammlaw.com • Website: www.bhammlaw.com

This message from Bourland Heflin Alvarez Minor & Matthews, PLC, a full-service law firm, may be confidential or protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please reply to the sender or contact our firm at 901-683-3526, let us know that you received the message in error, and then delete it. Circular 230 Disclosure: Pursuant to requirements related to practice before the Internal Revenue Service, we are required to inform you that any tax advice that may be contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of: (a) avoiding penalties imposed under the U.S. Internal Revenue Code or (b) promoting, marketing, or recommending to another person any tax-related matter addressed herein.

**Rand Page** <randelpage@gmail.com>                    Wed, Oct 15, 2025 at 6:33 AM
To: Randel Page <randelpage@gmail.com>

> **From:** Tim Ginski <tginski@appersoncrump.com>
> **Date:** November 1, 2021 at 10:01:07 AM CDT
> **To:** Rand Page <randelpage@gmail.com>
> **Subject:** FW: Monorail

[Quoted text hidden]



**John J. Heflin, III**

Member
5400 Poplar Avenue, Suite 100, Memphis, TN 38119-3660
Phone (901) 683-3526 • Fax (901) 763-1037
Email: jheflin@bhammlaw.com • Website: www.bhammlaw.com

[Quoted text hidden]

Case 25-11660-DJB Doc 121-1 Filed 03/12/26 Entered 03/12/26 09:00:25 Page 34 of 47
Page ID 96

# Exhibit D

≡  Watch Live    Digital Desk    Latest Video    News    First Alert Weather

3 Weather Alerts In Effect

ADVERTISEMENT

# Shelby County District Attorney-elect Steve Mulroy announces his transition team



Steve Mulroy's new transition team announced.  (Action News 5)

By Christopher Cheatham

Published: Aug. 19, 2022 at 3:53 PM CDT

MEMPHIS, Tenn. (WMC) - Shelby County District Attorney-elect Steve Mulroy announces his transition team that shares his same vision.

Steve Mulroy's new members representing his transition team are:

- **Commissioner Van Turner**, Transition Team Chair; Shelby County Commission, District 12; President, NAACP Memphis Branch
- **Sen. Raumesh Akbari**, Tennessee State Senate, District 29
- **Jake Brown**, Apperson Crump
- **Mike Carpenter**, Director Of Marketing And Development. My Cup of Tea; former Shelby County Commissioner, District 1
- **Yonee Gibson**, Just City
- **Reverend Dr. L LaSimba Gray**, Senior Pastor, New Sardis Baptist Church (retired)
- **Richard Hall**, Chief of Police, City of Germantown
- **Muriel Malone**, Executive Director, Tennessee Human Rights Commission; former Shelby County Assistant District Attorney
- **Kevin Rardin**, Office of the Shelby County Public Defender (retired); former Shelby County Assistant District Attorney
- **Josh Spickler**, Just City

# Exhibit E

16      Q.     Do you know the years during which the

17   manual process was under development?

18      A.     I do not.

19      Q.     Was it under development while these other

20   members:  Tyler Sory, Ed Roberson, Jimmy Farrell,

21   these other people you've named, that they were

22   members of Dox Choice that became Monorail, LLC?

23      A.     I'm not aware.

24      Q.     And was Cary Gilmer the one in charge of

**Alpha Reporting Corporation**

14    A.    I can't answer that question. That would

15    be a question for Cary Gilmer.

16    Q.    Do you know the years during which the

17    manual process was under development?

18    A.    I do not.

19    Q.    Was it under development while these other

20    members: Tyler Sory, Ed Roberson, Jimmy Farrell,

21    these other people you've named, that they were

22    members of Dox Choice that became Monorail, LLC?

23    A.    I'm not aware.

24    Q.    And was Cary Gilmer the one in charge of

2   A.    Yes.

3   Q.    And was he doing that for Dox Choice that

4  became Monorail, LLC?

5   A.    Yes.

6   Q.    At some point in time, were the members of

7  Dox Choice, LLC, did they change, did -- were they

8  no longer Tyler Sory and Ed Roberson and Jimmy

9  Farrell and these other people other than you, Stan

10  Caummisar, Cary Gilmer and Alan Gilmer?

11   A.    That's correct.  They decided they did not

12  want to participate any longer, so we -- they

13  signed a release.

30

Randal Page - December 19, 2020

1    gloStream.

2    Q.    Who is "we"?

3    A.    That would be the members of Dox Choice.

4    Q.    Who were they?

5    A.    If I recall it was myself, Cary Gilmer,

6    Tyler Sory, Ed Roberson, Lynn Ralston, Jimmy

7    Farrell.

8          THE WITNESS:    And, Cary, can you help

9    me out?  Can you recall if there were any other

10   members?

11         MR. GILMER:    I say we defer this and

# Exhibit F

M: Re: Page • USA ET AL - Summa... × | ♟ - Not an Official Document

circuitdata.shelbycountytn.gov/crweb/ck_public_qry_doct.cp_dktrpt_docket_report?case_id=CT-3949-21&begin_date=&end_date=

## Report Selection Criteria

| | |
|---|---|
| Case ID: | CT-3949-21 |
| Docket Start Date: | |
| Docket Ending Date: | |

## Case Description

Case ID:   CT-3949-21 - DE LAGE LANDEN FINANCIAL VS CQUENTIA NGS LLC -Nonjury Trial
Filing Date: Friday, October 01st, 2021
Type:   BC - BREACH OF CONTRACT
Status:   INITIATE - INITIAL FILING

## Related Cases

No related cases were found.

## Case Event Schedule

No case events were found.

## Case Parties

| Seq # | Assoc | Expn Date | Type | | ID | Name |
|---|---|---|---|---|---|---|
| 1 | 5 | | PLAINTIFF'S ATTORNEY | | 12464 | RUSNAK, JOSEPH P |
| | | | | Aliases: | none | |
| Address: | REGIONS CENTER 315 DEADERICK ST SUITE 1700 NASHVILLE TN 37238 | | | | | |
| 2 | 10 | | DEFENDANT | | @476865 | CQUENTIA NGS, LLC |
| | | | | Aliases: | none | |
| Address: | 3740 BUSINESS DR., SUITE 101 MEMPHIS TN 38125 | | | | | |
| 3 | 10 | | DEFENDANT | | @476866 | MEEKER, DAVID ALAN |
| | | | | Aliases: | none | |
| Address: | 5804 INDIANWOOD LANE FORT WORTH TX 76132 | | | | | |
| 4 | 8 | | DEFENDANT | | @476867 | JONES, RONALD KEVIN |
| | | | | Aliases: | none | |
| Address: | 3045 INSPIRATION DRIVE GERMANTOWN TN 38138 | | | | | |

# Exhibit G

# M Gmail

Randel Page <randelpage@gmail.com>

## Collin's DC Flight Information

4 messages

**Collin** <collinjohnson15@hotmail.com>
To: "randelpage@gmail.com" <randelpage@gmail.com>

Wed, Aug 14, 2019 at 1:32 PM

**From:** American Airlines <no-reply@notify.email.aa.com>
**Sent:** Wednesday, August 14, 2019 1:22 PM
**To:** COLLINJOHNSON15@HOTMAIL.COM <COLLINJOHNSON15@HOTMAIL.COM>
**Subject:** Your trip confirmation-KGGUNE 19SEP

### American Airlines

Hello Collin Johnson!

Issued: Aug 14, 2019

## Your trip confirmation and receipt

### Record locator: **KGGUNE**

Manage Your Trip

Thursday, September 19, 2019

MEM → DCA
9:48 AM → 12:59 PM
Memphis → Washington Reagan

Seats: –
Class: Coach (B)
Meals: Food For Purchase

American Airlines 746

Free entertainment with the American app »

## Monday, September 23, 2019

DCA → MEM
3:56 PM → 5:16 PM
Washington Reagan → Memphis

Seats: –
Class: Coach (B)
Meals: Food For Purchase

American Airlines 4413
OPERATED BY REPUBLIC AIRWAYS AS AMERICAN EAGLE.

## Collin Johnson



### Earn miles with this trip.

The AAdvantage MileUp℠ Card
No annual fee. Earn a $50 statement credit + 10,000 bonus miles after qualifying purchases. Learn more »

Join AAdvantage »

Ticket # 0012372082679

## Your trip receipt

 American Express XXXXXXXXXXX1009

# Collin Johnson

| | |
|---|---|
| FARE-USD | $ 199.06 |
| TAXES AND CARRIER-IMPOSED FEES | $ 43.53 |
| **TICKET TOTAL** | **$ 242.59** |

Hotel offers    Car rental offers    Buy trip insurance    SuperShuttle

Contact us | Privacy policy

Get the American Airlines app

**Baggage Information**

Baggage charges for your itinerary will be governed by American Airlines BAG ALLOWANCE -MEMDCA-NIL/American AirlinesBAG ALLOWANCE -DCAMEM-NIL/American Airlines1STCHECKED BAG FEE-MEMDCA-USD30.00/American Airlines/UP TO 50 LB/23 KGAND UP TO 62 LINEAR IN/158 LINEAR CM1STCHECKED BAG FEE-DCAMEM-USD30.00/American Airlines/UP TO 50 LB/23 KGAND UP TO 62 LINEAR IN/158 LINEAR CM2NDCHECKED BAG FEE-MEMDCA-USD40.00/American Airlines/UP TO 50 LB/23 KGAND UP TO 62 LINEAR IN/158 LINEAR CM2NDCHECKED BAG FEE-DCAMEM-USD40.00/American Airlines/UP TO 50 LB/23 KGAND UP TO 62 LINEAR IN/158 LINEAR CMADDITIONAL ALLOWANCES AND/OR DISCOUNTS MAY APPLY

You have purchased a NON-REFUNDABLE fare. The itinerary must be canceled before the ticketed departure time of the first unused coupon or the ticket has no value. If the fare allows changes, a fee may be assessed for changes and restrictions may apply.

One or more of your flights is a Codeshare flight and is operated by a Partner Airline. If your journey begins with a flight operated by one of American's Partner Airlines, then please check-in with the Partner Airline for that portion of your journey. Upon check-in, they will check your luggage to its final destination and provide boarding passes for your connecting flights, if applicable.

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
### Western District of Tennessee

| | |
|---|---|
| **In re** | **Case No.** 25–11660 |
| | **Chapter** 11 |
| **Apperson Crump PLC** | **BK Judge** Jimmy L Croom |
| | |
| | **Adversary No.** |
| **Debtor(s).** | |
| | **Business** |
| | |
| | **USDC Case No.** 26–01037 |
| **Randel Edward Page, Jr.** | |
| **Appellant(s)** | |
| | |
| **vs.** | |
| | |
| **Apperson Crump, PLC.** | |
| **Paul Randolph** | |
| **Acting US Trustee, Region 8** | |
| **Appellee(s).** | |

---

### NOTICE OF TRANSMITTAL TO THE UNITED STATES DISTRICT COURT
### OF MISCELLANEOUS ITEMS RELATED TO APPEAL

---

**TO: Clerk of the U.S. District Court for the Western District of Tennessee**

The following items are available from the U.S. Bankruptcy Court docket sheet in .PDF form at
https://ecf.tnwb.uscourts.gov.

☐  Motion (or Order thereon) to waive filing fee on appeal.

☐  Appellee(s)' election to have appeal heard in District Court erroneously filed with this court on
.

☐  Order dismissing bankruptcy case.
   *See, Case Management Manual for United States Bankruptcy Judges, 1995*
   *Chapter IV, Section B: The Pretrial Phase(b) –*
   *"...dismissal of the underlying case may warrant the dismissal of an appeal..."*

☑  SUPPLEMENTAL DECLARATION OF RANDEL EDWARD PAGE, JR. IN
   FURTHER SUPPORT OF PROOF OF CLAIM NO. 4–2 (Submitted Pursuant to 28
   U.S.C. § 1746 Under Penalty of Perjury)

| | |
|---|---|
| | **Travis D. Green, Clerk of Court** |
| | **United Sates Bankruptcy Court** |
| **Date:** March 12, 2026 | |
| | **BY:** /s/ Jacquelyn Stewart |
| **cc:** | |
| **Debtor** | _____ |
| **Debtor atty** | **Deputy Clerk** |
| **Us Trustee** | **(731) 421–9300** |
| **Appellant** | **111 S Highland, Room 107** |
| | **Jackson, TN 38301** |

[ntctrnsa]Notice of Transmittal BAP 07–05