No. 1:26-cv-01037-JDB-jay

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

In re APPERSON CRUMP, PLC,
Debtor.

RANDEL EDWARD PAGE, JR.,
Appellant,

v.

APPERSON CRUMP, PLC and
PAUL A. RANDOLPH, ACTING UNITED STATES TRUSTEE,
Appellees.

On Appeal from the United States Bankruptcy Court
for the Western District of Tennessee

**BRIEF OF APPELLEE PAUL A. RANDOLPH,
ACTING UNITED STATES TRUSTEE**

LISA A. TRACY
Deputy General Counsel
BETH A. LEVENE
Associate General Counsel
FREDERICK GASTON HALL
Trial Attorney

Department of Justice
Executive Office for
United States Trustees
441 G Street, N.W., Suite 6150
Washington, D.C. 20530
Tel.: (202) 307-1399
Email: frederick.g.hall@usdoj.gov

PAUL A. RANDOLPH
Acting United States Trustee, Region 8
TIM NIARHOS
Acting Assistant United States Trustee
CARRIE ANN ROHRSCHEIB
Trial Attorney

Department of Justice
Office of the U.S. Trustee, Region 8
200 Jefferson Ave., Suite 400
Memphis, TN 38103
Tel.: (901) 544-3303
Email: carrie.a.rohrscheib@usdoj.gov

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .......................................................................................... iii

INTRODUCTION ...................................................................................................... 1

STATEMENT OF APPELLATE JURISDICTION ...................................................... 1

STATEMENT OF THE ISSUES ................................................................................ 2

STANDARD OF REVIEW ......................................................................................... 2

STATEMENT OF THE CASE .................................................................................... 3

I.      Statutory Framework .......................................................................................3

        A.      Reorganization Under Chapter 11 .......................................................3

        B.      Liquidation Under Chapter 7 ...............................................................4

        C.      Dismissal or Conversion of a Chapter 11 Case ...................................5

        C.      The Role of the United States Trustee. ................................................5

II.     Statement of the Facts ....................................................................................6

        A.      Apperson Crump Files for Chapter 11 Bankruptcy Relief. .................6

        B.      A Secured Creditor Seeks Relief in the Bankruptcy Case Allowing
                It to Collect Apperson Crump's Account Receivables. .......................7

        C.      The United States Trustee Moves to Dismiss or Convert Apperson
                Crump's Chapter 11 Case. ...................................................................8

        D.      Mr. Page Files an Untimely Response to the United States
                Trustee's Motion. ...............................................................................9

        E.      The Bankruptcy Court Enters an Order Granting the United States
                Trustee's Motion and Dismissing Apperson Crump's Bankruptcy
                Case. ...................................................................................................9

i

SUMMARY OF THE ARGUMENT ................................................................ 9

ARGUMENT ............................................................................................... 10

I.      Mr. Page Has Forfeited His Argument for Conversion Instead of
        Dismissal ...................................................................................... 10

II.     The Bankruptcy Court Did Not Abuse Its Discretion in Dismissing
        Apperson Crump's Chapter 11 Case. ............................................ 11

III.    Mr. Page's Arguments Lack Merit. ............................................... 13

CONCLUSION ........................................................................................... 15

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AMC Mortg. Co., Inc. v. Tenn. Dep't of Revenue* (*In re AMC Mortg. Co., Inc.*),
213 F.3d 917 (6th Cir. 2000) ...............................................................2, 3

*In re Citi-Toledo Partners*,
170 B.R. 602 (Bankr. N.D. Ohio 1994) ..................................................4

*Commodity Futures Trading Comm'n v. Weintraub*,
471 U.S. 343 (1985) ............................................................................3

*In re Gonic Realty Trust*,
909 F.2d 624 (1st Cir.1990) ................................................................12

*In re Hood*,
319 F.3d 755 (6th Cir. 2003) ..............................................................11

*Hoover v. Harrington (In re Hoover)*,
828 F.3d 5 (1st Cir. 2016) ....................................................................5

*In re Koerner*,
800 F.2d 1358 (5th Cir. 1986) ............................................................12

*In re Lee*,
467 B.R. 906 (B.A.P. 6th Cir. 2012) .....................................................1

*Mitan v. Duval* (*In re Mitan*),
573 F.3d 237 (6th Cir. 2009) ................................................................2

*Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*),
898 F.2d 498 (6th Cir. 1990) ................................................................6

*Scott v. Tennessee*,
No. 88-6095, 1989 WL 72470 (6th Cir. July 3, 1989) .......................11

*Thompson v. Greenwood*,
507 F.3d 416 (6th Cir. 2007) ................................................................6

## Statutes

11 U.S.C. § 102 .................................................................................................................5

11 U.S.C. § 307 .................................................................................................................6

11 U.S.C. § 362 .................................................................................................................7

11 U.S.C. § 507 .................................................................................................................4

11 U.S.C. § 554 .................................................................................................................7

11 U.S.C. § 701 .................................................................................................................4

11 U.S.C. § 702 .................................................................................................................4

11 U.S.C. § 704 .................................................................................................................4

11 U.S.C. §§ 721 - 727 .....................................................................................................4

11 U.S.C. § 1101 ...............................................................................................................3

11 U.S.C. § 1106 ...............................................................................................................4

11 U.S.C. § 1107 ............................................................................................................3, 4

11 U.S.C. § 1112 .........................................................................................................*passim*

11 U.S.C. § 1123 ...............................................................................................................3

11 U.S.C. § 1129 ...............................................................................................................3

28 U.S.C. § 158 .................................................................................................................2

28 U.S.C. §§ 581-589 .......................................................................................................5

28 U.S.C. § 586 .............................................................................................................4, 6

28 U.S.C. § 1334 ...............................................................................................................1

## Other Authorities

Bankr. W.D. Tenn. L.B.R. 2081-1 .....................................................................................4

Bankr. W.D. Tenn. L.B.R. 9013-1 .................................................................................8, 11

Fed. R. Bankr. P. 8002 ...................................................................................2

Fed. R. Bankr. P. 2015 ...................................................................................4

H.R. Rep. No. 95-595 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963 ......................6

## INTRODUCTION

In this appeal from the chapter 11 bankruptcy case of the law firm Apperson Crump, PLC ("Apperson Crump"), Randel Edward Page, Jr., a purported creditor of the debtor, appeals the bankruptcy court's order dismissing the case for cause under 11 U.S.C. § 1112(b).  Mr. Page agrees that cause to dismiss the case or to convert it to a chapter 7 liquidation existed under section 1112(b).  Mr. Page contends only that the bankruptcy court should have converted the case to chapter 7 rather than dismissing it.  Mr. Page, however, forfeited this claim by failing to file a timely response to the United States Trustee's motion to dismiss or convert.  Moreover, the bankruptcy court's finding that dismissal was in the best interests of creditors and the estate—the critical inquiry under section 1112(b)—is well supported by the record.  Mr. Page's arguments to the contrary misunderstand the proceedings below.  Because the bankruptcy court did not abuse its discretion by entering the order dismissing Apperson Crump's chapter 11 bankruptcy case, the order should be affirmed.

## STATEMENT OF APPELLATE JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 1334(a) over Apperson Crump's chapter 11 bankruptcy case.  The bankruptcy court's February 17, 2026 order dismissing Apperson Crump's chapter 11 case pursuant to 11 U.S.C. § 1112 was a final order.  *In re Lee*, 467 B.R. 906, 910-11 (B.A.P. 6th Cir. 2012) (holding order dismissing case is final appealable order).

Mr. Page timely filed a notice of appeal from the order of dismissal under 28 U.S.C. § 158(c)(2) and Federal Rule of Bankruptcy Procedure 8002 on February 25, 2026.  (UST APX 145-50).[1]  This Court has jurisdiction under 28 U.S.C. § 158(a)(1), which grants district courts jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges.

## STATEMENT OF THE ISSUES

11 U.S.C. § 1112(b) requires a bankruptcy court to dismiss or convert a debtor's chapter 11 bankruptcy case if it finds "cause" to do so.  The issue here is whether the bankruptcy court, after finding cause existed under §1112(b), abused its discretion by dismissing Apperson Crump's chapter 11 case rather than converting the case to a case under chapter 7.

## STANDARD OF REVIEW

A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo*.  *AMC Mortg. Co., Inc. v. Tenn. Dep't of Revenue* (*In re AMC Mortg. Co., Inc.*), 213 F.3d 917, 920 (6th Cir. 2000).  "Clear error occurs only when [the reviewing court is] left with the definite and firm conviction that a mistake has been committed.  If there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."  *Mitan v. Duval* (*In re Mitan*), 573 F.3d 237, 241 (6th Cir. 2009) (citation omitted).

---

[1]   References to the United States Trustee's Appendix, filed contemporaneously with this brief, are cited as "UST APX [page number(s)]."

A bankruptcy court's decision to convert or dismiss a chapter 11 case is reviewed for abuse of discretion. *In re AMC Mortg. Co. Inc.*, 213 F. 3d at 920. An abuse of discretion is "a definite and clear conviction that the trial court committed a clear error of judgment." *Id.*

## STATEMENT OF THE CASE

### I.    Statutory Framework

#### A.    Reorganization Under Chapter 11.

Chapter 11 of the Bankruptcy Code reflects Congress's recognition that a debtor may suffer from temporary financial difficulties but may be in a better position to repay creditors if its business can continue to be operated. When a debtor commences a case under chapter 11, the debtor becomes the "debtor in possession." 11 U.S.C. § 1101(1). The debtor in possession retains control over the property of the estate but must repay creditors according to the terms of a court-approved plan that provides either for the liquidation of the debtor's property or, more commonly, for the reorganization of the debtor's business. 11 U.S.C. §§ 1107, 1123, 1129. A debtor in possession serves as a fiduciary to the debtor's creditors and the bankruptcy estate. *See, e.g.*, *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985) (explaining that "if a debtor remains in possession—that is, if a trustee is not appointed—the debtor's directors bear essentially the same fiduciary obligation to creditors and shareholders as would the trustee for a debtor out of possession").

3

Among their fiduciary duties, debtors in possession must protect property of the bankruptcy estate by maintaining liability insurance on bankruptcy estate property and operations.  11 U.S.C. §§ 704(a)(2),1106(a)(1), 1107(a).  The debtor in possession's duties also include filing monthly operating reports while the chapter 11 case is pending.  *See* 11 U.S.C. §§ 704(a)(8), 1106(a)(1), 1107(a); Fed. R. Bankr. P. 2015(a); Bankr. W.D. Tenn. L.B.R. 2081-1.  Monthly operating reports permit the bankruptcy court, creditors, and the United States Trustee to monitor the debtor's activities to ensure that the debtor complies with the law, to assess the debtor's post-petition operations and financial condition, and to prevent fraud and abuse of the bankruptcy system.  *See In re Citi-Toledo Partners*, 170 B.R. 602, 608 (Bankr. N.D. Ohio 1994) (noting that monthly operating reports "are the means by which creditors can monitor a debtor's post-petition operations").

**B.      Liquidation Under Chapter 7.**

In general, a corporate debtor may file for bankruptcy under chapter 11 or chapter 7 of the Bankruptcy Code.  In a chapter 7 bankruptcy, the company's assets are liquidated and distributed to creditors by a neutral, private trustee according to specific rules of priority established in the Code.  *See* 11 U.S.C. §§ 507, 721 – 727. The United States Trustee selects the trustee initially appointed in a chapter 7 case from a panel of trustees eligible and available to serve.  11 U.S.C. § 701(a); 28 U.S.C. § 586(a)(1).  Eligible creditors may vote to elect a different person to serve as trustee at a meeting of creditors.  *See generally* 11 U.S.C. § 702.

## C.      Dismissal or Conversion of a Chapter 11 Case.

A debtor's right to adjust its debts through chapter 11 is subject to important limitations.  Relevant here, Congress has provided that, generally speaking, "on request of a party in interest, and after notice and a hearing, the [bankruptcy] court shall convert a case under [chapter 11] to a case under chapter 7 or dismiss a case under [chapter 11], whichever is in the best interests of creditors and the estate, for cause."  11 U.S.C. § 1112(b)(1).  "Cause" is not defined in the Code; rather section 1112(b)(4) contains a non-exhaustive list of examples of cause.  11 U.S.C. § 102(3) ("'includes' and 'including' are not limiting."); 11 U.S.C. § 1112(b)(4) ("the term 'cause' includes").  Any a single "cause" is sufficient to convert or dismiss.  *Hoover v. Harrington (In re Hoover)*, 828 F.3d 5, 9 (1st Cir. 2016).

Relevant here, subsection 1112(b)(4) provides that "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," "failure to maintain appropriate insurance that poses a risk to the estate or to the public," and "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" are cause to dismiss or to convert.  11 U.S.C. §§ 1112(b)(4)(A), (C), (F).

## C.      The Role of the United States Trustee.

The United States Trustee is a Department of Justice official appointed by the Attorney General to supervise the administration of bankruptcy cases. 28 U.S.C. §§ 581-589.  The United States Trustee acts in the public interest to

5

promote the efficiency, and to protect and preserve the integrity, of the bankruptcy system.  H.R. Rep. No. 95-595, at 88 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6049 (providing that United States Trustees "serve as bankruptcy watch-dogs to prevent fraud, dishonesty and overreaching in the bankruptcy arena"); *see also Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6th Cir. 1990) ("U.S. trustees are responsible for 'protecting the public interest and ensuring that bankruptcy cases are conducted according to the law.'") (quoting H.R. Rep. No. 95-595, at 109, *reprinted in* 1978 U.S.C.C.A.N. at 6070).

To this end, United States Trustees "may raise and appear and be heard on any issue in any case or proceeding."  11 U.S.C. § 307; *see also Thompson v. Greenwood*, 507 F.3d 416, 420 n.3 (6th Cir. 2007) ("The United States Trustee is an interested party by statute.").  Section 586(a)(8) of title 28 specifically directs the United States Trustee to seek conversion or dismissal of chapter 11 cases when "grounds for any relief under section 1112" exist.  28 U.S.C. § 586(a)(8).

## II.    Statement of the Facts

### A.    Apperson Crump Files for Chapter 11 Bankruptcy Relief.

Apperson Crump, a law firm, filed a voluntary chapter 11 petition on December 1, 2025, in the United States Bankruptcy Court for the Western District of Tennessee.  (UST APX 1-53.)  Apperson Crump's schedules listed $1,391,261.91 in personal property and $2,685,641.34 in debt.  (UST APX 9.) Apperson Crump's main

6

assets were cash in accounts valued at $774,430.81 and accounts receivable which were valued at $560,886.10.  (UST APX 10-11.)

### B.    A Secured Creditor Seeks Relief in the Bankruptcy Case Allowing It to Collect Apperson Crump's Account Receivables.

Before the bankruptcy case, Apperson Crump had entered into a loan agreement with Advocate Capital, Inc. ("Advocate"), giving Advocate a security interest in all Apperson Crump's accounts receivable.  (UST APX 54-55.)  Apperson Crump defaulted on the loan, agreeing that it owed Advocate more than $1 million.  (UST APX 55-56.)

Because the filing of Anderson Crump's bankruptcy petition gave rise to an "automatic stay" that precluded Advocate from using its security interest in Apperson Crump's accounts receivable to collect on its claim, Advocate asked the bankruptcy court to lift the automatic stay.  *See* 11 U.S.C. § 362(a)(3), (6), (d)(1).  And because the account receivables became property of the estate upon the filing of the bankruptcy petition, Advocate also sought to have the estate abandon its interests in that property.  *See* 11 U.S.C. § 554(b).  This would allow Advocate to begin collecting the accounts receivable in place of Apperson Crump as the debtor in possession or an appointed trustee for the bankruptcy estate.  (UST APX 54-60.)

Apperson Crump did not oppose Advocate's motion, and the bankruptcy court entered an order lifting the automatic stay and abandoning the bankruptcy estate's interest in Apperson Crump's accounts receivable.  (UST APX 134-35.)  Furthermore,

7

Apperson Crump was required to pay over all remaining funds in its bank account to Advocate. (UST APX 132-33.)

### C. The United States Trustee Moves to Dismiss or Convert Apperson Crump's Chapter 11 Case.

The United States Trustee filed a motion to dismiss Apperson Crump's bankruptcy case or, in the alternative, to convert it to a chapter 7 liquidation under 11 U.S.C. § 1112(b). (UST APX 126-30.) The United States Trustee argued there was cause to dismiss or convert because Apperson Crump had failed to file a monthly operating report for December 2025, was unable to obtain malpractice insurance, and had continuing losses that were diminishing the bankruptcy estate without a reasonable likelihood of rehabilitation. (UST APX 127-29.); *see* 11 U.S.C. § 1112(b)(4)(A), (C), (F).

The bankruptcy court entered a notice of hearing on the United States Trustee's motion and served it on all the parties, including Mr. Page, indicating a hearing on the motion would be held on February 19, 2026, "**BUT ONLY IF**" an objection to the relief requested was filed and served by February 10. (UST APX 131 (emphasis in original).)

No objections or responses to the United States Trustee's motion were filed by the February 10 deadline. Accordingly, on February 12, the United States Trustee filed a Certificate of Compliance with Local Rule 9013-1 certifying that no objections to the motion were timely filed. (UST APX 136.)

8

**D.    Mr. Page Files an Untimely Response to the United States Trustee's Motion.**

On February 13, three days after the time to object to the United States Trustee's motion expired, Mr. Page filed a response to the United States Trustee's motion, requesting the case be converted to chapter 7 instead of dismissed.  (UST APX 137-41.)  Mr. Page had filed a proof of claim against Apperson Crump's bankruptcy estate, seeking $900 million "based on fraud, civil rights violations, conspiracy, theft of property, and willful and malicious injury."  (UST APX 137.)

**E.    The Bankruptcy Court Enters an Order Granting the United States Trustee's Motion and Dismissing Apperson Crump's Bankruptcy Case.**

On February 17, the bankruptcy court entered an order dismissing Apperson Crump's bankruptcy case.  (UST APX 142-44.)  The order found that there was cause to convert or dismiss, as stated in the United States Trustee's motion, and that "[i]t further appears to the Court that there are insufficient assets available for distribution to creditors in a chapter 7, accordingly dismissal is appropriate and in the best interests of creditors and the estate."  (UST APX 142.)

Mr. Page filed a filed a timely Notice of Appeal of the dismissal order to this Court.  (UST APX 145-50.)

## SUMMARY OF THE ARGUMENT

In this appeal, the single issue raised by Mr. Page is whether the bankruptcy court abused its discretion in dismissing Apperson Crump's chapter 11 bankruptcy

9

case instead of converting it to a chapter 7 case. As an initial matter, Mr. Page has forfeited his arguments that the bankruptcy case should have been dismissed rather than converted. Mr. Page failed to timely raise this issue before the bankruptcy court. Mr. Page cannot raise this issue for the first time on appeal. As a result, it is unnecessary for this Court to reach the merits of Mr. Page's appeal, and this Court should affirm for this reason alone.

To the extent the Court considers whether the bankruptcy court erred in finding dismissal rather than conversion was in the best interests of creditors and the estate, the Court should affirm. Bankruptcy courts have broad discretion to convert or dismiss a case for cause under 11 U.S.C. § 1112(b). Here, after finding cause existed under § 1112(b), the bankruptcy court found that there were insufficient assets available for distribution to creditors in a chapter 7 case. This finding was supported by the record. Thus, the bankruptcy court did not abuse its discretion in finding dismissal was in the best interests of creditors and the estate, and its dismissal order should be affirmed.

## ARGUMENT

### I.     Mr. Page Has Forfeited His Argument for Conversion Instead of Dismissal.

Mr. Page agrees that cause existed under section 1112(b). (UST APX 139-40.) The only issue on appeal is whether the bankruptcy court abused its discretion in dismissing the chapter 11 case instead of converting it to a chapter 7 liquidation. Mr.

Page forfeited this issue, however, because he failed to file a timely response to the

United States Trustee's motion to dismiss or convert. Mr. Page has not disputed that

he filed his response late and has offered no excuse for his tardiness.

Under the bankruptcy court's local rules, "[i]f no objection is timely filed, the

relief sought may be granted without an actual hearing." Bankr. W.D. Tenn. L.B.R.

9013-1(b)(2). Thus, without a timely response, the bankruptcy court could and did

decide the United States Trustee's motion to dismiss based on the evidence the motion

presented. *See, e.g., Scott v. Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July

3, 1989) (per curiam) ("Because the plaintiff failed to make a timely response to

defendants' motion, the district court properly deemed the plaintiff to have waived his

objections and found the defendants' motion to be meritorious."). Consequently, Mr.

Page cannot now argue for the first time on appeal that conversion to chapter 7 was in

the best interests of creditors and the estate; such arguments are forfeited. *In re Hood*,

319 F.3d 755, 760 (6th Cir. 2003) ("[T]his court will not consider arguments raised for

the first time on appeal." (citation omitted)). The Court should affirm the dismissal

order for this reason alone.

## II.    The Bankruptcy Court Did Not Abuse Its Discretion in Dismissing Apperson Crump's Chapter 11 Case.

Section 1112(b) of the Bankruptcy Code provides that, once "cause" is

established, the bankruptcy court must either dismiss the chapter 11 proceeding or

convert it to chapter 7, after determining what is in the best interests of creditors and

11

the estate.  11 U.S.C. §1112(b).  The bankruptcy court "must exercise its sound judgment in reaching a determination and must ascertain that the decision is in the best interest of creditors."  *In re Gonic Realty Trust*, 909 F.2d 624, 626-627 (1st Cir.1990).  The bankruptcy court is not required to give exhaustive reasons for its decision.  *In re Koerner*, 800 F.2d 1358, 1368 (5th Cir. 1986); *accord Gonic Realty*, 909 F.2d at 627.

Here, the bankruptcy court found that dismissal was in the best interests of creditors and the estate because "[i]t . . . appears to the Court that there are insufficient assets available for distribution to creditors in a chapter 7."  (UST APX 142.)  That finding is well supported by the record.  The bankruptcy court had recently granted Advocate relief from the automatic stay and ordered Apperson Crump's interest in its accounts receivable abandoned, allowing Advocate to begin collecting on those accounts receivable in place of Apperson Crump.  (UST APX 134-35.)  And Apperson Crump had turned over the remaining funds in its bank account to Advocate.  (UST APX 132-33.)  Thus, Apperson Crump had no significant assets for a chapter 7 trustee to liquidate and distribute in a chapter 7 case.

Accordingly, the bankruptcy court did not abuse its discretion in dismissing Apperson Crump's bankruptcy case after finding dismissal was in the best interests of creditors and the estate, so its order should be affirmed by this Court

### III.    Mr. Page's Arguments Lack Merit.

Mr. Page makes several arguments on appeal, none of which establishes reversible error.  *First*, he claims that the United States Trustee "recommended" conversion and not dismissal.  (*E.g.*, Appellant's Br. at 2.)  That is incorrect, but ultimately irrelevant.  The United States Trustee's motion sought dismissal first and sought conversion only in the alternative; the lead recommendation was dismissal. (UST APX 129 ("[T]he United States Trustee prays that:  1. The Court dismiss the instant Chapter 11 case.  2. In the alternative, the Court convert the instant Chapter 11 case to a case under Chapter 7.").)  Ultimately, however, it is irrelevant what the United States Trustee asked for in the motion; the bankruptcy court had an independent duty to decide which remedy under section 1112(b) was in the best interests of creditors and the estate, and it reasonably concluded that dismissal was the right remedy.  *See* 11 U.S.C. § 1112(b)(1).

*Second*, Mr. Page states that the bankruptcy court dismissed the case "without the written findings required by 11 U.S.C. Section 1112(b)(1)."  (Appellant's Br. at 1; *see also id.* at 12.)  But the order of dismissal provided the necessary findings:  it found cause and then explained why it chose to dismiss the case.  (UST APX 142.)  Those findings are sufficient.

*Third*, Mr. Page claims that the case should be converted so that a chapter 7 trustee can administer assets that were "returned to the estate" pursuant to a February 10, 2026, order.  (Appellant's Br. at 2.)  But Mr. Page misunderstands the effect of

13

that order.  The order granted Advocate's motion to have the estate (which was being administered by Apperson Crump as the debtor in possession) abandon its interest in the Apperson Crump accounts receivable so that Advocate could begin collecting them to pay off Advocate's secured claim.  (UST APX 132-35.)  The order did not return assets to the estate.  Rather, the result of the order was the account receivables were no longer assets of the estate.

*Fourth*, Mr. Page spends most of his filing explaining his allegations of wrongdoing by myriad actors.  This brief does not attempt to answer those allegations, nearly all of which involve non-parties.  It is sufficient to resolve this appeal to merely note that none of Mr. Page's allegations show that the bankruptcy court abused its discretion in finding that dismissal, rather than conversion, is in the best interests of the creditors and the estate.  Mr. Page's desire to have a chapter 7 trustee investigate and litigate his allegations, despite the absence of any assets in the estate to fund such an investigation, does not demonstrate any abuse of discretion by the bankruptcy court in dismissing the case.[2]

---

[2]    Mr. Page provides qualifications for the chapter 7 trustee he would like appointed if this Court remands.  (Appellant's Br. at 10-11.)  However, it is the United States Trustee who selects the trustee initially appointed in a chapter 7 case from the panel of trustees for this District; eligible creditors may vote to elect a different person to serve as trustee at a meeting of creditors.  *See supra* at 4.

14

## CONCLUSION

For these reasons, the United States Trustee respectfully asks this Court to

affirm the bankruptcy court's order dismissing Apperson Crump's bankruptcy case.

Dated: May 15, 2026                          Respectfully submitted,

PAUL A. RANDOLPH
Acting United States Trustee, Region 8

By:  */s/ Carrie Ann Rohrscheib*
Carrie Ann Rohrscheib (TN 022991)
Trial Attorney

LISA A. TRACY                        PAUL A. RANDOLPH
Deputy General Counsel               Acting United States Trustee, Region 8
BETH A. LEVENE                       TIM NIARHOS
Associate General Counsel            Acting Assistant United States Trustee
FREDERICK GASTON HALL                CARRIE ANN ROHRSCHEIB
Trial Attorney                       Trial Attorney

Department of Justice                Department of Justice
Executive Office for                 Office of the U.S. Trustee, Region 8
United States Trustees               200 Jefferson Ave., Suite 400
441 G Street, N.W., Suite 6150       Memphis, TN 38103
Washington, D.C. 20530               Tel.: (901) 544-3303
Tel.: (202) 307-1399                 Email: carrie.a.rohrscheib@usdoj.gov
Email: frederick.g.hall@usdoj.gov

15

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief complies with the type-volume limitations set forth in Federal Rule Bankruptcy Procedure 8015(a)(7)(B) in that the brief contains 3,438 words as counted by Microsoft Word.

I further certify that this document complies with the typeface and type-style requirements of Federal Rule of Bankruptcy Procedure 8015(a)(5)-(6) because this document has been prepared using Microsoft Word in 14-point Garamond font, a proportionally spaced typeface.

*/s/ Carrie Ann Rohrscheib*
Carrie Ann Rohrscheib (TN 022991)
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the BRIEF OF APPELLEE PAUL A. RANDOLPH, ACTING UNITED STATES TRUSTEE was served upon the parties listed below by electronic mail and first-class mail on May 15, 2026.

/s/ *Carrie Ann Rohrscheib*
Carrie Ann Rohrscheib (TN 022991)
Trial Attorney

Randel Edward Page, Jr.
3504 Milford Cove
Collierville, Tennessee 38017
randelpage@gmail.com
Tel: (901) 351-6060

C. Jerome Teel, Jr.
Attorney for Apperson Crump, PLC
Teel & Gay, PLC
79 Stonebridge Blvd., Suite B
Jackson, TN 38305
Phone: (731) 424-3315
Jerome@tennesseefirm.com