UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

MAY 2 6 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

**No. 1:26-cv-01037-JDB-jay**

**(Bankr. Case No. 25-11660)**

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

In re APPERSON CRUMP, PLC,

Debtor.

RANDEL EDWARD PAGE, JR.,

Appellant,

v.

APPERSON CRUMP, PLC and

PAUL A. RANDOLPH, ACTING UNITED STATES TRUSTEE,

Appellees.

---

## APPELLANT'S REPLY AND DECLARATION
## IN SUPPORT OF CHAPTER 7 CONVERSION

---

On Appeal from the United States Bankruptcy Court

for the Western District of Tennessee, Eastern Division

(Bankr. Case No. 25-11660)

1

Randel Edward Page, Jr.

Pro Se Appellant

3504 Milford Cove

Collierville, Tennessee 38017

(901) 351-6060

randelpage@gmail.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES

INTRODUCTION ....................................................................................................1

I. APPELLANT'S RESPONSE WAS NOT FORFEITED AS A .........................

MATTER OF SUBSTANCE; THE ISSUE WAS PRESERVED.....................

THROUGH HIS PROOF OF CLAIM AND AFFIDAVIT.............................8

II. A SINGLE CAUSE UNDER § 1112(b)(4)(F) IS SUFFICIENT .....................

TO REVERSE: THE SCHEDULES OMIT BOTH MONORAIL ...................

HEALTHCARE SERVICES, LLC AND THE JUNE 7, 2021 .........................

TRANSACTION WITH APPELLANT ...................................................... 10

A. Apperson Crump's Schedules Omit Monorail Healthcare Services, LLC
and the June 7, 2021 Transaction ............................................................. 11

B. Apperson Crump's Conduct as Debtor-in-Possession Confirms the
Omissions Were Not Inadvertent ............................................................. 15

C. The Bankruptcy Court's Best-Interests Finding Did Not Address the §
1112(b)(4)(F) Cause ..................................................................... 17

III. THE BROADER ALLEGATIONS IN APPELLANT'S................................

SHOW CAUSE AND MOTION, WHILE INCORPORATED IN THE..........

BANKRUPTCY RECORD, ARE NOT BEFORE THIS COURT..................

FOR DECISION ON THE MERITS.......................................................... 21

CONCLUSION.................................................................................. 22

DECLARATION UNDER PENALTY OF PERJURY ................................. 24

CERTIFICATE OF SERVICE ................................................................................. 26

# TABLE OF AUTHORITIES

## Cases

*Commodity Futures Trading Comm'n v. Weintraub,* ........................................... 15

    471 U.S. 343 (1985) ...............................................................................................

*Erickson v. Pardus,* .................................................................................................9

    551 U.S. 89 (2007) ...............................................................................................

*Estelle v. Gamble,* ...................................................................................................9

    429 U.S. 97 (1976) ...............................................................................................

*Hoover v. Harrington (In re Hoover),* ................................................................. 10

    828 F.3d 5 (1st Cir. 2016) ....................................................................................

*Tennessee Student Assistance Corp. v. Hood,* ................................................... 9,10

    541 U.S. 440 (2004) ........................................................................................... 17

## Statutes

11 U.S.C. § 521(a)(1)(A) ..................................................................................... 11

11 U.S.C. § 521(a)(1)(B) ..................................................................................... 11

11 U.S.C. § 541(a)(1) ........................................................................................... 16

11 U.S.C. § 704(a)(4) ...................................................................................... passim

11 U.S.C. § 704(a)(5) ........................................................................................... 20

11 U.S.C. § 1106(a)(1) ......................................................................................... 16

11 U.S.C. § 1107(a) .............................................................................................. 16

11 U.S.C. § 1112(b)(1)........................................................................ passim

11 U.S.C. § 1112(b)(4)(F).................................................................. passim

11 U.S.C. § 1129 .................................................................................. 16

28 U.S.C. § 1746 .................................................................................. 24

**Rules**

Fed. R. Bankr. P. 1007(a)(1).................................................................. 11

Fed. R. Bankr. P. 1007(b) ..................................................................... 11

Fed. R. Bankr. P. 1009(a) ............................................................... 7,14,15

Fed. R. Bankr. P. 2004 .......................................................................... 10

Fed. R. Bankr. P. 3001(f)................................................................. passim

**Other Authorities**

Local Rule 9013-1................................................................................... 8

Official Form 206E/F (Schedule E/F Instructions) ........................... passim

Statement of Financial Affairs Question 7 ....................................... passim

## INTRODUCTION

This Reply addresses the issues raised in the United States Trustee's appellee brief filed May 15, 2026 (D.E. 31). Appellant submits this Reply both in support of his April 29, 2026 filing (D.E. 29), which responded to this Court's Order to Show Cause (D.E. 28) and moved for summary disposition, and in reply to the United States Trustee's responsive brief. Moreover, the record shows evidence that the Bankruptcy Court abused its discretion in dismissing rather than converting Apperson Crump's Chapter 11 case under 11 U.S.C. § 1112(b)(1).

The appellee brief correctly states the controlling principle that "[a]ny single 'cause' is sufficient to convert or dismiss." (Appellee Br. 7.) Apperson Crump's schedules omit two matters that establish cause under 11 U.S.C. § 1112(b)(4)(F): the firm's prior representation of Monorail Healthcare Services, LLC in Shelby County Circuit Court Case No. CT-002704-27, and the June 7, 2021 transaction with Appellant that became the subject of Appellant's deemed-allowed Proof of Claim. The schedules disclose 65 unsecured creditors and eleven separate legal actions on the Statement of Financial Affairs. They include none of the matters tied to these omissions and the claims associated with Apperson Crump's representation of Monorail Healthcare Services, LLC. The omissions were unexcused: Rule 1009(a) permitted amendment at any time before closure, and the

case remained pending for more than five weeks after Appellant's Proof of Claim was filed, yet no amendment was ever made. Appellant's participation in this bankruptcy began with a newspaper account in the Memphis Commercial Appeal and has been protective throughout—filed to place the omitted transaction on the bankruptcy record where it belonged. The single cause established under § 1112(b)(4)(F), standing alone, supports conversion over dismissal because resolving the cause requires an independent investigation that only a Chapter 7 trustee can conduct under 11 U.S.C. § 704(a)(4).

## I. APPELLANT'S RESPONSE WAS NOT FORFEITED AS A MATTER OF SUBSTANCE; THE ISSUE WAS PRESERVED THROUGH HIS PROOF OF CLAIM AND AFFIDAVIT.

The appellee brief argues that Appellant forfeited his conversion-versus-dismissal argument by filing his response to the United States Trustee's motion on February 13, 2026, three days after the February 10 objection deadline under Local Rule 9013-1. (Appellee Br. 10-11.) Appellant respectfully submits that the forfeiture doctrine does not apply on these facts for two independent reasons.

First, the conversion-versus-dismissal issue was squarely before the Bankruptcy Court in Appellant's previously filed pleadings. Appellant's Proof of Claim No. 4-2, filed January 8, 2026, asserted a $900 million claim against the

8

estate and put the question of estate administration directly before the court. Appellant's sworn Affidavit in Support of Proof of Claim, filed January 22, 2026 (ECF No. 62), identified estate causes of action that would require Chapter 7 administration to pursue. The Bankruptcy Court had this record before it when it entered its February 17, 2026 order. The court therefore had notice of Appellant's position regarding the appropriate disposition under § 1112(b) even before his February 13 response.

Second, pro se filings are entitled to liberal construction. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'") (quoting *Este*

*Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Where a pro se litigant has placed the substance of an argument before the lower court through prior filings, a procedurally untimely written response should not be deemed a complete forfeiture of the substantive position those filings established.

In addition, the appellee's reliance on *In re Hood,* 319 F.3d 755 (6th Cir. 2003), for the forfeiture proposition (Appellee Br. 10-11) does not support that proposition. The case at that citation is *In re Pamela L. Hood, Debtor. Pamela L. Hood v. Tennessee Student Assistance Corporation,* which addressed whether Congress, under the Bankruptcy Clause, may abrogate state sovereign immunity in

9

a student loan dischargeability proceeding. The case was affirmed by the United

States Supreme Court on alternative grounds in *Tennessee Student Assistance*

*Corp. v. Hood,* 541 U.S. 440 (2004). Neither the Sixth Circuit's decision nor the

Supreme Court's affirmance addresses forfeiture or waiver of arguments raised for

the first time on appeal in the bankruptcy context. To the extent any forfeiture

doctrine applies here, it does not foreclose merits review on these facts for the two

reasons stated above.

## II. A SINGLE CAUSE UNDER § 1112(b)(4)(F) IS SUFFICIENT TO REVERSE: THE SCHEDULES OMIT BOTH MONORAIL HEALTHCARE SERVICES, LLC AND THE JUNE 7, 2021 TRANSACTION AND CLAIMS THAT FOLLOWED WITH APPELLANT.

The appellee brief acknowledges the controlling principle: "Any single

'cause' is sufficient to convert or dismiss." (Appellee Br. 7, citing *Hoover v.*

*Harrington (In re Hoover),* 828 F.3d 5, 9 (1st Cir. 2016).) The appellee brief

identifies § 1112(b)(4)(A), (C), and (F) as the relevant subsections. (Appellee Br.

7.) Subsection (F) defines cause as "unexcused failure to satisfy timely any filing

or reporting requirement established by this title or by any rule applicable to a case

under this chapter." 11 U.S.C. § 1112(b)(4)(F). That single cause was not

10

addressed by the Bankruptcy Court below, and standing alone it required the choice of conversion rather than dismissal under § 1112(b)(1).

## A. Apperson Crump's Schedules Omit Monorail Healthcare Services, LLC and the June 7, 2021 Transaction Underlying Appellant's Deemed-Allowed Proof of Claim.

The June 7, 2021 invoice from Apperson Crump to Appellant is the document that triggered every action Appellant has taken in this bankruptcy. Appellant filed Proof of Claim No. 4-2 to expose and contest that invoice and to preserve his interest in the underlying property. The Proof of Claim is now deemed allowed under Federal Rule of Bankruptcy Procedure 3001(f) for $900 million, after no party objected within the time prescribed.

Apperson Crump's schedules, filed under penalty of perjury pursuant to 11 U.S.C. § 521(a)(1)(A) ("a list of creditors") and § 521(a)(1)(B) ("a schedule of assets and liabilities"), and Federal Rules of Bankruptcy Procedure 1007(a)(1) and 1007(b), are reproduced in the appellee's appendix at UST APX 9-53. Rule 1007(a)(1) requires that the debtor file with the petition "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H." The Schedule E/F instructions further require disclosure of "all" unsecured creditors, including those whose claims are contingent, unliquidated, or disputed,

11

marked with the appropriate code. The schedules disclose 65 unsecured creditors, with priority claims totaling $90,915.52 and nonpriority claims totaling $847,938.23. They include the firm's routine creditors—vendors, employees with PTO claims, malpractice carriers, the Internal Revenue Service, the State of Tennessee and the like. The schedules do not disclose Monorail Healthcare Services, LLC, an entity Apperson Crump previously represented in *Monorail Healthcare Services, LLC v. Baptist Memorial Health Care Corporation; Epic Systems Corporation*, Shelby County Circuit Court Case No. CT-002704-27, from which Apperson Crump withdrew in June 2021. The schedules also do not disclose Randel Edward Page, Jr. as a contingent or disputed creditor, despite the underlying dispute and claims that culminated from the June 7, 2021 invoice. By any of the routes the Code and Rules provide—Schedule A/B (assets), Schedule E/F (creditors with disputed, contingent, or unliquidated claims), Schedule G (executory contracts), or the Statement of Financial Affairs—the omitted matters should have appeared somewhere on the debtor's disclosures. They do not.

These omissions are not technical or peripheral. The Schedule E/F instructions are explicit that a debtor must list creditors with contingent, disputed, and unliquidated claims, marked with the appropriate code. The Statement of Financial Affairs Question 7 requires disclosure of pending lawsuits and proceedings. The SOFA filed by Apperson Crump lists eleven separate legal

actions, including Advocate Capital, Inc. v. Apperson Crump, PLC et al, Davidson County Chancery Court Case No. 25-1641-I, and ten other pending matters ranging from collection actions to mediation to federal district court proceedings. (UST APX 3631-3743.) The debtor demonstrably understood the SOFA Question 7 disclosure requirement and applied it to those eleven matters. The absence of any reference to the Monorail Healthcare Services, LLC litigation or the underlying representation, claims, communications and transactions with Appellant cannot be characterized as inadvertent against that backdrop. It was a specific omission in an otherwise comprehensive disclosure. The omission of Monorail Healthcare Services, LLC—an entity to which Apperson Crump owed professional duties as former counsel of record—and the omission of any disclosure relating to the claims and transactions that became Appellant's $900 million Proof of Claim, together constitute the kind of incomplete schedules that § 1112(b)(4)(F) addresses as cause.

The Statement of Financial Affairs imposes specific disclosure obligations that are directly implicated by the omitted matters. SOFA Question 7 requires disclosure of legal actions, administrative proceedings, court actions, and arbitrations. The Schedule E/F framework requires disclosure of creditors with contingent, unliquidated, or disputed claims regardless of timing limitations. Apperson Crump's representation of Monorail Healthcare Services, LLC—an

13

attorney-client relationship that triggered the firm's fiduciary obligations to its former client—and the June 7, 2021 transaction that led to separate claims, suits and disputes fall within the disclosure framework that the Code and the Rules establish. The schedules and SOFA disclose neither.

The continuing nature of these disclosure obligations is significant. Once Appellant filed Proof of Claim No. 4-2 on January 8, 2026, the existence of the disputed June 7, 2021 transaction and claims was a matter of record before the Bankruptcy Court. A debtor-in-possession with continuing disclosure obligations under 11 U.S.C. § 521 cannot disregard a $900 million claim filed on the docket and leave its own schedules unchanged. The proper response to a Proof of Claim that places previously undisclosed transactions and claims on the record is amendment—either to acknowledge the disputed transaction by listing the claimant as a contingent or disputed creditor under Schedule E/F, or to file an objection to the claim under § 502. Apperson Crump did neither. The schedules remained as filed; no SOFA amendment was made; no objection to the claim was filed; and the deemed-allowed status of Appellant's $900 million claim was permitted to vest by operation of Rule 3001(f) on February 7, 2026.

Rule 1009(a) provided Apperson Crump with the procedural mechanism to correct any omission at any time before the case was closed. The rule grants the

14

debtor an "as a matter of course" right to amend, with attendant notice obligations to the trustee and any affected entity. This framework reflects the Code and Rules' expectation that material omissions, once known to the debtor, will be corrected. From the filing of Appellant's Proof of Claim on January 8, 2026 through the dismissal of the case on February 17, 2026—a period of more than five weeks— the debtor remained debtor-in-possession with both the disclosure obligations under § 521 and the procedural ability under Rule 1009(a) to correct the omissions. No amendment was filed. No notice of any correction was given to the United States Trustee or to Appellant. The failure to satisfy the filing and reporting requirements is therefore "unexcused" within the plain language of § 1112(b)(4)(F)—not because amendment was unavailable, but because amendment was available, the omissions were known to the debtor, and the debtor chose not to act.

## B. Apperson Crump's Conduct as Debtor-in-Possession Confirms the Omissions Were Not Inadvertent and That Investigation Was Required.

Apperson Crump's conduct as debtor-in-possession from December 2025 through dismissal in February 2026 is itself relevant to the best-interests determination under § 1112(b)(1). A debtor-in-possession owes fiduciary duties to the estate and creditors, including duties to pursue legitimate estate assets and to

15

object to claims the debtor in good faith believes are improperly asserted. *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 355 (1985); 11 U.S.C. §§ 1106(a)(1), 1107(a). Apperson Crump did not discharge those duties with respect to the transaction underlying Appellant's Proof of Claim.

First, Apperson Crump did not object to Appellant's Proof of Claim No. 4-2 within the time prescribed, allowing the $900 million claim to become deemed allowed under Federal Rule of Bankruptcy Procedure 3001(f). A debtor-in-possession that in good faith believed a $900 million claim was unfounded would ordinarily object to protect both the estate and other creditors. Second, Apperson Crump did not assert any counterclaim, setoff, or affirmative position with respect to the underlying transaction and claims surrounding the transaction. If the June 7, 2021 invoice represented a legitimate receivable, that receivable was estate property under § 541(a)(1), and the debtor-in-possession had a fiduciary duty to pursue it. The debtor pursued nothing. Third, rather than effectuating the reorganization that is the purpose of Chapter 11, *see* 11 U.S.C. § 1129, Apperson Crump turned over its remaining funds to its secured lender, abandoned its accounts receivable to that lender, and ceased operations entirely. The firm's own website now states only that "Apperson Crump PLC has ceased operations." The Chapter 11 case did not function as a reorganization at any point.

16

These circumstances, taken together, support the conclusion that the omissions of Monorail Healthcare Services, LLC and the June 7, 2021 transaction from the schedules were not inadvertent within the meaning of § 1112(b)(4)(F), and that examination of the debtor's financial affairs by an independent fiduciary—not dismissal of the case—was the disposition warranted under § 1112(b)(1). A debtor-in-possession cannot investigate itself on questions concerning its own disclosure obligations. The United States Trustee's institutional oversight does not include the kind of factual investigation contemplated by § 704(a)(4) and Rule 2004. Only a Chapter 7 trustee, appointed upon conversion, would have had both the structural independence and the investigative authority to resolve these questions. The Bankruptcy Court's election to dismiss rather than convert deprived the estate, the creditors, and the bankruptcy system of that examination.

## C. The Bankruptcy Court's Best-Interests Finding Did Not Address the § 1112(b)(4)(F) Cause That the Record Establishes.

The Bankruptcy Court's order found cause to dismiss or convert and concluded only that "there are insufficient assets available for distribution to creditors in a chapter 7, accordingly dismissal is appropriate and in the best interests of creditors and the estate." (UST APX 142.) The finding addresses tangible estate assets. It does not address the § 1112(b)(4)(F) cause that the

17

omissions from the schedules establish, nor does it explain why dismissal—which terminates all further estate examination—better serves the interests of creditors and the estate than conversion, which would permit a trustee to investigate the omitted matters under § 704(a)(4). The appellee brief itself acknowledges the bankruptcy court's "independent duty to decide which remedy under section 1112(b) was in the best interests of creditors and the estate." (Appellee Br. 13.) That duty was not discharged with respect to the cause established by the schedule omissions.

A Chapter 7 trustee's investigative authority extends beyond the debtor itself. Under 11 U.S.C. § 704(a)(4), the trustee shall "investigate the financial affairs of the debtor," which includes examining the debtor's transactions with third parties. Under Federal Rule of Bankruptcy Procedure 2004(a) and (b), the trustee may compel the examination of "any entity" concerning "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Under § 542, the trustee may compel turnover of estate property from any entity in possession. Under §§ 544, 547, 548, and 550, the trustee has standing to pursue and recover fraudulent and preferential transfers from initial and subsequent transferees. These authorities would have permitted a trustee to examine the omitted matters in full— including Apperson Crump's former representation of Monorail Healthcare

Services, LLC in Monorail Healthcare Services, LLC v. Baptist Memorial Health Care Corporation; Epic Systems Corporation, Shelby County Circuit Court Case No. CT-002704-27, the circumstances of the firm's June 2021 withdrawal from that representation, the June 7, 2021 transaction with Appellant that followed, and any transfers between Apperson Crump and third parties associated with those matters, including Baptist Memorial Health Care Corporation, Epic Systems Corporation, Evans Petree, and others. The Bankruptcy Court's election to dismiss rather than convert foreclosed not only investigation of Apperson Crump itself, but also the trustee's authority to compel examination of, and pursue recoveries against, third parties whose conduct is bound up with the omitted matters. That authority cannot be reconstituted post-dismissal. Conversion was the procedurally appropriate remedy.

The principle that any single cause is sufficient under § 1112(b)(4), which the appellee correctly identifies, cuts in both directions. A single cause is sufficient to support dismissal or conversion, but the existence of cause does not by itself answer the question of which remedy serves the best interests of creditors and the estate. Where, as here, the cause is one—incomplete disclosure under § 1112(b)(4)(F)—whose resolution requires investigation, the remedy that permits investigation (conversion) is the remedy that serves the best interests of creditors and the estate. The remedy that forecloses investigation (dismissal) cannot serve

19

those interests on the same facts. The Bankruptcy Court's order does not address this consideration. That gap requires reversal. The appellee brief argues that the February 10, 2026 abandonment of Apperson Crump's accounts receivable to Advocate Capital, Inc. demonstrates that there are no significant assets for a Chapter 7 trustee to administer. (Appellee Br. 12-13.) That argument does not address the character of the receivables that were abandoned. A receivable arising from a fraudulent invoice is not transformed into a legitimate asset by being included in a secured party's collateral package. The June 7, 2021 invoice from Apperson Crump to Appellant is among the receivables that the abandonment placed in Advocate Capital's collection hands. Absent Appellant's filing of Proof of Claim No. 4-2 and the supporting Affidavit identifying that invoice as fraudulent (ECF Nos. 4-2, 62), Advocate Capital would have proceeded to collect on it in state court without any knowledge of the underlying disputes, suits and claims already filed regarding the invoice. A Chapter 7 trustee, upon conversion, would have had authority under 11 U.S.C. § 704(a)(5) to examine the claims and the underlying transactions, including whether receivables abandoned to a secured party include items that warrant examination rather than collection. The Bankruptcy Court's election to dismiss rather than convert foreclosed that examination as well.

**III. THE BROADER ALLEGATIONS IN APPELLANT'S RESPONSE TO SHOW CAUSE AND MOTION, WHILE INCORPORATED IN THE BANKRUPTCY RECORD, ARE NOT BEFORE THIS COURT FOR DECISION ON THE MERITS.**

Appellant's response and motion describe allegations relating to the underlying conduct of several parties and Appellant's pending claims in other forums. The appellee brief observes that those allegations of those parties and that this appeal does not require their resolution. (Appellee Br. 14.) Appellant agrees that the issue before this Court is the narrow one identified in the Statement of Issues: whether the Bankruptcy Court abused its discretion in dismissing rather than converting Apperson Crump's Chapter 11 case under § 1112(b)(1). The Appellant's broader allegations connecting the enterprise to the bankruptcy filing are preserved for adjudication and in their appropriate forums and through their appropriate procedural vehicles, including the deemed-allowed Proof of Claim, any future estate administration, the Federal Tort Claims Act administrative process, and any direct civil action available to Appellant including claims against any established fund to pay redress.

21

# CONCLUSION

The appellee correctly identifies the controlling principle: any single cause under § 1112(b)(4) is sufficient. Apperson Crump's failure to disclose Monorail Healthcare Services, LLC—the entity Apperson Crump represented in Shelby County Circuit Court Case No. CT-002704-27—and the firm's failure to disclose the June 7, 2021 transaction and the claims underlying Appellant's deemed-allowed Proof of Claim, together establish cause under 11 U.S.C. § 1112(b)(4)(F). That cause is unrebutted in the record. Its resolution requires the investigation that only a Chapter 7 trustee can conduct under 11 U.S.C. § 704(a)(4). The Bankruptcy Court did not address this cause in its order. Dismissal foreclosed the investigation. Conversion would have permitted it.

For the foregoing reasons, Appellant respectfully requests that this Court reverse the Bankruptcy Court's February 17, 2026 order dismissing Case No. 25-11660 and remand with instructions to convert the case to Chapter 7 under 11 U.S.C. § 1112(b).

Respectfully submitted,

Randel Edward Page, Jr.

Pro Se Appellant

3504 Milford Cove

Collierville, Tennessee 38017

(901) 351-6060

randelpage@gmail.com

Dated: May 26, 2026

# DECLARATION UNDER PENALTY OF PERJURY

I, Randel Edward Page, Jr., declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Appellant in this matter and have personal knowledge of the factual representations contained in this Reply.

2. Proof of Claim No. 4-2 was filed by me on January 8, 2026 in Case No. 25-11660 in the United States Bankruptcy Court for the Western District of Tennessee. The Proof of Claim became deemed allowed by operation of Federal Rule of Bankruptcy Procedure 3001(f) on February 7, 2026, after no party filed an objection within the period prescribed.

3. My Affidavit in Support of Proof of Claim was executed on January 22, 2026 and filed with the Bankruptcy Court (ECF No. 62).

4. The June 7, 2021 invoice from Apperson Crump, PLC that is attached as an Exhibit to Proof of Claim No. 4-2 is a true and correct copy of the document I received from Apperson Crump, PLC.

5.  To the best of my knowledge based on the appellee's appendix and the bankruptcy court record, Apperson Crump, PLC did not file any amendment to its schedules between January 8, 2026 (the date my Proof of Claim was filed) and February 17, 2026 (the date the Bankruptcy Court dismissed the case), and Apperson Crump, PLC did not file any objection to my Proof of Claim within the period prescribed by Rule 3001(f).

Executed this 26th day of May, 2026.

Randel Edward Page, Jr.

Pro Se Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2026, a true and correct copy of the

foregoing APPELLANT'S REPLY AND DECLARATION IN SUPPORT OF

CHAPTER 7 CONVERSION was served on the following parties via electronic

mail:

**Carrie Ann Rohrscheib**

Trial Attorney

Office of the United States Trustee, Region 8

200 Jefferson Avenue, Suite 400

Memphis, Tennessee 38103-2374

carrie.a.rohrscheib@usdoj.gov

**C. Jerome Teel, Jr.**

Counsel for Apperson Crump, PLC

Teel & Gay, PLC

79 Stonebridge Blvd., Suite B

Jackson, TN 38305-2162

jerome@tennesseefirm.com

jteel@tennesseefirm.com

Randel Edward Page, Jr.

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
### Western District of Tennessee

| | |
|---|---|
| **In re** | **Case No.   25–11660** |
| | **Chapter   11** |
| **Apperson Crump PLC** | **BK Judge  James L Croom** |
| | |
| | **Adversary No.** |
| **Debtor(s).** | |
| | **Business** |
| | |
| | **USDC Case No. 26–01037** |
| **Randel Edward Page, Jr.** | |
| **Appellant(s)** | |
| | |
| **vs.** | |
| | |
| **Apperson Crump, PLC.** | |
| **Paul Randolph** | |
| **Acting US Trustee, Region 8** | |
| **Appellee(s).** | |

## NOTICE OF TRANSMITTAL TO THE UNITED STATES DISTRICT COURT
## OF MISCELLANEOUS ITEMS RELATED TO APPEAL

**TO: Clerk of the U.S. District Court for the Western District of Tennessee**

The following items are available from the U.S. Bankruptcy Court docket sheet in .PDF form at
https://ecf.tnwb.uscourts.gov.

☐   Motion (or Order thereon) to waive filing fee on appeal.

☐   Appellee(s)' election to have appeal heard in District Court erroneously filed with this court on
   .

☐   Order dismissing bankruptcy case.
   *See, Case Management Manual for United States Bankruptcy Judges, 1995*
   *Chapter IV, Section B: The Pretrial Phase(b) –*
   *"...dismissal of the underlying case may warrant the dismissal of an appeal..."*

☑   Appellant Reply And Declaration In Support Of Chapter 7 Conversion DE #153


**Date:  May 26, 2026**

**cc:**
**Debtor**
**Debtor atty**
**Us Trustee**
**Appellant**

**Dawn M. Du Verney, ACTING**
**Clerk of Court**
**United Sates Bankruptcy Court**

**BY:  /s/ Jacquelyn Stewart**

_____
**Deputy Clerk**
**(731) 421–9300**
**111 S Highland, Room 107**
**Jackson, TN 38301**

[ntctrnsa]Notice of Transmittal BAP 07–05