**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RANDEL EDWARD PAGE, JR.,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:26-cv-01037-JDB-jay** |
| | ) | |
| **APPERSON CRUMP, PLC, and UNITED STATES TRUSTEE, REGION 8,** | ) | |
| | ) | |
| | ) | |
| **Appellees.** | ) | |

**REPORT AND RECOMMENDATION**

Before this Court is a bankruptcy appeal filed by Appellant Randel Edward Page, Jr. (Docket Entry ["D.E."] 1). Appellee, the United States Trustee for Region 8, has submitted a Brief in Response (D.E. 31), and Appellant has filed a Reply (D.E. 32). This matter has been referred to the undersigned United States Magistrate Judge for report and recommendation. (D.E. 4). For the following reasons, it is **RECOMMENDED** that Appellant's bankruptcy appeal be **DENIED**.

## I. RELEVANT BACKGROUND

At issue today is whether the bankruptcy court abused its discretion by dismissing a Chapter 11 bankruptcy case after the bankruptcy estate ran out of assets to pay its creditors.

First, the Court will provide some brief background on bankruptcy proceedings. Debtors typically file Chapter 11 bankruptcy to restructure their debts, repay creditors, and continue operations. (D.E. 31 at 9). After filing Chapter 11 bankruptcy, the debtor becomes the "debtor in possession." (*Id.*); 11 U.S.C. § 1101(1). "The debtor in possession retains control over the property of the estate but must repay creditors according to the terms of a court-approved plan that provides

either for the liquidation of the debtor's property or, more commonly, for the reorganization of the debtor's business." (*Id.*). 11 U.S.C. §§ 1107, 1123, 1129. In a chapter 7 bankruptcy, on the other hand, "the company's assets are liquidated and distributed to creditors by a neutral, private trustee according to specific rules of priority established in the Code." (*Id.*). *See* 11 U.S.C. §§ 507, 721 – 727.

With that background in mind, on December 1, 2025, Appellee Apperson Crump, PLC, filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Western District of Tennessee. *See* (D.E. 31 at 13). At the outset of the proceeding, Apperson Crump had $1,391,261.91 in personal property and $2,685,641.34 in debt. (D.E. 31 at 12).

However, before filing its bankruptcy case, Apperson Crump had executed a loan agreement with Advocate Capital, Inc. ("Advocate"), giving Advocate a security interest in all of Apperson Crump's accounts receivable. (D.E. 31 at 13). Apperson Crump subsequently defaulted on the loan and owed Advocate more than $1 million. (*Id.*). After Apperson Crump filed for bankruptcy, the bankruptcy petition triggered an "automatic stay" that precluded Advocate from using its security interest in Apperson Crump's accounts receivable to collect on its claim. (*Id.*). *See* 11 U.S.C. § 362(a)(3), (6), (d)(1). As such, Advocate petitioned the bankruptcy court to lift the automatic stay. (*Id.*). Additionally, "because the account receivables became property of the estate upon the filing of the bankruptcy petition, Advocate also sought to have the estate abandon its interests in that property. *See* 11 U.S.C. § 554(b). This would allow Advocate to begin collecting the accounts receivable in place of Apperson Crump as the debtor in possession or an appointed trustee for the bankruptcy estate." (*Id.*). Apperson Crump did not oppose Advocate's Motion, and the bankruptcy court entered an order lifting the automatic stay and abandoning the bankruptcy

estate's interest in Apperson Crump's accounts receivable. (*Id.*). The bankruptcy court also ordered Apperson Crump to pay Advocate all remaining funds in its bank account. (*Id.*).

After the bankruptcy estate's assets were depleted, the United States Trustee filed a motion to dismiss Apperson Crump's bankruptcy case, or in the alternative, to convert it to a Chapter 7 liquidation under 11 U.S.C. § 1112(b). (D.E. 31 at 14). The United States Trustee argued there was cause to dismiss or convert because "Apperson Crump had failed to file a monthly operating report for December 2025, was unable to obtain malpractice insurance, and had continuing losses that were diminishing the bankruptcy estate without a reasonable likelihood of rehabilitation." (*Id.* at 14); *see* 11 U.S.C. § 1112(b)(4)(A), (C), (F). The bankruptcy court entered a notice of hearing and served it on all parties, including Appellant Page. (D.E. 31 at 14). It indicated that a hearing would be held on the Trustee's motion on February 19, 2026, but "ONLY IF" an objection to the motion was filed and served by February 10. (*Id.*). No objections or responses to the Trustee's motion were filed by February 10. (*Id.*).

On February 13, 2026, three days after the deadline, Appellant Page filed a response, requesting that the bankruptcy court convert the case into a Chapter 7 bankruptcy case rather than dismiss it. (*Id.* at 15). This is because Page had filed a proof of claim against Apperson Crump's bankruptcy estate, seeking $900 million "based on fraud, civil rights violations, conspiracy, theft of property, and willful and malicious injury." (*Id.*).

On February 17, 2026, the bankruptcy court entered an order dismissing Apperson Crump's bankruptcy case because "[i]t further appears to the Court that there are insufficient assets available for distribution to creditors in a chapter 7[;] accordingly dismissal is appropriate and in the best interests of creditors and the estate." (*Id.*).

In response, Appellant filed a timely notice of Appeal. (D.E. 1). The single issue raised in Page's appeal is whether the bankruptcy court abused its discretion by dismissing Apperson Crump's Chapter 11 bankruptcy case instead of converting it into a Chapter 7 case. (*Id.*).

## II. LEGAL STANDARD

A bankruptcy court's decision to convert or dismiss a Chapter 11 case is reviewed for abuse of discretion. *In re AMC Mortg. Co. Inc.*, 213 F. 3d at 920. An abuse of discretion is "a definite and clear conviction that the trial court committed a clear error of judgment." *Id.* However, "[c]lear error occurs only when [the reviewing court is] left with the definite and firm conviction that a mistake has been committed. If there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Mitan v. Duval (In re Mitan)*, 573 F.3d 237, 241 (6th Cir. 2009) (citation omitted).

Moreover, "[i]t is settled law in this circuit that a bankruptcy court may dismiss a case under Chapter 11 for cause." *Id. See* 11 U.S.C. § 1112(b); *Trident Assocs. Ltd. Partnership v. Metropolitan Life Ins. Co.,* 52 F.3d 127, 130 (6th Cir. 1995). Although "cause" is not defined in the Code, section 1112(b)(4) contains a non-exhaustive list of examples. 11 U.S.C. § 102(3). Relevant here, subsection 1112(b)(4) provides that "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," "failure to maintain appropriate insurance that poses a risk to the estate or to the public," and "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" are causes to dismiss or to convert. 11 U.S.C. §§ 1112(b)(4)(A), (C), (F). "Section 1112(b) of the Bankruptcy Code provides that, once "cause" is established, the bankruptcy court must either dismiss the Chapter 11 proceeding or convert it to Chapter 7, after

determining what is in the best interests of creditors and the estate." (D.E. 31 at 18). 11 U.S.C. §1112(b).

## III. ANALYSIS

Here, Appellant had the opportunity to petition the bankruptcy court for conversion. He was served with notice of the hearing on the United States Trustee's motion to dismiss or convert, which informed him that he could object to the Trustee's motion. (D.E. 31 at 14). However, Appellant forfeited the issue by not filing a timely response to the United States Trustee's motion and by failing to offer an excuse for his tardiness. (*Id.*). As Appellee argues in its Brief, "without a timely response, the bankruptcy court could and did decide the United States Trustee's motion to dismiss based on the evidence the motion presented." *See*, *e.g.*, *Scott v. Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) (per curiam) ("Because the plaintiff failed to make a timely response to defendants' motion, the district court properly deemed the plaintiff to have waived his objections and found the defendants' motion to be meritorious."). Appellant cannot now, for the first time on appeal, argue that conversion was in the best interest of creditors and the estate. This argument was forfeited because it was not timely raised. *In re Hood*, 319 F.3d 755, 760 (6th Cir. 2003) ("[T]his court will not consider arguments raised for the first time on appeal.").

Furthermore, the bankruptcy court did not abuse its discretion by dismissing Apperson Crump's Chapter 11 bankruptcy case. First, as mentioned above, cause existed under section 1112(b) to dismiss the case. Subsection 1112(b)(4) provides that "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," "failure to maintain appropriate insurance that poses a risk to the estate or to the public," and "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" are causes to dismiss or to convert. 11 U.S.C. §§

1112(b)(4)(A), (C), (F). In this case, Apperson Crump continued to incur losses that diminished the bankruptcy estate, could not obtain malpractice insurance, and failed to file a monthly operating report for December 2025. (D.E. 31 at 14).

After finding that "cause" exists to dismiss or convert, the court may choose either to dismiss or to convert, after considering the best interests of creditors and the estate. *See* 11 U.S.C. §1112(b). Ultimately, the bankruptcy court found that dismissal was in the best interests of creditors and the estate because "it . . . appears to the Court that there are insufficient assets available for distribution to creditors in a Chapter 7." (*Id.*). The record bears this out. Advocate had already obtained Apperson Crump's interest in its accounts receivable, and Apperson Crump had already given all remaining funds in its bank account to Advocate. (*Id.*). Apperson Crump had no significant assets to liquidate and distribute in a Chapter 7 case. Even if Appellant Page did have a valid claim against the estate (which has not yet been proven), Apperson Crump had no remaining assets with which to pay the judgment. Under these circumstances, the Court has "no definite and firm conviction that a mistake has been committed." *See Mitan*, 573 F.3d 237 at 241. Accordingly, this Court finds that the bankruptcy court did not abuse its discretion by dismissing Apperson Crump's Chapter 11 case. Appellant's bankruptcy appeal should be denied.

## IV. CONCLUSION

For the reasons provided herein, the undersigned **RECOMMENDS** that Appellant's Bankruptcy Appeal be **DENIED**.

Respectfully submitted this the 17th day of September, 2026.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**