**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RANDEL EDWARD PAGE, JR., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-01037-JDB-jay |
| | ) | |
| APPERSON CRUMP, PLC, and | ) | |
| UNITED STATES TRUSTEE, REGION 8, | ) | |
| | ) | |
| Appellees. | ) | |

RECEIVED
SEP 29 2026
Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

**APPELLANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION (D.E. 33, filed September 17, 2026)**

Appellant Randel Edward Page, Jr., proceeding *pro se*, submits these Objections to the Report and Recommendation entered September 17, 2026 (D.E. 33), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). Appellant objects to the Report's conclusion that he forfeited the conversion issue, and to its conclusion that the bankruptcy court's best-interests determination under 11 U.S.C. § 1112(b)(1) was within the range of permissible discretion. Appellant respectfully requests that the Court reject the recommendation and remand to the bankruptcy court for the findings that § 1112(b)(1) requires.

## I. STANDARD OF REVIEW

1. A district judge must determine *de novo* any part of a magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions.

2. Two standards operate here, at different levels, and both apply. First, the district judge reviews the objected-to portions of the Report *de novo*. Second, in conducting that review, the district judge applies to the bankruptcy court's order the standard governing a bankruptcy appeal under 28 U.S.C. § 158(a): a decision to dismiss or convert under 11 U.S.C. § 1112(b) is reviewed for abuse of discretion. *In re AMC Mortg. Co.*, 213 F.3d 917, 920 (6th Cir. 2000).

3. A court abuses its discretion when it applies an incorrect legal standard, relies on clearly erroneous findings of fact, or commits a clear error of judgment. A court "by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996). Discretion is also abused where a court fails to make a determination the governing statute requires it to make. Appellant's objections are directed to errors of law and to the absence of a required determination, not to a reweighing of facts.

4. Appellant's filings are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)

## II. OBJECTION ONE

**The Report erroneously treats a late-filed response as an argument "raised for the first time on appeal."**

5. The Report concludes that Appellant "forfeited the issue by not filing a timely response," and that he "cannot now, for the first time on appeal, argue that conversion was in the best interest of creditors and the estate." (D.E. 33 at 5.) Appellant objects. These are two different propositions, and only the first is supported by the record.

6. The Report's own recitation of the record establishes the point. Appellant filed his response requesting conversion rather than dismissal on **February 13, 2026**. (D.E. 33 at 3.) The bankruptcy court entered its order of dismissal on **February 17, 2026** — four days later. (*Id.*)

7. The conversion argument was therefore in the bankruptcy court's hands, on its docket, before that court ruled. It is not an argument advanced "for the first time on appeal."

8. The response was docketed and entered as Document 68 in Case No. 25-11660 at 9:25 a.m. on February 13, 2026. It expressly invoked the statutory standard, stating that under §

1112(b) the court must determine "whichever is in the best interests of creditors and the estate" (Bankr. Doc. 68 ¶ 18), and asked the court to convert rather than dismiss (*id.* ¶¶ 5, 19). The precise issue now on appeal is the issue that filing presented.

9. The authority the Report relies upon does not reach this situation. *In re Hood*, 319 F.3d 755, 760 (6th Cir. 2003), bars arguments never presented to the court below. It does not convert a filing that was made below, and that preceded the ruling, into a nullity.

10. Nor does *Scott v. Tennessee*, No. 88-6095, 1989 WL 72470 (6th Cir. July 3, 1989) (per curiam), support the Report's use of forfeiture here. *Scott* addresses a plaintiff who made *no* response to a dispositive motion, permitting the district court to treat the motion as unopposed. Appellant did respond. The bankruptcy court was free to disregard the response as untimely; the Report does not identify any order in which the bankruptcy court struck it, refused it, or stated that it had been disregarded.

11. The notice of hearing itself specified a narrower consequence than waiver. As the Report describes it, the notice stated that a hearing would be held on February 19, 2026 "ONLY IF" an objection was filed and served by February 10. (D.E. 33 at 3.) The stated consequence of a late filing was the loss of a hearing date — not the forfeiture of a creditor's position on the disposition of the estate.

12. Most importantly, the determination Appellant asked the bankruptcy court to make is one that court was independently obligated to make. Section 1112(b)(1) directs that, upon a finding of cause, the court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). That comparative determination is committed to the court by statute. It does not arise only if a creditor asks for it, and it cannot be forfeited by a creditor's tardiness.

## III. OBJECTION TWO

**The "insufficient assets" finding does not account for causes of action that exist only inside a bankruptcy case and are extinguished by dismissal.**

13. The Report sustains the bankruptcy court's conclusion that dismissal served the best interests of creditors and the estate because "there are insufficient assets available for distribution to creditors in a Chapter 7." (D.E. 33 at 3, 6.) Appellant objects to this analysis as legally incomplete.

14. The premise of the finding is that Apperson Crump "had no significant assets to liquidate and distribute in a Chapter 7 case." (D.E. 33 at 6.) That statement measures the estate by its *tangible* holdings only. A chapter 7 estate is not limited to tangible holdings.

15. A chapter 7 trustee holds statutory avoiding powers that no other party holds and that exist only while a bankruptcy case is pending: 11 U.S.C. § 544 (trustee as lien creditor and successor to *actual* creditors); § 547 (preferential transfers); § 548 (fraudulent transfers and obligations); § 549 (unauthorized postpetition transfers); and § 550 (recovery from transferees).

16. The record as recited in the Report identifies transfers that a trustee would be required to examine under those sections. Apperson Crump filed its petition on December 1, 2025, holding $1,391,261.91 in personal property. (D.E. 33 at 2.) Advocate Capital a wholly owned subsidiary and part of Pinnacle Financial Partners held a security interest in the accounts receivable, obtained relief from stay and abandonment of the estate's interest in those receivables, and received "all remaining funds" in the debtor's bank account by court order. (D.E. 33 at 2–3.)

17. "The trustee's reach is not limited to the immediate transferee. Section 550(a) permits recovery from the initial transferee of an avoided transfer, from the entity for whose benefit the transfer was made, and from any immediate or mediate transferee of the initial transferee. Rule 2004 permits the examination of any entity on matters affecting the administration of the estate. Whether those provisions would reach Advocate Capital, its corporate parent, or any other entity depends on facts that have never been developed, because no trustee was appointed to develop them. Rule 2004 reaches individuals. "Entity" includes persons under § 101(15), and "person" includes individuals under § 101(41). So examination isn't limited to institutions.

18. The same is true of the instrument underlying Appellant's claim. Exhibit A to Appellant's Affidavit in Support of Proof of Claim No. 4-2 is a billing statement dated June 7, 2021, issued by the Debtor to Appellant. Appellant contends the statement bills for services that

were not performed. No court has examined that contention, and Appellant does not ask this Court to resolve it. It is identified here because the receivable it represents was among the assets whose disposition the bankruptcy court was required to weigh.

19. This point was presented below. Appellant's February 13 response argued that a chapter 7 trustee "can pursue fraudulent transfers, estate causes of action, and claims against third parties" (Bankr. Doc. 68 ¶ 19), and asked that a trustee examine "[p]otential fraudulent transfers or preferential payments made by Debtor" (*id.* ¶ 25).

20. Appellant does not ask this Court to find that any transfer is avoidable. He objects that the question was never reached. Whether prepetition transfers to Advocate fall within § 547(b)(4)(A)'s ninety-day reach-back, whether the perfection or the scope of the security interest is subject to attack under § 544, and whether the estate holds claims against any transferee under § 550, are questions no one in this case has examined — because the only party with standing to examine them, a trustee, was never appointed.

**The investigative apparatus dismissal eliminated.**

21. Conversion would not have depended on any creditor's initiative. A chapter 7 trustee is charged by statute to "investigate the financial affairs of the debtor," 11 U.S.C. § 704(a)(4), and to furnish information concerning the estate to parties in interest, *id.* § 704(a)(7). That duty attaches on appointment. It does not require a motion, a request, or a creditor with resources to press it.

22. The trustee's reach extends to third parties. Causes of action belonging to the debtor become property of the estate on the filing of the petition, 11 U.S.C. § 541(a)(1), and in a chapter 7 case the trustee alone has standing to prosecute them. A creditor cannot bring those claims in its own name, in this forum or any other. The avoidance claims described above are likewise the trustee's, and they run against transferees under § 550 — that is, against parties other than the debtor.

23. The trustee also holds investigative tools that exist nowhere else. On the trustee's motion, the court may order the examination of any entity under Federal Rule of Bankruptcy Procedure 2004, which reaches the acts, conduct, property, liabilities and financial condition of

the debtor and any matter affecting the administration of the estate. And a chapter 7 trustee of a corporate debtor succeeds to the debtor's authority over the corporation's attorney-client privilege and may waive it as to the corporation's own pre-petition communications. *CFTC v. Weintraub*, 471 U.S. 343, 358 (1985). For a debtor that is a law firm, that authority is not a formality.

24. Appellant raised this below. His February 13 response asked that a trustee investigate the Debtor's conduct and identified estate causes of action against third parties (Bankr. Doc. 68 ¶¶ 19, 25), and its prayer asked the court to direct a chapter 7 trustee to review the evidence and assess the estate's causes of action (*id.*, Prayer for Relief).

25. Dismissal eliminated every one of these mechanisms at once. There is no trustee, no estate, no § 704(a)(4) duty, no Rule 2004 examination, and no party with standing to pursue the estate's claims against anyone. The order does not acknowledge that consequence, and the Report does not weigh it.

26. This is the asymmetry the best-interests inquiry was meant to capture. Conversion preserves whatever those claims are worth for the benefit of all *actual* creditors. Dismissal ends the case, and with it any prospect of their being pursued in this forum; § 349(b) unwinds the case's principal effects and returns the parties, so far as practicable, to their prepetition positions. Dismissal was treated as costless. On this record it was not.

27. Appellant acknowledges, and does not obscure, that the value of any such claim is unknown. That is precisely why the comparison belonged to the bankruptcy court in the first instance, on findings, rather than being resolved by the observation that the debtor's bank account was empty.

## IV. OBJECTION THREE

**The dismissal order contains no findings capable of supporting meaningful abuse-of-discretion review.**

28. The entirety of the bankruptcy court's best-interests determination, as quoted in the Report, is that "[i]t further appears to the Court that there are insufficient assets available for distribution to creditors in a chapter 7[;] accordingly dismissal is appropriate and in the best interests of creditors and the estate." (D.E. 33 at 3.)

29. That sentence states a conclusion. It identifies no comparison between the two dispositions § 1112(b)(1) puts before the court, no consideration of the avoiding powers that conversion would make available, and no consideration of the consequences of dismissal under § 349(b).

30. Section 1112(b)(1) does not ask what disposition appears preferable. It directs the court to determine which disposition is in the best interests of creditors and the estate. A determination is a finding. It rests on facts the court identifies and reasoning the court states, and it is the predicate for the choice the statute commits to the court's discretion.

31. A motion to dismiss or convert under § 1112(b) is a contested matter. Federal Rule of Bankruptcy Procedure 9014(c) makes Rule 7052 applicable to contested matters, and Rule 7052 applies Federal Rule of Civil Procedure 52. Whatever the outer limits of that obligation, a court that must choose between two statutory dispositions after finding cause must say enough for a reviewing court to see that the choice was made on the record before it.

32. The order here says only that insufficient assets "appear" to be available. Appellant does not rest on the word itself; orders commonly recite that matters appear to the court. The difficulty is that nothing in the order supplies what the word leaves out. The order identifies no asset the court examined, no valuation, no consideration of what a chapter 7 trustee could recover that a dismissal would forfeit, and no reason for preferring dismissal to conversion. A reviewing court asked whether that choice was an abuse of discretion has nothing to review but the conclusion itself.

33. Appellate review for abuse of discretion presupposes a record of the discretion exercised. Where the statute commits a comparative determination to the bankruptcy court and the order reflects no comparison, the appropriate course is remand for findings rather than affirmance on a reviewing court's own reconstruction of what the bankruptcy court might have weighed.

34. Appellant notes that the Report itself supplies reasoning the dismissal order does not contain — that "Advocate had already obtained Apperson Crump's interest in its accounts receivable," that the bank account had been emptied, and that even a valid claim could not be

paid. (D.E. 33 at 6.) Those may well be sound observations. They are not findings the bankruptcy court made.

35. "Each of those propositions is one a chapter 7 trustee would have had authority to evaluate. Whether Advocate's security interest was properly perfected and extended to everything it claimed is a question under 11 U.S.C. § 544. Whether the transfers that emptied the estate are avoidable is a question under §§ 547 and 548, with recovery available under § 550. Whether the estate held assets beyond its receivables and its bank balance — including causes of action that became property of the estate under § 541(a)(1) — is a question the trustee is charged to answer under § 704(a)(4). The Report treats these matters as settled by the fact that the accounts were emptied. They were not settled; they were never examined, and dismissal ensured they would not be."

## V. CONTEMPORANEOUS FILING

36. Contemporaneously with these Objections, Appellant has filed a Notice of Related Governmental Matters. That Notice is submitted under Federal Rule of Civil Procedure 72(b)(3) and is not necessary to any of the foregoing Objections, each of which rests on the record designated under Federal Rule of Bankruptcy Procedure 8009.

## VI. RELIEF REQUESTED

WHEREFORE, Appellant respectfully requests that this Court:

**A. SUSTAIN** these Objections and **REJECT** the recommendation that the appeal be denied;

**B. VACATE** the bankruptcy court's February 17, 2026 order of dismissal and **REMAND** for a determination under 11 U.S.C. § 1112(b)(1), on the record and with findings, whether dismissal or conversion is in the best interests of creditors and the estate;

**C.** In the alternative, **RETURN** the matter to the Magistrate Judge with instructions to address whether the February 13, 2026 response, filed before the bankruptcy court ruled, preserved the conversion issue; and

**D. GRANT** such other relief as the Court deems just and proper.

Respectfully submitted,

Randel Edward Page, Jr.
Appellant, *Pro Se*
3504 Milford Cove
Collierville, Tennessee 38017
(901) 351-6060
randelpage@gmail.com

Dated: September 29, 2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2026, a true and correct copy of the foregoing Appellant's Objections to the Report and Recommendation was served upon the following via first class United States mail, postage prepaid:

Office of the United States Trustee, Region 8
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103-2374

Jerome Teel

79 Stonebridge Blvd Ste B

Jackson, TN 38305

Randel Edward Page, Jr.