No. 1:26-cv-01037-JDB-jay

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

In re APPERSON CRUMP, PLC,
Debtor.

RANDEL EDWARD PAGE, JR.,
Appellant,

v.

APPERSON CRUMP, PLC and
PAUL A. RANDOLPH, ACTING UNITED STATES TRUSTEE,
Appellees.

On Appeal from the United States Bankruptcy Court
for the Western District of Tennessee

# RESPONSE OF APPELLEE PAUL A. RANDOLPH, ACTING UNITED STATES TRUSTEE TO APPELLANT'S OBJECTION TO THE REPORT AND RECOMMENDATION

LISA A. TRACY
Deputy General Counsel
BETH A. LEVENE
Associate General Counsel
ANDREW W. BEYER
Trial Attorney

Department of Justice
Executive Office for
United States Trustees
441 G Street, N.W., Suite 6150
Washington, D.C. 20530
Tel.: (202) 307-1399
Email: andrew.w.beyer@usdoj.gov

PAUL A. RANDOLPH
Acting United States Trustee, Region 8
TIM NIARHOS
Acting Assistant United States Trustee
CARRIE ANN ROHRSCHEIB
Trial Attorney

Department of Justice
Office of the U.S. Trustee, Region 8
200 Jefferson Ave., Suite 400
Memphis, TN 38103
Tel.: (901) 544-3303
Email: carrie.a.rohrscheib@usdoj.gov

## INTRODUCTION

In this appeal from the chapter 11 bankruptcy case of the law firm Apperson Crump, PLC ("Apperson Crump"), Randel Edward Page, Jr., a purported creditor of the debtor, appeals the bankruptcy court's order dismissing the case for cause under 11 U.S.C. § 1112(b). Mr. Page agrees that cause to dismiss the case or to convert it to a chapter 7 liquidation existed under section 1112(b). Mr. Page contends only that the bankruptcy court should have converted the case to chapter 7 rather than dismissing it.

On September 17, 2027, Magistrate Judge York issued a Report and Recommendation ("Magistrate Report"), recommending Mr. Page's appeal be denied. Thus, the Magistrate Report recommends affirming the decision of the bankruptcy court dismissing Apperson Crump's chapter 11 bankruptcy case. (D.E. 33). Mr. Page filed a timely objection to the Magistrate Report. (D.E. 34).

Mr. Page raises three objections to the Magistrate Report's findings. Mr. Page first challenges the Magistrate Report's conclusion that his untimely response to the United States Trustee's motion to dismiss or convert failed to properly raise the issue of whether the bankruptcy case should be converted to chapter 7 rather than dismissed before the bankruptcy court, resulting in the issue being forfeited as raised for the first time on appeal. Although presented as two objections, Mr. Page's second and third challenges to the Magistrate Report both contend that the bankruptcy court's finding that there were insufficient assets available for distribution to creditors

in a chapter 7 case was inadequate to support the Magistrate Report's determination that the bankruptcy court did not abuse its discretion in finding dismissal was in the best interests of creditors and the estate.

The Magistrate's Report and Recommendation represents a careful and comprehensive review of the factual record and legal authority supporting the relief recommended. Because the Magistrate Report correctly applies the law to facts supported by the record, the District Court should overrule Mr. Page's objections, adopt the Magistrate Report, and affirm the decision of the bankruptcy court.

**STANDARD OF REVIEW**

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. A district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed R. Civ. P. 72(b)(3). Objections that dispute the general correctness of the report and recommendation but fail to identify the findings that are in error are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo*. *AMC Mortg. Co., Inc. v. Tenn. Dep't of Revenue* (*In re AMC Mortg. Co., Inc.*), 213 F.3d 917, 920 (6th Cir. 2000). "Clear error occurs only when [the reviewing court is] left with the definite and firm conviction that a mistake has been committed. If there are two permissible views of the evidence, the

factfinder's choice between them cannot be clearly erroneous." *Mitan v. Duval* (*In re Mitan*), 573 F.3d 237, 241 (6th Cir. 2009) (citation omitted).

A bankruptcy court's decision to convert or dismiss a chapter 11 case is reviewed for abuse of discretion. *In re AMC Mortg. Co. Inc.*, 213 F. 3d at 920. An abuse of discretion is "a definite and clear conviction that the trial court committed a clear error of judgment." *Id.*

## RESPONSE

### I. The Magistrate Report Properly Found Mr. Page Forfeited His Argument for Conversion Instead of Dismissal.

As explained in the United States Trustee's opening brief, three days after the time to object to the United States Trustee's motion expired, Mr. Page filed a response to the United States Trustee's motion, requesting the case be converted to chapter 7 instead of dismissed. (UST APX 137-41.) Mr. Page first challenges the Magistrate Report's conclusion that his untimely response to the United States Trustee's motion to dismiss or convert failed to properly raise the issue of whether the bankruptcy case should be converted to chapter 7 rather than dismissed before the bankruptcy court, resulting in the issue being forfeited as raised for the first time on appeal.

Mr. Page agrees that the Magistrate Report's determination that he "'forfeited the issue by not filing a timely response,' . . . is supported by the record." (D.E. 34 p. 2 ¶ 5 (quoting D.E. 33 at 5)). But Mr. Page argues that the mere presence of his

untimely response on the bankruptcy case docket prior to entry of the bankruptcy court's dismissal order raised the issue sufficiently to preserve it for appeal, because the bankruptcy court did not strike or affirmatively disregard the response.

However, the mere presence of Mr. Page's response on the docket was insufficient to preserve the issue. "A consequence of this failure to file timely objections is that [the] Court need not address the merits of the untimely objections . . . ." *Rhoads v. Commissioner of Social Security*, 2014 WL 5469879, No. 2:14-cv-318 at *1 (S.D. Ohio Oct. 28, 2014) (citing *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *Bosley v. 21 WFMJ Television, Inc.*, 245 F. App'x 445, 450, 456 (6th Cir. 2007) (noting that a district court is "under no obligation" to consider untimely objections)). The bankruptcy court was entitled to and did decide the United States Trustee's motion only on the timely filed evidence and papers. Thus, although Mr. Page's response was on the docket, it was not addressed in the bankruptcy court's order dismissing Apperson Crump's bankruptcy case. (UST APX 142-44). There is no requirement that the bankruptcy court affirmatively strike or otherwise address Mr. Page's untimely response.

Ultimately, however, this Court should affirm even if there was no forfeiture. Despite its conclusion that Mr. Page's untimely argument was forfeited, the Magistrate Report also recommends affirmance on the merits because the bankruptcy court did not abuse its discretion in dismissing the chapter 11 case instead of converting it to a

chapter 7 liquidation. For the reasons discussed below, the Court should adopt that recommendation.

## II. The Magistrate Report Correctly Concluded that the Bankruptcy Court Did Not Abuse Its Discretion in Dismissing Apperson Crump's Chapter 11 Case.

Mr. Page's second and third challenges to the Magistrate Report are both based on the bankruptcy court's finding that there were insufficient assets available for distribution to creditors in a chapter 7 case. The bankruptcy court found that dismissal was in the best interests of creditors and the estate because "[i]t . . . appears to the Court that there are insufficient assets available for distribution to creditors in a chapter 7." (UST APX 142.)

Mr. Page first argues that the finding that the estate had insufficient assets is "legally incomplete" because it did not consider intangible assets, specifically certain assets that he believes a chapter 7 trustee could recover through an avoidance action. (D.E. 34 p. 4 ¶¶13-20). And, while admitting that "the value of any such claim is unknown," he contends the bankruptcy court should have waited for a trustee to investigate the value of such a claim rather than relying on the admitted fact that "the debtor's bank account was empty." *Id.* ¶ 27. However, Mr. Page's desire to have a chapter 7 trustee investigate and litigate his allegations, despite the absence of any assets in the estate to fund such an investigation, does not demonstrate any abuse of discretion by the bankruptcy court in dismissing the case.

Mr. Page argues the bankruptcy court's finding that "there are insufficient assets available for distribution to creditors in a chapter 7, accordingly dismissal is appropriate and in the best interests of creditors and the estate" (UST APX 142) is insufficient for this Court to determine whether the bankruptcy court abused its discretion in dismissing the case. (D.E. 34 p. 7 ¶ 32). There was no abuse of discretion here, because as explained by the Magistrate Report, the record supports the bankruptcy court's finding regarding the estate's lack of assets. The bankruptcy court had recently granted Advocate relief from the automatic stay and ordered Apperson Crump to abandon its interest in its accounts receivable, allowing Advocate to begin collecting on those accounts receivable in place of Apperson Crump. (UST APX 134-35). And Apperson Crump had turned over the remaining funds in its bank account to Advocate. (UST APX 132-33). This record supports the bankruptcy court's finding that Apperson Crump had no significant assets for a chapter 7 trustee to liquidate and distribute in a chapter 7 case.

In his objection, Mr. Page does not identify any mistake or clear error of judgment committed by the bankruptcy court. Mr. Page only asserts only that "the appropriate course is remand for findings." (D.E. 34 p. 7 ¶ 33). No further findings are necessary. Absent a "a definite and clear conviction that the trial court committed a clear error of judgment" in finding that dismissal was in the best interests of creditors and the estate there is no abuse of discretion, the bankruptcy court's order should be affirmed. *In re AMC Mortg. Co. Inc.*, 213 F. 3d at 920. Thus, Mr. Page's objection fails

to establish error in the Magistrate Report, and the Court should overrule this objection.

Mr. Page next argues that the bankruptcy court's decision contained "no meaningful findings." (D.E. 34 at 6). He asserts that a statement about what assets the estate "appears" to contain is insufficient, *id.* ¶ 32, and complains that the Magistrate Report contains reasoning absent from the dismissal order regarding the absence of assets, although conceding that its observations "may well be sound." *Id.* ¶ 34. But the bankruptcy court is not required to give exhaustive reasons for its decision. *In re Koerner*, 800 F.2d 1358, 1368 (5th Cir. 1986); *accord Gonic Realty*, 909 F.2d at 627. Rather, the bankruptcy court "must exercise its sound judgment in reaching a determination and must ascertain that the decision is in the best interest of creditors." *In re Gonic Realty Trust*, 909 F.2d 624, 626-627 (1st Cir.1990). And this Court may affirm "on any ground supported by the law and the record," even if not passed upon below. *Sazerac Brands, LLC v. Peristyle, LLC*, 892 F.3d 853, 859 (6th Cir. 2018). Here, the dismissal order provided sufficient information for the Court to engage in appellate review: it found cause (which Mr. Page does not contest) and then explained that the court chose to dismiss the case because of the lack of assets in the estate. (UST APX 142.) As set forth above, those findings are sufficient and supported by the record.

## CONCLUSION

For these reasons, the United States Trustee respectfully asks this Court to overrule the Appellant's Objection and adopt the Report and Recommendation in its entirety.

Dated: October 13, 2026

Respectfully submitted,

PAUL A. RANDOLPH
Acting United States Trustee, Region 8

By: */s/ Carrie Ann Rohrscheib*
Carrie Ann Rohrscheib (TN 022991)
Trial Attorney

LISA A. TRACY
Deputy General Counsel
BETH A. LEVENE
Associate General Counsel
ANDREW W. BEYER
Trial Attorney

Department of Justice
Executive Office for
United States Trustees
441 G Street, N.W., Suite 6150
Washington, D.C. 20530
Tel.: (202) 307-1399
Email: andrew.w.beyer@usdoj.gov

PAUL A. RANDOLPH
Acting United States Trustee, Region 8
TIM NIARHOS
Acting Assistant United States Trustee
CARRIE ANN ROHRSCHEIB
Trial Attorney

Department of Justice
Office of the U.S. Trustee, Region 8
200 Jefferson Ave., Suite 400
Memphis, TN 38103
Tel.: (901) 544-3303
Email: carrie.a.rohrscheib@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the RESPONSE OF APPELLEE PAUL A. RANDOLPH, ACTING UNITED STATES TRUSTEE TO APPELLANT'S OBJECTION TO THE REPORT AND RECOMMENDATION was served upon the parties listed below by electronic mail and first-class mail on October 13, 2026.

*/s/ Carrie Ann Rohrscheib*
Carrie Ann Rohrscheib (TN 022991)
Trial Attorney

Randel Edward Page, Jr.
3504 Milford Cove
Collierville, Tennessee 38017
randelpage@gmail.com
Tel: (901) 351-6060

C. Jerome Teel, Jr.
Attorney for Apperson Crump, PLC
Teel & Gay, PLC
79 Stonebridge Blvd., Suite B
Jackson, TN 38305
Phone: (731) 424-3315
Jerome@tennesseefirm.com