UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RANDEL EDWARD PAGE, JR.,

Appellant,

v. No. 1:26-cv-01037-JDB-jay

APPERSON CRUMP, PLC, and
UNITED STATES TRUSTEE, REGION 8,

Appellees.

ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING APPEAL

On February 25, 2026, Appellant, Randel Edward Page, Jr., filed a notice of appeal to the bankruptcy court's dismissal of a Chapter 11 bankruptcy case. (Docket Entry ("D.E.") 1.) Appellant was a purported creditor of the debtor in that case. (*Id.* at PageID 2.) This appeal was referred to the United States magistrate judge for all matters, including for a report and recommendation. (D.E. 4.) On September 17, 2026, Judge Jon A. York entered a report and recommendation (the "R&R") recommending that Appellant's bankruptcy appeal be denied. (D.E. 33.) Appellant has filed objections to the R&R (D.E. 34), to which Appellees, Apperson Crump, PLC and the United States Trustee, have responded (D.E. 36).

The R&R stated that Appellant forfeited the issue on appeal "by not filing a timely response to the United States Trustee's motion [to dismiss the bankruptcy case] and by failing to offer an excuse for his tardiness." (D.E. 33 at PageID 752.) Thus, under 11 U.S.C. § 1112(b), cause existed to dismiss the case or convert it to a Chapter 7 case. (*Id.* at PageID 753.) The bankruptcy court made the decision to dismiss because it determined that there were "insufficient assets available

for distribution to creditors in a Chapter 7 [case]." (*Id.*) Therefore, Judge York determined that no abuse of discretion occurred. (*Id.*)

Congress enacted 28 U.S.C. § 636 to "relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrate[ judges]." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)). Upon the filing of objections to a report and recommendation entered by a magistrate judge, the district judge is to "determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *See also* 28 U.S.C. § 636(b)(1); LR 72.1(g)(2).

The Court has reviewed the R&R, Appellant's objections, Appellees' response, the applicable law, and all relevant portions of the record. Upon a thorough de novo review thereof, the Court determines that the objections are OVERRULED, the R&R is ADOPTED, and the Appellant's Bankruptcy Appeal is DISMISSED. *See Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) ("If the court will adopt the R&R, then it may simply 'state that it engaged in a de novo review of the record and adopts the [R&R] . . . .'" (quoting *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005))); *see also* 12 *Wright & Miller's Federal Practice & Procedure* § 3070.2 (3d ed.) (update Apr. 2026).

IT IS SO ORDERED this 20th day of October 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE